IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

|  |  |
|---|---|
| STATE OF ARIZONA, *et al.*, | ) ) ) |
| *Plaintiffs,* | ) ) |
| v. | ) Civil Action No. 6:22-cv-01130 ) |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, | ) ) ) ) ) |
| *Defendants.* | ) ) |

**DEFENDANTS' MOTION TO TRANSFER FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1631 AND MOTION FOR A STAY PENDING RESOLUTION OF THE MOTION**

For the reasons set out in the attached memorandum in support of this motion, Defendants move under 28 U.S.C. § 1631 to transfer this case to the U.S. District Court for the District of Columbia, the sole federal court with jurisdiction to adjudicate this case.

Plaintiffs challenge an interim final rule jointly issued by the Departments of Justice and Homeland Security, entitled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (March 29, 2022) (the "IFR"). The IFR, by its own terms, implements "Section 235 of the INA," *i.e.* 8 U.S.C. § 1225(b)(1), and specifically § 1225(b)(1)(B)(ii), which "provides that if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution, the noncitizen shall receive 'further consideration of the application for asylum.' INA 235(b)(1)(B)(ii), 8 U.S.C. 1225(b)(1)(B)(ii)." 87 Fed. Reg. at 18,080. Congress has limited review of regulations implementing § 1225(b)(1) to a single forum. Under 8 U.S.C. § 1252(e)(3), "[j]udicial review of determinations under [8 U.S.C. § 1225(b)] and its implementation is available in an action instituted in the United States District Court for the District of Columbia." This includes review of whether "any regulation issued to implement" § 1225(b) "is constitutional," and of "whether such a regulation … issued by or under the Authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." 8 U.S.C. § 1252(e)(3)(A)(i)-(ii). "Review relating to section 1225(b)(1)" is strictly limited in this way: "Notwithstanding any other provision of law (statutory or nonstatutory) … no court shall have jurisdiction to review," among other things, any "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title," "*except* as provided in subsection [1252](e)." 8 U.S.C. § 1252(a)(2)(A)(iv) (emphasis added).

1

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action … could have been brought at the time it was filed." *Id.*; *see also Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 792, 794 (5th Cir. 2021). As the Fifth Circuit recently held, § 1631 is *mandatory*: where subject matter jurisdiction is lacking, "§ 1631's provisions apply to the [] case because the statute establishes a mandatory duty when it is triggered." *Franco*, 3 F.4th at 795.

Accordingly, because § 1252(e) contemplates review of the challenged IFR exclusively in the District of Columbia, this Court must either transfer this case to the District of Columbia under 28 U.S.C. § 1631, or dismiss it. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). And, because this transfer motion raises threshold jurisdictional issues with this Court's authority to hear this case, Defendants also respectfully request that the Court stay this case in its entirety pending resolution of this motion.[1]

---

[1] Defendants are aware of one other case challenging the IFR at issue in this case. *See Texas v. Mayorkas*, Case No. 2:22-cv-00094-z (N.D. Tex.). Defendants are filing a similar motion to transfer and stay in that case.

2

Dated: April 29, 2022	Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on April 29, 2022, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Western District of Louisiana by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                   /s/ *Brian C. Ward*
                                   BRIAN C. WARD
                                   U.S. Department of Justice