**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| STATE OF ARIZONA, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Civil Action No. 6:22-cv-01130 |
| ) | |
| MERRICK GARLAND, ) | |
| in his official capacity as Attorney ) | |
| General of the United States, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER FOR
LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1631 AND
MOTION FOR A STAY PENDING RESOLUTION OF THE MOTION**</u>

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................1

BACKGROUND ............................................................................................2

STANDARD....................................................................................................5

ARGUMENT...................................................................................................7

CONCLUSION..............................................................................................17

## <u>TABLE OF AUTHORITIES</u>

### Cases

*A.B.-B. v. Morgan,*
    548 F. Supp. 3d 209 (D.D.C. 2020) ........................................................................ 15

*Am. Immigration Lawyers Ass'n v. Reno,*
    199 F.3d 1352 (D.C. Cir. 2000) ..................................................................... 8, 9, 15

*Arias v. Mercedes-Benz USA, LLC,*
    No. CV 20-00546-BAJ-SDJ, 2021 WL 1206600 (M.D. La. Mar. 30, 2021) ............................ 6

*Awad v. United States,*
    No. 1:93CV376-D-D, 2001 WL 741638 (N.D. Miss. Apr. 27, 2001) ...................................... 6

*Barnhart v. Thomas,*
    540 U.S. 20 (2003) ........................................................................................ 10

*Brumme v. I.N.S.,*
    275 F.3d 443 (5th Cir. 2001) ........................................................................... 8, 14

*Castellar v. Mayorkas,*
    No. 17-cv-00491, 2021 WL 4081559 (S.D. Cal. Sept. 8, 2021) ................................... 11, 12

*Castro v. U.S. Dep't of Homeland Sec.,*
    835 F.3d 422 (3d Cir. 2016) ............................................................................. 14

*Christianson v. Colt Indus. Operating Corp.,*
    486 U.S. 800 (1988) ...................................................................................... 2, 5

*Clark v. Martinez,*
    543 U.S. 371 (2005) ...................................................................................... 7, 8

*Clinton v. Jones,*
    520 U.S. 681 (1997) ......................................................................................... 7

*Cunningham v. Velstar, Inc.,*
    No. 421CV00127ALMCAN, 2022 WL 483193 (E.D. Tex. Jan. 26, 2022) .............................. 6

*DeLeon v. Tey,*
    No. 7:13-CV-439, 2013 WL 7157957 (S.D. Tex. Dec. 4, 2013) ........................................ 17

*Dep't of Homeland Sec. v. Thuraissigiam,*
    140 S. Ct. 1959 (2020) ..................................................................................... 9

*Direct Innovations, L.L.C. v. Weisgarber*,
   No. CIV.A. H-14-3211, 2015 WL 1976558 (S.D. Tex. Apr. 30, 2015) .................................. 17

*Dugdale v. U.S. Customs & Border Prot.*,
   88 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................................ 15, 16

*Evans v. Johnson & Johnson*,
   No. CIV.A. H-14-2800, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014) ................................ 17

*Giannakos v. M/V Bravo Trader*,
   762 F.2d 1295 (5th Cir. 1985) .................................................................................................. 6

*Grace v. Barr*,
   965 F.3d 883 (D.C. Cir. 2020) ............................................................................................... 15

*Harutyunyan v. Love*,
   No. CV 19-41, 2019 WL 5551901 (E.D. La. Oct. 28, 2019) ................................................... 6

*In re Kutner*,
   656 F.2d 1107 (5th Cir. 1981) .................................................................................................. 6

*In re Ramu Corp.*,
   903 F.2d 312 (5th Cir. 1990) .................................................................................................... 7

*J.E.F.M. v. Lynch*,
   837 F.3d 1026 (9th Cir. 2016) .................................................................................................. 9

*Khan v. Holder*,
   608 F.3d 325 (7th Cir. 2010) .................................................................................................. 14

*Kiakombua v. Wolf*,
   498 F. Supp. 3d 1 (D.D.C. 2020) ........................................................................................... 15

*L.M.-M. v. Cuccinelli*,
   442 F. Supp. 3d 1 (D.D.C. 2020) ........................................................................................... 15

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................. 7

*Las Americas Immigrant Advoc. Ctr. v. Wolf*,
   507 F. Supp. 3d 1 (D.D.C. 2020) ........................................................................................... 15

*Make the Road v. Wolf*,
   962 F.3d 612 (D.C. Cir. 2020) ..................................................................................... 9, 10, 15

*McKnight v. Blanchard,*
  667 F.2d 477 (5th Cir. 1982) ......................................................................... 7

*Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.,*
  No. CV 17-818, 2017 WL 3175693 (W.D. La. July 24, 2017) ........................... 7, 16

*Pat Huval's Fisherman Wharf v. U.S. Int'l Trade Co.,*
  29 ITRD 1994 (W.D. La. 2006) ....................................................................... 6

*Reno v. American-Arab Anti-Discrimination Comm.,*
  525 U.S. 471 (1999) ...................................................................................... 9

*Reyes v. Nielsen,*
  No. CV H-18-3971, 2020 WL 1442349 (S.D. Tex. Feb. 6, 2020) ..................... 13, 14

*Rodrigues v. United States Dep't of Homeland Sec.,*
  No. 3:20-CV-0139-B, 2020 WL 777278 (N.D. Tex. Feb. 18, 2020) ..................... 15

*Ruhrgas AG v. Marathon Oil Co.,*
  526 U.S. 574 (1999) ................................................................................... 6, 16

*S.L.V. v. Rosen,*
  No. 21-cv-0017, 2021 WL 243442 (W.D. Tex. Jan. 25, 2021) .......................... 13

*Sanders v. ExxonMobil Corp.,*
  No. SA-08-CA-590-OG, 2008 WL 11417386 (W.D. Tex. 2008) ....................... 5

*Schamerhorn v. U.S. Dep't of Army,*
  No. CIV.A. 01-914, 2009 WL 774964 (W.D. La. Mar. 23, 2009) ..................... 6

*Sequeria Reyes v. Nielsen,*
  No. 4:18-CV-3971, 2020 WL 1444920 (S.D. Tex. Mar. 24, 2020) ................... 14

*Shah v. Director,*
  No. 3:19-CV-1164, 2019 WL 4254139 (W.D. La. Sept. 6, 2019) ..................... 15

*Steel Co. v. Citizens for a Better Env't,*
  523 U.S. 83 (1998) ...................................................................................... 16

*TransFirst Grp., Inc. v. Magliarditi,*
  237 F. Supp. 3d 444 (N.D. Tex. 2017) ............................................................. 6

*United States v. Barajas-Alvarado,*
  655 F.3d 1077 (9th Cir. 2011) ....................................................................... 14

*USPPS, Ltd. v. Avery Dennison Corp.*,
    647 F.3d 274 (5th Cir. 2011) ................................................................. 6

*Vijender v. Wolf*,
    No. 19-CV-3337, 2020 WL 1935556 (D.D.C. Apr. 22, 2020) ............................. 15

**Statutes**

6 U.S.C. § 251 ................................................................................. 7

8 U.S.C. § 1103(a)(1) ........................................................................ 2

8 U.S.C. § 1158 ............................................................................... 3

8 U.S.C. § 1225(b) ..................................................................... 1, 8, 10

8 U.S.C. § 1225(b)(1) .............................................................. 1, 2, 4, 15

8 U.S.C. § 1229a ............................................................................. 4

8 U.S.C. § 1252(a)(2)(A) ........................................................... 2, 7, 15

8 U.S.C. § 1252(e) ......................................................................... 13

8 U.S.C. § 1252(e)(1)(A) .................................................................. 9

8 U.S.C. § 1252(e)(3) ......................................................... 1, 6, 10, 15, 16

8 U.S.C. § 1252(e)(3)(A) .............................................................. 12, 14

8 U.S.C. § 1252(e)(3)(B) ............................................................ 8, 9, 16

8 U.S.C. § 1158(a)(1) ...................................................................... 3

28 U.S.C. § 1631 .................................................................. 1, 2, 5, 6, 16

**Regulations**

8 C.F.R. § 208.30(f) ........................................................................ 4

8 C.F.R. § 235.3(b)(2)(i) .................................................................. 3

8 C.F.R. § 208.30(d) ....................................................................... 3

8 C.F.R. § 1003.42(f) ...................................................................... 4

# INTRODUCTION

This action must either be transferred to the U.S. District Court for the District of Columbia, the sole federal court with jurisdiction to adjudicate this case, or dismissed.

Plaintiffs challenge an interim final rule jointly issued by the Departments of Justice and Homeland Security, entitled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (March 29, 2022) (the "IFR"). The IFR, by its own terms, implements "Section 235 of the INA," *i.e.* 8 U.S.C. § 1225(b)(1), and specifically § 1225(b)(1)(B)(ii), which "provides that if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution, the noncitizen shall receive 'further consideration of the application for asylum.' INA 235(b)(1)(B)(ii), 8 U.S.C. 1225(b)(1)(B)(ii)." 87 Fed. Reg. at 18,080. Congress has limited review of regulations implementing § 1225(b)(1) to a single forum. Under 8 U.S.C. § 1252(e)(3), "[j]udicial review of determinations under [8 U.S.C. § 1225(b)] and its implementation is available in an action instituted in the United States District Court for the District of Columbia." This includes review of whether "any regulation issued to implement" § 1225(b) "is constitutional," and of "whether such a regulation … issued by or under the Authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." 8 U.S.C. § 1252(e)(3)(A)(i)-(ii). "Review relating to section 1225(b)(1)" is strictly limited in this way: "Notwithstanding any other provision of law (statutory or nonstatutory) … no court shall have jurisdiction to review," among other things, any "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title," "*except* as provided in subsection [1252](e)." 8 U.S.C. § 1252(a)(2)(A)(iv) (emphasis added).

The IFR that Plaintiffs challenge in the complaint implements § 1225(b). *See* 87 Fed. Reg. at 18,080 (explaining that "[t]his IFR addresses how" "further consideration of the application for asylum" under "8 U.S.C. 1225(b)(1)(B)(ii)" "will occur"). The IFR is issued under authority granted to the Secretary of Homeland Security, as well as similar authority granted to the Attorney General, to "establish such regulations … as he deems necessary for carrying out his authority" to implement "this chapter," including § 1225(b)(1), and "all other laws relating to the immigration and naturalization of aliens." 87 Fed. Reg. at 18,080 (quoting 8 U.S.C. § 1103(a)(1), (3), (g)(2)). As a result, under § 1252 a challenge to the IFR may be brought only in the District of Columbia, in accordance with the provisions of § 1252(e)(3); *see* 8 U.S.C. § 1252(a)(2)(A).

Accordingly, because § 1252(e) contemplates review of the challenged IFR exclusively in the District of Columbia, this Court must either transfer this case to the District of Columbia under 28 U.S.C. § 1631, or dismiss it. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). And, because this transfer motion raises threshold jurisdictional issues with this Court's authority to hear this case, the Court should stay this case in its entirety pending resolution of this motion.

## BACKGROUND

Expedited Removal. Congress has authorized the Department of Homeland Security ("DHS") to summarily remove from the United States certain noncitizens who arrive at ports of entry or "certain other noncitizens" who recently entered the country as designated by the Secretary. *See* 8 U.S.C. § 1225(b)(1). Under this summary-removal mechanism—known as expedited removal—a noncitizen "arriving in the United States" who an immigration officer determines lacks valid entry documentation or makes certain kinds of material misrepresentations, shall be "order[ed] ... removed from the United States without further hearing or review unless the

noncitizen indicates either an intention to apply for asylum under [8 U.S.C. § 1158] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i); *see id.* § 1182(a)(6)(C), (a)(7).

Implementing regulations establish procedures to be used before effectuating an expedited removal order. Immigration officers must "advise the alien of the charges against him or her," provide "an opportunity to respond to those charges in the sworn statement," and provide an interpreter if needed. 8 C.F.R. § 235.3(b)(2)(i). A noncitizen may "present evidence" "that he or she was admitted or paroled into the United States," or was "physically present ... continuously for the 2-year period immediately prior to the date of determination of inadmissibility," and therefore ineligible for expedited removal. *Id.* § 235.3(b)(1)(ii), (b)(6). And "any removal order," the "sworn statement," and any claims concerning a noncitizen's status "must be reviewed and approved by the appropriate supervisor before the order is considered final." *Id.* § 235.3(b)(7).

Under current law, additional procedures apply if a noncitizen asserts an "intention to apply for asylum ... or a fear of persecution," 8 U.S.C. § 1225(b)(1)(A)(ii); *see also* 8 U.S.C. §§ 1158(a)(1), 1225(b)(1)(A)(ii). In that situation, a noncitizen is provided a non-adversarial interview with an asylum officer at which the officer determines whether the noncitizen has a "credible fear of persecution," and is also provided the rights to request de novo review of that determination by an immigration judge, to consult with a person of the noncitizen's choosing during the credible fear process, and to an interpreter. 8 U.S.C. §§ 1225(b)(1)(A)(ii), (b)(1)(B)(iii)(II), (B)(1)(B)(iv), (v); *see* 8 C.F.R. §§ 208.30(d), (d)(4), (d)(5); 1003.42(d), 1208.30(g)(2). If the asylum officer or immigration judge determines that the noncitizen has a credible fear of persecution, the individual is "detained for further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), unless that individual is eligible for release on parole or bond. Although § 1225(b)(1)(B)(ii) does not specify how that "further consideration" should

3

occur, currently operative regulations provide that the noncitizen is placed in full removal proceedings under 8 U.S.C. § 1229a. *See* 8 C.F.R. § 208.30(f). If the officer and immigration judge find that the noncitizen lacks such a fear, the noncitizen shall be "removed from the United States without further hearing or review." 8 U.S.C. §§ 1225(b)(1)(B)(iii)(I), (b)(1)(C); 1252(a)(2)(A)(iii), (e)(2); 8 C.F.R. §§ 1003.42(f), 1208.30(g)(2)(iv)(A).

The IFR. On August 20, 2021, the Departments of Homeland Security and Justice jointly published a notice of proposed rulemaking ("NRPM"). The NPRM proposed amending the regulations governing the procedures for determining "further consideration of the application for asylum," 8 U.S.C. § 1225(b)(1)(B)(ii), for individuals subject to expedited removal who are found to have a credible fear of persecution or torture under 8 U.S.C. § 1225(b)(1), and governing whether they may be released during the pendency of that application. *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 86 Fed. Reg. 46906 (Aug. 20, 2021); *see also* 87 Fed. Reg. at 18,079 (explaining that the NPRM proposed "to amend the regulations governing the process for further consideration of asylum and related protection claims raised by individuals subject to expedited removal and found to have a credible fear of persecution or torture" under § 1225(b)(1)(B)(i)-(ii)).

On March 29, 2022, after receiving and reviewing public comments submitted in response to the NPRM, the Departments issued an IFR. *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (Mar. 29, 2022). As the NPRM anticipated, the Departments issued the IFR to implement § 1225(b)(1), which the IFR notes "provides that if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution, the noncitizen shall receive 'further consideration of the application for asylum.'" 87 Fed. Reg. at

4

18,080. The "IFR addresses how that further consideration, including of the noncitizen's related claims to statutory withholding of removal and CAT protection, will occur." *Id.* at 18,080; *see also id.* at 18,085 ("this rule establishes a new process by which such 'further consideration' may occur, wherein a noncitizen will have their asylum claim adjudicated following an Asylum Merits interview before a USCIS asylum officer in the first instance, rather than by an IJ in section 240 removal proceedings.").

## STANDARD

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court … and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action … could have been brought at the time it was filed." *Id.*; *see also Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 792, 794 (5th Cir. 2021). As the Fifth Circuit recently held, § 1631 is *mandatory*: where subject matter jurisdiction is lacking, "§ 1631's provisions apply to the [] case because the statute establishes a mandatory duty when it is triggered." *Franco*, 3 F.4th at 795. The "statute therefore *requires* a transfer when a district court lacks" subject matter jurisdiction "and the other statutory prerequisites are met." *Id.* (emphasis added).

Section 1631 thus confers the authority on the Court "to make a single decision upon concluding that it lack[ed] jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court … that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (reversing decision by court of appeals to address merits notwithstanding lack of jurisdiction, and holding that § 1631 required dismissal or transfer); *see, e.g., Sanders v. ExxonMobil Corp.*, No. SA-08-CA-590-OG, 2008 WL 11417386, at *5 (W.D. Tex. 2008) (citing *Christianson*, 486 U.S. at 818) ("For this reason, section 1631 'confers on the [courts] authority to

5

make a single decision upon concluding that it lacks jurisdiction— whether to dismiss the case or, 'in the interest of justice,' to transfer it'"); *Cunningham v. Velstar, Inc.*, No. 421CV00127ALMCAN, 2022 WL 483193, at *2 (E.D. Tex. Jan. 26, 2022), *report and recommendation adopted*, No. 4:21-CV-127, 2022 WL 476077 (E.D. Tex. Feb. 16, 2022) (similar); *Arias v. Mercedes-Benz USA, LLC*, No. CV 20-00546-BAJ-SDJ, 2021 WL 1206600, at *2 (M.D. La. Mar. 30, 2021); *Harutyunyan v. Love*, No. CV 19-41, 2019 WL 5551901, at *4 (E.D. La. Oct. 28, 2019) (similar); *TransFirst Grp., Inc. v. Magliarditi*, 237 F. Supp. 3d 444, 456 (N.D. Tex. 2017) (similar); *Schamerhorn v. U.S. Dep't of Army*, No. CIV.A. 01-914, 2009 WL 774964, at *6 (W.D. La. Mar. 23, 2009) (similar); *International Pat Huval's Fisherman Wharf v. U.S. Int'l Trade Co.*, 29 ITRD 1994 (W.D. La. 2006); *Awad v. United States*, No. 1:93CV376-D-D, 2001 WL 741638, at *7 (N.D. Miss. Apr. 27, 2001) (similar). "[I]f such a transfer is not 'in the interest of justice,' our sole alternative is to dismiss the [case]." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 277 (5th Cir. 2011).

"Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Accordingly, both Article III and the federal rules of civil procedure require a court "to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed. R. Civ. P. 12(h)(3) and *ln re Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981)). Because 8 U.S.C. § 1252(a)(2)(A)(iv) bars jurisdiction in this Court, and because 8 U.S.C. § 1252(e)(3) provides that the District of Columbia is the only court that could possibly have jurisdiction over challenges to the IFR, if the Court does not dismiss, its only alternative is to transfer this matter to the District of Columbia under 28 U.S.C. § 1631.

Finally, district courts have broad discretion to stay an action to control the course of litigation and promote judicial economy. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."); *cf. Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, No. CV 17-818, 2017 WL 3175693, at *2 (W.D. La. July 24, 2017) (granting stay and noting it is "often advisable for a district court to defer resolution of certain pretrial matters until … a decision with regard to whether a case should be transferred").

## ARGUMENT

The unambiguous statutory text of 8 U.S.C. § 1252(a)(2)(A) and § 1252(e)(3) foreclose jurisdiction for any review of or challenge to the IFR in this forum. Section 1252(a)(2)(A), titled "review relating to section 1225(b)(1)," states that "notwithstanding any other provision of law" and "except as provided in subsection (e)," no court has jurisdiction over any challenge to "decision[s] by the [Secretary of Homeland Security] to invoke" the expedited removal provisions or to review any "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(ii), (iv).[1] Section 1252(e) imposes several limitations on the "[j]udicial review" that is permitted related to "section 1225(b)(1)." Section 1252(e)(3), which is titled "[c]hallenges on validity of the system," provides that "[j]udicial review of determinations under section 1225(b) of this title *and its implementation* is available in an action

---

[1] Sections 1225(b) and 1252(e) refer to the Attorney General, but those functions have been transferred to the Secretary for Homeland Security. *See* 6 U.S.C. §§ 251, 552(d); *Clark v. Martinez*, 543 U.S. 371, 374 n.1 (2005). In any event, the IFR at issue here was jointly issued by DOJ and DHS under the authority of both the Attorney General and the Secretary of Homeland Security to issue implementing regulations. *See* 87 Fed. Reg. at 18,078, 18,080.

instituted in the United States District Court for the District of Columbia." (emphasis added). As relevant here, such review includes "determinations of . . . whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the [Secretary] *to implement such section,* is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." *Id.* § 1252(e)(3)(A)(ii) (emphasis added). In other words, any rule or written policy implementing § 1225(b) may be challenged, if at all, only in the District Court for the District of Columbia. *See Am. Immigration Lawyers Ass'n v. Reno* ("*AILA*"), 199 F.3d 1352, 1358 (D.C. Cir. 2000) ("The statute permits judicial review of the 'implementation' of 8 U.S.C. § 1225(b), the provision spelling out the procedures for inspecting applicants for admission to the United States . . . only in the United States District Court for the District of Columbia."); *Brumme v. I.N.S.*, 275 F.3d 443, 447 (5th Cir. 2001) (similar).

Through § 1252(e)(3), Congress made clear that all challenges to regulations implementing § 1225(b) must be considered by a single forum and under the special procedures laid out in § 1252(e)(3). When Congress substantially revised the "inspection process" in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), *AILA*, 199 F.3d at 1355, and codified the current version § 1225(b), H.R. Conf. Rep. No. 104–828, at 158, 209 (1996), it included these specific limits on the permitted scope and forum for judicial review of the "procedures for inspecting applicants for admission to the United States." *AILA*, 199 F.3d at 1358; *see* 8 U.S.C. § 1252(e)(3)(B). For the new procedures in § 1225(b) and any implementing guidance or regulations, Congress provided "that judicial review is available only in an action instituted in the United States District Court for the District of Columbia, and is limited to whether [§ 1225(b)(1)], or any regulations issued pursuant to that section, is constitutional, or whether the regulations, or a written policy directive, written policy guidance, or written procedures issued by

8

the Attorney General are consistent with the INA or other law." H.R. Conf. Rep. No. 104–828, at 220-21; *see also id.* at 219 ("no court shall have jurisdiction to review … except as provided in subsection (e), procedures and policies to implement section [1225](b)(1)").

As the D.C. Circuit explained in construing § 1252(e)(3), given the importance of the system "in § 1225(b) and its implementing regulations" to the inspection of noncitizens at or near the border, Congress meant to "cabin judicial review and to have the validity of the new law [or its implementation] decided promptly." *AILA*, 199 F.3d at 1359, 1364; *see also id.* § 1252(e)(3)(D) (providing that cases filed with the District Court for the District of Columbia should be "expedite[d] to the greatest possible extent"). Congress also included other limits on the available avenues to challenge regulations implementing § 1225(b), such as precluding "class actions," *AILA*, 199 F.3d at 1359, limiting declaratory and injunctive relief beyond that permitted specifically by § 1252(e), *see* 8 U.S.C. § 1252(e)(1)(A), and providing that any implementing procedures would remain operative even as they were being challenged, *see* H.R. Rep. No. 104-469, pt. 1, at 161 (1996) ("[C]ourts may issue injunctive relief pertaining to the case of an individual alien, and thus protect against any immediate violation of [individual] rights. However, single district courts or courts of appeals do not have authority to enjoin procedures established by Congress to reform the process of removing illegal aliens from the U.S.").[2]

_____

[2] "A major objective of IIRIRA was to 'protec[t] the Executive's discretion' from undue interference by the courts; indeed, 'that can fairly be said to be the theme of the legislation.'" *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1966 (2020) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999)). Other provisions of § 1252 similarly limit and channel review of any issue arising in removal proceedings not covered by § 1252(e)(3)— "including policies-and-practices challenges" to particular courts. *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016); *see also Make the Road v. Wolf*, 962 F.3d 612, 630-31 (D.C. Cir. 2020) ("What IIRIRA does in Section 1252 is route those legal and constitutional challenges to" particular "fora," and "those challenges pertaining to the expedited removal program must be filed in the District of Columbia district court.").

9

Congress thus channeled all challenges to agency action, rules, or policies implementing the provisions of § 1225(b)(1) to the District of Columbia, and that jurisdictional limitation applies regardless of whether the plaintiff is a noncitizen raising challenges related to his or her individual expedited removal action or a plaintiff more broadly raising challenges to rules or policies that relate to the implementation of the expedited removal process. The "review under Subsection 1252(e)(3)" is "not textually confined to claims arising from individual removal actions." *Make the Road v. Wolf*, 962 F.3d 612, 627 (D.C. Cir. 2020). "Congress included within Subsection 1252(e)(3) … claims that, by their terms, are not confined to individual expedited-removal proceedings," including "challenges to 'procedures and policies adopted by the [Secretary] to implement [the statute]' divorced from any individual determination." *Id.*[3]

Plaintiffs' challenge to the IFR is precisely such a challenge to "implementation" of "section 1225(b)." 8 U.S.C. § 1252(e)(3). The IFR implements a provision of § 1225(b)(1), § 1225(b)(1)(B)(ii), which "provides that if an asylum officer determines that a noncitizen subject to expedited removal has a credible fear of persecution, the noncitizen shall receive 'further consideration of the application for asylum.'" 87 Fed. Reg. at 18,080 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)). This IFR sets out procedures for implementing that "further consideration" contemplated by § 1225(b)(1)(B)(ii). *See, e.g.*, 87 Fed. Reg. at 18,079 (noting the purpose of the IFR is "to amend the regulations governing the process for further consideration of asylum and related protection claims raised by individuals subject to expedited removal and found to have a

---

[3] Section 1252(e)(3) governs "[j]udicial review of determinations under section 1225(b) of this title *and* its implementation." (emphasis added). As the D.C. Circuit has held in a case brought under § 1252(e)(3), "[t]he natural meaning of the singular 'its' points directly to litigation over Section 1225(b)'s implementation. '[S]ection 1225(b) of this title' is also the last antecedent to which the word 'its' refers." *Make the Road*, 962 F.3d at 625; *see Barnhart v. Thomas*, 540 U.S. 20, 26 (2003) (Under the "rule of the last antecedent," a clause or phrase "should ordinarily be read as modifying only the noun or phrase that it immediately follows[.]").

credible fear of persecution or torture."); *id.* at 18,080 ("This IFR addresses how that further consideration, including of the noncitizen's related claims to statutory withholding of removal and CAT protection, will occur."); *id.* at 18,085 ("this rule establishes a new process by which such 'further consideration' may occur, wherein a noncitizen will have their asylum claim adjudicated following an Asylum Merits interview before a USCIS asylum officer in the first instance, rather than by an IJ in section 240 removal proceedings.").

Plaintiffs' complaint thus plainly seeks to challenge "implementation" of § 1225(b). Each of their eight claims challenge a "policy or procedure," 8 U.S.C. § 1252(a)(2)(A)(iv), that is, an IFR that implements § 1225(b)(1) by setting out how that statute will be applied to noncitizens subject to expedited removal under § 1225(b)(1). *See* 8 U.S.C. § 1252(e)(3)(A)(ii) (defining "implementation[s]" of § 1225(b) to include "a *regulation*, or a written policy directive, written policy guideline, or written procedure") (emphasis added); *see also* Webster's Third International Dictionary (1987) (defining "implement" as "to give practical effect to and ensure of actual fulfillment by concrete measures"); Implement, Merriam-Webster Online Dictionary (April 29, 2022), https://www.merriam-webster.com/dictionary/implement (to "carry out, accomplish" or "provide instruments ... for.").

Plaintiffs' first claim challenges the IFR's use of "asylum officers"—rather than immigration judges—"to adjudicate [ ] asylum claims." Compl. ¶ 114. They thus challenge how the IFR implements the "further consideration of the application for asylum" in § 1225(b)(1)(B)(ii) that follows the "interview" to assess "credible fear of persecution," under § 1225(b)(1)(B)(i)-(ii). Section § 1252(e)(3)(A)(i)-(ii) forecloses jurisdiction in this district over such challenges to whether "any regulation issued to implement" § 1225(b) "is constitutional; or whether such a regulation …is otherwise in violation of law." *Cf. Castellar v. Mayorkas*, No. 17-cv-00491, 2021

WL 4081559, at *6 (S.D. Cal. Sept. 8, 2021) ("Whether and when to present" an "individual to an immigration judge … concerns a means by which to carry out, accomplish, or provide an instrument for … individuals subject to expedited removal proceedings and thus concerns the implementation of Section 1225(b)(1)," and "Section 1252(e)(3) channels such actions to the United States District Court for the District of Columbia").

Plaintiffs' second claim challenges how the IFR implements Defendants' "statutory authority to parole" noncitizens subject to expedited removal. Compl. ¶ 123; *id*. ¶ 130 (challenging "the Asylum IFR" for how it applies "parole criteria … to aliens subject to expedited removal"). The IFR's parole provisions apply exclusively to individuals subject to § 1225(b)(1) and therefore implement that provision. *See* 87 Fed. Reg. at 18,082 ("this rule establishes the regulatory authority for consideration for parole of noncitizens *in expedited removal or in expedited removal with pending credible fear determinations*" (emphasis added)). These provisions thus "concern[] a means by which to carry out, accomplish, or provide an instrument for a mandatory detention applicable to individuals subject to expedited removal proceedings and thus concerns the implementation of Section 1225(b)(1)." *Castellar*, 2021 WL 4081559, at *6. To the extent Plaintiffs argue the IFR's parole provisions are "contrary to law" based on § 1225(b), as they do in their second claim, *see* Compl. ¶¶ 121-32, or based on other provisions, as they do in their third claim, *see* Compl. ¶¶ 133-38, that is of no moment. The strict limitations on "[j]udicial review" of the "implementation" of § 1225(b) to "the United States District Court for the District of Columbia," 8 U.S.C. § 1252(e)(3)(A), extend to claims such as these, which would require a court to assess "whether such a regulation … to implement such section" is "not consistent with applicable provisions of this subchapter or is otherwise in violation of law," *id*.; *see also Castellar*, 2021 WL 4081559, at *5-6 (Section 1252(e)(3) limits any challenges to the "means" used by the

12

government "to carry out or accomplish the expedited removal scheme set forth in Section 1225(b)," *including* challenges related to "detention" of individuals subject to that scheme).

Plaintiffs' fourth and fifth claims challenge the IFR as arbitrary and capricious under the Administrative Procedure Act ("APA'), *see* Compl. ¶¶ 139-59 (claim IV), *id*. ¶¶ 160-66 (claim V), and their sixth and seventh claims challenge the IFR for allegedly providing insufficient notice and opportunity to comment under the APA, or failing to adequately address certain comments, *id*. ¶¶ 167-78 (claim VI), *id*. ¶¶ 179-83 (claim VII). In these four claims, Plaintiffs challenge the manner in which the IFR was promulgated, but they do not dispute that the IFR implements the provisions of § 1225(b)(1)(B) governing "consideration of the application for asylum" following a credible fear interview—nor could they, *see supra* at 10-11. These claims are thus similarly barred in this Court by § 1252(e)(3) and by § 1252(a)(2)(A), which otherwise bars review of "procedures and policies" that "implement the provisions of section 1225(b)(1)" "[n]otwithstanding any other provision of law (statutory or nonstatutory)." *See M.M.V. v. Garland*, 1 F.4th 1100, 1108 (D.C. Cir. 2021) (holding § 1252(e)(3) restricts jurisdiction outside the District of Columbia for APA challenges to rules implementing the expedited removal process because "[t]he bar is keyed to the nature of the challenged agency action, not the basis for the challenge" and so it channels APA claims, whether "procedural" or "substantive"); *S.L.V. v. Rosen*, No. 21-cv-0017, 2021 WL 243442, at *4-5 (W.D. Tex. Jan. 25, 2021) (dismissing for lack of jurisdiction and explaining that § 1252(e) "lists what relief is unavailable '[w]ithout regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action'" and provides "clear and convincing evidence that Congress intended to preclude judicial review" by a district court in this circuit); *Reyes v. Nielsen*, No. CV H-18-3971, 2020 WL 1442349, at *3 (S.D. Tex. Feb. 6, 2020), *report and recommendation adopted sub nom. Sequeria Reyes v. Nielsen*, No.

13

4:18-CV-3971, 2020 WL 1444920 (S.D. Tex. Mar. 24, 2020) (limitation on systemic challenges related to "the expedited removal regime" include claims "under the APA or Mandamus Act").

Plaintiffs' eighth and final claim is that the IFR violates the Take Care Clause. *See* Compl. ¶¶ 184-88 (claim VIII). Challenges to whether "any regulation issued to implement" § 1225(b) "is [ ] in violation of law," including whether a regulation "is constitutional" are similarly limited to the District of Columbia. 8 U.S.C. § 1252(e)(3)(A); *see also e.g.*, *M.M.V.*, 1 F.4th at 1108 (holding § 1252(e)(3) limited First Amendment challenge to rule implementing the expedited removal process to claims raised in the District of Columbia); *Reyes*, 2020 WL 1442349, at *3, *report and recommendation adopted sub nom. Sequeria Reyes v. Nielsen*, No. 4:18-CV-3971, 2020 WL 1444920 (S.D. Tex. Mar. 24, 2020) (limitation on systemic challenges related "to the legality and *constitutionality* of the expedited removal regime" apply "[r]egardless of how Plaintiff characterizes [the] claims" (emphasis added)).

Except for the "[r]eview relating to section 1225(b)(1)" Congress authorized in the District of Columbia, "no court shall have jurisdiction to review" "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(iv); *see Brumme*, 275 F.3d at 447 (5th Cir. 2001) ("IIRIRA recognizes limited judicial review, in the United States District Court for the District of Columbia, of certain challenges to the expedited removal 'system'."). "The expedited removal statutes are express and unambiguous" and "[t]he clarity of the language forecloses acrobatic attempts at interpretation" and "makes abundantly clear that if jurisdiction exists to review any claim related to an expedited removal order, it exists only under subsection (e) of the statute." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 430, 432 (3d Cir. 2016). *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1087 n.10 (9th Cir. 2011) (discussing § 1252(e)(3)); *Khan v. Holder*, 608 F.3d 325, 330 (7th Cir.

14

2010) (similar); *Rodrigues v. United States Dep't of Homeland Sec.*, No. 3:20-CV-0139-B, 2020 WL 777278, at *2 (N.D. Tex. Feb. 18, 2020) ("systemic challenges to the validity of any regulation implementing the expedited removal statute must be brought in the District Court for the District of Columbia."); *Shah v. Director*, No. 3:19-CV-1164, 2019 WL 4254139, at *3 (W.D. La. Sept. 6, 2019) (explaining that § 1252(e)(3) requires any "challenges on the validity of the [expedited removal] system" to be brought in the District of Columbia and that no jurisdiction existed for any such challenge in the Western District of Louisiana). Plaintiffs' claims thus can be raised, if at all, only "as provided in subsection (e)," in the District of Columbia. 8 U.S.C. § 1252(a)(2)(A)(ii), (iv), (e)(3); *see also Make the Road*, 962 F.3d at 625-26 (explaining that "Congress underscored" the permitted "judicial review over legal challenges to the rules implementing the expedited removal system …by emphasizing that review is barred 'except as provided in subsection (e).'"); *AILA*, 199 F.3d at 1354 ("8 U.S.C. § 1252 provides the exclusive jurisdictional basis for challenging the removal procedures.").[4]

Because § 1252(e)(3) applies, the Court lacks subject matter jurisdiction over this case and must dismiss it on its own motion. Under Rule 12(h)(3), the Court may dismiss a case at any time, if it "determines … that it lacks subject-matter jurisdiction." Because Plaintiffs' complaint on its

---

[4] Plaintiffs do not acknowledge cases addressing expedited removal policies or procedures through the exclusive judicial review scheme Congress established, perhaps because they arise exclusively in the District of Columbia, as required under § 1252, and thus undermine the entire premise of their claim of jurisdiction in this Court. *See, e.g.*, *M.M.V.*, 1 F.4th at 1107-11; *Grace v. Barr*, 965 F.3d 883, 887-88 (D.C. Cir. 2020); *Make the Road*, 962 F.3d at 625-26; *AILA*, 199 F.3d at 1355-58; *A.B.-B. v. Morgan*, 548 F. Supp. 3d 209, 217 (D.D.C. 2020); *Las Americas Immigrant Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 19 (D.D.C. 2020); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 30 (D.D.C. 2020), *appeal dismissed sub nom. Kiakombua v. Mayorkas*, No. 20-5372, 2021 WL 3716392 (D.C. Cir. July 19, 2021); *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 9 (D.D.C. 2020); *Vijender v. Wolf*, No. 19-CV-3337, 2020 WL 1935556, *5 (D.D.C. Apr. 22, 2020); *Dugdale v. U.S. Customs & Border Prot.*, 88 F. Supp. 3d 1, 3 (D.D.C. 2015). Nor do they acknowledge the many cases in this Circuit that find that § 1252(a)(2)(A) and § 1252(e)(3) bar jurisdiction over challenges to policies or procedures implementing § 1225(b)(1). *See supra* at 13-14.

face challenges implementation of § 1225(b), no amendment of the complaint in this forum will cure the jurisdictional deficiencies. Alternatively, if the Court does not dismiss this case, it may transfer this matter to the District of Columbia in the interest of justice, *see* 28 U.S.C. § 1631, in order to allow that court to determine in the first instance whether it has jurisdiction under 8 U.S.C. § 1252(e)(3) and whether such a suit may proceed. *See* 8 U.S.C. § 1252(e)(3)(B); *see also supra* at 5-6. In moving for such a transfer, the government asserts only that the District of Columbia is the only federal court that could possibly have jurisdiction for challenges to the IFR. With respect to the Plaintiffs in this case, while the District of Columbia has exclusive jurisdiction over all such claims, the government does not concede that Plaintiffs have pled cognizable claims that satisfy § 1252(e)(3) or that Plaintiffs have standing or a cause of action to raise the claims contained in the complaint in that district. The government reserves the right to contest those issues as appropriate if relevant.

Finally, the Court should stay this case until it decides the threshold jurisdictional question presented in this motion and whether to transfer this case to the District of Columbia. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG*, 526 U.S. at 583. "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998). Because § 1252(a)(2)(A) and § 1252(e)(3) are unambiguous and clear, this Court lacks jurisdiction to litigate the merits of this case in any respect. Accordingly, while this transfer motion is pending, the Court should "defer resolution" or other matters pending "a decision with regard to whether a case should be transferred." *Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, No. CV 17-818, 2017 WL 3175693, at *2 (W.D. La. July

16

24, 2017); *see also e.g.*, *Direct Innovations, L.L.C. v. Weisgarber*, No. CIV.A. H-14-3211, 2015 WL 1976558, at *3 (S.D. Tex. Apr. 30, 2015) (staying case pending resolution of questions related to jurisdiction and whether case should be transferred); *Evans v. Johnson & Johnson*, No. CIV.A. H-14-2800, 2014 WL 7342404, at *3, 6 (S.D. Tex. Dec. 23, 2014); *DeLeon v. Tey*, No. 7:13-CV-439, 2013 WL 7157957, at *4 (S.D. Tex. Dec. 4, 2013).

## CONCLUSION

For these reasons, the Court should conclude that sections 1252(a)(2)(A) and 1252(e)(3) foreclose jurisdiction in this Court and, if the Court does not dismiss this case without prejudice on that basis, transfer the matter to the District Court for the District of Columbia. Because the Court lacks jurisdiction over the claims in this matter, the Court should also stay this case in its entirety pending resolution of this motion.

Dated: April 29, 2022         Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 29, 2022, I electronically filed this memorandum in support of Defendants' motion with the Clerk of the Court for the United States District Court for the Western District of Louisiana by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ <i>Brian C. Ward</i>        <br>BRIAN C. WARD<br>U.S. Department of Justice