**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| STATE OF ARIZONA, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>MERRICK GARLAND, in his official<br>capacity as Attorney General of the United<br>States, *et al.*,<br><br>DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

**PARTIES' JOINT SUBMISSION REGARDING PI BRIEFING SCHEDULE**

On Monday, May 16, 2022, Plaintiffs' and Defendants' counsel conferred regarding a potential briefing schedule for Plaintiffs' motion for a preliminary injunction or to delay the effective date of the Asylum Rule ("PI Motion"). (Doc. 19-1.) The parties were unable to come to an agreement. In advance of this Court's hearing on Defendants' Motion to Transfer, (Doc. 5), the parties hereby submit to the Court their respective positions to facilitate any discussions about scheduling at the hearing.

**<u>Plaintiffs' Position:</u>**

Because Plaintiffs have moved that the effective date of the Asylum IFR be delayed until resolution of this action, Plaintiffs oppose any briefing schedule that would allow the Asylum IFR to go into effect before Plaintiffs' PI motion is resolved. If such a schedule were adopted, Federal Defendants would obtain essentially complete victory on that request simply by the expedient of obtaining a schedule that ensures such a request becomes moot before it is decided. In any event, beyond just the mootness issue, the Asylum IFR will cause irreparable harm to Plaintiff States as soon as it goes into effect.

1

Plaintiffs have communicated these concerns to Defendants. On Wednesday, May 4, Defendants requested that Plaintiffs delay filing their preliminary injunction motion until after Defendants' Motion to Transfer had been resolved. On Monday, May 9, Plaintiffs responded by offering to delay filing their PI Motion until May 23 if Defendants would agree to a two-week delay in the effective date of the Asylum IFR, to avoid any potential mootness issues.

Defendants responded on May 10, and asked the States to "consider holding off [filing the preliminary injunction request] until May 19, after the hearing at the earliest. In exchange for that, we'd [,] as discussed not[] use the fact you delayed filing because of the agreement as an argument against entry of the [] PI." Defendants' May 10 response did not respond to the States' request that the effective date be delayed.

The States accordingly responded on May 11 that they "could agree to hold off on filing until 5/19 if Defendants can agree to a corresponding 6-day delay in the effective date of the Rule (and could similarly agree to longer delays for this short pending-motion-decision period, as needed, as long as there were commensurate delays in the effective date). That would preserve an adequate (if expedited) window to brief/resolve our motion prior to the effective date." On the evening of May 12, however, Defendants stated for the first time that they "do not agree at this time to delay the effective date." Defendants further indicated that they "think the timing of your forthcoming motion is relevant to any schedule we negotiate."

Given Defendants' unwillingness to delay the effective date of the Asylum Rule, Plaintiffs accordingly filed on May 13 their motion for a preliminary injunction or to delay the Rule's effective date.

To ensure that the States' request to delay the effective date can be decided by this Court, rather than mooted by default, Plaintiffs therefore propose any three possible schedules that would avoid Defendants' partial-victory-by-default:

**1)** For the same reasons outlined in Plaintiffs' PI Motion, this Court deem the States' PI motion to include a request for a temporary restraining order and/or short delay of the effective date (14-30 days) to permit this Court to decide the States' PI Motion without the Asylum Rule in effect.  Defendants should then be required to file a response to that TRO/short-effective-date request by Thursday, May 19, and Plaintiffs would file a reply no later than 10:00 AM CDT on Monday 23. This Court could then either hold oral argument later that week if desired or decide the request on the papers alone.

Briefing on the request for a full preliminary injunction/delay of the effective date could then be set to permit decision within the time of the TRO or short delay.

**2)** The briefing schedule on the States' PI Motion is expedited to permit decision by May 31. Plaintiff States propose the following schedule to that effect:

Thursday, May 19:              Defendants' PI Opposition is due
Monday, May 23 at 10:00 AM: Plaintiff States' Reply is due
Week of May 23:              Oral argument on the PI Motion, if required

**3)** The effective date of the Asylum IFR is delayed (whether by stipulation of the parties, order by this Court based on the States' PI Motion, or by order of the court in similar litigation in *Texas v. Mayorkas*, 22-CV-00094 (N.D. Tex.)) by a period of at least 30 days to permit orderly production of the administrative record and briefing of the PI motion. With a 30-plus day delay of the effective order in place, the States propose the following schedule:

Friday, May 27:        Administrative record and Defendants' PI Opposition due
                       (two weeks after 5/13 PI Motion)
Friday, June 3:        Plaintiff States' Reply is due (one week after PI Opposition)

Notably, this third option is nearly identical to a proposal offered by Federal Defendants with one exception: the 30-day delay of the effective date.

**Defendants' Position:**

As an initial matter, for the reasons set out in Defendants' Motion to Stay, ECF Nos. 5, 16, Defendants believe all deadlines and proceedings in this case should be stayed until the Court rules on the Motion to Transfer. As noted in that motion, courts in this circuit do not have jurisdiction to hear claims of the nature Plaintiffs raise in this case, and there is thus no jurisdiction for the Court to consider or grant a preliminary injunction. Moreover, Defendants cannot effectively begin a response to the Motion for a Preliminary Injunction until Defendants know which circuit's law applies.

In this case, the Plaintiff States raise claims under the Administrative Procedure Act ("APA"). *See* ECF No. 14, Amend. Compl. ¶¶ 130-206 (Counts I-VIII, challenging the IFR under the APA). Plaintiffs moved for a preliminary injunction on seven of these APA claims, *see generally* ECF No. 19-2, and many of these claims will require an administrative record to resolve. A court reviewing agency action under the APA is limited to reviewing "the whole record or those parts of it cited by the party." 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985). If the Court is not inclined to stay proceedings or denies transfer, Defendants will need a reasonable amount of time to identify what should be included in, and to compile, an administrative record for the challenged IFR. Defendants anticipate that the record for the 148-page IFR, issued by two separate agencies, will be voluminous, and will take a significant amount of time to compile, certify, and produce. Defendants have begun to compile the administrative record and believe they can complete that process within 21 days of the filing of the motion for preliminary injunction, by June 3, 2022.[1]

---

[1] A 21-day timeline to produce an administrative record after a motion for preliminary injunction is filed is itself a very accelerated timeline. Although this Court does not have a local rule governing when an administrative record should be produced, fellow district courts usually do not require the production of an administrative record until Defendants file an answer to a complaint. *See, e.g.*, D.D.C. L. Civ. R. 7(n)(1) (filing of administrative record after answer); D. Kansas L. Civ. R. 83.1(c)(1) (filing of administrative record with answer); D. Utah L. Civ. R. 7-4(a)(4–5) (filing of administrative record after ruling on motion to dismiss); N.D. Cal. Local Rule 16-5 (in cases seeking "District Court review on an administrative record, the defendant must serve and file an answer, together with a certified

Because Defendants' arguments in response to the motion for preliminary injunction will depend in part on the administrative record for a number of Plaintiffs' claims, Defendants further propose that they file their response to the motion for preliminary injunction on the same timeline, within **21 days**, by June 3, 2022. This aligns with the timeline provided by the local rules. *See* L.R. 7.5 ("If the respondent opposes a motion, he or she shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion."). Because the focal point for review of certain APA claims is the administrative record, courts routinely allow the government time to submit an administrative record before requiring a response to a motion for a preliminary injunction. *See, e.g.*, Order, ECF No. 19, *Louisiana v. Centers for Disease Control & Prevention*, 6:22-cv-885-RRS-CBW (Apr. 20, 2022) (setting deadline for response to motion for preliminary injunction at the same time as deadline to produce the record); Order, ECF No. 37, *Texas v. Biden*, 2:21-cv-67-Z (May 21, 2021) (setting deadline to respond to motion for preliminary injunction related to the Migrant Protection Protocols after the deadline to produce the administrative record); *cf. Louisiana Crawfish Producers Ass'n-W. v. Mallard Basin, Inc.*, No. 10-CV-1085, 2014 WL 4207607, at *3 (W.D. La. Aug. 25, 2014) (explaining that "[u]nder the APA, '[t]he task of the reviewing court is to apply the appropriate standard of review, 5 U.S.C. § 706 to the agency decision based on the record the agency presents to the reviewing court....' The focal point for judicial review should be the administrative record....'" (citations omitted)).

The Parties conferred on the schedule on May 16, 2022, and Plaintiffs expressed that they would like their motion to be fully briefed before the effective date of the IFR. The effective date of

---

copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint"); *cf. St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (noting that expedited discovery "is not the norm"); *Gale v. O'Donohue*, No. 17-cv-12172, 2018 WL 618739, at *5 (E.D. Mich. Jan. 30, 2018) (declining to order expedited discovery simply because plaintiff had filed a complaint and an accompanying request for injunctive relief), *aff'd* 751 F. App'x 876 (6th Cir. 2018).

the IFR is May 31, 2022. 87 Fed. Reg. 18078. But Plaintiffs cannot show good cause for a briefing schedule that requires Defendants to respond to their motion for a preliminary injunction in less than 21 days. First, the IFR was published on March 29, 2022, meaning that Plaintiffs had more than 60 days after the IFR was published before the effective date. Yet Plaintiffs waited nearly seven weeks to move for a preliminary injunction. If Plaintiffs wanted their motion fully briefed before the effective date, they should not have waited until two weeks before the effective date to file. A party cannot "create their own emergency" "by waiting so long to file a motion" and then use that emergency to justify the need for emergency relief. *Johnson v. Secure Ventures LLC*, No. CV-22-00568-PHX-JAT, 2022 WL 1046388, at *1 (D. Ariz. Apr. 7, 2022) (collecting cases). Plaintiffs certainly cannot justify requiring Defendants to respond to their motion within six days, as some of their proposals suggest, after taking 45 days following the IFR's publication before filing their motion.

Second, Plaintiffs' complaint is lengthy, raising eight separate claims, and their motion seeks a preliminary injunction on seven of these claims. That motion is also lengthy, based on Plaintiffs' request to file an over-length brief that was later approved by the Court, ECF No. 20. Defendants request that they be permitted to submit a brief of 50 pages to respond to the many arguments Plaintiffs raise in their motion. Plaintiffs' motion for an expansion of pages to 38 pages for their motion noted that "Plaintiff States consent to a reciprocal expansion for any opposition filed by Defendants." ECF No. 19 at 2. Defendants will also have to address a voluminous administrative record that is being assembled and produced at the same time, and Defendants are at a disadvantage in drafting a response because, until the Court rules on the motion to transfer, it is not yet clear which circuit's law will apply to the motion. It was for this reason that the government immediately—the day after the complaint was filed—moved to stay this case in its entirety pending resolution of the government's concurrently filed motion to transfer. If the Court does not dismiss or transfer this case,

Plaintiffs cannot reasonably claim any harm from allowing the Parties a reasonable amount of time to brief the complicated issues raised in the motion.

Third, if Plaintiffs wish their motion to be briefed as closely to the effective date as possible, they can waive any reply. The local rules do not appear to explicitly contemplate replies in support of motions for preliminary injunctions, and if Defendants file their response on June 3, 2022, the motion will be fully briefed within three days of the effective date of the IFR.

For these reasons, Defendants respectfully request that, if the Court does not grant Defendants' Motion to Stay or Defendants' Motion to Transfer, that the Court set the following schedule and deadlines:

June 3, 2022 – Defendants produce the administrative record[2]

June 3, 2022 – Defendants file response to Motion for Preliminary Injunction.

Plaintiffs' alternative proposals to resolve their motion before the May 31 effective date of the IFR would require the Court to consider Plaintiffs' APA claims without the benefit of the administrative record, and Defendants to file their response on an unreasonably short timeline.

Despite delaying their motion until near the effective date, Plaintiffs argue that the Defendants must be held to an unreasonable briefing schedule because, if their motion is not decided before the effective date, it will moot their request to postpone the effective date of the IFR. But Plaintiffs cannot claim any harm from a briefing schedule that will conclude the same week as the IFR's effective date. As the IFR details, even after it goes into effect, the agencies will undertake a "phased implementation" that "will allow the Departments to begin employing the proposed process in a controlled manner for

---

[2] Because Plaintiffs' motion relies on extra-record evidence in support of their request for a preliminary injunction, and a court reviewing the merits of APA claims is limited to reviewing "the whole record or those parts of it cited by the party," 5 U.S.C. § 706; *Fla. Power & Light Co.*, 470 U.S. at 743-44, Defendants anticipate also drafting and filing a motion to strike Plaintiffs' extra-record evidence that will need to be resolved before any ruling on Plaintiffs' motion.

a limited number of cases," giving the agencies an opportunity to work through any operational challenges that might arise before implementing the IFR more broadly. 87 Fed. Reg. at 18114. The agencies will also need to hire additional employees to fully implement the rule. *Id.*; 87 Fed. Reg. at 18185. And, "once USCIS meets its staffing requirements, time will be required for the new asylum staff to be trained for their positions, which may occur *over several months*." 87 Fed. Reg. at 18196 (emphasis added). "As a result, the benefits to applicants and the Government may not be realized immediately." *Id.* "Given limited agency resources, the Departments anticipate first implementing this new process for only a limited number of noncitizens who receive a positive credible fear determination after the effective date of this rule." 87 Fed. Reg. at 18185. "The Departments also anticipate limiting referrals under the initial implementation of this rule to noncitizens apprehended in certain Southwest border sectors or stations, as well as based on the noncitizen's final intended destination." *Id.* As a result, it is likely that only a very few, if any, individuals will have their asylum or protection claims resolved on the merits by an asylum officer under the IFR's provisions in the month following the IFR's effective date, and there is no reason to believe that even individuals that are processed under the IFR will end up in the Plaintiff States in any meaningful number in the near future.

Plaintiffs' third proposal, and argument with respect to delaying the effective date of the IFR, is grounded in a form of relief this Court lacks authority to grant. As noted in Defendants' Motion to Transfer, ECF Nos. 5, 16, this Court lacks jurisdiction to grant Plaintiffs any relief with respect to the IFR. In addition, Congress provided in 8 U.S.C. § 1252(f)(1) that *no court* has jurisdiction to stay the effective date of the IFR. Section 1252(f)(1) provides that, with one exception not relevant here, "no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation" of any provision in 8 U.S.C. § 1221 through 8 U.S.C. § 1232. By its plain terms, Section 1252(f)(1) bars injunctive relief, like that sought by Plaintiffs here, that enjoins or restrains the

government's chosen means of implementing the covered statutory provisions. A request for a stay of the effective date of a rule under 5 U.S.C. § 705 is governed by the same standards as whether injunctive relief is appropriate, so there is no difference between the two forms of relief. *See, e.g, Texas v. United States Env't Prot. Agency*, 829 F.3d 405, 424 (5th Cir. 2016) (explaining that four factors are considered when evaluating a request to delay the effective date: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."); *Texas v. United States*, 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (collecting cases) ("preliminary injunction … four-factor test is also applied to determine whether to grant a plaintiff's application … to stay an agency action pending judicial review" under section 705). Such injunctions are barred by section 1252(f)(1)'s prohibition on restraining how the government implements section 1225(b)(1)—the statutory provision the IFR implements.

The legislative history supports the conclusion that Congress intended agency rules and procedures implementing expedited removal to remain in force pending any legal challenge:

> Section 306 [Section 1252(f)] also limits the authority of Federal courts other than the Supreme Court to enjoin the operation of the new removal procedures established in this legislation. These limitations do not preclude challenges to the new procedures, but the procedures will remain in force while such lawsuits are pending. In addition, courts may issue injunctive relief pertaining to the case of an individual alien, and thus protect against any immediate violation of rights. However, single district courts or courts of appeal do not have authority to enjoin procedures established by Congress to reform the process of removing illegal aliens from the U.S.

H.R. Rep. No. 104-469, pt 1, at 161 (Conference Report). If the Court has any doubts that section 1252(f) bars Plaintiffs' request to delay the effective date of the rule, Defendants respectfully suggest that the Court permit the Parties time to submit full briefs on that issue, so that the Court can resolve it with the benefit of full briefing, just as Judge Kacsmaryk has done in the other case challenging this

IFR. *See* Order, ECF No. 11, *Texas v. Mayorkas*, No. 2:22-cv-94 (May 3, 2022) (directing the parties to brief "whether 8 U.S.C. § 1252(f)(1) imposes any jurisdiction or remedial limitations on the entry of injunctive relief, declaratory relief, or relief under 5 U.S.C. § 706").

Dated:   May 17, 2022

Respectfully submitted,

By:/s/ Joseph Scott St, John

ELIZABETH B. MURRILL (La #20685)
   Solicitor General
J. SCOTT ST. JOHN (La #36682)
   Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

MARK BRNOVICH
   Attorney General
BRUNN ("BEAU") W. ROYSDEN III *
   Solicitor General
DREW C. ENSIGN **
   Deputy Solicitor General
JAMES K. ROGERS *
   Senior Litigation Counsel
OFFICE OF THE ARIZONA ATTORNEY
GENERAL
2005 North Central Avenue
Phoenix, AZ 85004
beau.roysden@azag.gov
drew.ensign@azag.gov
james.rogers@azag.gov

*Counsel for Plaintiff State of Arizona*

ERIC S. SCHMITT
   Attorney General
D. JOHN SAUER *
   Solicitor General
OFFICE OF THE MISSOURI
ATTORNEY GENERAL
Supreme Court Building
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3321
John.Sauer@ago.mo.gov

11

*Counsel for Plaintiff State of Missouri*
STEVE MARSHALL
  Alabama Attorney General
EDMUND G. LACOUR JR.*
  Solicitor General
OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for Plaintiff State of Alabama*

LESLIE RUTLEDGE
  Arkansas Attorney General
NICHOLAS J. BRONNI*
  Solicitor General
DYLAN L. JACOBS*
  Deputy Solicitor General
OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-2007
Nicholas.Bronni@arkansasag.gov
Dylan.Jacobs@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

TREG R. TAYLOR
  Attorney General of Alaska
CORI M. MILLS*
  Deputy Attorney General of Alaska
CHRISTOPHER A. ROBISON*
  Assistant Attorney General
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK 99501-1994
chris.robison@alaska.gov

*Counsel for Plaintiff State of Alaska*

12

ASHLEY MOODY
  Attorney General
JAMES H. PERCIVAL*
  Deputy Attorney General of Legal Policy
OFFICE OF THE FLORIDA
ATTORNEY GENERAL
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

CHRISTOPHER M. CARR
  Attorney General of Georgia
STEPHEN J. PETRANY*
  Solicitor General
OFFICE OF THE GEORGIA
ATTORNEY GENERAL
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for Plaintiff State of Georgia*

LAWRENCE G. WASDEN
  Attorney General,
BRIAN KANE*
  Chief Deputy Attorney General
OFFICE OF THE IDAHO ATTORNEY
GENERAL
700 W. Jefferson Street, Ste. 210
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 334-2400
Email: Brian.Kane@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

THEODORE E. ROKITA
  Indiana Attorney General
BETSY M. DENARDI*
  Director of Complex Litigation
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
Betsy.DeNardi@atg.in.gov

*Counsel for Plaintiff State of Indiana*

DEREK SCHMIDT
  Attorney General
DWIGHT R. CARSWELL*
  Deputy Solicitor General
OFFICE OF THE KANSAS ATTORNEY
GENERAL
120 SW 10th Ave., 3rd Floor
Topeka, KS 66612-1597
dwight.carswell@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

DANIEL CAMERON
  Attorney General of Kentucky
MARC MANLEY*
  Associate Attorney General
KENTUCKY OFFICE OF THE
ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky
Tel: (502) 696-5478

*Counsel for Plaintiff Commonwealth of Kentucky*

LYNN FITCH
  Attorney General of Mississippi
JUSTIN L. MATHENY*
  Deputy Solicitor General
OFFICE OF THE MISSISSIPPI
ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
Tel: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

14

AUSTIN KNUDSEN
  Attorney General
DAVID M.S. DEWHIRST*
  Solicitor General
MONTANA DEPARTMENT OF JUSTICE
215 N Sanders St
Helena, MT 59601
P. (406) 444-2026
David.Dewhirst@mt.gov

*Counsel for Plaintiff State of Montana*

DOUGLAS J. PETERSON
  Attorney General
JAMES A. CAMPBELL*
  Solicitor General
OFFICE OF THE NEBRASKA ATTORNEY
GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Tel: (402) 471-2682
jim.campbell@nebraska.gov

*Counsel for Plaintiff State of Nebraska*

JOHN M. O'CONNOR
  Attorney General of Oklahoma
BRYAN CLEVELAND*
  Deputy Solicitor General
OKLAHOMA ATTORNEY GENERAL'S
OFFICE
313 NE 21st Street
Oklahoma City, OK 73105
Phone: (405) 521-3921

*Counsel for Plaintiff State of Oklahoma*

ALAN WILSON
  South Carolina Attorney General
THOMAS T. HYDRICK*
  Assistant Deputy Solicitor General
Post Office Box 11549
Columbia, SC 29211
(803) 734-4127
thomashydrick@scag.gov

*Counsel for the State of South Carolina*

15

Sean D. Reyes
  *Utah Attorney General*
Melissa Holyoak
  *Utah Solicitor General*
350 N. State Street, Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
(801) 538-9600
melissaholyoak@agutah.gov

*Counsel for Plaintiff State of Utah*

PATRICK MORRISEY
  Attorney General
LINDSAY SEE*
  Solicitor General
OFFICE OF THE WEST VIRGINIA
ATTORNEY GENERAL
State Capitol, Bldg 1, Room E-26
Charleston, WV 25305
(681) 313-4550
Lindsay.S.See@wvago.gov

*Counsel for Plaintiff State of West Virginia*

BRIDGET HILL
  Attorney General of Wyoming
RYAN SCHELHAAS*
  Chief Deputy Attorney General
OFFICE OF THE WYOMING ATTORNEY
GENERAL
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-5786
ryan.schelhaas@wyo.gov

*Counsel for Plaintiff State of Wyoming*

* Pro hac vice application forthcoming
** Pro hac vice application granted

Dated:   May 17, 2022                          Respectfully submitted,


                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant Attorney General

                                               WILLIAM C. PEACHEY
                                               Director
                                               Office of Immigration Litigation
                                               District Court Section

                                               EREZ REUVENI
                                               Assistant Director

                                        By: */s/ Brian C. Ward*
                                               BRIAN C. WARD
                                               Senior Litigation Counsel
                                               U.S. Department of Justice
                                               Civil Division
                                               Office of Immigration Litigation
                                               District Court Section
                                               P.O. Box 868, Ben Franklin Station
                                               Washington, DC 20044
                                               Tel.: (202) 616-9121
                                               brian.c.ward@usdoj.gov


                                               *Counsel for Defendants*