UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STATE OF ARIZONA ET AL** | **CASE NO.  6:22-CV-01130** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MERRICK GARLAND ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MINUTES OF COURT**
Motion Hearing

| | | | |
|---|---|---|---|
| Date: | May 18, 2022 | Presiding: | Judge David C. Joseph |
| Court Opened: | 9:00 a.m. | Courtroom Deputy: | Paula Jordan |
| Court Adjourned: | 10:53 a.m. | Court Reporter: | Cathleen Marquardt |
| Statistical Time: | 1/53 | Courtroom: | CR2 |

**APPEARANCES**

| | | | |
|---|---|---|---|
| Joseph Scott St John | | For | State of Arizona, et al, Plaintiffs |
| Erez R Reuveni | | For | Merrick Garland, et al, Defendants |
| Karen King | | For | USA |

**PROCEEDINGS**

**RULINGS/COMMENTS:**

This case came on for hearing on Motion to Transfer, Motion to Stay [Doc. 5].  The motion was argued, and IT IS HEREBY ORDERED that said motion is DENIED for the reasons stated on the record.  This notwithstanding, the Court shall remain cognizant of the jurisdictional provisions set forth in Section 1252(e)(3) and will dismiss or transfer this matter should the Court's legal and factual findings warrant.

IT IS FURTHER ORDERED that the parties engage in a 30-day period of limited discovery as to:

(1)   The likely effect the subject Interim Final Rule will have on the number of immigrants granted asylum and/or otherwise residing in Plaintiff states; and

(2)   The cost or other measurable effect these additional persons (which the Plaintiff States contend will have been illegally granted asylum) will have on Plaintiff states.

At the end of this period, Plaintiff States must clearly show that they are "likely" to obtain each element of Article III standing for the Court to proceed with a Preliminary Injunction hearing.  If

at any time the parties determine that they require additional time to conduct jurisdictional discovery, they should so advise the Court.

**Additionally, no later than June 3, 2022:**

(1) The Government will produce to Plaintiffs the administrative record for the Interim Final Rule relevant to this matter;

(2) The parties are directed to file briefing with the Court regarding:

   a. "[W]hether 8 U.S.C. § 1252(f)(1) imposes any jurisdictional or remedial limitations on the entry of injunctive relief, declaratory relief, or relief under 5 U.S.C. § 706" and whether these limitations are subject to forfeiture;

   b. The applicability of the *ultra vires* doctrine set forth in *Leedom v. Kyne*, 358 US 184 (1958) and *Kirby Corp. v. Pena*, 109 F.3d. 258 (5th Cir. 1997) to the Government's issuance of the IFR under 8 U.S.C. § 1225, including whether this doctrine has been properly pleaded by Plaintiffs; and

   c. The legislative history of 8 U.S.C. § 1225(b)(1)(B)(ii) – particularly the legislative intent behind "further consideration of the application for asylum;" and prior interpretations and applications of this phrase in other regulations since the statute's enactment.

The Court will hold a **status conference on June 27, 2022, at 2:00 p.m. by videoconference**. Plaintiffs will file briefing and evidence **on or before June 24, 2022**, regarding the States' standing to bring this action. At the June 27th status conference: (i) the parties will be prepared to discuss the need for discovery, if any, beyond the administrative record, and (ii) the Court will set a hearing date for the Motion for Preliminary Injunction [Doc. 22].

The Government shall not be required to file its response to the Motion for Preliminary Injunction [Doc. 22] or file an Answer to the Amended Complaint [Doc. 14] prior to the June 27th status conference. The Court will set associated deadlines at that time.