IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 6:22-cv-01130 |
| ) | |
| MERRICK GARLAND, ) | |
| in his official capacity as Attorney ) | |
| General of the United States, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**DEFENDANTS' MOTION FOR AN ENLARGEMENT OF PAGES**

Defendants respectfully request leave to exceed the page limit set forth in Local Rule 7.8 and file a 45-page supplemental memorandum in response to the Court's May 18 order directing supplemental briefing. As good cause for this request, Defendants state as follows:

1. In this case, Plaintiff States challenge an interim final rule (IFR) published on March 29, 2022, titled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers* 87 Fed. Reg. 18,078, 18,079 (March 29, 2022), which amends regulations governing the expedited removal process under 8 U.S.C. § 1225(b)(1)(b)(ii). *See* Compl. (Dkt. 14). Plaintiffs challenge the IFR under the Administrative Procedure Act (APA) on various grounds, alleging that: the IFR (1) is contrary to law under the Homeland Security Act, (2) exceeds the government's parole authority under 8 U.S.C. § 1182(d)(5), (3) violates the Secure Fence Act, (4) is arbitrary and capricious, (5) does not

comply with notice and comment requirements, and (6) violates the Take Care Clause. *See* Compl. ¶¶ 112-88.

2. The day after Plaintiffs initiated suit, Defendants moved to dismiss or transfer this case to the District of Columbia. Dkt. 5. Plaintiffs then moved for a preliminary injunction against the IFR on May 13, 2022. Dkt. 19. The Court held a hearing on the Defendants' motion on May 18, and denied the motion without prejudice to granting the motion "should the Court's legal and factual findings warrant." Dkt 24 at 1; *see* Tr. at 70:24-71:2 ("I'm not going to stay or transfer the case right now"). The Court also stayed all pending deadlines, ordered the parties to engage in expedited discovery, and directed the parties to file supplemental briefing. Dkt. 24 at 1-2.

3. The Court's supplemental briefing order directs the parties to brief (1) "[w]hether 8 U.S.C. § 1252(f)(1) imposes any jurisdictional or remedial limitations on the entry of injunctive relief, declaratory relief, or relief under 5 U.S.C. § 706 and whether such limitations are subject to forfeiture," (2) "[t]he applicability of the ultra vires doctrine set forth in *Leedom v. Kyne*, 358 US 184 (1958) and *Kirby Corp. v. Pena*, 109 F.3d. 258 (5th Cir. 1997) to the Government's issuance of the IFR under 8 U.S.C. § 1225, including whether this doctrine has been properly pleaded by Plaintiffs," and (3) "[t]he legislative history of 8 U.S.C. § 1225(b)(1)(B)(ii) – particularly the legislative intent behind 'further consideration of the application for asylum;' and prior interpretations and applications of this phrase in other regulations since the statute's enactment." Dkt. 24 at 2.

4. The Court's order requires Defendants to address three complex issues. The government has previously addressed 8 U.S.C. § 1252(f)(1) in briefs before the Supreme Court and the Northern District of Texas. The Supreme Court briefs spanned 12,000 words, and the brief before the Northern District of Texas was 25-pages. *See* Government's Supplemental Brief and

Reply Brief, *Biden v. Texas* 21-954; Dkt. 17, *Texas v. Mayorkas*, 22-cv-94 (N.D. Tex.). To adequately address this issue, Defendants respectfully submit they require a similar number of pages.

5. The Court's order to brief the ultra vires doctrine and the legislative history of 8 U.S.C. § 1225(b)(1)(B)(ii) requires the government to address issues not previously briefed in other cases. These issues are complex and require additional pages to ensure they are adequately and thoroughly presented to the Court.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for an enlargement of pages for the supplemental memorandum responding to the Court's May 18, 2022 briefing order.

Dated: June 3, 2022    Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

*/s/ Erez Reuveni*
EREZ REUVENI
*Assistant Director*
U.S. Department of Justice
Civil Division, Office of Immigration Litigation
450 5th St NW
Washington, DC 20530
Tel: (202) 307-4293
Email: erez.r.reuveni@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2022, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Western District of Louisiana by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Erez Reuveni*
EREZ REUVENI
U.S. Department of Justice