IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> MERRICK GARLAND, <br> in his official capacity as Attorney <br> General of the United States, *et al.*, <br><br> *Defendants.* | Civil Action No. 6:22-cv-01130 |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants write to advise the Court of a new Supreme Court decision that bears on this case and on the supplemental briefing that this Court ordered on May 18, 2022. ECF No. 24. On June 30, 2022, the Supreme Court decided *Texas v. Biden*, and reversed a Fifth Circuit decision that had required the government to implement the Migrant Protection Protocols. *Biden v. Texas*, No. 21-954, 2022 WL 2347211 (U.S. June 30, 2022). In doing so, the Supreme Court reiterated its recent holding in *Garland v. Aleman Gonzalez*, 596 U. S. ——, 2022 WL 2111346 (U.S. June 13, 2022), that 8 U.S.C. § 1252(f)(1) "no doubt deprives the lower courts of 'jurisdiction'" to grant injunctive relief related to covered provisions. *Biden v. Texas*, 2022 WL 2347211, at *9; *see also* ECF No. 63, Notice of Supplemental Authority (addressing *Aleman Gonzalez*). In *Texas v. Biden*, the Supreme Court applied Section 1252(f) in a case brought by the State of Texas, clarifying that

1

this provision applies to State plaintiffs, and held that "[t]he District Court's injunction … violated that provision." *Biden v. Texas*, 2022 WL 2347211, at *7.

Plaintiffs in this case are also States. Here, just as in *Biden v. Texas*, the States seek an injunction that would require the federal government to adopt their view of 8 U.S.C. § 1225. *Compare Biden v. Texas*, 2022 WL 2347211, at *7 (describing injunction entered by the district court at Texas's request to enforce Texas's interpretation of "the contiguous-territory return" provision in "section 1225(b)(2)(C)"), *with* ECF No. 21, Motion for Preliminary Injunction (seeking an injunction to enforce Plaintiffs' reading of section 1225(b)). *Biden v. Texas* together with *Aleman* unambiguously establishes that Section 1225(f)(1) deprives this Court of jurisdiction to enter the injunction that Plaintiffs seek. *See Aleman Gonzalez*, 596 U.S. at ___ (slip op. at 7) (holding that Section 1252(f) bars injunctions "requir[ing] officials to take actions that (in the Government's view) are not required by [the covered provisions] and to refrain from actions that (again in the Government's view) are allowed by [the covered provisions]").

The Supreme Court in *Biden v. Texas* reserved decision on whether Section 1252(f)(1) bars district courts from "vacating" agency actions under the Administrative Procedure Act. *See* 597 U.S. at ___ (slip op. at 12 n.4). But for the reasons the Government previously explained in its supplemental brief, Section 1252(f)(1) bars such relief in this case as well. ECF No. 44 at 16-20.

2

Date:  July 7, 2022                                  Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

*/s/ Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
Email: brian.c.ward@usdoj.gov

JOSEPH DARROW
ELISSA FUDIM
ERIN RYAN
*Trial Attorneys*

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

3

## CERTIFICATE OF SERVICE

      I hereby certify that on July 7, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Louisiana by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                            */s/ Brian C. Ward*
                                            BRIAN C. WARD
                                            U.S. Department of Justice