UNITED STATES OF AMERICA
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF ARIZONA,<br>By and through its Attorney General, Mark<br>Brnovich, et. al.,<br>                            **Plaintiffs,**<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, et. al.,<br>                            **Defendants.** | No. 6:22-cv-1130 |

**MEMORANDUM IN SUPPORT OF ROZAS AND ASSOCIATES LAW FIRM, L.L.C.'S MOTION TO QUASH SUBPOENA**

**ROZAS AND ASSOCIATES LAW FIRM, L.L.C. ["ROZAS"]** is a law firm domiciled in Baton Rouge, Louisiana. On or about February 17, 2023, a "Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action" was served upon ROZAS. The subpoena was issued under the authority of FRCP 45.

In the subpoena [Exhibit A] the Plaintiffs are seeking the following things:

1. Documents sufficient to identity all "asylum applicants" and "asylum seekers" to whom ROZAS provided support from January 2018 to the present. This goes on to clarify that the Plaintiff is seeking ROZAS to identify anyone to who is an asylum applicant or asylum seeker to whom ROZAS provided legal representation.

2. All documents provided to aliens, including asylum applicants or asylum seekers, regarding the public education, temporary assistance for needy families (TANF), supplemental nutrition assistance program (SNAP), Medicaid, or other public benefits.

3. All documents regarding the asylum MPRM or Final Rule.

Page 1 of 8

4. All documents used or presented by ROZAS in any workshop or presentation regarding asylum from August 20th 2021 through the present.

ROZAS seeks an order from this Court quashing the subpoena for three primary reasons: 1) The subpoena seeks information that is protected by the attorney-client privilege; 2) The subpoena is overly burdensome and will cost ROZAS significant time and money to attempt to answer the subpoena; and 3) The information being sought by the Plaintiffs can be obtained from one or more of the Defendants or other agencies either through discovery, a subpoena, or a FOIA request.

### The Information Sought Is Protected By The Attorney – Client Privilege

"Asylum applicants" are the clients of the ROZAS law firm. Accordingly, the Plaintiffs in this case are seeing attorney client communications and information.

There is no question that communications between an attorney and a client are privileged. Although this privilege was never codified in the Federal Rules of Evidence, it is controlled by the common law and jurisprudence as interpreted by the Courts. Federal Rule of Evidence 501 provides that in a civil case, State law governs privilege regarding a claim or defense for which State law supplies the rule of decision. Louisiana Code of Evidence, Article 506 defines and sets forth the parameters of the attorney client privilege. Additionally, Rule 1.6 of the Rules of Professional Conduct for Attorneys in Louisiana discusses confidentiality of information between a lawyer and a client. This Rule provides among other things that a lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent.

While it is true that, as a general rule, client identities are not covered by the attorney client privilege, there is an exception when revealing the identity of the client would itself reveal a confidential communication. In this case it is well known that the ROZAS Law Firm has a large immigration practice. Many of its clients are seeking asylum. It is not known whether some of

those clients arrived in the country undocumented. As noted in the case *In Re Grand Jury Subpoena*, 926 2d 1423 (5 Cir. 1991) clients often consult with attorneys concerning matters that they wish to keep confidential. The matter may or may not involve misconduct, and if it does involve misconduct, the client may or may not be implicated.

As the Fifth noted, many clients reveal their names and other identifying information and expect it to remain confidential. The Court held that if the disclosure of the client's identity will also reveal the confidential purpose for which he consulted an attorney, we protect both the confidential communication and the client's identity as privileged. Revealing the name only of Mr. Rozas's clients could in fact reveal the confidential purpose for which this client consulted Mr. Rozas. Accordingly, this information is privileged and protected. However, it is important to note, as the Fifth Circuit did, that the client's identity is protected not because it might be incriminating but because it is "connected inextricably with a privileged communication – the confidential purpose for which he sought legal advice." *In Re Grand Jury Subpoena*, at p. 1429 hn.10. The purpose of the attorney client privilege is for clients to make full disclosure to their attorneys. See *Fisher v. United States*, 425 U.S. 391 (1976). The Fifth Circuit concluded that at times the privilege may prevent the government from obtaining useful information, but "this is a price we pay for a system that encourages individuals to seek legal advice and to make full disclosure to the attorney so that the attorney can render informed advice." See *Matter of Grand Jury Proceeding,* 898 F.2d 565 (7th Cir. 1990) at p. 569.

Especially in cases involving foreign nationals, it is important that the client feel comfortable and assured that the information that he reveals to this attorney (even his own name) will be protected and confidential.

## **The Subpoena Is Overly Burdensome and the Information Being Sought Can be Obtained From One or More of the Defendant Parties**

The ROZAS Law Firm is a large and successful law firm. Over the years it has represented thousands of clients. The request of the Plaintiffs in this case is extraordinarily burdensome. The Plaintiffs are seeking information spanning over five years: 2018, 2019, 2020, 2021, 2022, and part of 2023. Any attempt by ROZAS to answer these requests could take weeks, if not months and could cost thousands of dollars. Recall that the subpoena is asking for documents sufficient to identify *all* asylum applicants to whom ROZAS provided support or representation. Additionally, the subpoena is seeking *all* documents that ROZAS provided to his clients regarding certain programs.

The Federal Rules of Civil Procedure, specifically Rule 45, authorizes litigants to subpoena *non-parties* to produce documents relevant to a case. However, because "non-parties are strangers to litigation" who have "no dog in the fight" the standard of review for a non-party subpoena is higher than that used to assess discovery requests to litigants. *Gilmore v. Jones*, 339 F.R.D. 111 U.S.D.C. W.D. Virginia (2021). Citing *VA. Department of Corrections v. Jordan*, 921 F.3d 180 (4 Cir. 2019).

Rule 26 allows parties to obtain discovery regarding any non-privileged matter that is relevant to any parties' claim or defense, and proportional to the needs of the case. See Rule 26(b)(1). However, even relevant information may not be discoverable if it is not proportional to the needs of the case. See Rule 26(b)(2)(C)(iii). The Courts must consider multiple factors including: the importance of the issues at stake in the action; the amount in controversy; the parties access to relevant information; the parties resources; the importance of discovery, and finally, whether the burden or expense of the proposed discovery outweighs its likely benefit.

When a subpoena is directed to a *non-party,* Courts must give the recipient's non-party status special weight leading to an even more demanding and sensitive inquiry than the one governing discovery generally. See *Gilmore, supra.* and *In Re Pub. Offering Ple Anti Trust litigation,* 427 F.3d 49 (1st Cir. 2005).

*Gilmore* held that even if the non-party has information that falls within the scope of discovery, the non-party "should not be drawn into the parties' dispute without some good reasons". Accordingly, when accessing a subpoena directed to a non-party, the Court must consider three additional factors: First, the Court must consider whether the requesting party needs the information sought, meaning the information likely (not just theoretically) offers some value over and above what the requesting party already has. Second, the Court must consider whether the requesting party can obtain the same or comparable information that would also satisfy its needs from other sources. Third, the Court must consider whether the request will impose a cognizable burden on the non-party. See *Gilmore and Jordan, supra*.

A subpoena subjects a non-party to undue burden if it seeks information irrelevant to the case *or* that would require the non-party to incur an excessive expenditure of time and money. When a non-party such as ROZAS claims that at subpoena is burdensome and oppressive, the non-party must support its claim by showing how production would be burdensome. Attached to this Memorandum is an affidavit from David Rozas (owner of the ROZAS law firm) setting forth how and why gathering the sought after information would be excessively burdensome to him and his law firm. [EXHIBIT B]

It should also be remembered that burdens are not only monetary and time burdens. Cognizable burdens include invasions of privacy and confidentiality interests of both the subpoena recipients and others who might be affected. See *Jordan, supra*. at page 189-190.

Going hand and hand with a non-party's claim of excessive burdens, is the fact that the *party seeking the information must be able to explain why it cannot obtain the same information or comparable information that would also satisfy its needs, from one of the parties to litigation.* For example, FRCP Rule 26, which regulates discovery, provides in part that the Court must limit the extent of discovery allowed by these rules if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive.  See Rule 26(b)(2)(C)(i).

*US Commodity Futures Trading Commission v.  the McGraw Hill Companies, Inc*., 390 F.Supp. 2d 27 (USDC D.C. 2005) noted that:

> "Of equal importance in the balancing test is the extent to which the party seeking disclosure has attempted to obtain the information from other possible sources." At page, 1072, hn. 12

The Court in *McGraw Hill* went on to hold that the non-party entity in that case should be compelled to answer the subpoena only after the litigant seeking the information has shown that he has exhausted every reasonable alternative source of information.

The information sought by the Plaintiffs in this case can (and should) be obtained from any number of the parties in this case.  For example, every year the Executive Office for Immigration Review (EOIR) compiles data and statistics on every single immigration Judge in America.  The public is able to see what percentage of cases have been granted by each judge.  This data is easily accessible by the Government.  A simple public records request would be able to obtain this information.  There is no need to drag a private entity into this litigation, who has "no dog in this fight" and put an unreasonable burden on his firm to produce this information.

## **CONCLUSION**

The information sought from ROZAS in the subpoena seeks protected, privileged, and confidential information. The clients of Rozas have every reason to expect him to keep it confidential. Moreover, requesting a non-party, private citizen to gather this information puts an undue, expensive burden on ROZAS. Finally, the requesting party should get this information from the other parties to this litigation. For all of these reasons the Subpoena should be quashed.

Respectfully submitted:

/s/John S. McLindon
John S. McLindon
Attorney at Law (La Bar No. 19703)
12345 Perkins Rd., Bldg. 2, Suite 202
Baton Rouge  LA  70810
T:       225-408-0362
C:       225-603-6493
E:       john@mclindonlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the forgoing Motion to Quash Subpoena Duces Tecum has been served on the following:

Joseph S. St. John
Deputy Solicitor General
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 485-2458
stjohnj@ag.louisiana.gov

and all parties enrolled in the captioned matter by CM/ECF.

      Baton Rouge, Louisiana, this 17th day of March, 2023.

                                                  _____/s/ John S. McLindon_____
                                                         John S. McLindon