## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF ARIZONA, By and through its Attorney General, Mark Brnovich, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, <br><br> DEFENDANTS. | No. 6:22-cv-1130 |

## LOUISIANA AND FLORIDA'S NOTICE OF SUBPOENA TO ROZAS AND ASSOCIATES LAW FIRM, L.L.C.

TO:    Defendants Merrick Garland *et al*, by and through their attorney of record, Brian Ward, U.S. Department of Justice (868), P.O. Box 868 Ben Franklin Station, Washington, DC, 20044-0868, tel. 202-616-9121, email brian.c.ward@usdoj.gov.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiffs hereby provide notice that they will serve a subpoena to produce documents on to produce for inspection and copying all documents referred to in Attachment A of the subpoena. The requested documents may be used as evidence in this case. A copy of the subpoena is attached hereto.

# Exhibit A

Respectfully submitted,

JEFF LANDRY
 LOUISIANA ATTORNEY GENERAL

 _/s/ Joseph S. St. John_____
Joseph S. St. John
 Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 485-2458
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served the foregoing document via email upon counsel for Defendants:

This the 17th day of February 2023.

/s/ Joseph S. St. John

Joseph S. St. John
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 225-485-2458
stjohnj@ag.louisiana.gov

*Counsel for Louisiana*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Louisiana ▼

| | | |
|---|---|---|
| THE STATE OF ARIZONA et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 6:22-cv-1130 |
| MERRICK GARLAND et al | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     ROZAS AND ASSOCIATES LAW FIRM, L.L.C., through its registered agent and member DAVID J. ROZAS,
           9448 Brookline Ave., Baton Rouge, LA 70809

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| | |
|---|---|
| Place: Office of the Attorney General<br>700 St. John Street, Ste. 205, Lafayette, LA, 70501<br>Attn: Claire Hebert | Date and Time:<br>March 10, 2023   10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/17/23

                    *CLERK OF COURT*

                                                                    OR _____
_____                                        _____
   *Signature of Clerk or Deputy Clerk*                                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
State of Louisiana _____, who issues or requests this subpoena, are:
Joseph S. St. John, 909 Poydras Street, Ste. 1850, New Orleans, LA, 70112, stjohnj@ag.louisiana.gov, 225-485-2458

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:22-cv-1130

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

THE STATE OF ARIZONA,
By and through its Attorney General, Mark
Brnovich, et al.,

PLAINTIFFS,

v.

MERRICK GARLAND, in his official
capacity as Attorney General of the United
States, *et al.*,

DEFENDANTS.

No. 6:22-cv-1130

## ATTACHMENT A

Pursuant to the attached Subpoena and in accordance with the following Definitions and

Instructions, you are required to produce the documents described below.

1

## DEFINITIONS

1.    **ALL," "ANY," "EACH,"** and **"EVERY"** shall be construed inclusively to include the collective as well as the singular meaning so as to include the broadest possible amount of information.

2.    **"ASYLUM APPLICANT"** means any person who has indicated either an intention to apply for asylum under 8 U.S.C. 1158 or a fear of persecution, including, without limitation, any person who has submitted (or on whose behalf was submitted) an Form I-589 or has received written record of the credible fear determination. ASYLUM APPLICANT includes without limitation any person who has submitted (or on whose behalf was submitted) or a refugee/asylee relative petition (Form I-730).

3.    **"ASYLUM CLAIM" or "ASYLUM APPLICATION"** means any asylum application made by an alien pursuant to 8 U.S.C. § 1158 or through the procedures described in 8 U.S.C. § 1225(b), and includes an application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18.

4.    **"ASYLUM NPRM"** refers to the August 20, 2021, Notice of Proposed Rulemaking, Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 86 Fed. Reg. 46,906 (Aug. 20, 2021), including its precursors, drafts, or pre-publication versions.

5.    **"ASYLUM IFR" or "FINAL RULE"** refers to the March 29, 2022 Interim Final Rule, Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 87 Fed. Reg. 18078-01 (Mar. 29, 2022), including its precursors, drafts, or pre-publication versions.

2

6.     **"COMMUNICATION"** means any message, document, email, fax, letter, voicemail, or other expressed idea (collectively "message") that has been recorded in writing, electronically, or by audio or video means and transmitted to one or more individuals, including the creator of the message, either simultaneously with the creation of the message or after its creation.

7.     **"DOCUMENT"** is consistent with the full scope of Federal Rule of Civil Procedure 34, and includes any document or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. "Document" includes communications, as defined above, and all drafts and copies of a document or electronically stored information.

8.     **"IDENTIFY,"** with respect to a person, means the person's full name, alien registration number (A-number), country of citizenship or nationality, residence in the United States, mailing address in the United States, telephone number, and date of birth.

9.     **"USCIS"** means Defendant U.S. Citizenship & Immigration Services.

10.    **"CBP"** means Defendant U.S. Customs & Border Protection.

11.    **"DHS"** means Defendant U.S. Department of Homeland Security.

12.    **"DOJ"** means Defendant U.S. Department of Justice.

13.    **"EOIR"** means Defendant Executive Office for Immigration Review.

14.    **"ICE"** means Defendant U.S. Immigrations & Customs Enforcement.

15.    **"YOU"** and **"YOUR"** refers to Rozas and Associates Law Firm, L.L.C., and any persons or agencies acting on your behalf. For the avoidance of doubt, YOU includes any

3

predecessor in interest whose DOCUMENTS are in your possession, custody, or control.

16.     The singular shall be construed to include the plural, and the plural shall be construed to include the singular, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

17.     The connectives "and" and "or" and the phrase "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request. The word "and" shall be construed to mean both "and" and "or," and vice versa, as necessary to bring within the scope of each Request all documents that might otherwise be construed as nonresponsive to the Request.

**4**

## INSTRUCTIONS

1.      In responding to these requests, you are required to furnish all responsive documents in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, independent contractors, and all other persons acting on your behalf.

2.      Each document request shall be responded to separately and fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of the request, or to a word, phrase, or clause contained therein, you shall state the objection to that portion only and respond to the remainder of the request.

3.      If, in responding to these document requests, you claim any ambiguity in a document request, or in a definition or instruction applicable thereto, you shall not rely upon the ambiguity as a basis for refusing to respond, but shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the document request.

4.      An original or one copy of each responsive document shall be produced. Any copy of a document that varies in any way from the original or from any other copy of the document, whether by reason of handwritten or other notation, highlighting, underlining, or other marks, or a draft or successive iteration thereof and all modifications thereto, shall constitute a separate document and must be produced, whether or not the original of such document is within your possession, custody, or control. If the same document exists in both electronic and non-electronic format, the electronically maintained document must be produced; provided, if the non-electronically maintained document varies in any way from the electronically maintained document as described above, both the electronically maintained and non-electronically maintained documents shall be produced.

5

5.     Documents shall be produced as they are kept in the ordinary course of business. Each document requested is to be produced in its original file folder, file jacket, or cover (or you may, in the alternative, designate in writing the titles of such folder, jacket, or cover with respect to each document). The individual or department from whose files the document is being produced is to be indicated.

6.     If there are no documents responsive to any particular request, you shall so state in writing.

7.     A request for documents shall be deemed to include a request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to the documents, in addition to the document itself, without abbreviation or expurgations. Documents attached to other documents or materials shall not be separated unless information is provided sufficient to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of business.

8.     If the documents requested differ or vary from one office, division, or location to another, the Requests require production of documents for each office, division, or location.

9.     Each document requested shall be produced in its entirety and without redactions, deletions, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these Requests.

10.    If you refuse to produce any requested document, or part of any requested document, under a claim of attorney-client privilege, work product, or any other privilege, you shall submit, for each document or part of a document withheld, a written statement that:

    a)  specifies the privilege or other asserted basis for withholding the document;

    b)  describes the nature and general topic of the document;

    c)  identifies the persons who prepared the document and any persons to whom the document was sent or disclosed;

6

d) identifies any persons who have seen or had possession of the document; and

e) specifies the dates on which the document was prepared, transmitted, and received.

11.     These document requests are continuing in nature.   Any document obtained, created, identified, or located after service of any response to these requests that would have been included in the responses had the document been available or had its existence been known at that time should be produced immediately.

12.     If any document which you would have produced in response to any request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please identify with respect to each document:

a) the date of the document;

b) the title of the document;

c) the type of document;

d) description of the subject matter of the document;

e) the name of each person who prepared, received, viewed, or had possession, custody, or control of the document;

f) the date on which the document was destroyed, discarded, or lost;

g) the name of each person who directed that the document be destroyed, who directed that the document be discarded, or who lost the document; and

h) a statement of the reasons for and circumstances under which the document was destroyed, discarded, or lost.

13.     Documents not maintained electronically shall be scanned and electronically produced as Adobe .pdf files. Each page of each document shall be individually Bates-numbered.

14.     Should you opt to produce a loadfile, You shall produce electronically stored documents and files as follows:

7

a) Optical Character Recognition ("OCR") text files and a load file indicating the beginning and ending Bates numbers of each document shall be provided

b) Documents shall be produced as searchable Bates-numbered .pdf files in a print setting of 300 d.p.i., accompanied by:

c) corresponding database load files, containing at a minimum DOCID and path to the image;

d) corresponding searchable text files in .TXT format;

e) where applicable, corresponding metadata files, to include at a minimum the following fields: (1) beginning/ending document number; (2) beginning/ending attachment range; (3) document type; (4) sent date/time; (5) received date/time; (6) created date/time; (7) author(s) and/or FROM; (8) recipient(s) and/or TO; (9) CC; (10) BCC; (11) subject/title/header; (12) custodian; (13) attachment count; (14) file name; and (15) last modified date/time.

f) Spreadsheet documents (Microsoft Excel and similar) shall be produced in their native formats and named after their corresponding beginning Bates number.

g) To the extent that responsive electronically stored information is contained in database files, the parties should promptly identify and discuss the appropriate form of production.

h) If it is infeasible to convert any file (*e.g.*, audio/visual files) to the format described in subsection a, above, you shall produce (i) a "placeholder" image containing the file name of the attachment; (ii) the document in native format; and (iii) information sufficient to link the native-format document with its "placeholder" image.

i) Documents that present imaging or formatting problems (*e.g.*, Microsoft Access or other user databases that cannot feasibly be produced as individual files) shall be promptly identified, and the parties shall meet and confer to attempt to resolve the problems.

j) You shall produce electronically stored documents on DVD, CD, or portable hard drives.

15. Load files shall be in one of the following formats suitable for Summation software:

DII or eDII; TXT; CSV; or DAT. DAT files shall have a corresponding LFP (IPRO viewer) or

OPT (Opticon viewer) image import file.

16. Defendants reserve the right, as to any document produced, to request:

a) that an image be produced in color;

b) that a document be produced in native format;

c) that reasonable technical assistance be provided to enable Defendants and their attorneys, staff, consultants, and experts to use the electronically stored information; and

d) that additional metadata be provided.

17.  These requests seek only documents and other items within your possession, custody, or control.

18.  The parties issuing the Subpoena further reserve the right to amend the Instructions after they have viewed your production.

19.  The relevant time period for these Requests is January 1, 2018, through present, unless otherwise stated, and should include documents in force, created, or modified since that date.

9

## **REQUESTS**

Pursuant to the attached subpoena, you are required to produce the following:

1.      DOCUMENTS sufficient to IDENTIFY all ASYLUM APPLICANTS and "asylum seekers" to whom YOU provided support. For the avoidance of doubt, this request asks YOU to IDENTIFY anyone who is an ASYLUM APPLICANT or asylum seeker to whom YOU provided legal representation.

2.      ALL DOCUMENTS YOU provide(d) to aliens, including ASYLUM APPLICANTS or asylum seekers, regarding public education, Temporary Assistance for Needy Families ("TANF"), Supplemental Nutrition Assistance Program ("SNAP"), Medicaid, or other public benefits.

3.      ALL DOCUMENTS regarding the ASYLUM NPRM or FINAL RULE.

4.      ALL DOCUMENTS used or presented by YOU in any workshop or presentation regarding asylum from August 20, 2021 through the present.

10