UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**THE STATE OF ARIZONA**
**By and through its Attorney General,**
**Mark**
**Brnovich, et. al,**

               **Plaintiffs**                  NO. 6:22-cv-1130

**VERSUS**

**MERRICK GARLAND, in his official**
**capacity as Attorney General of the United States, et. al.,**

               **Defendants**

### AFFIDAVIT

    I, DAVID J. ROZAS, resident of East Baton Rouge, Baton Rouge, Louisiana, do hereby swear and affirm that the following is true and correct to best of my knowledge and belief:

    I have been a practicing attorney (Bar Roll # 29505) in the State of Louisiana for 19 years. In my time as an attorney, my office has represented a number of immigrant applicants in front of both the Executive Office of Immigtration Review (EOIR) and United Staes Citizenship and Immigration Services (USCIS) system who have applied for political and particular social group asylum, withholding, or CAT (Convention Against Torture.) My office, in the last 5 years or so, has probably represented around 600 applicants a year. Many of those applicants were represented while being detained in immigration proceedings throughout the country. I do not have nor keep any records of the total number of applicants, where the applicants come from, where they applied from (what court, what state), nor do I have a database on any of their personal information. I own a private firm, for profit, firm in the State of Louisiana and do not receive any benefits from the State or Federal government to run my business. It is bootstrapped from my own money and efforts. What the subpoena is asking me to do is to put staff in my office on my own dollar and research who, in the past 5 years, have applied for asylum. This task is burdensome in that my office staff are currently working on every single case that we have, which is much more than asylum cases, with deadlines mandated by EOIR, USCIS, Federal judges, State judges, and opposing counsel. It is also my understanding that we are the only private entity in the State of Louisiana that was subpoenaed for this information. To complete this task, my staff would have to stop their current duties to do research to compile what the government is asking.

    In addition, it is my belief that disclosing this information publicly will cast me out in the public eye as the attorney who released his clients' information and will cast me out as untrustworthy. Amongst the immigration community of people who are seeking political asylum and freedom from persecution, they are already distrusting of people. Now, what the

**Exhibit B**

government is asking me to do is to release information to the public, further widening the gap between their trust and my office. Moreover, I believe this information is privileged attorney-client information. I also have a duty under the Rules of Professional Conduct (Rule 1.6) to keep all information given to me by my client confidential.

    I believe that it is wholly inappropriate to force a private citizen to gather this information when I am not a party to this suit, the government has other means to gain this information without forcing me to release my clients' information and costing me, the taxpayer, money, time, and resources to do what the government can do themselves.

                                                                Signature

**SWORN TO AND SUBSCRIBED** before me, Notary Public, on this 17th of March, 2023, in East Baton Rouge, State of Louisiana.

Rachel Chauvin, La. Bar roll 38161
7967 Office Park, Blvd
Baton Rouge, La 70809
225-478-1111
Expires at death

RACHEL CHAPPELL CHAUVIN
Notary Public
Notary ID No. 156603
East Baton Rouge Parish, Louisiana