# EXHIBIT 1

# St. John, Joseph

| | |
|---|---|
| **From:** | St. John, Joseph |
| **Sent:** | Thursday, February 9, 2023 4:11 PM |
| **To:** | Ward, Brian C. (CIV); Reuveni, Erez R. (CIV) |
| **Cc:** | james.percival@myfloridalegal.com |
| **Subject:** | Arizona v. Garland, No. 6:22-1130 (W.D. La.) |
| **Attachments:** | 2023.02.09 Plaintiffs Second RFPs to United States.pdf |

Brian:

Please see the attached document requests. After you have a chance to talk with your clients, let's chat next week to resolve any issues.

Best regards,
Scott



**Joseph Scott St. John**
Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, By and through its Attorney General, Mark Brnovich, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 34 and the Court's January 17, 2023, Order, Plaintiffs hereby propound these Requests for Production on all Defendants.

**DEFINITIONS**

The following definitions apply to these Interrogatories and Requests for Production:

1. **"ALL," "ANY," "EACH,"** and **"EVERY"** shall be construed inclusively to include the collective as well as the singular meaning so as to include the broadest possible amount of information.

2. **"ASYLUM APPLICANT"** means any person who has indicated either an intention to apply for asylum under 8 U.S.C. 1158 or a fear of persecution, and has been deemed by one or more Defendants herein to have applied for asylum on their own behalf or on behalf of another, in any form, including, without limitation, Form I-589 or the written record of the credible fear determination. ASYLUM APPLICANT includes without limitation any person who has submitted (or on whose behalf was submitted) or a refugee/asylee relative petition (Form I-730).

3. **"ASYLUM CLAIM" or "ASYLUM APPLICATION"** means any asylum

application made by an alien pursuant to 8 U.S.C. § 1158 or through the procedures described in 8 U.S.C. § 1225(b), and includes an application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18.

4. **"ASYLUM NPRM"** refers to the August 20, 2021, Notice of Proposed Rulemaking, Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 86 Fed. Reg. 46,906 (Aug. 20, 2021), including its precursors, drafts, or pre-publication versions.

5. **"ASYLUM IFR" or "FINAL RULE"** refers to the March 29, 2022 Interim Final Rule, Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers, 87 Fed. Reg. 18078-01 (Mar. 29, 2022), including its precursors, drafts, or pre-publication versions.

6. **"COMMUNICATION"** means any message, document, email, fax, letter, voicemail, or other expressed idea (collectively "message") that has been recorded in writing, electronically, or by audio or video means and transmitted to one or more individuals, including the creator of the message, either simultaneously with the creation of the message or after its creation.

7. **"DOCUMENT"** is consistent with the full scope of Federal Rule of Civil Procedure 34, and includes any document or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. "Document" includes communications, as defined above, and all drafts and copies of a document or electronically stored information.

8.  **"IDENTIFY,"** with respect to a person, means the person's full name, alien registration number (A-number), country of citizenship or nationality, residence in the United States, mailing address in the United States, telephone number, and date of birth.

9.  **"USCIS"** means Defendant U.S. Citizenship & Immigration Services.

10. **"CBP"** means Defendant U.S. Customs & Border Protection.

11. **"DHS"** means Defendant U.S. Department of Homeland Security.

12. **"DOJ"** means Defendant U.S. Department of Justice.

13. **"EOIR"** means Defendant Executive Office for Immigration Review.

14. **"ICE"** means Defendant U.S. Immigrations & Customs Enforcement.

15. **"YOU"** and **"YOUR"** refer to all named Defendants in the above-captioned case, the United States Department of Justice in its capacity as counsel for any of the named Defendants, and any persons or agencies acting on their behalf.

## INSTRUCTIONS

In addition to the specific instructions enumerated below, the instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

1.  These Requests for Production call for ALL responsive DOCUMENTS in YOUR possession, custody, or control.

3.  Produce ALL responsive DOCUMENTS in electronic format. For DOCUMENTS that exist only in paper or other physical format, provide true and complete electronic copies of each.

4.  Bates label ALL DOCUMENTS produced in response to these Requests.

5.  For each DOCUMENT YOU withhold, include that document on a log of privileged documents.

6.  Where responsive DOCUMENTS take the form of electronically stored information

in a database or other data compilation, Plaintiffs are willing to meet and confer about the appropriate manner of production.

7. Unless otherwise stated, the relevant time period is January 1, 2018 through the date of any trial in this matter.

## SPECIFIC REQUESTS

1. DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS who provided to YOU an address for residence in the United States or a mailing address in the United States that is located in Florida or Louisiana.

2. DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS located in Florida or Louisiana.

3. DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS granted parole under the authority of 8 U.S.C. § 1182(d)(5) or any other authority, and who provided to YOU an address for residence in the United States or a mailing address in the United States that is located in Florida or Louisiana, or who are otherwise known to YOU to be residing in Florida or Louisiana.

4. DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS released from CBP or ICE detention (whether via parole or otherwise) in Florida or Louisiana, including without limitation from the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana; the Allen Parish Public Safety Complex in Oberlin, Louisiana; the Catahoula Correctional Center in Harrisonburg, Louisiana; the Natchitoches Parish Detention Center in Natchitoches, Louisiana; the Richwood Correctional Center in Monroe, Louisiana; the LaSalle ICE Processing Center in Jena, Louisiana; the South Louisiana ICE Processing Center in Basile, Louisiana; the River Correctional Center in Ferriday, Louisiana; the Bossier Medium Security Facility in Plain Dealing, Louisiana; the Jackson Parish Correctional Center in Jonesboro, Louisiana; the Winn Correctional Center in Winnfield, Louisiana; the Baker County Facility in MacClenny, Florida; the Broward Transitional Center in Pompano Beach, Florida; the Glades County Detention Center in Moore Haven, Florida; the Krome North Service Processing Center in Miami, Florida; and any other detention facility with which ICE or CBP has entered into an intergovernmental agreement, intergovernmental service agreement, or other contractual agreement with any entity, including a state or local government, to detain aliens in Florida or Louisiana.

5. DOCUMENTS sufficient to IDENTIFY by year and month, all persons granted asylum by USCIS pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18, from January 20, 2021 through the present, who do or did have a (a) residence address in Florida or Louisiana or (b) a mailing address in Florida or Louisiana.

6. DOCUMENTS sufficient to IDENTIFY by year and month, all persons granted asylum by EOIR pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or

relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18, from January 20, 2021 through the present, who do or did have a (a) residence address in Florida or Louisiana or (b) a mailing address in Florida or Louisiana.

7. All DOCUMENTS related to any training in connection with the ASYLUM IFR. This request specifically includes, without limitation, recordings of training sessions and any handouts and training materials.

8. DOCUMENTS sufficient to IDENTIFY by name, position, and agency (both within the federal government and outside the federal government, to include nongovernmental organizations) the individuals who prepared DOCUMENTS produced in response to Request No. 7 and who participated in such training.

8. All DOCUMENTS or COMMUNICATIONS related to training materials, courses, guidance, handbooks, or manuals for Immigration Judges or Asylum Officers related to adjudication of aliens' credible fear claims or asylum claims, or related to implementing the ASYLUM NPRM or ASYLUM IFR.

9. All policies issued related to Employment Authorization Document (EAD) issuance for aliens in Expedited Removal (ER); those processed pursuant to the Asylum IFR; and those placed in removal proceedings under section 240 of the Immigration and Nationality Act, 8 U.S.C. § 1229a.

10. DOCUMENTS sufficient to IDENTIFY all recipients (including sub-grantees) of grants awarded or administered by DHS, DOJ, or any of their respective components to individuals or organizations in connection with providing any form of assistance or support to persons who (a) have applied for asylum and (b) reside in or have a mailing address in Louisiana or Florida.

11. DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:

a. USCIS data showing the number of asylum grants by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

b. USCIS data showing the number of asylum referrals to immigration judges, by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

c. USCIS data showing the number of grants of withholding of removal and Convention Against Torture relief by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

d. EOIR data showing the number of asylum grants by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of

gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

e.  EOIR data showing the number of grants of asylum, withholding of removal, and Convention Against Torture relief based on adjudications by USCIS pursuant to the ASYLUM IFR, by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

f.  EOIR data showing the number of terminations and dismissals of removal proceedings (specifying each category), stating the specific basis or ground for termination or removal, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

g.  EOIR data showing the number of cases administratively closed, stating the specific basis or ground for administrative closure, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

h.  EOIR data showing the number of cases taken off calendar and deferred for adjudication under the authority of 8 C.F.R. §§ 1003.0(b)(1)(ii) or 1003.9(b)(3), or other authority, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

i.  DHS data on grants of parole, including by country of citizenship or nationality, by parole category, and by state of residence.

j.  USCIS data on EAD issuance, including by country, by EAD category, and by state of residence.

k.  DHS data on credible fear determinations, specifying the number of determinations of positive fear, negative fear, or other disposition, with an explanation of each category described as "other."

12.  DOCUMENTS sufficient to show, on a monthly basis, the length of time between an alien's first encounter by CBP or ICE upon arrival in the United States and the issuance of a charging document under Title 8 of the United States Code seeking the alien's removal from the United States, categorized as follows: (1) within 3 days; (2) within 7 days; (3) within 15 days; (4) within 30 days; (5) within 60 days; (6) within 90 days; (7) within 120 days; (8) within 180 days; (9) within 365 days; (10) more than 365 days.

13.  All DOCUMENTS relating to any policy or practice of granting parole or granting work authorization before a non-citizen is (a) required to report to ICE or (b) file a Form I-589.

Dated: February 9, 2023

    Respectfully submitted,

    JEFF LANDRY
      Attorney General

    <u>/s/ Joseph S. St. John</u>
    ELIZABETH B. MURRILL (La #20685)
    Solicitor General
    J. SCOTT ST. JOHN (La #36682)
    Deputy Solicitor General
    LOUISIANA DEPARTMENT OF JUSTICE
    1885 N. Third Street
    Baton Rouge, Louisiana 70804
    Tel: (225) 326-6766
    murrille@ag.louisiana.gov
    stjohnj@ag.louisiana.gov
    *Counsel for Plaintiff State of Louisiana*

    ASHLEY MOODY
      Attorney General
    JAMES H. PERCIVAL*
    Deputy Attorney General of Legal Policy
    OFFICE OF THE FLORIDA
    ATTORNEY GENERAL
    The Capitol, Pl-01
    Tallahassee, Florida 32399-1050
    Phone: (850) 414-3300
    james.percival@myfloridalegal.com

    *Counsel for Plaintiff State of Florida*

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of February, 2023, I am causing the foregoing document to be served via email to brian.c.ward@usdoj.gov and erez.r.reuveni@usdoj.gov and via first class U.S. mail, postage prepaid, to the following address

Brian Ward
U.S. Department of Justice
P.O. Box 868 Ben Franklin Station
Washington, DC 20044-0868


/s/ Joseph S. St. John