EXHIBIT 15

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO (NY 4234852)
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District
Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
ALEXANDER J. HALASKA (IL 6327002)
DHRUMAN Y. SAMPAT(NJ 270892018)
Trial Attorneys
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*,<br><br>    Defendants | Case No. 3:17-cv-02366-BAS-KSC<br><br>Hon. Cynthia A. Bashant<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS**<br><br>Hearing Date: January 19, 2021<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS

PLEASE TAKE NOTICE that on January 19, 2021, Defendants will and hereby do move for the entry of a protective order to allow Defendants to produce the asylum information of preliminary-injunction class members and potential preliminary-injunction class members contained in the government's records by placing reasonable limits on Plaintiffs' use and disclosure of that information.  The motion is based on the attached memorandum of point and authorities, declaration of counsel, and exhibits.

The parties, through counsel, have conferred extensively regarding the relief sought in this motion from November 11, 2020 to December 8, 2020. *See* Declaration of Katherine J. Shinners ¶¶ 4-14. Based on these conferences, Defendants understand that Plaintiffs do not oppose the entry of a protective order governing the use and treatment of individuals' asylum information in principle, but they do object to certain of Defendants' proposed restrictions on disclosure as set forth in the attached briefing and declaration. *See id.* ¶¶ 14-15.


Dated: December 15, 2020            Respectfully submitted,

                                    JEFFREY BOSSERT CLARK
                                    Acting Assistant Attorney General
                                    Civil Division

                                    WILLIAM C. PEACHEY
                                    Director

                                    SAMUEL P. GO
                                    Assistant Director

                                    */s/ Katherine J. Shinners*
                                    KATHERINE J. SHINNERS

MOT. AND NOTICE OF
MOT. FOR PROTECTIVE
ORDER

Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

ALEXANDER J. HALASKA
DHRUMAN Y. SAMPAT
Trial Attorneys

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

No. 17-cv-02366-BAS-KSC

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.


DATED: December 15, 2020          Respectfully submitted,

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

MOT. AND NOTICE OF
MOT. FOR PROTECTIVE
ORDER

1  JEFFREY BOSSERT CLARK
2  Acting Assistant Attorney General,
   Civil Division
3  WILLIAM C. PEACHEY
4  Director, Office of Immigration Litigation –
   District Court Section
5  SAMUEL P. GO (NY 4234852)
6  Assistant Director
   KATHERINE J. SHINNERS (DC 978141)
7  Senior Litigation Counsel
8  United States Department of Justice
   Civil Division
9  Office of Immigration Litigation
10 P.O. Box 868, Ben Franklin Station
   Washington, D.C. 20044
11 Tel: (202) 598-8259 | Fax: (202) 305-7000
12 katherine.j.shinners@usdoj.gov
13 ALEXANDER J. HALASKA (IL 6327002)
   DHRUMAN Y. SAMPAT(NJ 270892018)
14 Trial Attorneys
15
16 *Counsel for Defendants*
17           **UNITED STATES DISTRICT COURT**
18       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
                    **(San Diego)**
19

| | |
|---|---|
| 20 AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| 21          *Plaintiffs*, | Hon. Cynthia A. Bashant |
| 22 | |
| 23        v. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR** |
| 24 CHAD F. WOLF, Acting Secretary of | **CONFIDENTIALITY PROTECTIVE ORDER CONCERNING ASYLUM** |
| 25 Homeland Security, in his official ca-pacity, *et al.*, | **INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION** |
| 26 | **CLASS MEMBERS** |
| 27          *Defendants*. | |
| 28 | |

## **INTRODUCTION**

Defendants seek the entry of a protective order to place reasonable limits on Plaintiffs' use and disclosure of asylum information about preliminary-injunction class members or potential class members contained in the government's records that will be shared with Plaintiffs in connection with implementation of the Court's October 30 Order (ECF No. 605) and Preliminary-Injunction Order (ECF No. 330). Compliance with the October 30 Order in particular will involve disclosure of sensitive, private asylum information for which special protection is warranted.

Shortly after the Court entered its October 30 Order, Defendants and non-party the Executive Office for Immigration Review (EOIR) proposed to Plaintiffs that the parties seek the Court's approval of a protective order to facilitate information-sharing about potential preliminary-injunction class members with Plaintiffs. A protective order would enable Defendants and EOIR to share such asylum information—the confidentiality of which is protected by regulation, *see* 8 C.F.R. §§ 208.6, 1208.6—in compliance with the October 30 Order, while ensuring limitations on use and further disclosure to third parties that mirror the limitations set forth in those regulations.

Plaintiffs have stated that they do not oppose the entry of a protective order governing the use and disclosure of asylum information of preliminary-injunction class members or potential preliminary-injunction class members. But the parties have been unable to agree on the specific conditions for disclosure of asylum information to third parties (such as class members' family members or other third parties). Defendants' proposed terms generally condition disclosure of information to third parties on specific, written authorization from the individual to whom the information pertains. Defendants' proposed terms also make an exception to allow disclosure absent such written authorization from the asylum-seeker, so long as Defendants and EOIR agree or the Court so orders, and so long as the third party agrees in writing to comply with the terms of the protective order. Defendants' proposed

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

terms also ask Plaintiffs to retain records of such disclosures. Plaintiffs take exception to these limitations on, and accountability for, disclosures of asylum information to third parties. However, allowing disclosure to third parties on the terms Plaintiffs request would remove the safeguards established by regulations to protect asylum applicants.

Defendants thus respectfully request that the Court enter Defendants' proposed protective order, including these reasonable conditions on disclosure to third parties.

## **BACKGROUND**

### **A. Regulatory Protections for Asylum Information**

"Mindful . .. that the public disclosure of [information pertaining to an asylum application] could subject an applicant to retaliatory measures in his country of origin and endanger his relatives still residing abroad, the Attorney General has issued regulations providing that federal officials must, with limited exceptions, maintain in confidence information relating to applicants' asylum applications." *Owino v. Holder*, 771 F.3d 527, 533 (9th Cir. 2014) (citing, *inter alia*, 8 C.F.R. § 208.6). These regulations provide that, with limited exceptions, "[i]nformation contained in or pertaining to any asylum application, records pertaining to any credible fear determination conducted pursuant to [8 C.F.R.] § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to [8 C.F.R.] § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General." 8 C.F.R. § 208.6(a); *see also* 8 C.F.R. § 1208.6(a) (same language as applied to EOIR). The government is also required to protect from disclosure the confidentiality of other records kept by DHS or EOIR "that indicate that a specific alien has applied for asylum, received a credible fear or reasonable fear interview, or received a credible fear or reasonable fear interview." 8 C.F.R. §§ 208.6(b), 1208.6(b). To preserve this confidentiality, third-party recipients of such asylum information are to be "bound by the confidentiality

1 regulations under 8 C.F.R. 208.6," and "must not disclose the asylum-related infor-
2 mation to other parties, except pursuant to the regulations." Memorandum from Jo-
3 seph E. Langlois, Director, Asylum Division, USCIS, "Fact Sheet on Confidential-
4 ity" (June 15, 2005) ("Fact Sheet"), *available at* https://www.uscis.gov/sites/de-
5 fault/files/document/memos/fctsheetconf061505.pdf.

6 **B. Implementation of The Court's October 30 Order**

7 The Court's preliminary-injunction order ("PI Order," ECF No. 330) enjoined
8 Defendants from applying the Third-Country Transit Rule to a provisional subclass
9 of "non-Mexican asylum-seekers who were unable to make a direct asylum claim at
10 a U.S. POE [port of entry] before July 16, 2019 because of the U.S. Government's
11 metering policy, and who continue to seek access to the U.S. asylum process." PI
12 Order at 36. Thus, members of the class are by definition seeking asylum in the
13 United States, and their identities and information relating to their claims to protec-
14 tion are protected from public disclosure by 8 C.F.R. §§ 208.6, 1208.6.

15 The Court's subsequent Order on Plaintiffs' Motion for Clarification ("Octo-
16 ber 30 Order," ECF No. 605), which orders specific acts to be taken in connection
17 with its PI Order, contemplates information-sharing between Defendants and Plain-
18 tiffs about preliminary-injunction class members and potential preliminary-injunc-
19 tion class members, and requires Defendants to "shar[e] information regarding class
20 members' identities with Plaintiffs." October 30 Order at 22-25 & ¶ 4. The October
21 30 Order provides that "Defendants must make all reasonable efforts to identify class
22 members, including but not limited to . . . sharing information regarding class mem-
23 bers' identities with Plaintiffs." *Id.* at 25 ¶ 4; *see also id.* at 23 ("Defendants must
24 share the information in their custody regarding the identities of class members with
25 Plaintiffs."). This provision does not by its terms require EOIR to share information
26 from its records.

27 The parties, through counsel, have been engaging in conferences regarding
28 implementation of the Court's October 30 Order. Shinners Decl. ¶ 3. In light of the

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

information-sharing contemplated by the October 30 Order, as well as to facilitate the provision of other information to Plaintiffs related to the PI Order's implementation if necessary, the parties engaged in negotiations beginning on November 11, 2020, concerning a protective order to govern the use of information about class members of potential class members by Plaintiffs.[1] Shinners Decl. ¶¶ 4-14. Defendants' Proposed Protective Order—which incorporates many provisions requested by Plaintiffs during the course of negotiations—is attached hereto as Exhibit A. *See* Shinners Decl. ¶¶ 14, 17 & Ex. A.

Plaintiffs have stated that they do not oppose the entry of a protective order to govern the use and treatment of asylum information. *See* Shinners Decl. ¶ 14. However, Plaintiffs oppose the conditions on disclosure to third parties that are set forth in Section VI.B of Defendants' Proposed Protective Order (highlighted for the Court's reference in the attached Exhibit A). Defendants' proposed terms in Section VI.B, which are specifically tailored to the disclosure of asylum information in the government's immigration records, allow disclosure to the following individuals on the following conditions:

(1) The individual to whom the asylum information solely pertains. *See* Proposed Protective Order § VI.B.4.

    a. Plaintiffs do not oppose this term.

(2) Attorneys who have officially entered their appearance in the immigration case of the individual to whom the information pertains (thus evidencing the asylum applicant's specific authorization to disclose asylum information to that attorney). *See* Proposed Protective Order § VI.B.4.

---

[1] The parties to the litigation had previous entered into a confidentiality protective order governing conditions on the use and disclosure of confidential information produced by either side in discovery. *See* ECF No. 276. That protective order did not specifically allow the government to produce asylum information, nor was it tailored to the circumstances of sharing asylum information from the government's immigration records for purposes of the preliminary injunction.

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

a. Plaintiffs maintain that they should be permitted to disclose asylum information to any attorney of the asylum applicant without specific authorization from the applicant, and that the attorney need not have entered his/her appearance in the applicant's immigration case.

(3) Any individual to whom the asylum applicant has specifically authorized disclosure in writing. *See* Proposed Protective Order § VI.B.5. This language tracks the language of the regulation that provides that such information "shall not be disclosed without the written consent of the applicant." *See* 8 C.F.R. §§ 208.6(b), 1208.6(b).

a. Plaintiffs maintain that they should be permitted to share asylum information with the asylum applicant's undefined "family members," without evidence of the applicant's authorization;

b. Plaintiffs also maintain that applicants' family members and attorneys should be permitted to provide written or oral consent to further authorize sharing of that information with still other third parties;

c. Plaintiffs also maintain that they should be permitted to share asylum applicants' information with an individual based on the applicant's oral consent, and without making any record of such disclosures (see below).

(4) Any individual to whom the parties agree the information may be disclosed, or to whom the Court orders information to be disclosed, and who agrees to abide by the terms of the protective order. *See* Proposed Protective Order § VI.B.6.

a. Plaintiffs do not object to this term.

*See* Shinners Decl. ¶ 15. Defendants' Proposed Protective Order also includes a provision in the final paragraph of Section VI.B that the receiving party retain records of disclosures made to third parties. Plaintiffs object to this term as burdensome and

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

1    unnecessary, *see* Shinners Decl. ¶ 9, but these record-keeping requirements are in-
2    cluded to ensure accuracy and accountability in making third-party disclosures.

3        Defendants maintain that these provisions are appropriate in light of the reg-
4    ulatory protections of confidentiality, and that the restrictions on disclosure are nar-
5    rowly tailored to permit disclosure in accordance with those regulations. On De-
6    cember 7, 2020, the parties determined that they were at an impasse on these provi-
7    sions. Shinners Decl. ¶¶ 13-15. To facilitate the provision of information about pre-
8    liminary-injunction class members and potential preliminary-injunction class mem-
9    bers in the meantime, Defendants offered that the parties seek entry of a temporary
10   protective order that includes Defendants' proposed terms pending resolution of the
11   parties' dispute about further sharing of information with third parties, but Plaintiffs
12   declined.

13                                    **ARGUMENT**

14        Upon a showing of good cause, the Court may enter a protective order "to
15   protect a party or person from annoyance, embarrassment, oppression, or undue bur-
16   den or expense." Fed. R. Civ. P. 26(c). "Protective orders governing the handling of
17   confidential information exchanged in discovery are routinely approved by courts in
18   civil cases." *Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.*, 2010
19   WL 2889178, at *1 (N.D. Cal. July 22, 2010); *see also Satmodo, LLC v. Whenever*
20   *Commc'ns, LLC,* No. 3:17-cv-192-AJB-NLS, 2018 WL 1071707, at *3 (S.D. Cal.
21   Feb. 27, 2018). As this Court has recognized, asylum information warrants special
22   limitations on disclosure to the public and third parties. *See, e.g.*, Order on Motion
23   to Enforce (ECF No. 607) at 13-14 & n.4; *A.B.T. v. U.S. Citizenship & Immigration*
24   *Servs.*, No. 2:11-CV-02108 RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20,
25   2012) (granting motion for a protective order to conceal the identities of Plaintiff
26   asylum applicants). "An asylum-seeker's interest in ensuring their personal safety
27   by preventing public disclosure of this information is critically important." Order on
28   Motion to Enforce (ECF No. 607) at 13-14.

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

Good cause exists for entry of the protective order that Defendants request to facilitate information-sharing required and contemplated by this Court's orders with respect to its preliminary injunction. The Court's orders contemplate that Defend-ants will need to share lists of potential preliminary-injunction class members, which will identify individuals as asylum applicants. *See* October 30 Order at 22-23. Based on prior requests from Plaintiffs, Defendants also anticipate that the sharing of other asylum information pertaining to potential preliminary –injunction class members— including information from EOIR's records—will aid information-sharing between the parties and assist in implementation of the PI Order and/or the October 30 Order. The Proposed Protective Order's terms are meant to ensure that the parties maintain confidentiality over this sensitive, private asylum information. If such information— which includes the fact that an individual has sought asylum or similar protection as well as the details of the claim—is, even inadvertently, shared with individuals who do not have the asylum applicant's interests in mind, it "could subject an applicant to retaliatory measures in his country of origin and endanger his relatives still resid-ing abroad." *Owino*, 771 F.3d at 533. For these reasons, other district courts have approved the entry of similar protective orders governing information-sharing about class members as required by injunctive-relief orders. *See* Shinners Decl. Ex. B (pro-tective order entered in *Martinez-Banos v. Godfrey*, No. 2:16-cv-01454-JLR (W.D. Wash. May 24, 2018) & Ex. C (protective order entered in *Aleman-Gonzalez v. Barr*, No. 3:18-cv-01869 (N.D. Cal. July 13, 2018).

Because the protective order is designed to address only the sharing of asylum information from the government's records that is subject to 8 C.F.R. §§ 208.6 and 1208.6, Defendants' proposed limitations on disclosure to third parties mirror the conditions and limitations set forth in the applicable regulations. These provisions are designed to further the safeguards set forth in these regulations by obtaining Plaintiffs' agreement not to disclose information to third parties, absent specific, written authorization from the asylum applicant to whom the information pertains.

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

In some respects, these conditions are thus less restrictive than the prior confidentiality order, in that disclosure may be made in accordance with the asylum applicant's specific, written authorization without requiring the party to whom the information is disclosed to adhere to the terms of the protective order. *Compare* Stipulated Protective Order (ECF No. 276) § VI.C with Ex. A, Proposed Protective Order § VI.B; *see also* Model Protective Order for the Southern District of California ¶¶ 7-10 (setting forth restrictions on disclosure), *available at* https://www.casd.uscourts.gov/_assets/pdf/forms/Model%20Protective%20Order.pdf.

Further, the Proposed Protective Order also allows for disclosure to others without obtaining such authorization from the applicant, if Defendants and EOIR or the Court approves, and if the individual to whom the information will be disclosed signs on to the terms of the protective order.

Plaintiffs claim that these disclosure conditions are too rigid. But the exceptions that Plaintiffs request would undermine the safeguards for an individual's asylum information by allowing disclosures without evidence that the individual specifically authorized such disclosures. Nor can Plaintiffs demonstrate a need for such unprecedented and liberal disclosure terms.

First, Plaintiffs maintain that they should be permitted to share asylum information with the asylum applicant's undefined "family members," without *any* authorization from the applicant. But without written, specific authorization from the asylum applicant, there is no way to determine whether the disclosure to the family member would potentially subject the applicant or the applicant's other relatives or associates to retaliation based on the asylum claim. The same reasoning holds true for allowing disclosure to attorneys to whom the applicant has not specifically authorized disclosure of *asylum-related* information (as would be evidenced by the attorney's entry of appearance in the immigration case to which the asylum application pertains). And Plaintiffs' request that family members or attorneys should in

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

turn be permitted to authorize disclosure of this information to yet *other* third par-
ties—again with no consent of the applicant—only compounds the possibility of
harm resulting from disclosure.

Second, Plaintiffs maintain that they should be permitted to share asylum in-
formation after obtaining only the oral consent of the potential preliminary-injunc-
tion class member. This would again remove the safeguards for asylum information
by allowing approval to be given under circumstances where the asylum applicant
may not understand the import of the authorization and may not realize that he is
authorizing disclosure of information related to his asylum claim.  Moreover, there
is no way for the government to establish the authenticity of the oral consent or doc-
ument such consent that would comply with the regulations that specifically limits
authorization to "written consent of the applicant." 8 C.F.R. §§ 208.6(b), 1208.6(b).
A written, signed disclosure as required by the regulations will ensure that the appli-
cant specifically authorizes specific disclosure to specific individuals.

Third, Plaintiffs object to the Proposed Protective Order's requirement that
they keep records of disclosures to third parties. *See* Proposed Protective Order
§ VI.B (last paragraph). This provision is meant to ensure accountability for disclo-
sures and adherence to the terms of the Protective Order, as well as to retain records
for purposes of tracking future unauthorized disclosures by those third parties, if any.
*See* Proposed Protective Order § VIII (governing steps to take to remedy unauthor-
ized disclosure).

Plaintiffs posit that these terms are too restrictive and that they must have
more flexibility in divulging asylum information to third parties because they antic-
ipate "logistical challenges in communicating with and getting signed documents
from PI class members." Shinners Decl. ¶ 8. Yet, even if this turned out to be true—
and Plaintiffs have not yet cited any instance in which they were unable to obtain a
written disclosure authorization from a potential preliminary-injunction class mem-
ber—they could then obtain approval to disclose the information to specific third

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

parties under Section VI.B.6 of Defendants' Proposed Protective Order on a case-by-case basis, as needed. Plaintiffs and their counsel are also not prevented from obtaining information from potential preliminary-injunction class members' family members, they are merely asked not to divulge asylum information to those family members unless the terms of disclosure are met. And Plaintiffs' claim that Class Counsel's "professional ethical obligations" will require them to act with adequate care is belied by their insistence on disclosing asylum information to individuals without the asylum applicant's written permission or other safeguards, thereby potentially exposing the applicant to a risk of retaliation.

Defendants' Proposed Protective Order reasonably balances the needs of Class Counsel with the safeguards for the asylum information of class members.

## **CONCLUSION**

For the foregoing reasons, this Court should enter Defendants' Proposed Protective Order.

DATED: December 15, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General,
Civil Division

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

*/s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-8259 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov

*Counsel for Defendants*

DEFS.' MOT. FOR CONFIDENTIALITY
PROTECTIVE ORDER
Case No. 3:17-cv-02366-BAS-KSC

**CERTIFICATE OF SERVICE**

*Al Otro Lado v. Wolf*, No. 17-cv-02366-BAS-KSC (S.D. Cal.)

I certify that I served a copy of this document and its attachments on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

DATED: December 15, 2020        Respectfully submitted,

/s/ Katherine J. Shinners
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice

12

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation –
District Court Section
SAMUEL P. GO
Assistant Director
KATHERINE J. SHINNERS (DC 978141)
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation – District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-2859 | Fax: (202) 305-7000
katherine.j.shinners@usdoj.gov
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | Hon. Cynthia A. Bashant |
| v. | **DECLARATION OF KATHERINE J. SHINNERS IN SUPPORT OF DEFENDANTS' MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER CONCERNING ASYLUM INFORMATION OF POTENTIAL PRELIMINARY-INJUNCTION CLASS MEMBERS** |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security, in his official capacity, *et al.*, | |
| *Defendants* | |

1

## __DECLARATION OF KATHERINE J. SHINNERS__

2        I, Katherine J. Shinners, declare as follows:

3        1.        I am Senior Litigation Counsel with the District Court Section of the

4 U.S. Department of Justice, Office of Immigration Litigation. I represent the federal

5 defendants in their official capacities in the case entitled *Al Otro Lado, Inc. v. Wolf*,

6 No. 3:17-cv-02366-BAS-KSC, which is currently pending in the U.S. District Court

7 for the Southern District of California.

8        2.        I make this declaration to provide information with respect to Defend-

9 ants' Motion for Confidentiality Protective Order Concerning Asylum Information

10 of Potential Preliminary-Injunction Class Members, which requests that the Court

11 enter Defendants' Proposed Protective Order Regarding Preliminary-Injunction

12 Subclass Members' Protected Information. These statements are based on my per-

13 sonal knowledge.

14      **Negotiations Between the Parties and Current Dispute**

15      3.        Plaintiffs' and Defendants' counsel have conferred over the telephone

16 and via email and letter concerning implementation of the Court's October 30 Order

17 on Plaintiffs' Motion to Clarify (ECF No. 605), which contains requirements for

18 identification of, notice to, and particular relief to be afforded to, members of the

19 subclass certified in the Court's prior Preliminary Injunction Order (ECF No. 330),

20 referred to herein as the "preliminary-injunction subclass."

21      4.        On November 11, 2020, in response to a request from Plaintiffs' coun-

22 sel for information about the substance of certain individuals' immigration cases,

23 Defendants proposed via email to Plaintiffs' counsel that the parties "file a joint mo-

24 tion to amend the Protective Order (ECF No. 276) or for entry of a discrete protective

25 order to expressly allow Defendants to share with Plaintiffs' counsel information

26 [about preliminary-injunction subclass members] that is protected under 8 C.F.R. §§

27 208.6 or 1208.6."

28

SHINNERS DECLARATION
Case No. 3:17-cv-02366-BAS-KSC

5.    On Friday, November 13, 2020, Plaintiffs' counsel provided Defendants' counsel with a draft joint motion to amend the Protective Order.

6.    On Wednesday, November 18, 2020, Defendants' counsel provided a draft of a new, separate protective order for Plaintiffs' consideration. This draft was created from scratch—rather than as an amendment to the prior confidentiality protective order—to tailor the confidentiality provisions to facilitate the sharing of asylum information for purposes of the Court's October 30 Order.

7.    Counsel for the parties continued to exchange drafts of the proposed protective order, and they met and conferred regarding the proposed terms via telephone on November 24, 2020.

8.    On November 25, 2020, Plaintiffs' counsel sent Defendants' counsel a letter stating, among other things, that they disagree with certain features of the protective order.  As relevant to the current dispute, Plaintiffs expressed disagreements with certain limitations on disclosure of class members' asylum information to third parties: "Plaintiffs do not agree to limit those with whom they may share 'Asylum Material' to Counsel of Record, court personnel, the individual noncitizen to whom such information pertains and his or her attorney or accredited representative as demonstrated by a filed G-28, a filed EOIR-27, or a DHS Privacy Waiver." The letter stated that Plaintiffs were "not willing to prematurely limit the individuals with whom they may share 'Asylum Material,' given the anticipated logistical challenges in communicating with and getting signed documents from PI class members. The requirement that Plaintiffs may only use 'Asylum Material' for the limited purpose of facilitating compliance with the Court's orders, coupled with the independent professional ethical obligations that apply to Plaintiffs' counsel serving the role of class counsel, already require Plaintiffs to proceed with appropriate care in the storage and use of class member information."  Plaintiffs' November 25 letter made no mention of the other provisions of the protective order that allowed for disclosure to other individuals as the need arises, upon agreement of the parties or order of the Court,

SHINNERS DECLARATION
Case No. 3:17-cv-02366-BAS-KSC

1    so long as those individuals sign on to the terms of the protective order.

2        9.    In their November 25, 2020 letter, Plaintiffs' counsel also stated that

3    "Plaintiffs do not agree to maintain records of disclosures to PI class members or

4    their representatives to be produced at Defendants' request." At the November 24,

5    2020, telephone conference, as well as at subsequent telephone conferences, Plain-

6    tiffs' counsel argued that this requirement was burdensome and unnecessary.

7        10.   Plaintiffs requested a response to their November 25, 2020 letter by

8    December 2, 2020. Defendants served a response letter on December 2, 2020.

9        11.   On Friday, December 4, 2020, the parties again conferred via telephone

10   concerning numerous topics, including the proposed protective order.

11       12.   The evening of Friday, December 4, 2020, Plaintiffs proposed revised

12   language concerning the conditions for disclosure to third parties.  On Monday, De-

13   cember 7, 2020, I sent Plaintiffs an email providing Defendants' response to those

14   revisions and offering that, if the parties could not come to an agreement, "the parties

15   could agree to ask the Court to enter the more stringent version of the protective

16   order pending resolution of those disputes, to facilitate Defendants' disclosure of

17   information in the meantime."

18       13.   Plaintiffs' counsel responded via email on December 8, 2020, that "it

19   is clear that the parties are at an impasse."

20       14.   On December 8, 2020, I sent Plaintiffs' counsel an email attaching a

21   proposed protective order that incorporated recent revisions, stating that Defendants

22   intended to seek the entry of a protective order in substantially the form of the at-

23   tached order, and seeking to confirm Plaintiffs' position that "Plaintiffs do not gen-

24   erally oppose the entry of a protective order governing the use and disclosure of

25   208.6 information concerning class members and potential class members," but that

26   Plaintiffs' counsel take issue with certain conditions of disclosure to third parties

27   contained in the version attached.

28       15.   Based on the conferences of counsel and the exchanged drafts, emails

SHINNERS DECLARATION
Case No. 3:17-cv-02366-BAS-KSC

and letters, I understand Plaintiffs' disagreement with Defendants' requested conditions on disclosure of asylum information of preliminary-injunction subclass members to third parties to be as follows:

    a.  Plaintiffs maintain they should be permitted to disclose asylum information to any attorney of the asylum applicant to which the information pertains, regardless of whether that attorney has entered their appearance in the applicant's immigration case.

    b.  Plaintiffs maintain they should be permitted to share asylum information with the asylum applicant's "family members" without obtaining the applicant's prior consent.

    c.  Plaintiffs maintain that asylum applicants' family members and attorneys should be permitted to consent to further sharing of asylum information to still other individuals.

    d.  Plaintiffs maintain that they should be permitted to share asylum information with third parties based only on the applicant's oral (vs. written) consent.

    e.  Plaintiffs maintain that they should not be required to retain records of disclosures of asylum information to third parties.

16.    At no point have Defendants refused to comply with the information-sharing provisions of the Court's October 30, 2020 Order. Defendants have merely requested that the parties agree to reasonable limitations on further disclosure of that information prior to its production. Until recently, the parties were actively engaged in negotiations regarding such limitations. Defendants have also offered to facilitate the sharing of such information by seeking the entry of a temporary protective order pending resolution of the current dispute.

**Defendants' Exhibits**

17.    Attached hereto as Exhibit A is a copy of Defendants' Proposed Pro-

tective Order Regarding Preliminary-Injunction Subclass Members' Protected Information, with the disputed provisions highlighted in yellow.  This version of the protective order is substantially the same as the version shared with Plaintiffs on December 8, 2020, with minor changes to the preamble but no changes to the substantive terms.

18.    Attached hereto as Exhibit B is a true and correct copy of a protective order entered in *Martinez-Banos v. Godfrey*, No. 2:16-cv-01454-JLR (W.D. Wash. May 24, 2018).

19.    Attached hereto as Exhibit C is a true and correct copy of a protective order entered in *Aleman-Gonzalez v. Barr*, No. 3:18-cv-01869 (N.D. Cal.  July 13, 2018).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration was executed on December 15, 2020, in Washington, D.C.

*s/ Katherine J. Shinners*
KATHERINE J. SHINNERS
Senior Litigation Counsel

*Counsel for Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **PROTECTIVE ORDER REGARDING PRELIMINARY-INJUNCTION SUBCLASS MEMBERS' PROTECTED INFORMATION** |
| v. | |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

739003048.1

Case 3:22-cv-02366-BAS-KSC Document 64-1 Filed 12/05/24 PageID.5380 Page 30 of 45
Case 3:17-cv-02366-BAS-KSC Document 744-1 Filed 04/04/23 PageID.55806 Page 31 of 45
3467

# I.    **PREAMBLE**

## A.    **Background**

On November 19, 2019, this Court entered a preliminary injunction prohibiting Defendants from applying the interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), to a provisional subclass of "all non-Mexican asylum-seekers who were unable to make a direct asylum claim at a U.S. POE before July 16, 2019 because of the U.S. Government's metering policy, and who continue to seek access to the U.S. asylum process." Order Granting Pls.' Mot. for Provisional Class Certification and Granting Pls.' Mot. for Prelim. Inj. 36 (ECF No. 330). On October 30, 2020, this Court entered a further order concerning the preliminary injunction. *See* Order Granting Pls.' Mot. for Clarification of the Prelim. Inj. (ECF No. 605). Among other things, that order states: The Executive Office for Immigration Review "is bound by the terms of the preliminary injunction"; and, "Defendants must make all reasonable efforts to identify class members ... and shar[e] information regarding class members' identities with Plaintiffs." *Id.* at 25.

By regulation, "[i]nformation contained in or pertaining to any asylum application, records pertaining to any credible fear determination ... , and records pertaining to any reasonable fear determination ... shall not be disclosed without the written consent of the applicant." 8 C.F.R. §§ 208.6(a), 1208.6(a). Further, "[t]he confidentiality of other records kept by the Service and the Executive Office for Immigration Review that indicate that a specific alien has applied for asylum, received a credible fear or reasonable fear interview, or received a credible fear or reasonable fear review shall also be protected from disclosure." 8 C.F.R. §§ 208.6(b), 1208.6(b). Defendants and the Executive Office for Immigration Review are thus prohibited from sharing information with Plaintiffs that would indicate whether an alien, including a known or potential preliminary-injunction subclass member, seeks or sought asylum

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

in the United States and thus may be a member of the Preliminary-Injunction Sub-class.

### B.    Purposes and Limitations

The purpose of this order is to permit Defendants and the Executive Office for Immigration Review to share information protected under 8 C.F.R. §§ 208.6 and 1208.6 with Plaintiffs' Counsel for the purpose of facilitating Defendants' and the Executive Office for Immigration Review's compliance with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605). Further, the purpose of this order is to establish limits on Plaintiffs' Counsel's use of information protected under 8 C.F.R. §§ 208.6 and 1208.6 and to establish procedures governing Plaintiffs' Counsel's maintenance and use of such information during the pendency of this Action, including any appellate review, and after this Action concludes.

This order does not supersede, limit, expand, or otherwise alter the stipulated Protective Order (ECF No. 276) that governs the treatment of confidential or highly confidential information in this litigation, except as expressly stated herein. This order does not supersede, limit, expand, or otherwise alter Defendants' and the Executive Office for Immigration Review's obligations under 8 C.F.R. §§ 208.6 and 1208.6 except as expressly provided for herein.

### C.    Good Cause Statement

Good cause exists to grant this Protective Order because the Court's Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605) requires Defendants to "shar[e] information regarding class members' identities with Plaintiffs," and such information is prohibited from disclosure, and its confidentiality is protected, by 8 C.F.R. §§ 208.6 and 1208.6. Accordingly, to expedite the flow of information and facilitate compliance with the Court's Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), to

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

adequately protect confidential and sensitive personal asylum-seeker information, to address its handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## II.  **DEFINITIONS**

**A.**  Action: *Al Otro Lado, Inc., et al. v. Chad F. Wolf, Acting Secretary of Homeland Security, et al., in their official capacities*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.), and any appellate proceedings.

**B.**  Agency Counsel: Attorneys who are employees of an agency that a Defendant to this Action leads, or of the Executive Office for Immigration Review. Agency Counsel does not include Counsel of Record or any other outside counsel.

**C.**  Asylum Material: Any documents, information, or items containing any information that is protected from disclosure under 8 C.F.R. § 208.6 or 8 C.F.R. § 1208.6, including, but not limited to, any material that indicates that an individual has applied for asylum, withholding of removal, or protection under the Convention Against Torture in the United States.

**D.**  Challenging Party: A Party that challenges the designation of information or items under this Order.

**E.**  Counsel: Counsel of Record and Agency Counsel (as well as their support staff), and specifically excluding all Parties.

**F.**  Counsel of Record: Attorneys who are not employees of a Party to this Action but represent or advise a Party to this Action or the Executive Office for Immigration Review and have appeared in this Action on behalf of that Party or are employed by the organization or law firms who represent that Party, including support staff.

**G.**  Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**H.**  Party: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, Counsel of Record, and Agency Counsel.

3

**I.** <u>Producing Party</u>: A Party or Non-Party that produces Asylum Material in this Action.

**J.** <u>Preliminary-Injunction Subclass</u>: The provisional subclass defined in the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330).

**K.** <u>Receiving Party</u>: A Party that receives Asylum Material from a Producing Party.

## III. <u>SCOPE</u>

The protections and procedures conferred by this order apply to Asylum Material, any information copied or extracted from Asylum Material, all copies, excerpts, summaries, or compilations of Asylum Material, and any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Asylum Material.

## IV. <u>DURATION</u>

The protections and procedures conferred by this order shall remain in effect during the pendency of this Action, including any appellate review, and after this Action concludes, unless and until the Producing Party agrees in writing or a court orders or directs otherwise. The Parties and any other person(s) or entity(ies) subject to the terms of this order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this order.

## V. <u>PRODUCING ASYLUM MATERIAL</u>

### A. **Producing Asylum Material**

Defendants and the Executive Office for Immigration Review may produce to Plaintiffs' Counsel information that is protected from disclosure by 8 C.F.R. § 208.6 and 8 C.F.R. § 1208.6, to the extent that the information relates to an alien who is known to be or may be a member of the Preliminary-Injunction Subclass, and where producing such information would facilitate Defendants' and the Executive Office for Immigration Review's compliance with the Order Granting Plaintiffs' Motion

4

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary
Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clarification
of the Preliminary Injunction (ECF No. 605).

**B. Designating Asylum Material**

Designation in conformity with this order requires the following:

**1.** **For information in documentary form** (*e.g.*, paper or elec-
tronic documents, including emails sent between counsel, but excluding transcripts
of depositions or other pretrial or trial proceedings): The Producing Party shall, at
the time it produces or otherwise discloses Asylum Material pursuant to this order,
affix the term "Asylum Material" to each page that contains such material, designate
the document or portions thereof as "Asylum Material" by subsequent written notice,
or designate as "Asylum Material" the document or portions thereof by written no-
tice identifying the document's or documents' Bates number(s), or other identifying
characteristics.

**2.** **For information produced in some form other than docu-**
**mentary and for any other tangible items**: The Producing Party shall affix the
term "Asylum Material" in a prominent place on the exterior of the container or
containers in which the information is stored. If only a portion or portions of the
information warrants protection, the Producing Party, to the extent practicable, shall
identify the protected portion(s).

**C. Inadvertent Failure to Designate**

If timely corrected, an inadvertent failure to designate information or items as
Asylum Material does not waive the Producing Party's right to secure protection
under this order for such material. Upon timely correction of a designation, the Re-
ceiving Party shall make reasonable efforts to assure that the material is treated in
accordance with the provisions of this order. Upon receipt of new copies of any doc-
uments or materials bearing corrected "Asylum Material" designations, the Receiv-
ing Party shall destroy the original material and certify in writing to the Producing

5

1  Party that such original material has been destroyed.

2  **VI.**    **ACCESS TO AND USE OF ASYLUM MATERIAL**

3       **A.**     **Use of Asylum Material**

4        A Receiving Party may use Asylum Material to facilitate compliance with any

5  Party's or Non-Party's obligations, if any, under the Order Granting Plaintiffs' Mo-

6  tion for Provisional Class Certification and Granting Plaintiffs' Motion for Prelimi-

7  nary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clari-

8  fication of the Preliminary Injunction (ECF No. 605). A Receiving Party may not

9  use Asylum Material in any other manner or for any other purpose. Notwithstanding

10 the foregoing limitation on use of Asylum Material, people listed in subsection

11 VI.B.4 shall not be limited in their use of Asylum Material disclosed to them under

12 that subsection.

13      **B.**     **Disclosure of Asylum Material**

14       Unless otherwise ordered by this Court or permitted in writing by the Produc-

15 ing Party, a Receiving Party may disclose Asylum Material to:

16         **1.**     Counsel of Record who are actively engaged in the action, in-

17 cluding their associates, clerks, paralegals, in-house investigators, stenographic per-

18 sonnel, litigation support contractors, and such other regular and temporary employ-

19 ees who assist Counsel of Record in connection with the Action, including employ-

20 ees of any firm retained to reproduce the Asylum Material for use in accordance with

21 this order;

22         **2.**     Plaintiff Al Otro Lado, including any of its regular or temporary

23 employees, volunteers, or contractors, in accordance with the terms of this order;

24         **3.**     Any court adjudicating this matter, including its judges, law

25 clerks, judicial assistants, clerks, interpreters, and stenographic personnel in connec-

26 tion with the Action, in accordance with the terms of this order;

27         **4.**     The individual to whom the Asylum Material solely pertains, or

28

6

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

to such individual's attorney or accredited representative (including his or her associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors, and such other regular and temporary employees who assist the individual's attorney or accredited representative), provided that the attorney or accredited representative has submitted a Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative; Form EOIR-27, Notice of Entry of Appearance as Attorney or Accredited Representative Before the Board of Immigration Appeals; or Form EOIR-28, Notice of Entry of Appearance as Attorney or Representative Before the Immigration Court, as appropriate;

5.     Any person who the individual to whom the Asylum Material solely pertains has given written consent to share such material with.   Written consent must be evidenced by the individual's completion of Form DOJ-361, including the section titled "Authorization to Release Information to Another Person"; or by a written statement by the individual authorizing release of asylum information to a specific person or people, that includes the signature of the individual who is authorizing release;

6.     Any other person or entity upon such terms and conditions as the Parties and the Executive Office for Immigration Review may agree or as the Court may hereafter order, subject to that person or entity's written agreement to the terms of this order.

Records of each disclosure provided for in Sections VI.B.4, VI.B.5, and VI.B.6 shall be preserved by each of the Parties while the Action is pending and shall be provided to the Parties or the Executive Office for Immigration Review upon request and to the Court upon its order.

**C.     Filing Asylum Material**

To the extent that a Receiving Party wishes to include Asylum Material or information derived from Asylum Material in any court filing or other court presentation in this Action, the Receiving Party shall obtain the advance written consent of

the Producing Party to the disclosure of such materials; obtain an order of the Court, after reasonable written notice and a reasonable opportunity for the Producing Party to be heard, permitting the disclosure of such materials; or apply to file, and then, if permission is granted by the Court, subsequently file the materials under seal pursuant to Civil Local Rule 79.2 and the Court's Standing Order.

Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the Party with appropriate notice to the opposing Party(ies). The Parties shall follow and abide by applicable law, including Civil Local Rule 79.2, ECF Administrative Policies and Procedures § II.j, and the Judge's standing order or chamber's rules, with respect to filing documents under seal.

## VII.  ASYLUM MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party receives a subpoena or other compulsory process from a person or entity that is not a Defendant in this Action or the Executive Office for Immigration Review seeking production or other disclosure of Asylum Material, then that Party: (a) shall give electronic notice to the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the Asylum Material sought and enclosing a copy of the subpoena or other compulsory process; (b) shall promptly notify in writing the party who caused the subpoena or other compulsory process to issue that some or all of the material sought is subject to this Order; (c) shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party, including objecting and seeking a protective order in the litigation in which the subpoena or other compulsory process issued; and (d) if a protective order is sought or another form of objection to production is made, shall not produce the Asylum Material called for prior to receiving a court order or

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

the consent of the Producing Party. In the event that such Asylum Material is pro-
duced, such material shall still be treated as Asylum Material as appropriate by the
Parties to this order.

## VIII.   UNAUTHORIZED DISCLOSURE OF ASYLUM MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it or a person
or entity to whom it has disclosed Asylum Material in accordance with this order
has disclosed Asylum Material to any person or entity or in any circumstance not
authorized under this order, the Receiving Party shall upon learning of the unauthor-
ized disclosure:

**1.**   promptly notify the person(s) or entity to whom the unauthorized
disclosure was made that the unauthorized disclosure contains Asylum Material sub-
ject to this order;

**2.**   promptly make all reasonable efforts to obtain the return of the
Asylum Material and to prevent further unauthorized disclosure of the Asylum Ma-
terial , including requesting the person(s) or entity who received the unauthorized
disclosure to agree to be bound by the terms of this order by executing a declaration
in the form included at the end of this order; and

**3.**   within five (5) business days notify the Producing Party and all
other Parties to this order of the identity of the person(s) or entity to whom the un-
authorized disclosure was made, the circumstances surrounding the disclosure, and
the steps taken to prevent any use or further disclosure of the Asylum Materialthat
was the subject of unauthorized disclosure.

## IX.   DISPOSITION OF ASYLUM MATERIAL

### A.   Disposition of Materials Relating to Aliens Who Are Not Members of the Provisional Subclass

If Plaintiffs learn, by notification from Defendants or the Executive Office for
Immigration Review or otherwise, that Defendants or the Executive Office for Im-
migration Review have produced Asylum Material that relates to an alien whom the

739003048.1

Parties agree or the Court determines is not a member of the Provisional Subclass, Plaintiffs, within thirty (30) days, shall take reasonable steps to destroy or return to the Producing Party the Asylum Material that relates to the alien.

**B.     Final Disposition**

Unless otherwise agreed in writing, within 90 days of the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action) or the conclusion of all efforts to comply with the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) and the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), whichever is later, Plaintiffs must take reasonable steps to destroy or return Asylum Material to the Producing Party.

**C.     Permissible Retention**

In disposing of Asylum Material as provided for in Sections IX.A and IX.B, counsel may retain that counsel's work-product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work-product materials or papers shall continue to be treated pursuant to the terms of this order.

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, Plaintiffs' Counsel shall take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Nothing in Section IX permits or shall be construed to permit the use of Asylum Material in any manner except as permitted in Section VI.A.

**X.     MISCELLANEOUS**

**A.     Right to Further Relief**

Nothing stated herein shall preclude any Party or the Executive Office for

10

PROTECTIVE ORDER RE: PRELIM.-
INJ. SUBCLASS MEMBERS' PRO-
TECTED INFORMATION
Case No. 3:17-cv-02366-BAS-KSC

Immigration Review from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the Parties and the Executive Office for Immigration Review shall make a good faith effort to resolve the matter by agreement.

### B. Non-Waiver

Entering into, agreeing to, producing or receiving Asylum Material, or otherwise complying with the terms of this order shall not operate as or constitute a waiver by any Party or the Executive Office for Immigration Review of any right to challenge, seek clarification of, or seek modification of the Order Granting Plaintiffs' Motion for Provisional Class Certification and Granting Plaintiffs' Motion for Preliminary Injunction (ECF No. 330) or the Order Granting Plaintiffs' Motion for Clarification of the Preliminary Injunction (ECF No. 605), nor shall it prevent the Parties or the Executive Office for Immigration Review from agreeing to alter or waive the provisions or protections provided for herein with respect to particular Asylum Material.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other material at any proceeding related to this Action. The designation of certain information as Asylum Material pursuant to this order shall not, for that reason alone, bar its introduction or use in the Action; provided, however, that every effort shall be made to preserve the confidentiality of the Asylum Material.

Neither the taking of any action in accordance with the provisions of this order nor the failure to object thereto shall be construed as a waiver of any claim or defense in this case, and the entry of this order shall not be construed as the waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

Nothing in this order shall limit or reduce the Parties' or the Executive Office

739003048.1

1   for Immigration Review's appellate rights arising from any order or judgment aris-
2   ing from or in connection with the Action.

3         Nothing in this order shall bar counsel from rendering advice to their clients
4   with respect to this litigation and, in the course thereof, relying upon any information
5   designated as Asylum Material.

6   **C.    Modification by the Court**

7         The Court may modify this order in the interests of justice or for public policy
8   reasons.

739003048.1

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(San Diego)**

| | |
|---|---|
| AL OTRO LADO, Inc., *et al.*, | Case No. 3:17-cv-02366-BAS-KSC |
| *Plaintiffs*, | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING PRELIMI-NARYINJUNCTION SUBCLASS MEMBERS' PROTECTED INFORMATION** |
| v. | |
| CHAD F. WOLF, Acting Secretary of Homeland Security, *et al.*, in their official capacities, | |
| *Defendants*. | |

I, _____, have read and understood the Protective Order Regarding Preliminary Injunction Subclass Members' Protected Information entered in the case of *Al Otro Lado, Inc. v. Chad F. Wolf*, No. 3:17-cv-02366-BAS-KSC (S.D. Cal.). I agree to be bound by all of its terms, and further agree, without limitation, to be subject to the jurisdiction of the Court in all matters relating to the enforcement of the Protective Order.

Dated: _____        _____

                             SIGNATURE

739003048.1

# EXHIBIT B

Case 3:22-cv-02368-RS-JSB Document 14-1 Filed 12/05/22 Page 21 of 13
Case 2:16-cv-01454-JLR Document 92 Filed 05/24/18 Page 1 of 12
3481

The Honorable James L. Robart
United States Magistrate Judge Brian A. Tsuchida

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

| | |
|---|---|
| ARTURO MARTINEZ BAÑOS, et al., | CASE NO. C16-1454-JLR-BAT |
| Plaintiffs-<br><br>Petitioners, | [~~PROPOSED~~]<br>**STIPULATED<br>PROTECTIVE ORDER<br>GOVERNING ITEMS<br>DISCLOSED BY<br>RESPONDENTS TO<br>COMPLY WITH THE<br>COURT'S FINAL<br>ORDER GRANTING<br>INJUNCTIVE RELIEF** |
| v. | |
| ELIZABETH GODFREY, et al., | |
| Defendants-<br>Respondents. | |

12

13

14

15

16

17

18

19   1.    PURPOSES AND LIMITATIONS

20            No discovery took place during the pendency of this case. However, on April 4, 2018, this

21   Court issued a final order in this case ("Final Order") imposing compliance requirements on

22   Defendants-Respondents ("Respondents"). *See* Order, ECF. No. 83 ("Final Order"), adopting in

23   its entirety Proposed Order Accompanying R. & R, ECF No. 77-1 ¶¶ 8-14 ("Proposed Order")

24   (setting forth the compliance requirements). Therefore, the parties seek a limited protective order

25   regarding compliance with the Final Order. *See id.* The Court, here, ordered Respondents to grant

26

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1   bond hearings to class members who had reached 180 days of detention as of the date of this order

2   and to grant bond hearings to class members at every 180-day mark of their detention thereafter;

3   to provide a one-time report to the Court regarding Respondents' compliance with the Court's

4   Order; and to provide notice to class members and class counsel of the custody hearings. *See id.*

5   The Final Order also provides that this Court may "enter further orders as may be necessary or

6   appropriate to implement and enforce the provisions of this Order and Judgment." *See* ECF No.

7   77-1 ¶ 15. Compliance with the Final Order in this case, specifically the requirements to file

8   information with the Court and share information with opposing counsel, will involve disclosure

9   of sensitive, confidential, and/or private information for which special protection is warranted.

10  *See* ECF No. 77-1 ¶¶ 8-14.

11        Accordingly, to adequately and reasonably protect and preserve the confidentiality of such

12  information; to expedite the flow of information between the parties; and to serve the ends of

13  justice, a protective order for such confidential information is justified. Accordingly, the parties

14  hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The

15  parties acknowledge that this Stipulated Protective Order is consistent with LCR 26(c). It does not

16  confer blanket protection on all information provided by Respondents to Plaintiffs-Petitioners

17  ("Petitioners"); the protection it affords from public disclosure and use extends only to the limited

18  information or items that are entitled to confidential treatment under the applicable legal principles,

19  and it does not presumptively entitle parties to file confidential information under seal.

20  2.    "CONFIDENTIAL INFORMATION"

21        "Confidential Information" shall include any information that is not publicly available and

22  qualifies for protection under applicable law, statutes or regulations, including, but not limited to:

23  (1) the names, addresses, and alien registration number ("A number") of the particular

24  individual(s) to whom information relates and any other personally identifiable information

25  identified in Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2(a); (2) any personally

26

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 2

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

Case 3:22-cv-02368-JSW Document 44-17 Filed 05/22/23 Page 41 of 13
Case 2:16-cv-01454-JLR Document 92 Filed 05/24/18 Page 43 of 67
3483

1    identifiable information related to third parties other than the individual whose information is being

2    sought; and, (3) any other information protected or restricted from disclosure by state or federal

3    statute or regulation which otherwise could subject either party to civil or criminal penalties or

4    other sanctions in the event of unauthorized disclosure.[1]

5           Notwithstanding the general limitations on disclosure to third parties set out in 8 C.F.R. §§

6    208.6 and 1208.6, this Court finds that the exceptions in 8 C.F.R. §§ 208.6(c)(2) and 1208.6(c)(2)

7    apply and direct Respondents to provide the limited information required to be disclosed to

8    Petitioners, per the Court's Final Order (ECF No. 83), in this case.

9    3.    SCOPE

10          This Stipulated Protective Order governs only disclosures undertaken to comply with the

11   Court's Final Order in this case. It thus applies only to documents and information that the Final

12   Order requires Respondents to provide to the Court and to Petitioners. *See* ECF Nos. 77-1 ¶¶ 8-

13   14 & 83. It does not apply to any other information or authorize or require any broader disclosure.

14          The protections conferred by this Stipulated Protective Order cover not only those portions

15   of such documents containing Confidential Information (as defined above), but also (1) any

16   information copied or extracted from those portions of documents containing Confidential

17   Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and

18   (3) any testimony, conversations, or presentations by parties or their counsel that might reveal

19   Confidential Information.

20          However, the protections conferred by this Stipulated Protective Order do not cover

21   information that is in the public domain or becomes part of the public domain.

22

23

24   [1] The existence of this Stipulated Protective Order does not necessarily authorize or require the
     disclosure of all or any information protected from disclosure by statute or regulation. Further,
25   as set forth in Part 3, this Stipulated Protective Order applies only to information that the Court's
     Final Order specifically requires Respondents to provide to the Court and Petitioners, and does
26   not authorize or require broader disclosure to Petitioners. *See* ECF Nos. 77-1 ¶¶ 8-14, 83.

[PROPOSED] STIPULATED PROTECTIVE ORDER                        Department of Justice, Civil Division
[Case No. C16-1454-JLR-BAT] - 3                                Office of Immigration Litigation
                                                               P.O. Box 868 Ben Franklin Station
                                                               Washington, D.C. 20044
                                                               (202) 305-7181

Case 3:23-cv-02354-JSC Document 14-17 Filed 05/22/23 Page 44 of 67
Case 2:16-cv-01454-JLR Document 52 Filed 05/24/18 Page 4 of 13
3484

1    This Stipulated Protective Order binds the Parties and their respective agents, successors,

2  personal representatives and assignees.

3  4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4    4.1    Basic Principles. Petitioners may use Confidential Information that is disclosed in

5  connection with the Final Order in this case, including all information derived therefrom (subject

6  to applicable rules of evidence and subject to the confidentiality of such information being

7  maintained) only for purposes of litigating this class action. Confidential Information may be

8  disclosed only to the categories of persons and under the conditions described in this Stipulated

9  Protective Order. Confidential Information must be stored and maintained by Petitioners at a

10  location and in a secure manner that ensures that access is limited to the persons authorized under

11  this Stipulated Protective Order.

12    4.2    Disclosure of "Confidential" Information. Unless otherwise ordered by the Court

13  or permitted in writing by the Respondents, Petitioners may disclose any Confidential Information

14  only to:

15    (a)    Petitioners' Counsel in this action and any support staff and other

16  employees of such counsel assisting in this action with an appropriate need to know.  If any of

17  Petitioners' Counsel, support staff, or other employees cease to represent Petitioners in this action

18  for any reason, such individual shall no longer have access to or be authorized to receive any

19  Confidential Information;

20    (b)    the Court, court personnel, and court reporters and their staff;

21    (c)    copy or data imaging services retained by counsel to assist in the duplication

22  of Confidential Information, provided that counsel for the party retaining the copy or imaging

23  service instructs the service not to disclose any Confidential Information to third parties and to

24  immediately return all originals and copies of any Confidential Information and protect

25  Confidential Information in accordance with provisions of this Stipulated Protective Order;

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 4

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1    (d)    the author or recipient of a document containing the Confidential

2 Information or a custodian or other person who otherwise possessed or knew the Confidential

3 Information;

4    (e)    any other person mutually authorized by the parties' counsel to examine

5 such information with an appropriate need to know.

6    All persons listed in subparagraphs 4.2(c)-(e) to whom Confidential Information is

7 disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a

8 copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A.

9 Counsel for each party shall retain copies of the acknowledgment form for 120 days from the

10 conclusion of the litigation (including any appeals). This requirement does not apply to the

11 disclosure of Confidential Information to the Court and its personnel, including court reporters.

12    Nothing in this Stipulated Protective Order supersedes existing independent statutory, law

13 enforcement, national security, or regulatory obligations imposed on a party, and this Stipulated

14 Protective Order does not prohibit or absolve the Parties from complying with such other

15 obligations. This Stipulated Protective Order is limited to the Final Order regarding compliance

16 in this case. *See* ECF No. 77-1 ¶¶ 8-12.

17 4.3    <u>Filing Confidential Information</u>. Before filing Confidential Information with the Court, or

18 discussing or referencing such material in court filings, the filing party shall confer with the

19 Respondents' counsel (where practical, at least seven days prior to the intended filing date) to

20 determine whether Respondents' counsel will remove the confidential designation, whether the

21 document can be redacted, or whether a motion to seal or stipulation and proposed order is

22 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

23 that will be applied when a party seeks permission from the Court to file material under seal. The

24 Parties will attempt, to the extent possible, to minimize the volume of material that must be filed

25 under seal.

26

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

Case 3:22-cv-02168-KSB-JLR   Document 474-1   Filed 05/22/23   PageID.5586   Page 10 of 13
Case 2:18-cv-01534-JLR   Document 152   Filed 08/24/18   Page 47 of 12
3486

5.     DESIGNATING PROTECTED INFORMATION

      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Respondents must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to impose unnecessary expenses and burdens on other parties) expose Respondents to sanctions.

      If it comes to Respondents' attention that information or items that it designated for protection do not qualify for protection, Respondents must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed.

      The Respondents must affix the word "CONFIDENTIAL" to each page of paper or electronic documents that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      5.3    Inadvertent Failures to Designate. If Respondents inadvertently fail to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify Petitioners' counsel of its failure within five business days of discovery. Respondents shall

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

Case 3:22-cv-02388-BAS-JLR Document 474-17 Filed 05/24/23 PageID.52006 Page 8 of 13
Case 2:18-cv-03549-JLR Document 51 Filed 05/24/23 Page 47 of 67
3487

1   promptly supply Petitioners with new copies of any documents bearing corrected confidentiality

2   designations, and Petitioners' counsel shall return or destroy the original materials, and certify in

3   writing to the producing party that such information has been destroyed. Production of such

4   Confidential Information, in and of itself, shall not constitute waiver of any claim of

5   confidentiality.

6   6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7       6.1    <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at

8   any time. Unless a prompt challenge to a Respondents' confidentiality designation is necessary to

9   avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

10   disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality

11   designation by electing not to mount a challenge promptly after the original designation is

12   disclosed.

13       6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

14   regarding confidential designations without court involvement. Any motion regarding confidential

15   designations or for a protective order must include a certification, in the motion or in a declaration

16   or affidavit, that the movant has engaged in a good faith meet and confer conference with other

17   affected parties in an effort to resolve the dispute without court action. The certification must list

18   the date, manner, and participants to the conference. A good faith effort to confer requires a face-

19   to-face meeting or a telephone conference.

20       6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

21   intervention, the Respondents may file and serve a motion to retain confidentiality under Local

22   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

23   persuasion in any such motion shall be on the Respondents . Frivolous challenges, and those made

24   for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

25

26

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER            Department of Justice, Civil Division
[Case No. C16-1454-JLR-BAT] - 7                          Office of Immigration Litigation
                                              P.O. Box 868 Ben Franklin Station
                                                   Washington, D.C. 20044
                                                       (202) 305-7181

Case 3:22-cv-02308-BAS-JLR Document 144-17 Filed 05/20/23 PageID.5390 Page 9 of 13
Case 2:16-cv-01454-JLR Document 152 Filed 06/24/18 Page 48 of 67
3488

1    parties) may expose the challenging party to sanctions. All parties shall continue to maintain the

2    material in question as confidential until the court rules on the challenge.

3    7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4    LITIGATION

5          If a party is served with a subpoena or a court order issued in other litigation that compels

6    disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

7    must:

8          (a)    promptly notify the Respondents in writing and include a copy of the

9    subpoena or court order;

10         (b)    promptly notify in writing the party who caused the subpoena or order to

11   issue in the other litigation that some or all of the material covered by the subpoena or order is

12   subject to this Stipulated Protective Order. Such notification shall include a copy of this agreement;

13   and

14         (c)    cooperate with respect to all reasonable procedures sought to be pursued by

15   the Respondents whose confidential Information may be affected, including objecting and seeking

16   a protective order in the litigation in which the subpoena or order issued; and

17         (d)    decline to produce the Confidential Information if an objection has been

18   made until the objection has been resolved unless disclosure, dissemination, or transmission is

19   required by law or court order.  Any person, entity or organization who received Confidential

20   Information shall abide by all terms and conditions set forth herein unless otherwise permitted by

21   court order.

22

23   8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24         If Petitioners' counsel learn that, by inadvertence or otherwise, it has disclosed

25   Confidential Information to any person or in any circumstance not authorized under this

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 8

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1   agreement, Petitioners' counsel must immediately (a) notify in writing Respondents' counsel of

2   the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the

3   protected material, (c) inform the person or persons to whom unauthorized disclosures were made

4   of all the terms of this agreement, and (d) request that such person or persons execute the

5   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

6   9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

7   MATERIAL

8           When Respondents give notice to Petitioners that certain inadvertently produced material

9   is subject to a claim of privilege or other protection, the obligations of the Petitioners are those set

10  forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

11  whatever procedure may be established in an order that provides for production without prior

12  privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid.

13  502(d) , if deemed necessary.

14  10.     NON TERMINATION AND RETURN OF DOCUMENTS

15          Within 60 days after the termination of this action, including all appeals, the Petitioners

16  shall destroy all Confidential Information obtained and in its possession, custody, or control,

17  except as this Court may otherwise order. The parties shall agree upon appropriate methods of

18  destruction.

19          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

20  documents filed with the court, and attorney work product, even if such materials contain

21  Confidential Information.

22          The confidentiality obligations imposed by this agreement shall remain in effect until

23  Respondents agree otherwise in writing or a court orders otherwise.

24  11.     MISCELLANEOUS

25

26
    [PROPOSED] STIPULATED PROTECTIVE ORDER
    [Case No. C16-1454-JLR-BAT] - 9

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1      11.1    Enforceability Upon Signing.  By signing the Stipulated Protective Order, the

2 parties agree to be bound by its terms and until those terms are modified by order of the Court.

3      11.2    Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the

4 right of any party to seek its modification by the Court in the future.

5      11.3    Right to Assert Other Objections.  By stipulating to entry of this Stipulated

6 Protective Order, no party waives any right it otherwise would have to object to disclosing or

7 producing any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____

NORTHWEST IMMIGRANT RIGHTS PROJECT

*s/ Matt Adams* _____
MATT ADAMS
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

*s/ Leila Kang* _____
LEILA KANG
615 Second Avenue
Seattle, WA 98104
(206) 957-8608

*s/ Glenda M. Aldana Madrid* _____
GLENDA M. ALDANA MADRID
615 Second Avenue
Seattle, WA 98104
(206) 957-8648

Attorneys for Plaintiffs-Petitioners

DATED: _____

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 10

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1

WILLIAM C. PEACHEY
Director

2

3

GISELA A. WESTWATER
Assistant Director

4

By: *s/ Sairah G. Saeed*

5

SAIRAH G. SAEED
Trial Attorney

6

United States Department of Justice
Office of Immigration Litigation

7

District Court Section
P.O. Box 868, Ben Franklin Station

8

Washington, DC 20044
Telephone: (202) 532-4067

9

Facsimile: (202) 305-7000

10

E-mail: sairah.g.saeed@usdoj.gov

11

Attorneys for Defendants-Respondents

12

PURSUANT TO STIPULATION, IT IS SO ORDERED

13

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

14

documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding

15

in any other court, constitute a waiver by the producing party of any privilege applicable to those

16

documents, including the attorney-client privilege, attorney work-product protection, or any other

17

privilege or protection recognized by law.

18

19

DATED: 24 May 2018

20

21

James L. Robart

22

United States District Court Judge

23

24

25

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
[Case No. C16-1454-JLR-BAT] - 11

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 305-7181

1    EXHIBIT A

2    ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of *Martinez Baños v. Asher*, C16-1454JLR (W.D. Wash. April 4, 2018) . I agree to comply

8    with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9    acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt. I solemnly promise that I will not disclose in any manner any information or item

11   that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

12   with the provisions of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23

24

25

26   [PROPOSED] STIPULATED PROTECTIVE ORDER
     [Case No. C16-1454-JLR-BAT] - 12

     Department of Justice, Civil Division
     Office of Immigration Litigation
     P.O. Box 868 Ben Franklin Station
     Washington, D.C. 20044
     (202) 305-7181

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALEMAN GONZALEZ, *et al.*, | Case No. 3:18-cv-01869 |
| Plaintiffs, | Class Action |
| v. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| JEFFERSON B. SESSIONS III, Attorney General, Department of Justice, *et al.*, | |
| Defendants. | |

## 1.  PURPOSES AND LIMITATIONS

On June 5, 2018, this Court issued an order granting class certification and a preliminary injunction in this case.  *See* Order, ECF. No. 33 ("Order").  Therefore, the parties seek a limited protective order regarding compliance with the Order.  The Court enjoined Defendants "from detaining Plaintiffs and the class members pursuant to 1231(a)(6) for more than 180 days without [] providing each a bond hearing before an IJ."  *See id.* at 19.  Compliance with the Order will involve disclosure of sensitive, confidential, and/or private information for which special protection is warranted.

Accordingly, to adequately and reasonably protect and preserve the confidentiality of such information, to expedite the flow of information between the parties, and to serve the ends of justice, a protective order for such confidential information is justified.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  It does not confer blanket protection on all information provided by Defendants to Plaintiffs; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. **"CONFIDENTIAL INFORMATION"**

"Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (1) the names, addresses, and alien registration number ("A number") of the particular individual(s) to whom information relates and any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2; (2) any personally identifiable information related to third parties other than the individual whose information is being sought; and (3) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.[1]

The following information is not "Confidential" and therefore not subject to the restrictions applicable to protected information: (a) aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates; (b) class member information that is subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), or the Privacy Act, 5 U.S.C. § 552a, if the class member to whom the information pertains has consented to release of the information in writing; (c) class member information of which the individual class member has explicitly waived his or her relevant confidentiality rights or protections.

---

[1] The existence of this Stipulated Protective Order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation. Further, this Stipulated Protective Order applies only to information necessary to comply with the Court's June 5, 2018, Order, and does not authorize or require broader disclosure to Plaintiffs.

2

Notwithstanding the general limitations on disclosure to third parties set out in 8 C.F.R. §§ 208.6 and 1208.6, this Court finds that the exceptions in 8 C.F.R. §§ 208.6(c)(2) and 1208.6(c)(2) apply and direct Defendants to provide the limited information necessary to be disclosed to Plaintiffs to comply with the Court's Order (ECF No. 33) in this case.

## 3. SCOPE

This Stipulated Protective Order governs only disclosures undertaken to comply with the Court's Order in this case. *See* ECF No. 33. It does not apply to any other information or authorize or require any broader disclosure.

The protections conferred by this Stipulated Protective Order cover not only those portions of such documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or counsel that might reveal Confidential Information.

However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain. This Stipulated Protective Order binds the parties and their respective agents, successors, personal representatives and assignees.

## 4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. Plaintiffs may use Confidential Information that is disclosed in connection with the Final Order in this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes

3

of litigating this class action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential Information must be stored and maintained by Plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

Nothing in this Order shall preclude the disclosure of Confidential Information to the class member to whom the information pertains. This Order shall not preclude Plaintiffs' Counsel from using the information obtained from Defendants through discovery production, or otherwise, to contact current or former class members, their attorneys or family members.

4.2     Disclosure of "Confidential" Information. Unless otherwise ordered by the Court or permitted in writing by the Defendants, Plaintiffs may disclose any Confidential Information only to:

(a)     Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any of Plaintiffs' Counsel, support staff, or other employees cease to represent Plaintiffs' in this action for any reason, such individual shall no longer have access to or be authorized to receive any Confidential Information;

(b)     the Court, court personnel, and court reporters and their staff;

(c)     parties;

(d)     copy or data imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging

4

service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information and protect Confidential Information in accordance with provisions of this Stipulated Protective Order;

(e)    the author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information;

(f)    any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know.

All persons listed in subparagraphs 4.2(d)-(f) to whom Confidential Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment and  Agreement  to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals).  This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Stipulated Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Stipulated Protective  Order  does  not  prohibit  or  absolve the Parties  from complying  with  such other obligations.  This Stipulated Protective Order is limited to compliance with the Court's Order.  *See* ECF No. 33.

4.3    <u>Filing Confidential Information.</u>  Before filing Confidential Information with the Court, or discussing  or referencing  such material  in  court filings,  the filing party  shall confer with the Defendants' counsel (where practical,  at least seven days prior to the

5

intended filing date) to determine whether Defendants' counsel will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

4.4     Nothing in this Order precludes the disclosure of a document designated "Confidential," so long as the protected information is redacted.

## 5.  DESIGNATING PROTECTED INFORMATION

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Defendants must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to impose unnecessary expenses and burdens on other parties) expose Defendants to sanctions.

6

If it comes to Defendants' attention that information or items that they designated for protection do not qualify for protection, Defendants must promptly notify all other parties that they are withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed.  The Defendants must affix the word "CONFIDENTIAL" to each page of paper or electronic document that contains Confidential Information.

5.3     <u>Inadvertent Failures to Designate.</u>  If Defendants inadvertently fail to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify Plaintiffs' counsel of the failure within five business days of discovering the failure. Defendants shall promptly supply Plaintiffs with new copies of any documents bearing corrected confidentiality designations, and Plaintiffs' counsel shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed.  Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

## 6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges.</u>  Any party may challenge a designation of confidentiality at any time.  A party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the original designation is
disclosed.

6.2     <u>Meet and Confer.</u>  The parties must make every attempt to resolve any dispute
regarding confidential designations without court involvement. Any motion regarding
confidential designations or for a protective order must include a certification, in the
motion or in a declaration or affidavit, that the movant has engaged in a good faith
meet and confer conference with other affected parties in an effort to resolve the
dispute without court action. The certification must list the date, manner, and
participants to the conference. A good faith effort to confer requires a face-to-face
meeting or a telephone conference.

6.3     <u>Judicial Intervention.</u>  If the parties cannot resolve a challenge without court
intervention, the Defendants may file and serve a motion to retain confidentiality
under Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if
applicable).  The burden of persuasion in any such motion shall be on the Defendants.
Frivolous challenges, and those made for an improper purpose (e.g., to harass or
impose unnecessary expenses and burdens on other parties) may expose the
challenging party to sanctions.  All parties shall continue to maintain the material in
question as confidential until the court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the Defendants in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this agreement;

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Defendants whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

(d)     decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If Plaintiffs' counsel learn that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this

9

agreement, Plaintiffs' counsel must immediately (a) notify in writing Defendants' counsel of the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When Defendants give notice to Plaintiffs that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Plaintiffs are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502(d), if deemed necessary.

### 10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals and any monitoring agreed to or ordered, the Plaintiffs shall destroy all Confidential Information obtained and in their possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, each entity serving as counsel is entitled to retain one archival copy of all Confidential Information. The confidentiality obligations imposed by this agreement shall remain in effect until Defendants agree otherwise in writing or a court orders otherwise.

10

## 11. **MISCELLANEOUS**

11.1    Enforceability Upon Signing.  By signing the Stipulated Protective Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

11.2    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any party to seek its modification by the Court in the future.

11.3    Right to Assert Other Objections.  By stipulating to entry of this Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: _July 13, 2018_____       _____
                                     Honorable Jacqueline Scott Corley
                                     United States Magistrate Judge

11

**IT IS SO STIPULATED.**


DATED: July 12, 2018

Counsel for Plaintiffs

/s/ Marc Van Der Hout
Marc Van Der Hout
Amalia Wille
Judah Lakin
VAN DER HOUT, BRIGAGLIANO &
NIGHTINGALE LLP

Alison Pennington
Lisa Knox
Julia Rabinovich
Jesse Newmark
CENTRO LEGAL DE LA RAZA

Matthew H. Green
LAW OFFICES OF MATTHEW H. GREEN

Michael Kaufman
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

Vasudha Talla
Julia Mass
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Bardis Vakili
AMERICAN CIVIL LIBERTIES UNION
SAN DIEGO AND IMPERIAL COUNTIES

DATED: July 12, 2018

Counsel for Defendants

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation

COLIN A. KISOR
Deputy Director

ELIANIS N. PEREZ
Assistant Director

T. MONIQUE PEOPLES
Senior Litigation Counsel

/s/ Matthew P. Seamon
MATTHEW P. SEAMON
CARA E. ALSTERBERG
JULIAN M. KURZ
MARY L. LARAKERS
THEO NICKERSON
Trial Attorneys
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Washington, DC 20044
Telephone: (202) 598-2648
Facsimile: (202) 305-7000
Matthew.Seamon2@usdoj.gov

12

# EXHIBIT A

## STIPULATION EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print    or    type    full    name],

of _____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued in the case of *Aleman Gonzalez, et al. v. Sessions, et al.*, pending in the Northern District

of California and bearing Case No. 3:18-cv-01869.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____


14