UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )    Case No. 6:22-cv-1130 |
| | ) |
| MERRICK GARLAND, et al., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

**MOTION FOR AN ADJOURNMENT OF THE UPCOMING CONFERENCE AND
EXTENSION OF TIME TO OPPOSE PLAINTIFFS' MOTION TO COMPEL**

Defendants respectfully request an extension of time, from April 18 to May 4, 2023 to file their opposition to Plaintiffs' motion to compel, and a corresponding adjournment of the April 25, 2023 conference. Defendants have received Plaintiffs' responses to their discovery requests and have informed Plaintiffs of numerous deficiencies that need to be addressed. Defendants have provided Plaintiff with time to cure these deficiencies, or in the alternative, provide their availability for a meet and confer on the issues. Plaintiffs' counsel is not available to meet and confer until April 17, 2023, and if the parties are unable to reach agreement, then Defendants will need time to file a motion to compel. Defendants are also still in the process of collecting and reviewing additional documents responsive to Plaintiffs' discovery requests, which the parties informed the Court of in their joint March 21, 2023 motion to extend the discovery period. Defendants should be permitted the time allowed by the Court to complete that production before they are required to respond to Plaintiffs' pending motion to compel, as such production may moot some if not all of the issues raised in Plaintiffs' pending motion. The requested relief will allow

the Court to address all of the parties' discovery disputes at the same time following Defendants' filing of their own motion to compel. Plaintiffs oppose these requests.

By way of background, the parties began discovery in 2022; Defendants produced a 7,271-page Administrative Record on June 3, 2022, and on June 17, 2022, Defendants produced an additional 2,477 pages of discovery in response to Plaintiffs' first set of discovery requests. Plaintiffs never responded to Defendants' first set of discovery requests, served on Plaintiffs on June 6, 2022. Instead of responding to those requests, Plaintiffs asked to confer on the scope of discovery, and the time to complete discovery was extended as a result. ECF Nos. 70, 71. On July 20, 2022, Plaintiffs advised the Court they were withdrawing their motion for a preliminary injunction, and as a result, Defendants agreed to withdraw their June 2022 discovery requests until after Plaintiffs filed their Second Amended Complaint. ECF No. 76. The Court permitted this and granted Plaintiffs until August 21, 2022 to file their Second Amended Complaint. ECF No. 79. Plaintiffs, however, requested and were granted numerous extensions, before filing their Second Amended Complaint on November 10, 2022. ECF Nos. 80, 85, 86.

On December 2, 2022, the parties filed a joint status report proposing the scope and timing of discovery. ECF No. 89. The Court held a status conference on December 16, 2022 and directed Plaintiffs to provide Defendants with additional information regarding the factual basis of their alleged Article III standing before the parties commenced discovery on January 3, 2023. ECF No. 91. The Court set close of discovery for March 24, 2023 (ECF No. 98) and the parties exchanged the relevant discovery requests in February 2023. On March 21, 2023, the parties filed a joint motion with the Court asking for a 60-day extension of the discovery deadline, which the Court granted on March 22, 2023. ECF Nos. 128, 129.

In support of this request, the parties specifically stated: "The Parties anticipate providing responses and objections to the discovery requests in the next week, **but also anticipate that it will take at least another 30 days to identify, collect, review, and produce responsive documents**." ECF No. 128 (emphasis added). Defendants served their responses to Plaintiffs' discovery requests three days later, on March 24, 2023. Defendants noted in their responses—as well as in the meet and confer the parties engaged in—that they were still searching for responsive documents and would need additional time to complete production. Yet on April 4, 2023, despite the disputes not yet being fully ripe, Plaintiffs filed a motion to compel. ECF No. 144. The Court set Defendants' opposition to be due April 18, 2023 with a conference to discuss the motion scheduled for April 25, 2023. ECF No. 146.

Plaintiffs served their discovery responses on April 3, 2023 and produced responsive documents on April 6, 2023. After reviewing Plaintiffs' responses and production, Defendants informed Plaintiffs, on April 10 and then again on April 12, 2023, of numerous deficiencies and requested that Plaintiffs either cure the deficiencies or provide availability for a meet and confer. By email today, April 13, Plaintiffs' counsel advised they would not be available for a meet and confer until April 17, 2023. The parties are in the process of scheduling that meet and confer, and Defendants anticipate filing any necessary motion to compel by April 21, 2023 so the parties will have sufficient time to complete the conferral process before seeking Court intervention.

Therefore, Defendants request that the Court grant an extension of time, until May 4, for Defendants to file their opposition to Plaintiffs' motion to compel, and a corresponding adjournment of the April 25 conference. Good cause exists for these extensions for multiple reasons. First, allowing Defendants the time the Court permitted to complete their document production (ECF No. 129) before addressing any motion to compel from Plaintiffs may address

3

some of the issues in Plaintiffs' premature motion to compel, thus narrowing the issues the Court must decide. Once Defendants finish searching for, reviewing, and producing responsive documents, Defendants can then inform the Court through their opposition which issues remain and need the Court's attention. Adjourning the April 25 conference also allows the issues to be fully briefed and resolved before the parties engage in oral argument, which would be a better use of the Court's and the parties' time.

Additionally, adjourning the conference affords Defendants the necessary time to confer with Plaintiffs on their discovery responses and file a motion to compel, if necessary. The Court would then be able to address both fully briefed motions at the same conference. This would conserve judicial resources consolidating the issues into one conference on interconnected issues, and will conserve taxpayer resourced by limiting government counsel's travel to Louisiana. The disputes between the parties will be clearer once Defendants have finished their document production, and the Court will be in a better position to assess the motions to compel. A complete production may also aid in the resolution of the pending litigation on third-party subpoenas. *See* ECF No. 145.

Plaintiffs will not be prejudiced by these extensions as the discovery period does not end until May 23, 2023. Adjourning the conference to mid-May would still allow time after the conference for additional production and resolution of any outstanding issues, and much of the delay in this case to date has been because of Plaintiffs' failure to timely produce discovery resulting in extension requests. Plaintiffs also have not provided any justification for rushing discovery or any need to move forward with their motion to compel sooner. Nor could they given that the rule has not been applied to individuals intending to travel to Louisiana, and generally has only been applied to a very small number of individuals nationwide. *See* https://www.dhs.gov/

4

immigration-statistics/special-reports/asylum-processing-rule-report (explaining that the rule has been applied to "single adults … whose intended destination is one of seven destination cities (Boston, New York, Newark, Miami, Chicago, Los Angeles, and San Francisco)" and that 1 case was completed by an asylum officer in December 2022 and 0 cases in January 2023).[1]

For the reasons above, Defendants respectfully request an extension of time, from April 18 to May 4, 2023 to file their opposition to Plaintiffs' motion to compel, and a corresponding adjournment of the April 25, 2023 conference so the Court may address all parties' discovery disputes, including both parties' motions to compel, at the same time.

Date:  April 14, 2023

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

BRIAN C. WARD
*Senior Litigation Counsel*

/s/ *Erin T. Ryan*
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*

---

[1] Data available through January 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division