# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, *et al.*,<br><br>Defendants. | No. 6:22-CV-01130<br><br>Judge David C. Joseph<br><br>Magistrate Judge Carol B. Whitehurst |

### PLAINTIFF STATES' OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR EXTENSION AND ADJOURNMENT

The Plaintiff States generally do not oppose reasonable, non-prejudicial extension requests and regularly agree to them as a matter of professional courtesy. Indeed, they have repeatedly done so in this case. And the Plaintiff States would not oppose a reasonable extension request made with reasonable diligence by a party proceeding in good-faith to resolve this litigation as speedily and inexpensively as justice allows. *Cf.* Fed. R. Civ. P. 1. But the Federal Defendants' request fits none of those criteria. It is late, it is prejudicial, and it smacks of gamesmanship. It should be denied.

The request is tardy. It comes 10 days after the Plaintiff States moved to compel (Doc. 144) on narrow legal issues; 10 days after the Court set an April 25 hearing on that motion (Doc. 144); and 10 days after the Court set an April 25 conference "*with the federal defendants to discuss matters that took place in this [April 4 motion-to-quash] hearing*" that no representative of the Federal Defendants even attended. Doc. 145 (emphasis added).

Granting the Federal Defendants' request will not conserve anyone's time or resources. On this point, the procedural posture—properly articulated—is instructive:

> Defendants have taken the position that proof of injury tied to individual aliens is necessary for standing. For their part, Plaintiff States told the Court during status

conferences that they intended seek discovery of alien counts and identities, but Defendants never spoke a word in opposition. Nevertheless, in early March, Defendants informally informed Plaintiff States that they wouldn't produce identifying information. And when Defendants finally provided formal discovery responses on March 24 – having had Plaintiff States discovery in hand for six weeks – Defendants confirmed their refusal in writing, accompanied by a single internet link to a document from last December. But Defendants' excuses are inconsistent with the plain text of Rule 34, the regulations on which they rely, and their practice in prior litigation.

Doc. 144-1 at 1. So the Plaintiff States moved to compel on narrow legal issues underlying the Federal Defendants' refusal to produce identifying information for aliens in Louisiana and Florida. Doc. 144 & 144-1. That motion is by no means comprehensive. If the Federal Defendants' conduct in discovery to date is any indication, further motion practice (unfortunately) might be required.

The Federal Defendants' own motion confirms that further delay will waste—not save—time and resources. Doc. 152. In it, the Federal Defendants implicitly admit they haven't produced documents responsive to the requests on which the Plaintiff States have moved to compel; they point only to the administrative record (which is not discovery), and discovery exchanged almost a year ago. Doc. 152 at 2. The Federal Defendants' motion also makes clear that the Federal Defendants stand both on their objections and on their refusal to produce the information sought by the Plaintiff States' motion to compel. The Federal Defendants do not, for example, abandon their demand for proof of standing tied to individual aliens. Doc. 144-1 at 6. They instead urge, without elaboration, that a supposedly forthcoming document production "*may* moot some if not all of the issues raised" in the Plaintiff States' motion to compel. Doc. 144-1 at 6 (emphasis added). That speculation supplies no basis for further delay. The sooner the Federal Defendants' stonewalling is stopped, the sooner this litigation can proceed apace.

Finally, the Federal Defendants' prejudice analysis is plain wrong. The Plaintiff States will be prejudiced by further delay, just as they have already been prejudiced by the Federal Defendants' misuse of discovery. Among other examples, much of the Federal Defendants' discovery misunderstands the Article III standing analysis—which is not an accounting exercise, *see Texas v.*

2

*United States*, 50 F.4th 498, 518 (5th Cir. 2022)—in ways so fundamental that there cannot reasonably be any *proper* purpose to that discovery. If a single Plaintiff State[1] can show a single dollar of actual or impending harm tied to the Asylum IFR, standing exists—full stop. *See id.* No countervailing evidentiary showing by the Federal Defendants can change that. And as the Plaintiff States explained at the April 4 hearing, the Plaintiff States may need to issue subpoenas to State agencies controlled by their respective executives, based on the identifying information sought from the Federal Defendants. Discovery closes on May 23. Doc. 129. Delaying resolution of Plaintiff States' motion will likely require extending discovery yet again, with a corresponding delay in resolution of the case itself.

\* \* \*

The Federal Defendants' extension and adjournment requests should be denied.[2]

---

[1] The Federal Defendants' motion references only Louisiana and forgets that Florida, too, will establish its Article III standing. Doc. 152 at 4–5. After all, Article III requires *just one* Plaintiff State to establish Article III standing. *See Texas v. United States*, 809 F.3d 134, 155 (5th Cir. 2015)*, aff'd by an equally divided court*, 579 U.S. 547. And under the Federal Defendants' own reasoning, the State of Florida has standing given that the initial rollout of the Asylum IFR applied to "single adults . . . whose intended destination is . . . Miami." Doc. 152 at 5 (quotation omitted).

[2] The Federal Defendants try to muddy the narrow issues currently before the Court. Under the parties' agreement for a rolling document production, Plaintiff States produced 2,460 pages of documents on April 6, produced an additional 1,621 pages on April 14, and are continuing to search for additional responsive documents. If the Federal Defendants take issue with those productions, they can meet and confer and then file any necessary motions. But having refused to produce relevant information, Defendants should not be permitted to delay by speculating that they may need to file their own motion to compel.

Dated: April 16, 2023

Respectfully submitted,

/s/ Jordan Bailey Redmon
Elizabeth B. Murrill (La #20685)
  *Solicitor General*
J. Scott St. John (La #36682)
  *Deputy Solicitor General*
Jordan Bailey Redmon (La #37272)
  *Assistant Solicitor General*
Louisiana Department of Justice
Office of the Attorney General
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

James H. Percival*
  *Chief of Staff*
Office of the Florida
Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I electronically filed and served this document on April 16, 2023 via the CM/ECF system.

/s/ Jordan Bailey Redmon
Jordan Bailey Redmon