# EXHIBIT D

| | |
|---|---|
| **From:** | Ryan, Erin T. (CIV) |
| **To:** | St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel |
| **Cc:** | Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV) |
| **Subject:** | Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter |
| **Date:** | Wednesday, April 12, 2023 8:09:00 PM |

Counsel,

Detailed below are a number of deficiencies in Plaintiffs' Responses to Defendants' discovery requests. We are providing this to provide Plaintiffs an opportunity to cure these issues and facilitate any necessary meet and confer.

While we are hopeful we can work through some of these issue with you, if the parties are unable to reach agreement on everything, a motion to compel may be needed.  As we think it is the most efficient use of everyone's time to have the Court hear all the ripe discovery issues at once, Defendants intend to file a motion asking to briefly adjourn the April 25 conference to permit time for potential motion practice on Plaintiffs' responses to Defendants' requests. We will also be asking for a brief extension to oppose Plaintiffs' motion to compel—as we informed you during the meet and confer, we have additional documents to produce which may render some of your issues moot.

We plan to file this motion by end of day tomorrow Thursday, April 13 so please provide us your position on both these requests by 1pm CST/2pm EST Thursday, April 13 so we may note it in our motion.

Thank you,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

---

Defendants are in receipt of Louisiana and Florida's Responses and Objections to Defendants' First Set of Requests for Production, Interrogatories and Requests for Admissions, dated April 3, 2023.  Defendants write to inform Plaintiffs of numerous deficiencies in their responses to allow Plaintiffs an opportunity to cure these issues. If Plaintiffs do not, or will not, fix the deficient areas of their responses, a meet and confer will be required for Defendants' anticipated motion to compel.

Therefore, Defendants request that Plaintiffs correct the below deficiencies by **Monday, April 17, 2023**.  If Plaintiffs require additional time to address the below issues, Defendants are

amenable to discussing an updated schedule.  If Plaintiffs do not intend to correct the deficiencies described below, please provide available dates and times for a meet and confer.

General

First, Plaintiffs improperly put forward general objections at the beginning of their responses which they then incorporate into each response, in violation of Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B). The 2015 Amendment to the Federal Rules prohibits such practice and instead requires that the grounds for objecting "must be stated with specificity." Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) (same). Putting forth such general or blanket objections without specifying the applicability of those objections to each individual request is improper and is grounds for Defendants to seek to have all of Plaintiffs' general objections waived.

Second, Plaintiffs claim certain documents are "categorically privileged" and therefore Plaintiffs will not even search for potential responsive documents, and claim preparing a privilege log is not proportional to the needs of the case. This is incorrect. Plaintiffs are still required to search for potentially responsive documents and, if withholding, properly identify those documents in a privilege log. Failure to do so does not afford Defendants the necessary opportunity to review and potentially challenge the privilege being asserted, nor does privilege alleviate Plaintiffs' burden to search for responsive documents in the first place. Defendants request that Plaintiffs conduct the necessary search for responsive documents and inform Defendants whether or not any documents are being withheld on the basis of privilege, and if necessary provide the requisite privilege log.

Likewise, in your general objections, Plaintiffs state they will only identify documents in a privilege log if the document "was created or modified prior to March 29, 2022 (when the Final Rule was published), or alternatively, April 28, 2022 (when Plaintiff States' original complaint was filed.)" Defendants request that Plaintiffs explain the basis for this unilateral limitation on the time period for these requests, and advise whether this time limit applies to all of the responsive searches Plaintiffs intend to conduct.

Third, Plaintiffs claim that they are not required to search for responsive documents or information found in "email, backup media, voicemails, PDAs, or mobile phones" pursuant to FRCP 45(e)(1).  This is wholly baseless.  As counsel should be aware, Rule 45 governs subpoenas, not discovery requests. Defendants did not serve a subpoena on Plaintiffs; they served discovery requests and Plaintiffs have an obligation to search for electronic data that may be responsive. *See* FRCP 34(b)(2)(E).

Similarly, Plaintiffs refuse to produce metadata, again pursuant to FRCP 45(e)(1), and on the claim that it is too burdensome and costly. FRCP 34(b)(2)(E) requires that electronic documents be produced in the format in which they are kept in the usual course of business—this includes the metadata, which naturally is included in any electronic documents produced. Claiming burden and cost for not altering electronic documents before producing is unfounded. Defendants will seek Court intervention if Plaintiffs remove metadata from electronically produced documents.

Fourth, Plaintiffs make numerous objections claiming that Defendants' requests violate FRCP 26(g) "in view of Defendants' public statements." Defendants request that Plaintiffs explain the basis for this objection, as FRCP 26 does not provide a proper basis to limit or preclude Plaintiffs from conducting necessary searches for responsive documents.

Requests for Production

As an initial matter, Plaintiffs incorporated all general objections into each response, which is improper as discussed above. Additionally, in violation of FRCP 34(b)(2)(C), Plaintiffs did not say whether or not any documents were being withheld on the basis of the objections made.  This is a requirement for all responses to Requests for Production, and Defendants ask that Plaintiffs update all their responses accordingly.

Defendants also note that on April 6, 2023, Plaintiffs provided Defendants with 2,460 pages of documents. However, none of these documents are referenced in Plaintiffs' discovery responses, nor are the documents labeled to indicate which request the documents are responsive to, or if the documents are affirmative document productions by Plaintiff. By email on April 10, 2023, Defendants asked Plaintiffs to make this update to their responses so Defendants could adequately review Plaintiffs' responses for completeness. The parties have continued to discuss this issue, but to date, Plaintiffs have not provided Defendants with updated responses curing this deficiency.

Defendants also note that none of the documents provided address the alleged injury or standing of Florida; all State-specific documents provided only mention Louisiana. Defendants request that Plaintiffs update their responses and production to provide documents responsive to Florida as well as Louisiana.

**RFPs 1-11, 13-19, 24-26, 30, 34-36** – in response to these requests, Plaintiffs first reiterate their improper general objections, and then state they will produce documents after doing a reasonable search. First, Defendants note that these requests were served on Plaintiffs on or about February 16, 2023. Plaintiffs did not respond until April 3, 2023—over six weeks later. Although Defendants granted Plaintiffs the extension to respond, it is unacceptable that Plaintiffs failed to do any searches for responsive documents during that period.

Second, Plaintiffs are required to provide a date certain by which they will update their responses to provide the responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request **or another reasonable time specified in the response**.") (emphasis added). Leaving the response open ended without a date certain is improper and Defendants ask that Plaintiffs promptly provide a date certain by which their searches for responsive documents will be complete.  Failure to provide such a date will result in Defendants seeking Court intervention.

**RFPs 12, 28, 31-33** – in response to these requests, Plaintiffs state they will conduct a responsive search for some of the documents requested, and refuse to search for others. First, selectively searching for some responsive documents and not others is improper. As to the searches Plaintiffs will conduct, the issues discussed above also apply – Defendants request Plaintiffs provide a date certain by which their searches will be complete in accordance with the Federal Rules.

Plaintiffs also make a distinction between "documents that establish the basis for the allegations" and "documents that support the allegations." Defendants request that Plaintiffs explain the basis for this distinction. Asking for the basis for allegations of injury and standing Plaintiffs included in their Complaint is what all discovery is based upon—Plaintiffs make allegations; Defendants probe the validity of those allegations. Refusing to provide documents

that show the basis for alleging injury or standing is not a valid objection.

Finally, Plaintiffs object to these requests claiming they are outside the scope of discovery, or asking for a meet and confer on the relevance, while also claiming that any documents supporting the allegation of injury in their Complaint are work product privileged. However, in response to Interrogatory No. 18, Plaintiffs detail their alleged injuries and include criminal activity in their States, unidentified individuals in their States, and fiscal injuries on the basis of education, Medicaid, TANF, and SNAP. All these injuries are the basis for RFPs 12, 28, 31, 32, and 33. Plaintiffs' objections that these requests ask for information in the possession of Defendants, is privileged, not relevant, outside the scope of discovery, and unduly burdensome are all baseless - if Plaintiffs are claiming these injuries in response to Interrogatory No. 18, then Defendants are permitted to request documents in support of those injuries. Defendants request that Plaintiffs withdraw these unfounded objections and properly respond to these requests.

**RFPs 20-23, 27, 29** – in response to these requests, Plaintiffs state they are unwilling to perform any search for responsive documents but are willing to meet and confer on the relevance of the request. Defendants request that Plaintiffs provide available dates and times for a meet and confer on these requests. (Defendants also note that Plaintiffs proposed a meet and confer on RFP 12, so that request is also included in this request.)

Interrogatories
First, Plaintiffs Interrogatory responses are only signed by counsel to this case, with no certification from anyone else who may have provided the necessary information to answer these Interrogatories. *See* FRCP 33(b)(5). Please advise whether this means that counsel were the people with the requisite knowledge, or if Plaintiffs intend to provide the necessary certification for the responses by a date certain.

Second, Plaintiffs make numerous objections throughout their Interrogatory responses claiming that the data or information sought is in the custody or control of Defendants. However, Defendants' requests seek data specific to residents of Florida and Louisiana which form the basis of Plaintiffs' alleged injury and standing. This is Plaintiffs' burden to show traceable injury in these specific states. Defendants request that Plaintiffs update their responses that contain this objection to actually respond with the data known to Plaintiffs that forms the basis of their claims. If Plaintiffs do not have the requisite data to respond to the requests, Plaintiffs should so state.

Requests for Admission
**RFA 11** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible for private insurance." Defendants request that Plaintiffs update their response based on this correction.

**RFA 12** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible to purchase insurance on the public exchange under the Affordable Care Act." Defendants request that Plaintiffs update their response based on this correction.