# EXHIBIT F

| From: | Ward, Brian C. (CIV) |
|---|---|
| To: | St. John, Joseph; Ryan, Erin T. (CIV); Redmon, Jordan; James Percival; Anita Patel |
| Cc: | Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV) |
| Subject: | RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer |
| Date: | Tuesday, April 18, 2023 11:15:20 PM |
| Attachments: | image001.png |

Hey Scott,

There are significant inaccuracies in your account of the meet and confer below. But I don't think it is a good use of the parties' time to rehash and attempt to fully memorialize a nearly two-hour meet and confer over email.

Thank you for providing the caselaw you believe supports your position that you are not required to search for responsive documents from State agencies and your statement at the meet and confer that you have not shared our discovery requests with the relevant State agencies, despite having had those requests for nearly nine weeks. We will take a look. You also said that, to the extent you are willing to amend any of your objections or responses to our discovery requests, you will do so this week. We will review whatever revised responses you provide this week and then decide how to proceed on whatever disputes remain outstanding at that point.

Thanks,
Brian

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Tuesday, April 18, 2023 1:12 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** [EXTERNAL] Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Counsel:

I write to memorialize today's telephonic meet-and-confer. Scott St. John and Jordan Redmon spoke on behalf of Plaintiff States; Brian Ward and Erin Ryan spoke on behalf of Defendants. The call lasted from 1:00 p.m. Central Time until approximately 2:30 p.m. Central Time.

**General Objections**

We began our conversation by discussing Plaintiff States' general objections. Defendants' position is that general objections are always improper. I noted that Defendants had similarly included a "general statement" that set forth universally applicable objections. I asked if the label was the basis of Defendants' issue, or if Defendants believed Plaintiff States should simply cut-and-paste

universally applicable objections into their response to each request. I further noted that most of Plaintiff States' general objections addressed the scope of Plaintiff States' search, and that the commentary to the 2015 revision to FRCP 34 makes clear that objections setting forth the scope of a search are proper and inherently contain the requisite specificity and statement about withholding. I then quoted the commentary:

- "Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection."

- "An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld.""

We then turned to Plaintiff States individual General Objections.

1. Defendants stated they have no issue with General Objection No. 1 (which addresses compliance with the FRCP).

2. Plaintiff States explained that the dates in General Objection No. 2 (regarding search and logging of LADOJ and FL-DLA documents) were when litigation was reasonably foreseeable such that the work product doctrine attached. Defendants stated they were "not specifically asking for internal work product documents" and "[n]ot all the documents we seek come from inside the attorney general's office." We then explained that at least the LADOJ does not have possession, custody, or control of documents held by other agencies, and that Defendants would not search or log documents internal to Plaintiff States' law firms; such documents are categorically privileged. I asked Defendants to proffer any document internal to LADOJ or FL-DLA that would not be privileged; Defendants declined to identify any such document.

   Defendants took the position that, notwithstanding the State of Louisiana suing "by and through its attorney general" and the attorney general being separately elected from the governor (to whom operational state agencies report), documents should have been obtained from state agencies other than those associated with the attorney general. You inquired about our contact with other agencies. I explained that we had discussed discovery issues with various agencies, but I declined to provide details of those discussions because they implicate work product, and I noted that federal defendants were welcome to subpoena Louisiana agencies for relevant information. I did, however, alert you to Judge Joseph's April 4 instruction – in a discussion of this very issue -- that he be consulted before additional subpoenas are issued.

   I cautioned Defendants about the implications of the position they appear to be advancing. Under Defendants' theory, any time the United States is a litigating party, a litigant could

obtain discovery of documents held by any agency. Indeed, the case would be much stronger because the United States has a unified executive, such that USDOJ can obtain documents via an "up-and-over" through the President, in contrast to the separately elected executives in many States.

I noted that I was aware of authority supporting Louisiana's position. I now direct you to, e.g., *New York ex rel Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006). Brief research indicates that analogous rules apply in the *Brady* context, too, e.g., *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996).

3. We also discussed General Objection Nos. 11-12, related to metadata, email, etc.
   a. We first discussed the error in referencing Rule 45(e)(1). I made clear the underlying objection is to undue burden and lack of proportionality.
   b. With respect to metadata, I asked for a proffer of the relevance of metadata. Defendants simply asserted that "[e]lectronic documents should come with metadata. Anyone would have a right to … have the metadata." I noted my recollection that Defendants had not produced metadata, as well as my recollection that the administrative record was produced as documents printed to PDF without metadata. Defendants refused to engage on that point, saying they were "not going to discuss" it. I again noted the burden, noted Louisiana had similarly printed documents to PDF, and I suggested cost-shifting would be appropriate if Defendants really desired metadata. Defendants agreed to raise the issue on a document-specific basis if they believed it necessary to do so.
   c. With respect to email, I asked Defendants to proffer the relevance of searching email given the narrow scope of discovery in this case. Defendants repeatedly responded "we don't know" and "we don't know this." I accordingly asked Defendants to withdraw any request for discovery of email.

4. We discussed the date of production. I explained that – per the parties' agreement -- Plaintiff States were continuing to search and produce documents, such that we could not specify a specific date. After being lectured on Rule 34, I noted that the Defendants had similarly not provided an anticipated completion date. Mr. Ward then repeatedly refused to identify a specific date when Defendants' document production would be complete.

5. We discussed Plaintiff States' Rule 26(g) objection, which objects to discovery of data that Defendants already possess, as well as Defendants' inconsistent positions regarding discovery. I elaborated that Defendants were required to have a good-faith basis to seek discovery; Defendants' public statements generally make clear that, e.g., border flows are responsive to policy, including the likelihood of parole; and I pointed to the *Circumvention of Lawful Pathways* proposed rule, as well as published statistics indicating an increased grant rate under the Asylum Rule. Defendants disputed each of those points, and insisted they are entitled to seek discovery of the allegations in the complaint. I explained that under the circumstances, Plaintiff States viewed much of Defendants' discovery requests as unreasonably and unduly burdensome, with a strong suggestion of improper purpose.

**Specific Responses to RFPs**

RFP 12: I noted that this request seeks information about "funding … from the federal government" I then asked whether Defendants seriously disputed that, e.g., education is primarily funded by the State. Mr. Ward responded that he "can't speak to that." Defendants seek discovery of whether Plaintiff States have "expenses related to certain individuals, and those expenses are not funded by the State of Louisiana." Plaintiff States agreed to take your concerns under advisement.

RFP 28, 31, 32, 33. We discussed the specific language of these requests, which targets the work product underlying Plaintiff States' complaint. I explained that Plaintiff States will produce documents that support the allegations, but that set is broader than documents underlying the complaint.

RFP 20-23, 27, 29: I pointed to Fifth Circuit law rejecting standing as being an "accounting exercise." Defendants urge that the "accounting exercise" cases are different because it's not addressing "direct offset" or "direct benefits." Defendants want to know if costs are offset by something else. Defendants further claim that Plaintiff States "have to show that there is an increase or a change in the status" or "a change in expenditures as a result of these policies." You elaborated that "traceability requires [Plaintiff States] to show that [Plaintiff States] are funding individuals that came into the State as a result of these policies." I noted that traceability and imminence were the specific areas the Fifth Circuit has stated are relaxed under special solicitude. And I asked how, specifically, Defendants believe Plaintiff States should prove those issues; Defendants refused to do so. Defendants stated they "disagree that special solicitude applies here" and further urged that "is a question for the Supreme Court." I nevertheless agreed to take Defendants' concerns under advisement. I did, however, caution Defendants that their arguments appear foreclosed by Fifth Circuit law, and they are obligated to disclose that fact to the court if they are merely preserving points for en banc or Supreme Court review. Indeed, I noted that Defendants had recently lost on these very issues in *Florida v. United States*, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023).  With respect to standing issues, I now direct you to, e.g., *Texas v. United States (DACA)*, 50 F.4th 498 (5th Cir. 2022); *Texas v. Biden*, 20 F.4th 928 (5th Cir. 2021); and *Texas v. United States (DAPA)*, 809 F.3d 134 (5th Cir. 2015).

Identifying Documents Responsive to Which Request: When pressed on Defendants' gripe, Defendants were initially unable to identify a specific rule, and claimed that "as written," Defendants have not produced any responsive documents because Defendants have not identified specific documents in their responses. I made clear that – consistent with General Objection 1, to which Defendants took no issue, Plaintiff States will do what the federal rules require.

## RFAs
-
We discussed two RFAs which Defendants objected to as "incomprehensible sentence fragment[s]." Defendants clarified what those RFAs were supposed to read; Plaintiff States agreed to provide a response.

## Verifications

Defendants noted the absence of verifications, and acknowledged that was likely attributable to responses being provided only by LADOJ.

**Reciprocity**

Throughout our call, I expressed concern with Defendants' inconsistent positions in discovery. I explained that reciprocity – what is sauce for the goose is sauce for the gander – is a core component of discovery and is enforced via Rule 26(g). I renew that concern here.

**Next Steps**

As I stated during our call, we will get back to you by the end of the week on certain points. Defendants stated they would await our response.

\*   \*   \*

Please promptly let me know if this email is inaccurate.

Best regards,
Scott

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Friday, April 14, 2023 11:11 AM
**To:** St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Counsel,

We are available at 2pm EST on Monday, April 17 for a meet and confer.  Please let us know if this time also works for you and we can circulate a Teams link.

Thanks,
Erin

**From:** Ryan, Erin T. (CIV)
**Sent:** Thursday, April 13, 2023 12:55 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

Scott,

First, Defendants have produced thousands of documents in this case to date. Our administrative record was 7,271 pages, produced on June 3, 2022. Then in response to Plaintiffs' first set of discovery requests, on June 17, 2022, we produced an additional 2,477 pages of discovery which were also responsive to some of Plaintiffs' second set of discovery requests.  So it is not accurate to say that Defendants entire production was a single link.

Second, in the parties' joint motion for an extension of discovery on March 21, 2023, the parties specifically stated: "The Parties anticipate providing responses and objections to the discovery requests in the next week, **but also anticipate that it will take at least another 30 days to identify, collect, review, and produce responsive documents.**" You filed your motion to compel on April 4 despite this.  As we said in our meet and confer, we had additional productions to make that may address some of your issues and that a motion to compel was premature, but Plaintiffs filed anyway.  We think a brief extension of the opposition to allow Defendants that time that we jointly asked for to complete our review for documents is reasonable.

Monday afternoon should work for us for a meet and confer.  Let me check with the rest of the time to confirm a time.  If there is a specific time that does or does not work for your side, please let us know.

Thanks,
Erin

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Thursday, April 13, 2023 1:34 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

Ms. Ryan:

Plaintiff States oppose both a motion to adjourn and any extension of Defendants' opposition to Plaintiffs' Motion to Compel. Before filing any such motion, we encourage Defendants to consider the following:

- Defendants received Plaintiffs' document requests over two months ago, but Defendants' entire production to date consists of a single internet link to a single publicly available document. If Defendants have responsive documents – and your email makes clear Defendants do -- those documents should be produced immediately, not used as a bargaining chip for further delay.

- Plaintiff States' motion to compel was not exhaustive —- Defendants have not produced any documents for us to review. Rather, Plaintiff States' motion to compel addresses only narrow legal issues on which Defendants are relying to support their refusal to produce relevant discovery.

With respect to the remainder of your email, I am travelling the remainder of this week. We can be available to meet-and-confer Monday afternoon. Until that meet-and-confer occurs, any claims about motion practice are speculative and not ripe.

Best regards,
Scott



**Joseph Scott St. John**

Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

---

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Wednesday, April 12, 2023 7:10 PM
**To:** St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Counsel,

Detailed below are a number of deficiencies in Plaintiffs' Responses to Defendants' discovery requests. We are providing this to provide Plaintiffs an opportunity to cure these issues and facilitate any necessary meet and confer.

While we are hopeful we can work through some of these issue with you, if the parties are unable to reach agreement on everything, a motion to compel may be needed.  As we think it is the most efficient use of everyone's time to have the Court hear all the ripe discovery issues at once, Defendants intend to file a motion asking to briefly adjourn the April 25 conference to permit time for potential motion practice on Plaintiffs' responses to Defendants' requests. We will also be asking for a brief extension to oppose Plaintiffs' motion to compel—as we informed you during the meet and confer, we have additional documents to produce which may render some of your issues moot.

We plan to file this motion by end of day tomorrow Thursday, April 13 so please provide us your position on both these requests by 1pm CST/2pm EST Thursday, April 13 so we may note it in our motion.

Thank you,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

---

Defendants are in receipt of Louisiana and Florida's Responses and Objections to Defendants' First Set of Requests for Production, Interrogatories and Requests for Admissions, dated April 3, 2023.  Defendants write to inform Plaintiffs of numerous deficiencies in their responses to allow Plaintiffs an opportunity to cure these issues. If Plaintiffs do not, or will not, fix the deficient areas of their responses, a meet and confer will be required for Defendants' anticipated motion to compel.

Therefore, Defendants request that Plaintiffs correct the below deficiencies by **Monday, April 17, 2023**.  If Plaintiffs require additional time to address the below issues, Defendants are amenable to discussing an updated schedule.  If Plaintiffs do not intend to correct the deficiencies described below, please provide available dates and times for a meet and confer.

General
First, Plaintiffs improperly put forward general objections at the beginning of their responses which they then incorporate into each response, in violation of Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B). The 2015 Amendment to the Federal Rules prohibits such practice and instead requires that the grounds for objecting "must be stated with specificity." Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) (same). Putting forth such general or blanket objections without specifying the applicability of those objections to each individual request is improper and is grounds for Defendants to seek to have all of Plaintiffs' general objections waived.

Second, Plaintiffs claim certain documents are "categorically privileged" and therefore Plaintiffs will not even search for potential responsive documents, and claim preparing a privilege log is not proportional to the needs of the case. This is incorrect. Plaintiffs are still required to search for potentially responsive documents and, if withholding, properly identify those documents in a privilege log. Failure to do so does not afford Defendants the necessary opportunity to review and potentially challenge the privilege being asserted, nor does privilege alleviate Plaintiffs' burden to search for responsive documents in the first place. Defendants request that Plaintiffs conduct the necessary search for responsive documents and inform Defendants whether or not any documents are being withheld on the basis of privilege, and if necessary provide the requisite privilege log.

Likewise, in your general objections, Plaintiffs state they will only identify documents in a

privilege log if the document "was created or modified prior to March 29, 2022 (when the Final Rule was published), or alternatively, April 28, 2022 (when Plaintiff States' original complaint was filed.)" Defendants request that Plaintiffs explain the basis for this unilateral limitation on the time period for these requests, and advise whether this time limit applies to all of the responsive searches Plaintiffs intend to conduct.

Third, Plaintiffs claim that they are not required to search for responsive documents or information found in "email, backup media, voicemails, PDAs, or mobile phones" pursuant to FRCP 45(e)(1). This is wholly baseless. As counsel should be aware, Rule 45 governs subpoenas, not discovery requests. Defendants did not serve a subpoena on Plaintiffs; they served discovery requests and Plaintiffs have an obligation to search for electronic data that may be responsive. *See* FRCP 34(b)(2)(E).

Similarly, Plaintiffs refuse to produce metadata, again pursuant to FRCP 45(e)(1), and on the claim that it is too burdensome and costly. FRCP 34(b)(2)(E) requires that electronic documents be produced in the format in which they are kept in the usual course of business—this includes the metadata, which naturally is included in any electronic documents produced. Claiming burden and cost for not altering electronic documents before producing is unfounded. Defendants will seek Court intervention if Plaintiffs remove metadata from electronically produced documents.

Fourth, Plaintiffs make numerous objections claiming that Defendants' requests violate FRCP 26(g) "in view of Defendants' public statements." Defendants request that Plaintiffs explain the basis for this objection, as FRCP 26 does not provide a proper basis to limit or preclude Plaintiffs from conducting necessary searches for responsive documents.

Requests for Production
As an initial matter, Plaintiffs incorporated all general objections into each response, which is improper as discussed above. Additionally, in violation of FRCP 34(b)(2)(C), Plaintiffs did not say whether or not any documents were being withheld on the basis of the objections made. This is a requirement for all responses to Requests for Production, and Defendants ask that Plaintiffs update all their responses accordingly.

Defendants also note that on April 6, 2023, Plaintiffs provided Defendants with 2,460 pages of documents. However, none of these documents are referenced in Plaintiffs' discovery responses, nor are the documents labeled to indicate which request the documents are responsive to, or if the documents are affirmative document productions by Plaintiff. By email on April 10, 2023, Defendants asked Plaintiffs to make this update to their responses so Defendants could adequately review Plaintiffs' responses for completeness. The parties have continued to discuss this issue, but to date, Plaintiffs have not provided Defendants with updated responses curing this deficiency.

Defendants also note that none of the documents provided address the alleged injury or standing of Florida; all State-specific documents provided only mention Louisiana. Defendants request that Plaintiffs update their responses and production to provide documents responsive to Florida as well as Louisiana.

**RFPs 1-11, 13-19, 24-26, 30, 34-36** – in response to these requests, Plaintiffs first reiterate their improper general objections, and then state they will produce documents after doing a reasonable search. First, Defendants note that these requests were served on Plaintiffs on or

about February 16, 2023. Plaintiffs did not respond until April 3, 2023—over six weeks later. Although Defendants granted Plaintiffs the extension to respond, it is unacceptable that Plaintiffs failed to do any searches for responsive documents during that period.

Second, Plaintiffs are required to provide a date certain by which they will update their responses to provide the responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request **or another reasonable time specified in the response**.") (emphasis added). Leaving the response open ended without a date certain is improper and Defendants ask that Plaintiffs promptly provide a date certain by which their searches for responsive documents will be complete.  Failure to provide such a date will result in Defendants seeking Court intervention.

**RFPs 12, 28, 31-33** – in response to these requests, Plaintiffs state they will conduct a responsive search for some of the documents requested, and refuse to search for others. First, selectively searching for some responsive documents and not others is improper. As to the searches Plaintiffs will conduct, the issues discussed above also apply – Defendants request Plaintiffs provide a date certain by which their searches will be complete in accordance with the Federal Rules.

Plaintiffs also make a distinction between "documents that establish the basis for the allegations" and "documents that support the allegations." Defendants request that Plaintiffs explain the basis for this distinction. Asking for the basis for allegations of injury and standing Plaintiffs included in their Complaint is what all discovery is based upon—Plaintiffs make allegations; Defendants probe the validity of those allegations. Refusing to provide documents that show the basis for alleging injury or standing is not a valid objection.

Finally, Plaintiffs object to these requests claiming they are outside the scope of discovery, or asking for a meet and confer on the relevance, while also claiming that any documents supporting the allegation of injury in their Complaint are work product privileged. However, in response to Interrogatory No. 18, Plaintiffs detail their alleged injuries and include criminal activity in their States, unidentified individuals in their States, and fiscal injuries on the basis of education, Medicaid, TANF, and SNAP. All these injuries are the basis for RFPs 12, 28, 31, 32, and 33. Plaintiffs' objections that these requests ask for information in the possession of Defendants, is privileged, not relevant, outside the scope of discovery, and unduly burdensome are all baseless - if Plaintiffs are claiming these injuries in response to Interrogatory No. 18, then Defendants are permitted to request documents in support of those injuries. Defendants request that Plaintiffs withdraw these unfounded objections and properly respond to these requests.

**RFPs 20-23, 27, 29** – in response to these requests, Plaintiffs state they are unwilling to perform any search for responsive documents but are willing to meet and confer on the relevance of the request.  Defendants request that Plaintiffs provide available dates and times for a meet and confer on these requests. (Defendants also note that Plaintiffs proposed a meet and confer on RFP 12, so that request is also included in this request.)

<u>Interrogatories</u>
First, Plaintiffs Interrogatory responses are only signed by counsel to this case, with no certification from anyone else who may have provided the necessary information to answer

these Interrogatories. *See* FRCP 33(b)(5).  Please advise whether this means that counsel were the people with the requisite knowledge, or if Plaintiffs intend to provide the necessary certification for the responses by a date certain.

Second, Plaintiffs make numerous objections throughout their Interrogatory responses claiming that the data or information sought is in the custody or control of Defendants. However, Defendants' requests seek data specific to residents of Florida and Louisiana which form the basis of Plaintiffs' alleged injury and standing. This is Plaintiffs' burden to show traceable injury in these specific states. Defendants request that Plaintiffs update their responses that contain this objection to actually respond with the data known to Plaintiffs that forms the basis of their claims. If Plaintiffs do not have the requisite data to respond to the requests, Plaintiffs should so state.

Requests for Admission
**RFA 11** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible for private insurance." Defendants request that Plaintiffs update their response based on this correction.

**RFA 12** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible to purchase insurance on the public exchange under the Affordable Care Act." Defendants request that Plaintiffs update their response based on this correction.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.