# EXHIBIT J

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| STATE OF ARIZONA, | ) | |
| By and through its Attorney General, | ) | |
| Mark Brnovich, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:22-cv-01130 |
| | ) | |
| MERRICK GARLAND, in his | ) | |
| official capacity as Attorney General | ) | |
| of the United States, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| _____ | ) | |

## DEFENDANTS' RESPONSES TO PLAINTIFFS'
## SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, Defendants hereby submit their objections and responses to Plaintiffs' Second Set of Requests for Production.

Defendants' responses and objections are based on the information known to Defendants at this time and are made without prejudice to the assertion of additional responses and objections should Defendants identify additional grounds. By answering any request, Defendants do not concede the materiality of the subject matter to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including any trial of this action or any subsequent proceeding. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground

1

for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the definitions of ASYLUM APPLICANT, ASYLUM CLAIM, and ASYLUM APPLICATION in that these definitions are vague and overbroad.

Plaintiffs' definition of ASYLUM APPLICANT subsumes all individuals who intend to apply for asylum as well as those that have, in fact, applied for asylum. Moreover, the definition includes applying on behalf of another individual. The definition does not distinguish between those whose applications for asylum were made under processes of the rule at issue in this case and those asylum applications that have no relation to the matters at issue here. Additionally, the definition further appears to include asylum seekers in the credible fear process, and also includes petitioners who file a refugee/asylee petition (Form I-730), which were not subject to the regulatory changes made by the rule. This definition and the requests that incorporate it are overinclusive and beyond the scope of "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98

The definitions of "ASYLUM CLAIM" and "ASYLUM APPLICATION" are also overinclusive. These definitions do not distinguish between asylum applications under the rule and applications submitted through processes that were in place before the rule and were not changed by it.

Defendants object to the definition of DOCUMENT and the instruction related to

electronically stored information in a database or other data compilation to the extent that these definitions are broader than Federal Rule of Civil Procedure 34, and contemplate production of information that does not already exist in producible form. Rule 34 does not require collection of information and creation of documents not already in existence to respond to requests for production. *Marchese v. Sec'y, Dep't of the Interior*, No. 03-cv-3082, 2004 WL 2297465, at \*4 (E.D. La. Oct. 12, 2004) ("Rule 34 does *not* require a party responding to discovery to *create* responsive materials, only to produce those in its possession, custody or control."); *Mir v. L-3 Communications Integrated Sys., L.P.*, 319 F.R.D. 220, 227 (N.D. Tex. 2016) ("As a general matter, a party cannot invoke Rule 34(a) to require another party to create or prepare a new or previously non-existent document solely for its production.").

Defendants object to the definition of IDENTIFY, as regulations prohibit Defendants from disclosing information relating to the identity of individuals who have filed applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General."). "Federal regulations generally prohibit the disclosure to third parties of information contained in or pertaining to asylum applications, credible fear determinations, and reasonable fear determinations," to "safeguard information that, if disclosed" could "subject the claimant to retaliatory measures by government authorities or non-state actors in the event the

claimant is repatriated"; "endanger the security of the claimant's family members who may still be residing in the country of origin"; or "might give rise to a plausible protection claim by the claimant where one would not otherwise exist … because such disclosure may bring an otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment." USCIS Policy Manual, Vol. 1 – Part A, Chapter 7, § F, https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-7.

Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who have applied for asylum, the level of granular information sought is overbroad. Plaintiffs' definition asks for "the person's full name, alien registration number (A-number), country of citizenship or nationality, residence in the United States, mailing address in the United States, telephone number, and date of birth." This information exists in producible form only in individual "alien files" or A files, which sometimes exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case.

Defendants object to the time period beginning January 1, 2018. Even if discovery prior to the rule is relevant to a particular request, discovery for more than four years prior to the rule at issue here is overbroad, unduly burdensome, and disproportionate to the needs of this case.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1

DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS who provided to YOU an address for residence in the United States or a mailing address in the United States that is located in Florida or Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Defendants object to Request for Production No. 1 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in that the request, and Plaintiffs' definition of ASYLUM APPLICANTS, is not limited to asylum applicants who are affected by the IFR. Defendants object to the time period as overbroad in that it is not limited to when the IFR has been in place.

Defendants further object that regulations prohibit Defendants from disclosing information relating to the identity of individuals who have filed applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General."). Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who had applied for asylum, this information is in individual "alien files" or A files, or records of proceedings, which sometimes exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following source that provides information related to asylum claims and individuals raising asylum claims through the IFR:

5

https://www.dhs.gov/sites/default/files/2023-
04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants are also producing documents at Bates numbers USA009749-USA013102

listing cases where noncitizens have pending or completed removal proceedings between January

1, 2018, to present, have filed an application for asylum, withholding of removal, or protection

under the Convention Against Torture, and where the last address provided by the applicant and

contained in EOIR's system was for a location in Florida or Louisiana.

Defendants are also producing documents at Bates numbers USA013145-USA013146,

and USA013152-USA013155, containing information from DHS.

This production includes information on cases unrelated to the IFR. Based on privacy and

asylum confidentially restrictions, Defendants are withholding names of applicants but are

otherwise not withholding documents based on the objections above.

**REQUEST FOR PRODUCTION NO. 2**

DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS

located in Florida or Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Defendants object to Request for Production No. 2 on the grounds that it is overbroad and

seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery"

related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete

programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in that the

request, and Plaintiffs' definition of ASYLUM APPLICANTS, is not limited to asylum applicants

who are affected by the IFR. Defendants object to the time period as overbroad in that it is not

limited to when the IFR has been in place.

Defendants further object that regulations prohibit Defendants from disclosing information

relating to the identity of individuals who have filed applications for asylum, withholding of

removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6

6

("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General."). Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who had applied for asylum, this information exists in producible form only in individual "alien files" or A files, which sometimes exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case.

Defendants further object that this request is duplicative of Request No. 1, and subject to and without waiving these objections, Defendants refer Plaintiffs to the documents identified in Request No. 1.

## REQUEST FOR PRODUCTION NO. 3

DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS granted parole under the authority of 8 U.S.C. § 1182(d)(5) or any other authority, and who provided to YOU an address for residence in the United States or a mailing address in the United States that is located in Florida or Louisiana, or who are otherwise known to YOU to be residing in Florida or Louisiana.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Defendants object to Request for Production No. 3 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. Parole authority under 8 U.S.C. § 1182(d)(5) is used in circumstances which have no nexus to the IFR. More specifically, parole authority may be used

for requests for individuals who are already inside the United States and who wish to depart temporarily, and seek "advance parole" or travel authorization to return or for requests for individuals who apply in other circumstances, none of which are at issue in this case. Defendants further object that the phrase "or any other authority" is vague.

Subject to and without waiving these objections, Defendants are also producing documents at Bates numbers USA013150-USA013151, and USA013156-USA013157, containing information from DHS.

This production includes information on cases unrelated to the IFR. Based on privacy and asylum confidentially restrictions, Defendants are withholding names of applicants but are otherwise not withholding documents based on the objections above.

**REQUEST FOR PRODUCTION NO. 4**

DOCUMENTS sufficient to IDENTIFY by year and month, all ASYLUM APPLICANTS released from CBP or ICE detention (whether via parole or otherwise) in Florida or Louisiana, including without limitation from the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana; the Allen Parish Public Safety Complex in Oberlin, Louisiana; the Catahoula Correctional Center in Harrisonburg, Louisiana; the Natchitoches Parish Detention Center in Natchitoches, Louisiana; the Richwood Correctional Center in Monroe, Louisiana; the LaSalle ICE Processing Center in Jena, Louisiana; the South Louisiana ICE Processing Center in Basile, Louisiana; the River Correctional Center in Ferriday, Louisiana; the Bossier Medium Security Facility in Plain Dealing, Louisiana; the Jackson Parish Correctional Center in Jonesboro, Louisiana; the Winn Correctional Center in Winnfield, Louisiana; the Baker County Facility in MacClenny, Florida; the Broward Transitional Center in Pompano Beach, Florida; the Glades County Detention Center in Moore Haven, Florida; the Krome North Service Processing Center in Miami, Florida; and any other detention facility with which ICE or CBP has entered into an

intergovernmental agreement, intergovernmental service agreement, or other contractual agreement with any entity, including a state or local government, to detain aliens in Florida or Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Defendants object to Request for Production No. 4 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. Parole authority under 8 U.S.C. § 1182(d)(5) is used in circumstances which have no nexus to the IFR. Defendants further object that the phrase "via parole or otherwise" is vague, and that, to the extent individuals are released by CBP or ICE for reasons that do not relate to the IFR, discovery related to such individuals is irrelevant to this case.

**REQUEST FOR PRODUCTION NO. 5**

DOCUMENTS sufficient to IDENTIFY by year and month, all persons granted asylum by USCIS pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18, from January 20, 2021 through the present, who do or did have a (a) residence address in Florida or Louisiana or (b) a mailing address in Florida or Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Defendants object to Request for Production No. 5 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in that the request, and Plaintiffs' definition of ASYLUM APPLICANTS, is not limited to asylum applicants who were granted asylum under processes pursuant to the IFR. USCIS does not grant withholding of removal or protection under the Convention Against Torture. Defendants object to the time

period as overbroad in that it is not limited to when the IFR has been in place.

Defendants further object that regulations prohibit Defendants from disclosing information relating to the identity of individuals who have filed applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of the Attorney General."). Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who had applied for asylum, this information exists in producible form only in individual "alien files" or A files, which sometimes exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following sources that provide information related to asylum grants under the IFR:

https://www.dhs.gov/sites/default/files/2023-04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants are also producing documents at Bates numbers USA013147-USA013149, and USA013154-USA013155, containing information from DHS.

This production includes information on cases unrelated to the IFR. Based on privacy and asylum confidentially restrictions, Defendants are withholding names of applicants but are otherwise not withholding documents based on the objections above.

**REQUEST FOR PRODUCTION NO. 6**

DOCUMENTS sufficient to IDENTIFY by year and month, all persons granted asylum by EOIR pursuant to 8 U.S.C. § 1158, withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), or relief under the Convention Against Torture pursuant to 8 C.F.R. §§ 1208.17 and 1208.18, from January 20, 2021 through the present, who do or did have a (a) residence address in Florida or Louisiana or (b) a mailing address in Florida or Louisiana.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Defendants object to Request for Production No. 6 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in that the request, and Plaintiffs' definition of ASYLUM APPLICANTS, is not limited to asylum applicants who were granted asylum, withholding of removal, or protection under the Convention Against Torture under the IFR. Defendants object to the time period as overbroad in that it is not limited to when the IFR has been in place.

Defendants further object that regulations prohibit Defendants from disclosing information relating to the identity of individuals who have filed applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of

the Attorney General."). Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who had applied for asylum, this information exists in producible form only in individual "alien files" or A files, which sometimes exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following sources that provide information related to asylum grants under the IFR:

https://www.dhs.gov/sites/default/files/2023-04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants are also producing documents at Bates numbers USA013103-USA013142 listing cases where the last address provided by the applicant and contained in EOIR's system was for a location in Florida or Louisiana. This includes information on cases unrelated to the IFR. Based on privacy and asylum confidentially restrictions, Defendants are withholding names of applicants but are otherwise not withholding documents based on the objections above.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS related to any training in connection with the ASYLUM IFR. This request specifically includes, without limitation, recordings of training sessions and any handouts and training materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendants object to Request for Production No. 7 on the grounds that it is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. To the extent Plaintiffs seek information related to the merits of their claims and any changes made by the IFR, those should be judged by the IFR itself and the Certified Administrative Record for the IFR. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44

(1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). All documents relevant to evaluation of the IFR are contained in the Administrative Record that has already been produced.

Defendants object that providing recordings of training would be unduly burdensome and disproportionate to the needs of this case. Defendants further object that this request is vague and overbroad to the extent that it requests all documents "related to trainings," which may include internal agency communications which could implicate the deliberative process, attorney-client, and attorney work product privileges.

Subject to and without waiving these objections, Defendants have produced documents at Bates numbers USA007956-007985, USA008051; USA009669-009731.

**REQUEST FOR PRODUCTION NO. 8A[1]**

DOCUMENTS sufficient to IDENTIFY by name, position, and agency (both within the federal government and outside the federal government, to include nongovernmental organizations) the individuals who prepared DOCUMENTS produced in response to Request No. 7 and who participated in such training.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8A**

Defendants object to Request for Production No. 8A on the grounds that it is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is essentially an interrogatory in excess of the limit of 25 interrogatories, including discrete subparts, under Rule 33(a)(1). Defendants further object that Rule 34 does not require creation of documents not already in existence.

---

[1] Plaintiffs' Second Set of Requests for Production contains two requests numbered "8."

**REQUEST FOR PRODUCTION NO. 8B**

All DOCUMENTS or COMMUNICATIONS related to training materials, courses, guidance, handbooks, or manuals for Immigration Judges or Asylum Officers related to adjudication of aliens' credible fear claims or asylum claims, or related to implementing the ASYLUM NPRM or ASYLUM IFR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8B**

Defendants object that this request is identical to, and duplicative of, Plaintiffs' Request for Production No. 11 served as part of Plaintiffs' First Set of Interrogatories, Requests for Production, and Requests for Admissions. Defendants refer Plaintiffs to the objections, responses, and documents produced in response to that previous request.

**REQUEST FOR PRODUCTION NO. 9**

All policies issued related to Employment Authorization Document (EAD) issuance for aliens in Expedited Removal (ER); those processed pursuant to the Asylum IFR; and those placed in removal proceedings under section 240 of the Immigration and Nationality Act, 8 U.S.C. § 1229a.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Defendants object to Request for Production No. 9 on the grounds that it is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is not limited to noncitizens affected by the IFR. As to noncitizens affected by the IFR, the IFR at issue in this case did not change the standard for EAD issuance. Individuals processed under the IFR are not afforded any new or changed ability to apply for employment authorization. As was the case prior to the IFR and after the IFR, asylum applicants may apply for employment authorization based on their pending application pursuant to 8 C.F.R. § 274a.12(c)(8) under existing rules governing work authorization, *see* 87 Fed. Reg. 18,085.

**REQUEST FOR PRODUCTION NO. 10**

DOCUMENTS sufficient to IDENTIFY all recipients (including sub-grantees) of grants awarded or administered by DHS, DOJ, or any of their respective components to individuals or organizations in connection with providing any form of assistance or support to persons who (a) have applied for asylum and (b) reside in or have a mailing address in Louisiana or Florida.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Defendants object that this request is overbroad in that it is not limited to noncitizens affected by the IFR. Defendants have not been able to identify any responsive documents.

**REQUEST FOR PRODUCTION NO. 11a**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
a.    USCIS data showing the number of asylum grants by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11a**

Defendants object that information related to the country of origin and type of claim for asylum grants is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case.

**REQUEST FOR PRODUCTION NO. 11b**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
b.    USCIS data showing the number of asylum referrals to immigration judges, by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11b**

Defendants object that information related to the country of origin and type of claim for

asylum referrals is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case.

**REQUEST FOR PRODUCTION NO. 11c**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
  c. USCIS data showing the number of grants of withholding of removal and Convention Against Torture relief by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11c**

  Defendants object that information related to the country of origin and type of claim for grants of withholding of removal and protection under the Convention Against Torture is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that USCIS does not grant withholding of removal or protection under the Convention Against Torture.

**REQUEST FOR PRODUCTION NO. 11d**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
  d. EOIR data showing the number of asylum grants by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang-related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11d**

  Defendants object that information related to the country of origin and type of claim for asylum grants is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs

16

in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana. This request is otherwise duplicative of Request No. 6. Defendants refer Plaintiffs to the objections and responses to Request No. 6.

**REQUEST FOR PRODUCTION NO. 11e**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
> e.      EOIR data showing the number of grants of asylum, withholding of removal, and Convention Against Torture relief based on adjudications by USCIS pursuant to the ASYLUM IFR, by country, by claim (specifically including, without limitation, particular social groups based on domestic violence and fear of gangs, gang threats, gang recruitment efforts, gang- related extortion efforts, and/or former gang membership, or any other harms inflicted by or related to gangs.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11e**

Defendants object that information related to the country of origin and type of claim for grants of asylum or other protection is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following sources that provide information related to asylum claims and individuals raising asylum claims through the IFR:

https://www.dhs.gov/sites/default/files/2023-04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants are also producing documents at Bates numbers USA013143-USA013144 containing certain information about cases referred to EOIR for streamlined removal proceedings pursuant to the IFR in Florida. No cases have been referred to EOIR for streamlined removal

proceedings pursuant to the IFR in Louisiana.

**REQUEST FOR PRODUCTION NO. 11f**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
> f.      EOIR data showing the number of terminations and dismissals of removal proceedings (specifying each category), stating the specific basis or ground for termination or removal, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11f**

Defendants object that information related to the charge of removability, relief requested, and country of birth or nationality is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following sources that provide information related to asylum claims and individuals raising asylum claims through the IFR:

https://www.dhs.gov/sites/default/files/2023-04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants are also producing documents at Bates numbers USA013143-USA013144 containing certain information about cases referred to EOIR for streamlined removal proceedings pursuant to the IFR in Florida. No cases have been referred to EOIR for streamlined removal proceedings pursuant to the IFR in Louisiana.

**REQUEST FOR PRODUCTION NO. 11g**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
> g.      EOIR data showing the number of cases administratively closed, stating the specific basis or ground for administrative closure, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11g**

Defendants object that information related to the charge of removability, relief requested, and country of birth or nationality is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following sources that provide information related to asylum claims and individuals raising asylum claims through the IFR:

https://www.dhs.gov/sites/default/files/2023-04/2023_0403_plcy_asylum_processing_rule_cohort_report_january_2023.xlsx

Defendants otherwise have no responsive documents. For IFR cases in Florida there have been no administrative closures, and there are no IFR cases in Louisiana.

**REQUEST FOR PRODUCTION NO. 11h**

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
> h.    EOIR data showing the number of cases taken off calendar and deferred for adjudication under the authority of 8 C.F.R. §§ 1003.0(b)(1)(ii) or 1003.9(b)(3), or other authority, and specifying by charge of removability, by relief requested, and by country of birth or nationality.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11h**

Defendants object to this request as irrelevant to the claims in this case and beyond the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. Defendants further object that information related to the charge of removability, relief requested, and country of birth or nationality is outside the scope of

19

jurisdictional discovery and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

## REQUEST FOR PRODUCTION NO. 11i

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
  i.    DHS data on grants of parole, including by country of citizenship or nationality, by parole category, and by state of residence.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11h

Defendants object that information related to the country of citizenship or nationality is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana. Defendants also object that "parole category" is vague.

Subject to and without waiving these objections, Defendants are producing documents at Bates numbers USA013150-USA013151, and USA013156-USA013157. This production includes information on cases unrelated to the IFR. Based on privacy and asylum confidentially restrictions, Defendants are withholding names of applicants but are otherwise not withholding documents based on the objections above.

## REQUEST FOR PRODUCTION NO. 11j

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
  j.    USCIS data on EAD issuance, including by country, by EAD category, and by state of residence.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11i

Defendants object that information related to the country of citizenship or nationality is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged

Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

As to noncitizens affected by the IFR, the IFR at issue in this case did not change the standard for EAD issuance. Individuals processed under the IFR are not afforded any new or changed ability to apply for employment authorization. As was the case prior to the IFR and after the IFR, asylum applicants may apply for employment authorization based on their pending application pursuant to 8 C.F.R. § 274a.12(c)(8) under existing rules governing work authorization, *see* 87 Fed. Reg. 18,085. USCIS data on EAD issuance is therefore irrelevant to the claims and defenses in this case.

## REQUEST FOR PRODUCTION NO. 11k

DOCUMENTS sufficient to establish the following data, in each case on a monthly basis:
> k.    DHS data on credible fear determinations, specifying the number of determinations of positive fear, negative fear, or other disposition, with an explanation of each category described as "other."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11k

Defendants object that information related to credible fear determinations is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. The IFR did not change how credible fear determinations are made, and the outcome of credible fear interviews has no bearing on the claims or defenses in this case. Defendants further object that this request is overbroad in that it is not limited to claims processed under the IFR or limited to Florida and Louisiana.

## REQUEST FOR PRODUCTION NO. 12

DOCUMENTS sufficient to show, on a monthly basis, the length of time between an

alien's first encounter by CBP or ICE upon arrival in the United States and the issuance of a charging document under Title 8 of the United States Code seeking the alien's removal from the United States, categorized as follows: (1) within 3 days; (2) within 7 days; (3) within 15 days; (4) within 30 days; (5) within 60 days; (6) within 90 days; (7) within 120 days; (8) within 180 days; (9) within 365 days; (10) more than 365 days.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Defendants object to Request for Production No. 12 on the grounds that it is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case.

## REQUEST FOR PRODUCTION NO. 13

All DOCUMENTS relating to any policy or practice of granting parole or granting work authorization before a non-citizen is (a) required to report to ICE or (b) file a Form I-589.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Defendants object to Request for Production No. 13 on the grounds that it is outside the scope of "jurisdictional discovery" the Court authorized related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98, and irrelevant to the claims in this case. Defendants further object that this request is vague as to the meaning of "required to report to ICE" and how that relates to parole grants or grants of work authorization. Defendants further object that this request is not limited to noncitizens affected by the IFR.

As to noncitizens affected by the IFR, the IFR permits such people to seek work authorization under existing rules governing work authorization only after submitting a complete asylum application. 87 Fed. Reg. 18,085. Under the IFR, the written record of a positive credible fear determination is treated as the asylum application, so Form I-589 is unnecessary, and

information related to policies or practices with respect to filing I-589s is irrelevant to the claims and defenses in this case.

Date: April 24, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        *Principal Deputy Assistant Attorney General*

                                        WILLIAM C. PEACHEY
                                        *Director*
                                        Office of Immigration Litigation
                                        District Court Section

                                        EREZ REUVENI
                                        *Assistant Director*

                                        /s/ *Brian C. Ward*
                                        BRIAN C. WARD
                                        *Senior Litigation Counsel*
                                        U.S. Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel.: (202) 616-9121
                                        Email: brian.c.ward@usdoj.gov

23