# EXHIBIT 18



Home > Humanitarian > Refugees and Asylum > Asylum > FACT SHEET: Implementation of the Credible Fear and Asylum Processing Interim Final Rule

# FACT SHEET: Implementation of the Credible Fear and Asylum Processing Interim Final Rule

On May 31, 2022, the Department of Homeland Security (DHS) and Department of Justice (DOJ) began implementing a rule to ensure that those subject to expedited removal who are eligible for asylum are granted relief quickly, and those who are not are promptly removed. Due to existing court backlogs, the process for hearing and deciding these asylum cases currently takes several years on average. By establishing a process for the efficient and thorough review of asylum claims, implementation of the rule will help reduce existing immigration court backlogs and will shorten the process to several months.

**Interim Final Rule**

The March 2022 interim final rule (IFR) titled "Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers" (sometimes referred to as the Asylum Officer Rule) authorizes U.S. Citizenship and Immigration Services (USCIS) to consider the asylum applications of certain individuals subject to expedited removal who establish a fear of persecution or torture during their required credible fear screening. Currently, such cases are decided by immigration judges (IJs) within the Department of Justice's (DOJ's) Executive Office for Immigration Review (EOIR).

Due to existing court backlogs, the process for hearing and deciding these asylum cases currently takes several years on average. Through a gradual process, and when fully implemented, the rule will shorten the administrative process from several years to several months. Individuals who qualify for asylum will receive protection more swiftly, and those who are not eligible will be promptly removed rather than remaining in the United States for years while their cases are pending.

**Scope**

Only individuals who are placed into expedited removal proceedings after May 31, 2022, are potentially subject to this process. Specifically, as noted in the IFR, the rule "applies prospectively and only to adults and families who are placed in expedited removal proceedings and indicate an intention to apply for asylum, a fear of persecution or torture, or a fear of return to their home country, after the rule's effective date." The rule does not apply to unaccompanied children.

**Phased Implementation**

Implementation is taking place in a phased manner, beginning with a small number of individuals, and will grow as USCIS builds operational capacity over time. DHS is aiming to refer approximately a few

hundred noncitizens each month to USCIS for an Asylum Merits Interview (AMI) following a positive credible fear determination.

## Locations

The first locations for placement under this process were two detention facilities in Texas, with recent expansion to additional facilities. Asylum officers conduct credible fear interviews for individuals who may subsequently be referred to USCIS for an AMI following a positive credible fear determination. Referrals for AMIs are limited to those individuals who indicate to USCIS and Immigration and Customs Enforcement (ICE) an intent to reside in one or near of the following cities: Boston, MA; Chicago, IL; Los Angeles, CA; Miami, FL; New Orleans, LA; New York, NY; Newark, NJ; San Francisco, CA; or Washington, D.C.

## Processing

Below is a step-by-step description of how the process takes place during the phased implementation period:

**Placement into Expedited Removal:** Individuals encountered at the border by Customs and Border Protection (CBP) who are placed into expedited removal and who claim fear are transferred to ICE detention.

**Credible Fear Interview:** Individuals receive their credible fear interview while in detention,. DHS and DOJ are working to provide individuals with an opportunity to access Legal Orientation Program providers before their credible fear interview. If the credible fear interview results in a negative determination, the individual can request IJ review of the decision, consistent with current procedure. USCIS also may reconsider, in its discretion, a negative credible fear determination that an IJ has already concurred with, if the request is submitted within seven days of the IJ's concurrence or before removal, whichever comes first.

During phased implementation, a small number of noncitizens are receiving their credible fear interviews at USCIS asylum offices in indicated destination cities after being scheduled for those interviews while in CBP custody.

Referral for an Asylum Merits Interview (AMI): During phased implementation, individuals who are placed in expedited removal, and who receive a positive credible fear determination, and whom ICE determines on a case-by-case basis that it is appropriate to release, are referred to USCIS for a non-adversarial AMI. The individual must indicate an intent to reside in or near one of the destination cities where AMIs will take place during phased implementation (Boston, MA; Chicago, IL; Los Angeles, CA; Miami, FL; New Orleans, LA; New York, NY; Newark, NJ; San Francisco, CA; or Washington, D.C. ).

Individuals are notified they are being placed into the AMI process when they are served with their positive credible fear determination. The record of the positive credible fear determination constitutes the asylum application, and the service date of the positive credible fear determination will become the filing date of the asylum application. The AMI takes place no earlier than 21 days and no later than 45 days after the positive credible fear determination.

Individuals released from detention during this time period are placed in alternatives to detention (ATD) as necessary to ensure compliance with their reporting, interview, and hearing obligations.

Individuals have until seven days (if submitting in person) or 10 days (if submitting by mail) before the AMI to amend or correct the record resulting from the credible fear interview and submit additional evidence.

If an individual fails to appear at the AMI, appropriate enforcement action will be taken.

If USCIS finds the individual eligible for asylum, the individual receives a grant letter informing them of applicable benefits and related procedures.

**Streamlined Removal Proceedings:** If USCIS does not grant asylum, the agency refers the case to EOIR for streamlined removal proceedings under Section 240 of the Immigration and Nationality Act. The asylum officer will include an assessment as to whether the applicant demonstrated eligibility for withholding or deferral of removal based on the evidence presented before USCIS.

There are dockets for these proceedings available in the immigration courts with jurisdiction over the cities listed above. During these proceedings, the IJ will review the noncitizen's asylum application and supporting evidence and determine whether asylum should be granted.

In instances where USCIS does not grant asylum, the asylum officer includes in the decision a determination whether the principal applicant demonstrated eligibility for withholding or deferral of removal based solely on the evidence presented before USCIS. Once the individual is in removal proceedings, if the IJ also does not grant asylum and issues a final removal order, the IJ confirms the USCIS asylum officer's determination that the individual is eligible for withholding or deferral of removal. If the asylum officer did not find the individual eligible for withholding or deferral of removal, the IJ further reviews those claims and makes an independent assessment whether the applicant is eligible. If the IJ concludes that the individual is ineligible for relief or protection, they issue a removal order, and the individual is promptly removed from the United States.

Last Reviewed/Updated: 12/02/2022