UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, et al.,<br><br>                                  Plaintiffs,<br><br>    v.<br><br>MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al.,<br><br>                                  Defendants. | Civil Action No. 6:22-cv-01130 |

## DECLARATION OF ATTORNEY JOSEPH SCOTT ST. JOHN

1.      I am counsel for Plaintiff State of Louisiana in the above-captioned litigation. This declaration is based on my personal knowledge, and I could competently testify to its contents if called to do so.

**VOLUNTARY DISCOVERY EFFORTS**

2.      In response to Defendants' discovery requests, the Louisiana Department of Justice (LADOJ) undertook efforts to voluntarily obtain documents from relevant Louisiana agencies.

3.      On or about June 22, 2022, I emailed the Louisiana Department of Children and Family Services regarding discovery issues.

4.      On or about June 22, 2022, I emailed the Louisiana Department of Health regarding discovery issues.

5.      On or about June 23, 2022, I had a telephone conference with employees of the Louisiana Department of Health regarding discovery issues. I recall LDH stating that the agency would require a subpoena for some of the information sought.

6. On or about June 23, 2022, I emailed the Louisiana Department of Education regarding potentially discoverable information.

7. To the best of my recollection, I did not receive documents from Louisiana DCFS, LDH, or Louisiana DOE in response to those communications.

8. On or about April 19, 2023, I emailed Defendants' discovery requests to the Louisiana Department of Education. LDOE emailed that they had assigned someone to this matter, but LDOE has not responded to a follow-up email. I have not received documents from LDOE in response to those emails.

9. On or about April 19, 2023, I emailed Defendants' discovery requests to the Louisiana Department of Children and Family Services. Louisiana DCFS has not responded to that email or a follow-up email. I have not received documents from Louisiana DCFS in response to those emails.

10. On or about April 19, 2023, I emailed Defendants' discovery requests to the Louisiana Department of Health. On or about May 3, 2023, I had a telephone conference with LDH regarding those requests. I am informed and believe LDH is voluntarily collecting some documents that it intends to provide to LADOJ. LDH made clear that it was doing so voluntarily and was not under the control of LADOJ.

11. I am informed and believe that the Florida Department of Legal Affairs undertook similar efforts to voluntarily obtain documents, but was more successful in doing so than LADOJ. I am further informed and believe that the Florida Attorney General does not exercise legal control over the agencies from which the Florida Department of Legal Affairs was able to voluntarily obtain documents.

## SELECTED BURDENS OF DISCOVERY ON PLAINTIFF STATES

12. Froom 2008 – 2010 I practiced as an associate at Kirkland & Ellis LLP. From 2010 – 2011, I served as a law clerk to the U.S. Court of Appeals for the Federal Circuit. From 2012 – 2016, I practiced law as an associate at Covington & Burling LLP.

13. While practicing at Kirkland & Ellis and Covington & Burling, I was involved in, then oversaw, document collection in multiple high-dollar litigations. My experience included forensic collection of data so as to preserve metadata.

14. In my experience, forensic collection was a costly undertaking, with costs in excess of $1,000 per computer, and in some cases much higher. Even in those cases, forensic collection was limited.

15. Since 2018, I have serve as a Deputy Solicitor General in the Louisiana Department of Justice (LADOJ). I am generally familiar with the agency's operations

16. To my knowledge, LADOJ conducts limited activities related to law enforcement and combatting Medicaid fraud, but it does not conduct operational activities with related to Medicaid, TANF, SNAP, or public education (in the sense contemplated by the Complaint).

17. LADOJ has a centralized email archive for public records purposes. That archive is searchable.

18. In my experience, documents sent or received externally from LADOJ are generally sent via email or are copied into email. It would be unusual to maintain external hardcopy documents that were not also in the email system.

19. LADOJ has identified two email custodians who are most likely to have documents relevant to this litigation. Both custodians are counsel of record in this case. I am one of those custodians.

20. I am informed by LADOJ's electronic records custodian that as of May 11, 2023, those two custodians' email accounts include the following number of non-duplicate emails using the keywords "asylum," "asylum rule," or "asylum IFR."

> Before August 20, 2021. 901
> Between August 20, 2021 and March 28, 2022 (including those two dates) 357
> Between March 29, 2022, and April 27, 2022 (including those two dates) 664
> April 28, 2022 or after. 1583

Those counts do not include attachments.

21. Reviewing attorney emails is extraordinarily labor-intensive due to the risk of revealing confidential information or waiving privilege.

22. In contrast to email, other forms of ESI are not centrally searchable. Collecting and reviewing such ESI would have to be done manually.

23. If internal email was required to be placed on a privilege log, I believe the pragmatic effect would be to dissuade attorneys from using email,and thereby degrade agency effectiveness.

## MISCELLANEOUS

24. Attached hereto as Exhibit 1 is a true and accurate copy of an email between counsel.

25. Further declarant sayeth naught.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF LOUISIANA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in New Orleans, Louisiana, this 11th day of May 2023.

s/ Joseph Scott St. John