EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-94 |
| ) | |
| ALEJANDRO MAYORKAS, ) | |
| in his official capacity as Secretary ) | |
| of Homeland Security, et al. ) | |
| *Defendants.* ) | |
| ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF**
**DISCOVERY TO DEFENDANTS**

1

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendants hereby submit their objections and responses to Plaintiff's First Set of Discovery to Defendants.

## GENERAL STATEMENT

Defendants' responses and objections are based on the information known to Defendants at this time and are made without prejudice to the assertion of additional responses and objections should Defendants identify additional grounds thereof. Defendants reserve the right to supplement, clarify, revise, or correct any or all of their responses to Plaintiff's Interrogatories and Requests for Production. By answering any requests, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

Finally, inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## INTERROGATORIES

## INTERROGATORY NO. 1

From January 2012 to the present, identify each alien who (1) last reported an address in Texas; (2) received a credible-fear finding; and (3) did not file an asylum application, absconded, or was adjudged removable *in absentia*.

## RESPONSE TO INTERROGATORY NO. 1

Defendants object to Interrogatory No. 1, on the grounds that it is not sufficiently limited in time or scope, as it seeks over 10 years of information, at a level of specificity that is not relevant to the Interim Final Rule (IFR) or Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly burdensome and disproportionate to the needs of this case in that it seeks identifying information of individual noncitizens, by name, who meet the criteria set forth in Interrogatory No. 1. Defendants also object to Interrogatory No. 1 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6.

Defendants further object to Interrogatory No. 1 to the extent that it seeks information that does not exist in producible format and that would be unnecessarily burdensome and disproportionate to the needs of this case to collect and provide. The U.S. immigration enforcement system spans three different DHS components, and the Department of Justice's ("DOJ") Executive Office for Immigration Review ("EOIR"), and each of these agencies maintains multiple data systems with limited interoperability. The Department of Homeland Security ("DHS") Office of Immigration Statistics (OIS) has developed an Enforcement Lifecycle dataset that links records across 22 different operational data systems with a nexus to border enforcement to provide an end-to-end view of immigration enforcement processing. OIS used Enforcement Lifecycle data to generate the DHS's best available responses to Interrogatory No. 1. To the extent this Interrogatory

3

is phrased in ways that do not align exactly with the structure of the Enforcement Lifecycle dataset, DHS responses account for these differences where necessary.

In addition, responses are limited to persons encountered or arrested between Fiscal Year 2013 and Quarter 2 of Fiscal Year 2022, the data included in the current version of the Lifecycle dataset. Responses include categorical subject counts (*i.e.*, excluding personally identifiable data) by age bands and family status. The Lifecycle dataset does not include address information, so responses are not limited to noncitizens who last reported addresses in Texas.

Subject to and without waiving these objections, Defendants provide the following information in response to this Interrogatory:

Table 1. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 1

| Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| 78,943 | 10,158 | 10,343 | 58,442 | 40,402 | 34,841 | 9,484 | 9,720 | 15,637 | 3,700 | 674 | 623 | 2,403 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 327 CBP encounters meeting the criteria for Interrogatory No. 1 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Data are not limited to persons with last reported addresses in Texas. Persons receiving a credible fear finding are defined as those with a fear established record in the USCIS APSO dataset. Persons not filing asylum applications are defined as those who do not have an EOIR case started. Persons who absconded or were adjudged removable in absentia are defined as those who have been issued *in absentia* removal orders. Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

**INTERROGATORY NO. 2**

From January 2012 to the present, identify each alien who (1) last reported an address in Texas, (2) received a credible-fear interview but not a credible-fear finding, was (3) paroled or otherwise released into the United States, and (4) did not file an asylum application, absconded, or was adjudged removable *in absentia.*

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to Interrogatory No. 2, on the grounds that it is not sufficiently limited in time or scope, as it seeks over 10 years of information, at a level of specificity that is not relevant to the IFR, or Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly burdensome and disproportionate to the needs of this case in that it seeks identifying information of individual noncitizens, by name, who meet the criteria set forth in Interrogatory No. 2. Defendants also object to Interrogatory No. 2 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6.

Defendants further object to Interrogatory No. 2 to the extent that it seeks information that does not exist in producible format and that would be unnecessarily burdensome and disproportionate to the needs of this case to collect and provide. The U.S. immigration enforcement system spans three different DHS components, and EOIR and each of these agencies maintains multiple data systems with limited interoperability. The DHS OIS has developed an Enforcement Lifecycle dataset that links records across 22 different operational data systems with a nexus to border enforcement to provide an end-to-end view of immigration enforcement processing. OIS used Enforcement Lifecycle data to generate the DHS's best available responses to Interrogatory No. 2. To the extent this Interrogatory is phrased in ways that do not align exactly with the structure

5

of the Enforcement Lifecycle dataset, DHS responses account for these differences where necessary.

In addition, responses are limited to persons encountered or arrested between Fiscal Year 2013 and Quarter 2 of Fiscal Year 2022, the data included in the current version of the Lifecycle dataset. Responses include categorical subject counts (*i.e.*, excluding personally identifiable data) by age bands and family status. The Lifecycle dataset does not include address information, so responses are not limited to noncitizens who last reported addresses in Texas.

Subject to and without waiving these objections, Defendants provide the following information in response to this Interrogatory:

Table 2. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 2:

| Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| 14,600 | 2,491 | 2,450 | 9,659 | 5,416 | 7,413 | 2,046 | 2,001 | 3,366 | 1,771 | 445 | 449 | 877 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 117 CBP encounters meeting the criteria for Interrogatory No. 2 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Data are not limited to persons with last reported addresses in Texas. Persons who received a credible fear interview but not a fear finding are defined as those with credible fear cases but not fear established records in USCIS' APSO dataset. Persons paroled or otherwise released into the United States include all arrests not repatriated directly by CBP and not continuously detained by ICE through the pendency of their removal proceedings or remaining in detention as of March 31, 2022. Persons not filing an asylum applications are defined as those who do not have an EOIR case started. Persons who absconded are assumed to have been issued in absentia removal orders. Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

**INTERROGATORY NO. 3**

From January 2012 through the present, identify each alien who (1) had a last reported American address in Texas, (2) received a credible-fear finding, (3) applied for asylum, and (4) was adjudged re-movable because the asylum claim was denied.

**RESPONSE TO INTERROGATORY NO. 3**

Defendants object to Interrogatory No. 3 on the grounds that it is vague as to the term "American address," as opposed to the term "address," as used in Interrogatories Nos. 1 and 2. Defendants further object on the grounds that it is not sufficiently limited in time or scope, as it seeks over 10 years of information, at a level of specificity that is not relevant to the IFR or to Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly burdensome and disproportionate to the needs of this case in that it seeks identifying information of individual noncitizens, by name, who meet the criteria set forth in Interrogatory No. 3. Defendants also object to Interrogatory No. 3 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6.

Defendants further object to Interrogatory No. 3 to the extent that it seeks information that does not exist in producible format and that would be unnecessarily burdensome and disproportionate to the needs of this case to collect and provide. The U.S. immigration enforcement system spans three different DHS components, and EOIR and each of these agencies maintains multiple data systems with limited interoperability. The DHS OIS has developed an Enforcement Lifecycle dataset that links records across 22 different operational data systems with a nexus to border enforcement to provide an end-to-end view of immigration enforcement processing. OIS used Enforcement Lifecycle data to generate the DHS's best available responses to Interrogatory No. 3. To the extent this Interrogatory is phrased in ways that do not align exactly with the structure

7

of the Enforcement Lifecycle dataset, DHS responses account for these differences where necessary.

In addition, responses are limited to persons encountered or arrested between Fiscal Year 2013 and Quarter 2 of Fiscal Year 2022, the data included in the current version of the Lifecycle dataset. Responses include categorical subject counts (*i.e.*, excluding personally identifiable data) by age bands and family status. The Lifecycle dataset does not include address information, so responses are not limited to noncitizens who last reported addresses in Texas.

Subject to and without waiving these objections, Defendants provide the following information in response to this Interrogatory:

Table 3. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 3

| | Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| Removal Orders Not In Absentia | 86,864 | 5,987 | 6,579 | 74,298 | 57,169 | 21,364 | 5,445 | 5,967 | 9,952 | 8,331 | 542 | 612 | 7,177 |
| All Removal Orders | 137,206 | 12,697 | 12,917 | 111,592 | 82,139 | 43,486 | 11,611 | 11,814 | 20,061 | 11,581 | 1,086 | 1,103 | 9,392 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 480 CBP encounters meeting the criteria for Interrogatory No. 3 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Data are not limited to persons with last reported addresses in Texas. Persons receiving a credible fear finding are defined as those with a fear established record in the USCIS APSO dataset. Persons who applied for asylum are defined as those who have an EOIR case started. The table includes two alternative definitions of those judged removable because the asylum claim was denied: those order removed not in absentia (i.e., on the merits of their cases) and all removal orders (i.e., including those ordered removed in absentia, whose asylum cases typically were not adjudicated on their merits). Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

**INTERROGATORY NO. 4**

Identify each alien currently on ERO's non-detained docket who (1) reports an address in Texas and (2) received a credible-fear interview by (a) whether the alien received a credible-fear finding or not, (b) whether the alien was paroled or otherwise released, and (c) whether the alien has applied for asylum, either affirmatively or defensively.

**RESPONSE TO INTERROGATORY NO. 4**

Defendants object to Interrogatory No. 4 on the grounds that it is not sufficiently limited in time or scope, as it seeks 10 years of information, at a level of specificity that is not relevant to the IFR or to Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly burdensome and disproportionate to the needs of this case in that it seeks identifying information of individual noncitizens, by name, who meet the criteria set forth in Interrogatory No. 4. Defendants also object to Interrogatory No. 4 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6.

Defendants further object to Interrogatory No. 4 to the extent that it seeks information that does not exist in producible format and that would be unnecessarily burdensome and disproportionate to the needs of this case to collect and provide. The U.S. immigration enforcement system spans three different DHS components, and EOIR and each of these agencies maintains multiple data systems with limited interoperability. The DHS OIS has developed an Enforcement Lifecycle dataset that links records across 22 different operational data systems with a nexus to border enforcement to provide an end-to-end view of immigration enforcement processing. OIS used Enforcement Lifecycle data to generate the DHS's best available responses to Interrogatory No. 4. To the extent this Interrogatory is phrased in ways that do not align exactly with the structure

9

of the Enforcement Lifecycle dataset, DHS responses account for these differences where necessary.

In addition, responses are limited to persons encountered or arrested between Fiscal Year 2013 and Quarter 2 of Fiscal Year 2022, the data included in the current version of the Lifecycle dataset. Responses include categorical subject counts (*i.e.*, excluding personally identifiable data) by age bands and family status. The Lifecycle dataset does not include address information, so responses are not limited to noncitizens who last reported addresses in Texas.

Subject to and without waiving these objections, Defendants provide the following information in response to this Interrogatory:

Table 4a. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 4a

| | Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| Positive | 96,592 | 17,230 | 19,240 | 60,122 | 29,179 | 65,080 | 16,598 | 18,488 | 29,994 | 2,333 | 632 | 752 | 949 |
| Negative | 3,526 | 262 | 299 | 2,965 | 2,486 | 877 | 221 | 242 | 414 | 163 | 41 | 57 | 65 |
| Case closure | 12,512 | 2,897 | 2,804 | 6,811 | 2,143 | 9,155 | 2,543 | 2,449 | 4,163 | 1,214 | 354 | 355 | 505 |
| Total | 112,630 | 20,389 | 22,343 | 69,898 | 33,808 | 75,112 | 19,362 | 21,179 | 34,571 | 3,710 | 1,027 | 1,164 | 1,519 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 493 CBP encounters meeting the criteria for Interrogatory No. 4 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Persons on ICE's non-detained docket are identified as those who were not repatriated by CBP or continuously detained by ICE and who do not have a final EOIR case outcome. Data are not limited to persons with last reported addresses in Texas. Persons who received a credible fear interview are identified based on their appearance in the USCIS APSO dataset. Persons with positive fear determinations includes positive fear determinations by USCIS and negative fear determinations appealed to and vacated by EOIR. Negative fear determinations include negative fear determinations by USCIS not appealed to EOIR and negative fear determinations appealed to and upheld

by EOIR. Case closures are identified based on case closure outcomes in the APSO dataset. Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

Table 4b. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 4b

| | Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| Bonded Out | 5,395 | 6 | 9 | 5,380 | 5,305 | 56 | 3 | 8 | 45 | 34 | 3 | 1 | 30 |
| Order of Recognizance | 65,886 | 14,362 | 15,398 | 36,126 | 10,394 | 55,085 | 14,251 | 15,265 | 25,569 | 407 | 111 | 133 | 163 |
| Order of Supervision | 1,593 | 268 | 329 | 996 | 456 | 1,087 | 255 | 319 | 513 | 50 | 13 | 10 | 27 |
| Transferred | 85 | 2 | 6 | 77 | 65 | 6 | 2 | 2 | 2 | 14 | - | 4 | 10 |
| Paroled | 35,792 | 4,933 | 5,682 | 25,177 | 16,771 | 17,183 | 4,385 | 5,084 | 7,714 | 1,838 | 548 | 598 | 692 |
| Other | 29 | 3 | 4 | 22 | 17 | 9 | 3 | 3 | 3 | 3 | - | 1 | 2 |
| Missing | 3,850 | 815 | 915 | 2,120 | 800 | 1,686 | 463 | 498 | 725 | 1,364 | 352 | 417 | 595 |
| Total | 112,630 | 20,389 | 22,343 | 69,898 | 33,808 | 75,112 | 19,362 | 21,179 | 34,571 | 3,710 | 1,027 | 1,164 | 1,519 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 493 CBP encounters meeting the criteria for Interrogatory No. 4 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Persons on ICE's non-detained docket are identified as those who were not repatriated by CBP or continuously detained by ICE and who do not have a final EOIR case outcome. Data are not limited to persons with last reported addresses in Texas. Persons who received a credible fear interview are identified based on their appearance in the USCIS APSO dataset. Detention release reasons are based on ICE ERO detention book-out data. Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

Table 4c. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 4c

| | Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| EOIR Case Started | 79,511 | 15,931 | 17,281 | 46,299 | 17,601 | 59,633 | 15,317 | 16,532 | 27,784 | 2,277 | 614 | 749 | 914 |
| EOIR Case Not Started | 33,119 | 4,458 | 5,062 | 23,599 | 16,207 | 15,479 | 4,045 | 4,647 | 6,787 | 1,433 | 413 | 415 | 605 |
| Total | 112,630 | 20,389 | 22,343 | 69,898 | 33,808 | 75,112 | 19,362 | 21,179 | 34,571 | 3,710 | 1,027 | 1,164 | 1,519 |

Notes: All HSI and ERO arrests and OFO non-UC inadmissibles prior to March 2016 have unknown family status because of limits to Component data collection. An additional 493 CBP encounters meeting the criteria for Interrogatory No. 4 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Persons on ICE's non-detained docket are identified as those who were not repatriated by CBP or continuously detained by ICE and who do not have a final EOIR case outcome. Data are not limited to persons with last reported addresses in Texas. Persons who received a credible fear interview are identified based on their appearance in the USCIS APSO dataset. Persons filing an asylum application or not are defined by whether or not they have an EOIR case started. (People in expedited removal are ineligible to file for asylum affirmatively.) Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

**INTERROGATORY NO. 5**

Identify each alien who (1) was apprehended in Texas, (2) received a credible-fear interview, (3) was paroled or was otherwise released into the United States, (4) did not report a U.S. address, and (5) did not file an asylum application, absconded, or was adjudged removable *in absentia*.

**RESPONSE TO INTERROGATORY NO. 5**

Defendants object to Interrogatory No. 5 on the grounds that it is not sufficiently limited in time or scope, as it seeks 10 years of information, at a level of specificity that is not relevant to the IFR or to Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly

burdensome and disproportionate to the needs of this case in that it seeks identifying information of individual noncitizens, by name, who meet the criteria set forth in Interrogatory No. 5. Defendants also object to Interrogatory No. 5 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6.

Defendants further object to Interrogatory No. 5 to the extent that it seeks information that does not exist in producible format and that would be unnecessarily burdensome and disproportionate to the needs of this case to collect and provide. The U.S. immigration enforcement system spans three different DHS components, and EOIR and each of these agencies maintains multiple data systems with limited interoperability. The DHS OIS has developed an Enforcement Lifecycle dataset that links records across 22 different operational data systems with a nexus to border enforcement to provide an end-to-end view of immigration enforcement processing. OIS used Enforcement Lifecycle data to generate the DHS's best available responses to Interrogatory No. 5. To the extent this Interrogatory is phrased in ways that do not align exactly with the structure of the Enforcement Lifecycle dataset, DHS responses account for these differences where necessary.

In addition, responses are limited to persons encountered or arrested between Fiscal Year 2013 and Quarter 2 of Fiscal Year 2022, the data included in the current version of the Lifecycle dataset. Responses include categorical subject counts (*i.e.*, excluding personally identifiable data) by age bands and family status. The Lifecycle dataset does not include address information, so responses are not limited to noncitizens who last reported addresses in Texas.

Subject to and without waiving these objections, Defendants provide the following information in response to this Interrogatory:

13

Table 5. CBP encounters and ICE arrests FY2013 – FY 2022Q2 Meeting the Criteria Described in Interrogatory No. 5

| | Total | | | | Single Adults | Family Unit Individuals | | | | Unknown Family Status | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Total | 0 to 5 | 6 to 17 | 18 and over | Total | Total | 0 to 5 | 6 to 17 | 18 and over | Total | 0 to 5 | 6 to 17 | 18 and over |
| El Paso | 8,436 | 2,070 | 2,142 | 4,224 | 1,018 | 5,042 | 1,346 | 1,438 | 2,258 | 2,376 | 724 | 704 | 948 |
| Big Bend | 452 | 94 | 112 | 246 | 100 | 351 | 94 | 112 | 145 | 1 | - | - | 1 |
| Del Rio | 11,347 | 669 | 756 | 9,922 | 8,812 | 2,526 | 666 | 751 | 1,109 | 9 | 3 | 5 | 1 |
| Laredo | 10,591 | 1,368 | 1,332 | 7,891 | 5,630 | 4,203 | 1,183 | 1,167 | 1,853 | 758 | 185 | 165 | 408 |
| Rio Grande Valley | 43,197 | 6,665 | 6,442 | 30,090 | 19,186 | 23,902 | 6,636 | 6,403 | 10,863 | 109 | 29 | 39 | 41 |
| All | **74,023** | 10,866 | 10,784 | 52,373 | **34,746** | **36,024** | 9,925 | 9,871 | 16,228 | **3,253** | 941 | 913 | 1,399 |

Notes: 62 USBP apprehensions meeting the criteria for Interrogatory No. 5 are classified as unknown family status based on ambiguous family or birthdate data that are currently being investigated. Data are limited to persons apprehended in the five USBP sectors that are wholly or partly within the state of Texas; note that most of the El Paso Sector falls within the state of New Mexico. Persons who received a credible fear interview are identified based on their appearance in the USCIS APSO dataset. Persons paroled or otherwise released into the United States include all arrests not repatriated directly by CBP and not continuously detained by ICE through the pendency of their removal proceedings or remaining in detention as of March 31, 2022. Table is not restricted based on whether or not people provided a U.S. address. Persons not filing an asylum applications are defined as those who do not have an EOIR case started. Persons who absconded or were adjudged removable in absentia are defined as those who have been issued *in absentia* removal orders. Data current as of March 31, 2022.

Source: DHS Office of Immigration Statistics analysis of Enforcement Lifecycle data.

**INTERROGATORY NO. 6**

Identify each case currently pending in an immigration court in Texas in which the alien is making either an affirmative or defensive claim of asylum.

**RESPONSE TO INTERROGATORY NO. 6**

Defendants object to Interrogatory No. 6 on the grounds that it is outside the scope of the limited discovery ordered by the Court, *see* Docket No. 60 ("Parties to complete limited jurisdictional discovery into Texas's alleged injuries and standing to sue."), in that it seeks information not relevant to Texas's alleged injury or standing to sue. Defendants object that Interrogatory No. 6 seeks information that is irrelevant to the claims in this case to the extent it seeks information that is not related to individuals who received a credible-fear finding. Defendants further object to Interrogatory No. 6 on the grounds that it is unduly burdensome, and is disproportionate to the needs of this case to the extent that Plaintiff is asking the Executive Office for Immigration Review ("EOIR") to conduct a manual review of tens of thousands of individual immigration court records (*i.e.*, Records of Proceeding) to provide information that is not available in EOIR's electronic database. Defendants also object to Interrogatory No. 6 on the grounds that the identifying information Plaintiff seeks, including requests for "alien numbers," is protected from disclosure under 8 C.F.R. § 1208.6. Without waiving any objections, including those below, EOIR is providing the requested information, excluding personal identifying information, to the extent it is readily available in EOIR's databases and subject to the following additional objections and qualifications.

First, EOIR objects to Plaintiff's use of the phrase "affirmative or defensive claim of asylum[]" as being vague. Instead, EOIR is producing a list of all removal cases currently pending

in any immigration court located in the State of Texas that involve an asylum application filed with EOIR.

Second, EOIR objects to Plaintiff's request that EOIR should identify each case as involving either "an unaccompanied minor, family-unit member, or single adult." EOIR does not categorize cases in this manner. Instead, EOIR made a good-faith effort to capture information relevant to Plaintiff's interrogatory by writing a query that uses information available in EOIR's database.

- Specifically, EOIR defined "unaccompanied minor" as any case that does not involve a single adult or family unit (as defined above) and that contained any of the following juvenile case identifiers: (1) unaccompanied child, (2) unaccompanied juvenile, (3) accompanied juvenile (but not in proceedings with a parent), or (4) juvenile released to a parent or aged-out (except where the date of birth field contained a birthdate earlier than January 1, 2003).

- EOIR defined "family-unit member" as any case that does not involve a single adult (as defined above) and includes one or both of the following case identifiers: (1) a lead or rider designation, see description above; and/or (2) a case priority designation such as a dedicated docket, a family unit, or adult with children case.

- EOIR defined "single adult" as any case that does not include one or more of the following identifiers: (1) a lead or rider designation, which are codes contained in EOIR's Case Management System to designate cases that have been joined together for a consolidated adjudication and are generally limited to cases involving immediate family members, see EOIR, Immigration Court Practice Manual, Ch. 4.21, Combining and Separating Cases (June 2022) available at

16

https://www.justice.gov/eoir/eoir-policy-manual/4/21; (2) an entry in the "date of birth" field that is later than January 1, 2003; and/or (3) a case identifier that indicates that the noncitizen is a juvenile or was designated as a juvenile at the beginning of the case (if the date of birth field is otherwise blank).

Third, EOIR objects to providing an "age-range" because EOIR does not maintain data in the format requested by Plaintiff (*i.e.*, age ranges for each noncitizen). It would be overly burdensome and disproportionate to the needs of the case for EOIR to calculate age ranges for each noncitizen. Moreover, the "date of birth" field in EOIR's Case Management System is sometimes blank because it is not a mandatory field and ICE does not always include a date of birth in the NTA. Where a date of birth was available, EOIR took the information into account to determine whether the case involves a "single adult" or a "juvenile."

Finally, EOIR objects to providing "alien numbers" or other identifiable information because such information is protected from disclosure under law, including, but not limited to, 8 C.F.R. § 1208.6. Instead, EOIR is identifying each individual case by an EOIR CASE-IDN key which is a number that correlates to an individual noncitizen's immigration court case but cannot be used to identify the individual. EOIR developed CASE-IDN keys to allow the public to access the data in EOIR's database without disclosing personally identifiable information. *See* EOIR, FOIA Library: CASE Data (June 2022) at https://www.justice.gov/eoir/foia-library-0.

Subject to, and without waiving these objections, Defendants are providing the information contained in USA01-USA-01531.

**INTERROGATORY NO. 7**

From January 2012 to the present, identify each alien who received a final judgment of removal due to a criminal conviction who had (1) received a credible-fear finding or (2) received a credible-fear interview but not a credible-fear finding.

**RESPONSE TO INTERROGATORY NO. 7**

Defendants object to Interrogatory No. 7 on the grounds that it is not sufficiently limited in time or scope, as it seeks over 10 years of information, at a level of specificity that is not relevant to the IFR or to Plaintiff's standing to challenge the IFR. Defendants also object that it is unduly burdensome and disproportionate to the needs of this case to the extent that Plaintiff is asking EOIR to conduct a manual review of hundreds of thousands (if not millions) of individual immigration court records (*i.e.*, Records of Proceeding) to provide information that is not readily available in EOIR's electronic database. Defendants also object to Interrogatory No. 7 on the grounds that the identifying information sought is protected from disclosure under 8 C.F.R. § 1208.6. Defendants further object that Plaintiff's request is overbroad, irrelevant, and disproportionate to the needs of this case to the extent that Plaintiff's request is not limited geographically in scope to the state of Texas. Subject to and without waiving these objections and those included below, Defendants are producing the following documents responsive to Interrogatory No. 7, limited to cases completed by immigration courts during the years 2012–2022, and without inclusion of individual noncitizen's names or other PII.

First, EOIR objects to Plaintiff's use of the phrase "received a final judgment of removal due to a criminal conviction" as being vague. EOIR does not maintain an identifier in its database that identifies cases involving noncitizens ordered removed based on criminal convictions. Instead, EOIR made a good-faith effort to capture information relevant to Plaintiff's interrogatory by

writing a query that uses information available in EOIR's database. Specifically, EOIR queried its database to capture all removal cases completed nationwide from the years 2012 through 2022 that originated from the credible fear review process (*i.e.*, from either a USCIS finding of credible fear or an EOIR finding of credible fear). EOIR further queried its database to reduce the data to cases that involved certain charges brought by DHS under 8 U.S.C. § 1182(a)(2) (criminal and related grounds of inadmissibility) or 8 U.S.C. § 1227(a)(2) (criminal offense grounds of deportability) and that resulted in an order of removal.

Second, as described in response to Interrogatory No. 6, EOIR objects to Plaintiff's request that EOIR should identify each case as involving either an unaccompanied minor, a family-unit member, or a single adult. EOIR does not categorize cases or maintain its data in this manner. Accordingly, EOIR is providing information related to these categories of noncitizens in the manner described in EOIR's response to Interrogatory No. 7. EOIR states that there were no cases involving a juvenile respondent (defined above) whose cases originated from the credible fear process and who was ordered removed between the years of 2012–2022 based on a charge brought by DHS under 8 U.S.C. § 1182(a)(2) or § 1227(a)(2)(A).

Finally, EOIR objects to Plaintiff's request to identify "each alien" because the name, alien number, and other PII is protected from disclosure under law, including but not limited to, 8 C.F.R. § 1208.6. Instead, EOIR is providing a CASE-IDN number to identify each individual case as described above in response to Interrogatory No. 7.

Subject to, and without waiving these objections, Defendants are providing the information contained in USA01533-USA-1538.

**INTERROGATORY NO. 8**

Identify each document that you used as a source for your answers to these interrogatories.

19

**RESPONSE TO INTERROGATORY NO. 8**

*See* Responses to Interrogatories Nos. 1-7 above. Defendants object to the extent Plaintiff is requesting Defendants identify and produce documents that are not in readily producible form, including the data contained in EOIR's CASE management database. Notwithstanding this objection, EOIR states that EOIR used the data contained in its CASE management database to respond to Plaintiff's interrogatories. A description of EOIR's CASE management database is publicly available at the following website: https://www.justice.gov/eoir/major-information-systems. EOIR also makes data files from the agency's CASE management database available to the public on EOIR's website, see https://www.justice.gov/eoir/foia-library-0, except for data that includes PII or is otherwise protected from public disclosure. EOIR's website also includes a document describing each table and data point contained in the database. *See id*.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

Produce all documents you identified in your answer to Interrogatory No. 8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

*See* objections to and documents produced in response to Interrogatories Nos. 1-7, as identified in the response to those Interrogatories.

20

Date: March 15, 2023                    Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        *Principal Deputy Assistant Attorney General*

                                        WILLIAM C. PEACHEY
                                        *Director*
                                        Office of Immigration Litigation
                                        District Court Section

                                        EREZ REUVENI
                                        *Assistant Director*

                                        JOSEPH DARROW
                                        ELISSA FUDIM
                                        ERIN RYAN
                                        *Trial Attorneys*

                                        /s/ *Brian C. Ward*
                                        BRIAN C. WARD
                                        *Senior Litigation Counsel*
                                        U.S. Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation
                                        District Court Section
                                        P.O. Box 868, Ben Franklin Station
                                        Washington, DC 20044
                                        Tel.: (202) 616-9121
                                        Email: Brian.c.ward@usdoj.gov

                                        *Counsel for Defendants*