# EXHIBIT 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA,<br>By and through its Attorney General,<br>Mark Brnovich, et al., <br><br>    *Plaintiffs,*<br><br> v.<br><br>MERRICK GARLAND, in his<br>official capacity as Attorney General<br>of the United States, *et al.*,<br><br>    *Defendants.* | Civil Action No. 6:22-cv-01130 |

**DEFENDANTS' RESPONSES TO PLAINTIFFS'
THIRD SET OF REQUESTS FOR PRODUCTION,
INTERROGATORIES AND REQUESTS FOR
ADMISSION**

  Pursuant to Federal Rule of Civil Procedure 34, Defendants hereby submit their objections and responses to Plaintiffs' Third Set of Requests for Production, Interrogatories, and Requests for Admission. As Plaintiffs "incorporate by reference the Definitions and Instructions set forth in their Second Set of Requests for Production," Defendants incorporate their objections and responses to the Definitions and Instructions set forth in Defendants' Responses and Objections to Plaintiffs' Second Set of Requests for Production.

  Defendants' responses and objections are based on the information known to Defendants at this time and are made without prejudice to supplementing these responses and objections. By answering any request, Defendants do not concede the materiality of the subject matter to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or

1

admissibility as evidence or for any other purpose, of any of the documents or information provided, or of the subject matter thereof, in any proceeding including any trial of this action or any subsequent proceeding. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the definition of IDENTIFY, even as amended by Plaintiffs to no longer require individuals' names so long as individuals may "be identified by some method that allows the same individual to be identified as a response to multiple questions, such as by all or a portion of the [noncitizen]'s Alien Registration Number" and "include[ing] the [noncitizen]'s age range—0-5, 6-18, 19 and above—and whether the [noncitizen] is an unaccompanied alien child, family unit member, or single adult." Regulations prohibit Defendants from disclosing information relating to the identity of individuals who have filed applications for asylum, withholding of removal, or protection under the Convention Against Torture. 8 C.F.R. §§ 208.6, 1208.6 ("Information contained in or pertaining to any application for refugee admission, asylum, withholding of removal under section 241(b)(3) of the Act, or protection under regulations issued pursuant to the Convention Against Torture's implementing legislation, records pertaining to any credible fear determination conducted pursuant to § 208.30, and records pertaining to any reasonable fear determination conducted pursuant to § 208.31, shall not be disclosed without the written consent of the applicant, except as permitted by this section or at the discretion of

the Attorney General."). "Federal regulations generally prohibit the disclosure to third parties of information contained in or pertaining to asylum applications, credible fear determinations, and reasonable fear determinations," to "safeguard information that, if disclosed" could "subject the claimant to retaliatory measures by government authorities or non-state actors in the event the claimant is repatriated"; "endanger the security of the claimant's family members who may still be residing in the country of origin"; or "might give rise to a plausible protection claim by the claimant where one would not otherwise exist … because such disclosure may bring an otherwise ineligible claimant to the attention of the government authority or non-state actor against which the claimant has made allegations of mistreatment." USCIS Policy Manual, Vol. 1 – Part A, Chapter 7, § F, https://www.uscis.gov/policy-manual/volume-1-part-a-chapter-7. Even if the individual's name is excluded or redacted, disclosure of other personally identifiable information (PII), such as their A number and age combined with the other information Plaintiffs request— "residence in the United States, mailing address in the United States, telephone number, and, with respect to a natural person, date of birth"—still represents information "contained in or pertaining to" their asylum applications that, especially with the various pieces of PII taken together, could easily permit a third party to identify individual asylum applicants in violation of 8 C.F.R. §§ 208.6 and 1208.6.

Defendants further object that, even if Defendants were not prohibited from disclosing information that would permit identification of individuals who have applied for asylum, the level of granular information sought is overbroad. Plaintiffs' definition asks for a person's full name or their A number, age range and family unit status, *in addition to* their "residence in the United States, mailing address in the United States, telephone number, and … date of birth." This information exists in producible form only in individual "alien files" or A files, which sometimes

3

exist only paper format, and would require a manual search of many files in order to obtain responsive information. Defendants object that such a search would be unduly burdensome and disproportionate to the needs of this case: Plaintiffs do not need all of this PII to determine how many (if any) asylum applicants are in their state and whether they impose any costs to Plaintiffs.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 14**

All documents related to the "phased implementation" of the Asylum IFR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Defendants object to Request for Production No. 14 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in comparison to that permitted scope of discovery: all documents pertaining to the "phased implementation" of the rule may include materials related only to the merits of Plaintiffs' claims, an inappropriate basis for discovery, *see id.*, as well as other issues wholly unrelated to the effect of the rule on programs in Louisiana and Florida. Defendants also object that this request might extend to internal agency communications or deliberations on implementation of the rule. Internal agency deliberations are privileged, and searching for, collecting, and reviewing such documents would be disproportionate to the needs of the case given that such a search would likely yield little to no producible information, nor would it aid in resolution of Plaintiffs' standing in this matter.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the following source that provides information related to Defendants' implementation of the IFR: FACT SHEET: Implementation of the Credible Fear and Asylum Processing Interim Final Rule, available at: https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/fact-sheet-

implementation-of-the-credible-fear-and-asylum-processing-interim-final-rule;

Asylum Merits Interview with USCIS: Processing After a Positive Credible Fear Determination, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/asylum-merits-interview-with-uscis-processing-after-a-positive-credible-fear-determination;

Asylum Processing Rule Cohort Reports, https://www.dhs.gov/immigration-statistics/special-reports/asylum-processing-rule-report#:~:text=On%20May%2031%2C%202022%2C%20the,are%20not%20are%20promptly%20removed.

Defendants will supplement this response if any additional responsive non-privileged documents are identified that can be produced.

**REQUEST FOR PRODUCTION NO. 15**

All documents related to any pause in applying the Asylum IFR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Defendants object to Request for Production No. 15 on the grounds that it is overbroad and seeks documents not relevant to this lawsuit. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in comparison to that permitted scope of discovery: all documents pertaining to "any pause in applying" the rule may include materials related only to the merits of Plaintiffs' claims, an inappropriate basis for discovery, *see id.*, as well as other issues wholly unrelated to the effect of the rule on programs in Louisiana and Florida. Defendants also object that this request might extend to internal agency communications or deliberations on implementation of the rule. Internal agency deliberations are privileged, and searching for, collecting, and reviewing such documents would be disproportionate to the needs of the case given that such a search would likely yield little to no producible information, nor would it aid in resolution of Plaintiffs' standing in this matter.

Subject to and without waiving these objections, Defendants have not identified any

5

relevant non-deliberative documents. Defendants will supplement this response if any responsive non-privileged documents are identified that can be produced.

**REQUEST FOR PRODUCTION NO. 16**

All documents you may rely on at any stage of this case, including, but not limited to, the motion-to-dismiss stage, the preliminary-injunction stage, the summary-judgment stage, trial, and/or any hearing in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Defendants object to Request for Production No. 16 on the grounds that it is overbroad and premature. The Court permitted "jurisdictional discovery" related to Plaintiffs' alleged Article III standing based on "the effect of the IFR on certain discrete programs in the states of Louisiana and Florida." ECF No. 98. This request is overbroad in comparison to that permitted scope of discovery: all documents Defendants "may rely on at any stage of this case" sweeps in many materials related only to the merits of Plaintiffs' claims, an inappropriate basis for discovery, *see id.*, as well as other issues wholly unrelated to the effect of the rule on programs in Louisiana and Florida. Further, this request is premature. The parties are not yet at advanced stages of the litigation and Defendants have not determined what all their arguments and defenses, and evidence in support thereof, will be. Pursuant to Rule 26(a), Defendants will provide documents supporting their litigation arguments (to the extent not already provided in response to Plaintiffs' many other requests), if and when Defendants determine they will use any such documents in support of their motion practice.

Subject to and without waiving these objections, Defendants anticipate that their experts will complete declarations in the coming weeks. Defendants will produce those declarations once the experts are able to finalize them, by June 16, 2023. Defendants will also supplement this response if Defendants identify other responsive non-privileged documents that can be produced.

**INTERROGATORY NO. 1[1]**

IDENTIFY each witness whose testimony you may rely on at any stage of this case, including, but not limited to, the motion-to-dismiss stage, the preliminary-injunction stage, the summary-judgment stage, trial, and/or any hearing in this case, and state the general subject matter of each witness's expected testimony.

**RESPONSE TO INTERROGATORY NO. 1**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 2**

For each count, state all grounds for your contention that Plaintiff States lack standing under Article III of the Constitution of the United States, including reference to any evidence and case law supporting that contention.

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an

---

[1] Plaintiffs improperly failed to number their requests sequentially despite having served multiple rounds of interrogatories.

interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 3**

State all grounds for your contention that Plaintiff States do not benefit from the "special solicitude" described in Massachusetts v. EPA, 549 U.S. 497 (2007), including reference to any evidence and caselaw supporting that contention.

**RESPONSE TO INTERROGATORY NO. 3**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 4**

From January 1, 2012, to the present, IDENTIFY each alien who (1) last reported an address in Louisiana or Florida; (2) received a positive credible fear determination; and (3) did not file an application for asylum, withholding of removal, or relief under the Convention Against Torture; absconded; failed to appear for a removal hearing; or was adjudged removable in absentia.

**RESPONSE TO INTERROGATORY NO. 4**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 5**

From January 2012 to the present, IDENTIFY each alien who (1) had a last reported address in Louisiana or Florida, (2) received a credible-fear interview but not a positive credible fear determination, was (3) paroled or otherwise released into the United States, and (4) did not file an application for asylum, withholding of removal, or relief under the Convention Against Torture; absconded; failed to appear for a removal hearing; or was adjudged removable in absentia.

**RESPONSE TO INTERROGATORY NO. 5**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to

this request had it been properly served.

**INTERROGATORY NO. 6**

From January 2012 through the present, IDENTIFY each alien who (1) had a last reported address in Louisiana or Florida, (2) received a positive credible fear determination, (3) applied for asylum, withholding of removal, or relief under the Convention Against Torture, and (4) was ordered removed after the claim for asylum, withholding of removal, or relief under the Convention Against Torture was denied.

**RESPONSE TO INTERROGATORY NO. 6**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 7**

IDENTIFY each alien currently not detained who (1) reports an address in Louisiana or Florida and (2) received a credible-fear interview by (a) whether the alien received a positive credible fear determination or not, (b) whether the alien was paroled or otherwise released, and (c) whether the alien has applied for asylum, withholding of removal, or relief under the Convention Against Torture, either affirmatively or defensively.

**RESPONSE TO INTERROGATORY NO. 7**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 8**

IDENTIFY each case currently pending in Louisiana or Florida in which the alien is making either an affirmative or defensive claim of asylum, withholding of removal, or relief under the Convention Against Torture.

**RESPONSE TO INTERROGATORY NO. 8**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 9**

IDENTIFY each case currently pending in Louisiana or Florida in which the alien is being processed pursuant to the Asylum IFR.

**RESPONSE TO INTERROGATORY NO. 9**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 10**

IDENTIFY each alien who (1) reports or reported an address in Louisiana and Florida and (2) was or is being processed pursuant to the Asylum IFR.

**RESPONSE TO INTERROGATORY NO. 10**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to

this request had it been properly served.

## INTERROGATORY NO. 11

IDENTIFY each alien who (1) reports or reported an address in Louisiana and Florida and (2) was paroled or otherwise released from DHS detention pursuant to the Asylum IFR.

## RESPONSE TO INTERROGATORY NO. 11

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

## INTERROGATORY NO. 12

IDENTIFY each alien who (1) reports or reported an address in Louisiana and Florida and (2) was granted asylum, withholding from removal, or protection under the Convention Against Torture pursuant to the Asylum IFR.

## RESPONSE TO INTERROGATORY NO. 12

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is

permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**INTERROGATORY NO. 12**

IDENTIFY each document that you used as a source for your answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 12**

Defendants object to this request on the grounds that it exceeds the limits in Federal Rule of Civil Procedure 33(a)(1), which limits the parties to 25 written interrogatories, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1); *see also* Local Rule 33.1 ("Each sub-part of an interrogatory shall count as an additional interrogatory."). Including discrete subparts, Plaintiffs have already served 30 Interrogatories on Defendants in previous rounds of discovery. No party is permitted to "serve on any other party more than 25 interrogatories in the aggregate without leave of court." Local Rule 33.1. Defendants do not waive the additional objections that would apply to this request had it been properly served.

**REQUEST FOR ADMISSION NO. 1**

At least one alien "with an intent to reside in or near … New Orleans, LA" has been processed pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1[2]**

Defendants object that the phrase "has been processed pursuant to the Asylum IFR" is ambiguous. Defendants thus lack sufficient information to admit or deny this request, and therefore deny.

---

[2] Plaintiffs improperly failed to number their requests sequentially despite having served multiple rounds of requests for admission.

14

**REQUEST FOR ADMISSION NO. 2**

At least one alien "with an intent to reside in or near … Miami, FL" has been processed pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Defendants object that the phrase "has been processed pursuant to the Asylum IFR" is ambiguous. Defendants admit that some noncitizens are having their claims considered under the procedures set forth in the Asylum Processing IFR by the Miami asylum office or the Miami Immigration Court.

**REQUEST FOR ADMISSION NO. 3**

At least one alien who reports an address in Louisiana has been paroled or otherwise released from DHS detention pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Defendants admit that at least one noncitizen who listed at least a temporary address in Louisiana and is having his or her claim considered under the procedures set forth in the Asylum Processing IFR has been paroled or otherwise released.

**REQUEST FOR ADMISSION NO. 4**

At least one alien who reports an address in Florida has been paroled or otherwise released from DHS detention pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

Defendants admit that at least one noncitizen who listed at least a temporary address in Florida and is having his or her claim considered under the procedures set forth in the Asylum Processing IFR has been paroled or otherwise released.

**REQUEST FOR ADMISSION NO. 5**

At least one alien minor with an address in Louisiana has been paroled or otherwise released from DHS detention pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

Deny.

**REQUEST FOR ADMISSION NO. 6**

At least one alien minor with an address in Florida has been paroled or otherwise released from DHS detention pursuant to the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

Deny

**REQUEST FOR ADMISSION NO. 7**

At least one alien who reports an address in Florida has been granted asylum, protection under the Convention Against Torture, or withholding from removal using the procedure set forth in the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Defendants admit that at least one noncitizen who listed at least a temporary address in Florida has been granted asylum, protection under the Convention Against Torture, or withholding from removal using the procedure set forth in the Asylum Processing IFR.

**REQUEST FOR ADMISSION NO. 8**

At least one alien who reports an address in Louisiana has been granted asylum, protection under the Convention Against Torture, or withholding from removal using the procedure set forth in the Asylum IFR.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Deny.

Date: May 22, 2023

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
Email: brian.c.ward@usdoj.gov