# EXHIBIT 6

## Redmon, Jordan

| | |
|---|---|
| **From:** | Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov> |
| **Sent:** | Monday, May 22, 2023 9:15 PM |
| **To:** | St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel |
| **Cc:** | Reuveni, Erez R. (CIV); Ryan, Erin T. (CIV); Fudim, Elissa P. (CIV); Darrow, Joseph A. (CIV) |
| **Subject:** | RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer |

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Scott,

Your write-up below is both inaccurate and incomplete, and your email below omits a portion of the email exchange between the parties leading up to the conferral. But as we have noted in the past when you have attempted to create an inaccurate summary of our conferrals for purposes of filing these summaries with the Court, we're under no obligation to reduce the conferral to writing, nor do we believe that going back and forth until we can create an agreed-upon email write-up of the conferral is a worthwhile use of the parties' time.

I note that we attempted to confer in good faith to try to understand how any of the information you identify below is relevant to and within the scope of the discovery the Court authorized on Article III standing based on the effects of the IFR on certain discrete programs in the states of Louisiana and Florida. In our view, Plaintiffs were unable to answer that question. And in each case we explained why we do not believe this information is relevant to the issues on which discovery has been authorized.

Nonetheless, Defendants are continuing to look into the issues we said we would follow up on during the call. We will provide additional information as soon as we are able in hopes of resolving, or at least narrowing, the areas of dispute.

Thanks,
Brian

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Monday, May 22, 2023 5:44 PM
**To:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Brian:

I write to memorialize our telephonic meet-and-confer of earlier today. Our call lasted approximately 45 minutes. You spoke on behalf of Defendants, and you were joined by Erin Ryan and Elissa Fudim. I spoke on behalf of Plaintiff States, and I was joined by my colleague Jordan Redmon.

**RFP 7, 8A, 8B**

We discussed Defendants' failure to state whether they are withholding documents or not. I noted that Defendants cross-referenced their prior production. I asked if you had inquired if training materials have changed in the intervening

1

year; you responded that Defendants are "not going to search for or produce additional training materials." I explained that would be an additional objection that requires a statement regarding withholding, and Defendants had moved to compel on the very issue of not clearly making a statement regarding withholding. You pointed to Defendants' objections regarding the relevance of these requests, and you urged the requests are "not relevant to state standing." I noted that Defendants had sought discovery of why Plaintiff States believe Asylum Officers would behave differently than Immigration Judges, and I noted these requests target that same issue. I explained that there are often differences between the text of a rule, how the agency interprets that rule in formal guidance, and what is said in trainings, and I noted we had received information to that effect. I further noted that training materials would likely include information about how the rule will affect caseloads, and I noted it was improbable that training materials had not been updated in light of nearly a year of real-world experience. Finally, I noted that the parties seem to agree that – under Fifth Circuit law – the party resisting discovery has the burden to explain lack of relevance. We then went request-by-request, and – notwithstanding my proffer -- for each you stated that "until [Plaintiff States] identify the relevance of a request … we are not going to search for responsive documents."

## Scope of Search and Categorical Privilege Assertion

I noted the absence of email from the document production and the administrative record. I generally inquired whether Defendants had searched email, but you would only respond that Defendants had performed a reasonable search.

With respect to the administrative record, you responded that Plaintiff States "have not met the standard to seek discovery into the administrative record." I explained that it doesn't pass the smell test to claim no email was part of the administrative record, and I've seen little-to-nothing about consideration of burdens on the States in the as-produced administrative record. I noted that caselaw makes clear that courts don't blind themselves to the obvious. I now direct your attention to *Dep't of Commerce v. New York*, 139 S.Ct. 2551, 2575 (2019) ("[W]e are not required to exhibit a naivete from which ordinary citizens are free.").

## Metadata and Unilateral Redactions

I noted that Defendants had taken the position that they are "entitled" to metadata, but did not appear to have produced metadata themselves. Indeed, I noted Defendants had redacted the names of document authors. With respect to the naked inconsistency, you stated that Defendants were not going to discuss their motion to compel, and you inquired into the relevance of document authors. I explained that the identity of persons with discoverable information is always relevant, and I noted that the federal rules do not authorize redactions based on irrelevance. I now direct your attention to *In re Marriott Int'l*, 2020 WL 5525043, at *1 (D. Md. Sept. 14, 2020) ("The Federal Rules of Civil Procedure do not permit a party to redact information in the documents it produces."). You stated that Defendants "did not make a blanket objection to producing metadata," to which I noted Defendants' didn't make *any* objection to producing metadata. You refused to engage on the issue unless I identified specific documents to discuss.

## Improper Privilege Assertions

I noted that Defendants had asserted the law enforcement privilege to three policy-type documents withheld by USCIS to which the law enforcement privilege doesn't apply, and that USCIS is not a law enforcement agency. You stated that Defendants "disagree on that," and urged that "policies and practices that would undermine active investigations" or allow "gam[ing] of certain decisions" are covered. You had no answer when I asked why versions of these documents had been posted to the internet by the agency or previously produced in litigation, stating only that you were "looking into that." I inquired whether you had discussed the assertion of the law-enforcement privilege with your agency clients. Notwithstanding my explanation that the general subject matter of a communication is not privileged, you stated that you were "not going to talk about … communications with the client."

## Withholding of State Specific Information

I explained that Defendants refused to produce identifying information (which would have identified aliens by residence state), then unilaterally amalgamated Florida and Louisiana data. I specifically pointed to the definition of "identify" in the Plaintiff States' document requests. Despite Defendants' having unilaterally amalgamated the data so as to reduce its utility, you stated that Defendants would not concede aliens are present in both states. You also refused to update that data.

**Misleading Statements**

With respect to the statements we identified as incorrect and misleading, you stated that "[n]o statements are incorrect in our moving papers." I expressed concern with Defendants' obligation to correct misstatements and not mislead the court.

**Inconsistent Positions**

I expressed concern with Defendants' inconsistent positions in the meet-and-confer vis-à-vis their motion to compel. I noted that the same trial team had been publicly chastised for their inconsistent positions, *Florida v. United States*, 2023 WL 2399883, at *14 n.20 (N.D. Fla. Mar. 8, 2023), and one of their pleadings was found "borderline frivolous," apparently based on, *inter alia*, their taking positions inconsistent with their own evidence and in significant tension with their agency-client's public statements, Order (Dkt. 165), *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla. May 13, 2023).

*****

I trust that this email accurately reflects our conversation. If I have inadvertently omitted anything, or if you believe this summary is in any way inaccurate, please promptly and specifically identify the error. Otherwise, we look forward to receiving your discovery responses.

Best regards,
Scott



**Joseph Scott St. John**
Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

**From:** St. John, Joseph
**Sent:** Friday, May 19, 2023 3:05 PM
**To:** 'Ward, Brian C. (CIV)' <Brian.C.Ward@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Brian:

Monday at 2pm Eastern works. Please circulate a dial-in, or a number I can reach you at.

Defendants should also be prepared to discuss:

(1) Inconsistencies between their motion to compel and their discovery responses, including Defendants' failure to state whether documents are being withheld on the basis of objections in Defendants Responses to Plaintiffs' Second Set of Requests for Production (Apr. 24, 2023).

(2) Defendants' materially incorrect statements:

  a. In their motion to compel, Dkt. 157-1 at ECF pp.5-6, Defendants state the State's counsel claimed "he does not represent those agencies. And yet, when Defendants' counsel asked whether counsel for Louisiana had even discussed the demands with the State's agencies, Plaintiffs' counsel took the position that this information was protected by the attorney-client privilege." That statement is false and misleading.

  In our April 18 meet-and-confer, as memorialized in an email later that day, Dkt. 157-7 at ECF p.3, "you inquired about our contact with other agencies. I explained that we had discussed discovery issues with various agencies, but I declined to provide details of those discussions because **they implicate work product**, and I noted that federal defendants were welcome to subpoena Louisiana agencies for relevant information." Needless to say, the attorney-client privilege and the work product doctrine are different, and the work product doctrine – which the State actually asserted – does not support the point Defendants asserted.

  b. In their reply, Dkt. 167 at 3, Defendants' state "If Plaintiffs' counsel genuinely thought Defendants were attempting to solely obtain documents from Plaintiffs' counsel, Plaintiffs could—and should—have raised that with Defendants when they obtained Defendants' discovery requests. Yet Plaintiffs did no such thing." That statement is false and misleading.

  Plaintiffs' Objection No. 2 to Specific Definitions, Dkt. 157-2 at ECF p.6, served on Defendants April 3, 2023, states: "Plaintiff States object to the definition of "You" to the extent it (a) purports to cover Plaintiff States other than Louisiana and Florida, and (b) purports to cover agencies, subdivisions, and officers other than the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs. Plaintiff States further object to the definition of "You" as vague and ambiguous to the extent it requires knowledge about agencies, offices, divisions, or departments other than the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs. Plaintiff States further object to this term as used in the Discovery Requests to the extent it purports to require them to search for or produce documents outside of the possession, custody, or control, the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs."

Best regards,
Scott

---

**From:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>
**Sent:** Friday, May 19, 2023 1:58 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Hey Scott – we can be available for a brief meet and confer limited to the issues raised in your email on Monday at 2 pm ET.

Let us know if that works for you.

Thanks,
Brian

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Thursday, May 18, 2023 7:29 PM
**To:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Brian:

(1) Please see our answers below.

(2) As you know, Defendants moved to compel on the basis that documents held by agencies other than LADOJ/FL-DLA are within those agencies' control. As we explained, that has implications for the scope of Defendants' search. You cannot deflect those consequences by stating *ipse dixit* that Defendants have "conducted a reasonable search." We are inquiring into what agencies Defendants searched.

(3) We are reviewing additional issues with Defendants discovery, and will follow-up with those in due course.

For the third time, we request a prompt meet-and-confer on these issues. Should Defendants fail to promptly make themselves available, we contemplate moving to compel and notifying the Court that you refused to confer.

Best regards,
Scott

---

**From:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>
**Sent:** Wednesday, May 10, 2023 3:19 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Hey Scott,

We have some questions we need clarification on before we can fully respond and before any meet and confer would be useful.

For your second question on our motion to compel, which specific discovery requests are you referring to? We conducted a reasonable search for relevant documents responsive to your requests and produced responses. There are no requests we refused to respond to based on agency custody. In contrast, Plaintiffs have refused to respond to

requests for information from State agencies that Plaintiffs allege form the basis of their standing to bring this case. If Plaintiffs are willing to drop those allegations and concede that their State agencies cannot establish harm, then we will drop those requests. But otherwise, we have responded to Plaintiffs' requests and believe that Plaintiffs should do the same.

For your other questions:
- Email and Metadata:
    - As to your questions on the administrative record, the record contains certifications explaining that the record contains all nonprivileged documents considered by DOJ and USCIS when developing the rule.

      ANSWER: Defendants moved to compel on the basis that categorical assertions of privilege are improper. Dkt. 157-1 at 7-8 & n.4. Having done so, Defendants cannot contend that the categorical deliberative process assertions in their certifications are proper.

    - When you refer to "Defendants' initial production" we assume you mean the thousands of pages of documents we produced on June 17, 2022? We note first that Plaintiffs have not raised any issues with that production over the last 10 months and also that Plaintiffs never responded at all to the discovery requests we served at the same time. In any case, can you let us know which specific requests you think email would be responsive to and within the scope of the discovery the Court permitted with respect to your standing to bring this case?

      ANSWER: While you may regret stipulating to withdraw Defendants' earlier discovery requests, Dkt. 76 at 1, it is misleading to say Plaintiffs did not respond to requests that you voluntarily withdrew. In any event, at least Request Nos. 7, 8a, and 8b of Plaintiffs Second RFPs (Feb. 9, 2023) would encompass email.

    - We have the same question with respect to metadata. Which of the documents are you referring to? I suspect part of the issue may be that for some of your requests for information from databases there were no documents that captured the information requested in producible form. As we noted in our responses, Rule 34 does not require us to create new documents for production. *See, e.g.*, *Marchese v. Sec'y, Dep't of the Interior*, No. 03-cv-3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004). Nonetheless, we went beyond what was required of us under the rules and created new documents to provide information from databases, and since these documents were newly created for production they may not have the same metadata as documents collected for production. In any case, let us know which specific requests you're referring to and why you think metadata is relevant to them and we will take a look.

      ANSWER: Defendants' production from 2022 includes multiple documents related to training that would be responsive to at least Request Nos. 7, 8a, and 8b of Plaintiffs Second RFPs (Feb. 9, 2023), but consistently show creation dates of Friday, June 17, 2022. In view of Defendants' position that they are "entitled" to metadata and that an objection to producing (unasked for) metadata is improper, Defendants should likewise produce metadata.

- "Improper Redactions"
    - Can you please explain how "the identity" of "persons who produced documents" is relevant to the jurisdictional discovery the Court permitted on Plaintiffs' Article III standing and the "effect of the IFR on certain discrete programs in the states of Louisiana and Florida," ECF No. 98?

      ANSWER: As we noted in our previous email, the identity of persons with discoverable information is always relevant. In any event, Defendants have taken the position that they are "entitled" to metadata is irreconcilable with redacting names form the face of a document. The Federal Rules provide no

authority for redacting factual information from responsive documents on the basis of relevance, and Defendants have not provided a privilege log establishing any basis for these redactions.

- "Missing Documents"
  - o Similar question here, can you please explain how training videos are relevant to the jurisdictional discovery the Court permitted on Plaintiffs' Article III standing? As you know, we objected to the relevance of trainings, but nonetheless produced training documents. Plaintiffs have never explained why trainings are relevant, and even if they were, why you would also need recordings of trainings. As you may be aware, collecting, reviewing for privilege, and redacting recordings can be burdensome, and Plaintiffs have provided no explanation why this is necessary for this case particularly given what we have already produced with respect to trainings.

    ANSWER: Trainings are plainly relevant to how the rule is being implemented in practice, and likely contain information about how Defendants expect the rule to impact immigration.

  - o As to the administrative record, we note the certifications discussed above, and that discovery has been authorized to address Plaintiffs' standing, not the administrative record.

    ANSWER: Documents in the administrative record may also be relevant to standing, and they fall within Plaintiffs' discovery requests vis-à-vis training documents.

- "Improper Privilege Assertions"
  - o Does your question here relate to the discovery requests from May 2022? If so, we note again that Plaintiffs did not raise any issue with those responses over the last 10 months and never responded to the requests we served on Plaintiffs at the same time.

    ANSWER: These documents are plainly responsive to Plaintiffs' Second RFPs.

  - o Can you please let us know what document has been posted online and where it is posted?

    ANSWER: A version of the Affirmative Asylum Procedures Manual is currently posted online by Defendants. (https://www.uscis.gov/sites/default/files/document/guides/AAPM-2016.pdf). We note that the "Credible Fear Procedures Manual" appears to have been produced in a previous litigation, *L.M.-M v. Cuccinelli*, 442 F. Supp. 3d 1, 12, 18 (D.D.C. 2020), and excerpts of it are publicly filed in yet another litigation, Caudill-Mirillo Dec. (Dkt. 72-2) Exh. 4, *M.M.V. v. Wolf*, No. 1:19-cv-2773 (D.D.C.).

  - o As noted in the privilege log, information was redacted or withheld to the extent it contained "information about law enforcement procedures … the disclosure of which might reveal sensitive law enforcement case handling procedures" and that could undermine national security if disclosed by risking "circumvention of the immigration, criminal, and/or anti-terrorism laws." The case you cite, *In re U.S. Dep't of Homeland Security* held that "such a privilege should have been recognized" in a case involving "law enforcement methods and techniques" particularly where "production of government documents could impact sensitive matters relating to national security." 459 F.3d at 568-69; *see also id.* n.2 (discussing "investigative techniques and sources").

    ANSWER: Defendants should be prepared to discuss the subsequent authority in *Charles*. Even if such a privilege were properly asserted, it would at-most justify redaction of specific portions of a document, not wholesale withholding.

Thanks,
Brian

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Tuesday, May 09, 2023 12:15 PM
**To:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer
**Importance:** High

Brian:

We inquired about Defendants' positions over two weeks ago, but we have yet to receive a substantive response. We note that our query last week regarding the scope of Defendants' search is purely factual, and should be known by Defendants' counsel. There is no reason for further delay.

Please provide your availability to meet-and-confer, with such meet-and-confer to be today, tomorrow, or Thursday.

Best regards,
Scott

---

**From:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>
**Sent:** Wednesday, May 3, 2023 4:23 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

*CAUTION:*  *This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Hey Scott,

We're looking into this and will respond as soon as we can.

Thanks,
Brian

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Tuesday, May 02, 2023 11:35 AM
**To:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Counsel:

(1) More than a week has passed since we emailed regarding improper discovery issues, including improper redactions, missing documents, and improper assertions of privilege. Please promptly correct these deficiencies or, at a minimum, state your position and any supporting authority.

(2) We have reviewed your motion to compel. Although we disagree with Defendants' position regarding agency control, that position has significant implications for Defendants' discovery obligations. We note the named Defendants include "the United States of America … and includes the departments and agencies thereof." Dkt. 86 Paragraph 59. In view of Defendants' position regarding agency control, please confirm that your searches have included – at a minimum -- all federal instrumentalities known to be involved in border control issues and/or issuing the Asylum Rule, specifically the White House / Executive Office of the President and the Department of Defense.

We look forward to receiving your response by COB tomorrow, May 3. Alternatively, please provide a time this week when you are available to meet and confer.

Best regards,
Scott

---

**From:** St. John, Joseph
**Sent:** Saturday, April 22, 2023 12:46 AM
**To:** 'Ward, Brian C. (CIV)'; Ryan, Erin T. (CIV); Redmon, Jordan; James Percival; Anita Patel
**Cc:** Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Counsel:

As we discussed during the parties' April 17 meet-and-confer, corrected Responses and Objections are attached.

Our discussion of Defendants' document production during that meet-and-confer prompted us to quickly re-review that document production, as well as the administrative record. That quick review reinforces our concern with Defendants' inconsistent positions vis-à-vis discovery. *See* Fed. R. Civ. P. 26(g).

**Email**: We note the absence of email from both the Administrative Record and Defendants' initial document production. Defendants' suggestion that email should be searched and logged is inconsistent with the absence of email produced from operational Defendant agencies.

**Metadata:** We note that many of the files Defendants produced not only lack metadata; the metadata appears to have been scrubbed. Defendants' suggestion that they "have a right to … metadata" is inconsistent with Defendants' failure to produce metadata and their apparent affirmative scrubbing.

**Improper Redactions:** Not only did Defendants produce documents without the metadata intact, Defendants redacted the identity the persons who produced documents or were involved in the presentation of those documents. *See, e.g.*, USA8811, USA9304, USA9309, USA9724-25. We note that the identity of persons likely to have discoverable information is itself plainly discoverable. *See* Fed. R. Civ. P. 26(a)(1)(A). We also note the inconsistency between (1) Defendants' demand for metadata, on the one hand, and (2) Defendants' redaction of discoverable identifying information appearing on the face of produced documents, on the other. And we further note that these documents appear to be responsive to RFPs 7, 8, and 8A, such that it is no defense that Defendants initially produced these documents in a prior round of discovery. Please promptly provide documents without redactions of any kind.

**Missing Documents**: Defendants' document production facially references other responsive documents that have not been produced, including at least one training video. *See* USA9724. Please promptly produce such

documents. Indeed, we are informed that trainings are recorded; all such recordings are responsive to at least RFP 7 and 8A. We also note the apparent absence from the Administrative Record of projections and planning models of migrants crossing the border. Please confirm that no such projections or modelling was performed.

**Improper Privilege Assertions**: Defendants provided a three-entry privilege log for certain USCIS procedures manuals, in each case asserting the law enforcement privilege as the basis for withholding those documents. But the law enforcement privilege is limited to "investigative files in an ongoing criminal investigation," and does not cover mere "documents or manuals containing law enforcement policies and procedures." *United States v. Charles*, 2008 WL 5172587, at *3 (W.D. La. Dec. 9, 2008). Even then, the privilege is qualified. *See, e.g.*, *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565 (5th Cir. 2006). And a prior version of at least one of those procedure manuals has been posted online. We ask that Defendants withdraw their improper assertion of the law enforcement privilege and promptly produce those documents.

Best regards,
Scott

---

**From:** Ward, Brian C. (CIV) [mailto:Brian.C.Ward@usdoj.gov]
**Sent:** Tuesday, April 18, 2023 10:15 PM
**To:** St. John, Joseph; Ryan, Erin T. (CIV); Redmon, Jordan; James Percival; Anita Patel
**Cc:** Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

*CAUTION: This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Hey Scott,

There are significant inaccuracies in your account of the meet and confer below. But I don't think it is a good use of the parties' time to rehash and attempt to fully memorialize a nearly two-hour meet and confer over email.

Thank you for providing the caselaw you believe supports your position that you are not required to search for responsive documents from State agencies and your statement at the meet and confer that you have not shared our discovery requests with the relevant State agencies, despite having had those requests for nearly nine weeks. We will take a look. You also said that, to the extent you are willing to amend any of your objections or responses to our discovery requests, you will do so this week. We will review whatever revised responses you provide this week and then decide how to proceed on whatever disputes remain outstanding at that point.

Thanks,
Brian

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Tuesday, April 18, 2023 1:12 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** [EXTERNAL] Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Meet and Confer

Counsel:

I write to memorialize today's telephonic meet-and-confer. Scott St. John and Jordan Redmon spoke on behalf of Plaintiff States; Brian Ward and Erin Ryan spoke on behalf of Defendants. The call lasted from 1:00 p.m. Central Time until approximately 2:30 p.m. Central Time.

**General Objections**

We began our conversation by discussing Plaintiff States' general objections. Defendants' position is that general objections are always improper. I noted that Defendants had similarly included a "general statement" that set forth universally applicable objections. I asked if the label was the basis of Defendants' issue, or if Defendants believed Plaintiff States should simply cut-and-paste universally applicable objections into their response to each request. I further noted that most of Plaintiff States' general objections addressed the scope of Plaintiff States' search, and that the commentary to the 2015 revision to FRCP 34 makes clear that objections setting forth the scope of a search are proper and inherently contain the requisite specificity and statement about withholding. I then quoted the commentary:

- "Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters "withheld" anything beyond the scope of the search specified in the objection."

- "An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been "withheld.""

We then turned to Plaintiff States individual General Objections.

1. Defendants stated they have no issue with General Objection No. 1 (which addresses compliance with the FRCP).

2. Plaintiff States explained that the dates in General Objection No. 2 (regarding search and logging of LADOJ and FL-DLA documents) were when litigation was reasonably foreseeable such that the work product doctrine attached. Defendants stated they were "not specifically asking for internal work product documents" and "[n]ot all the documents we seek come from inside the attorney general's office." We then explained that at least the LADOJ does not have possession, custody, or control of documents held by other agencies, and that Defendants would not search or log documents internal to Plaintiff States' law firms; such documents are categorically privileged. I asked Defendants to proffer any document internal to LADOJ or FL-DLA that would not be privileged; Defendants declined to identify any such document.

   Defendants took the position that, notwithstanding the State of Louisiana suing "by and through its attorney general" and the attorney general being separately elected from the governor (to whom operational state agencies report), documents should have been obtained from state agencies other than those associated with the attorney general. You inquired about our contact with other agencies. I explained that we had discussed discovery issues with various agencies, but I declined to provide details of those discussions because they implicate work product, and I noted that federal defendants were welcome to subpoena Louisiana agencies for relevant information. I did, however, alert you to Judge Joseph's April 4 instruction – in a discussion of this very issue -- that he be consulted before additional subpoenas are issued.

   I cautioned Defendants about the implications of the position they appear to be advancing. Under Defendants' theory, any time the United States is a litigating party, a litigant could obtain discovery of documents held by any agency. Indeed, the case would be much stronger because the United States has a unified executive, such that

USDOJ can obtain documents via an "up-and-over" through the President, in contrast to the separately elected executives in many States.

I noted that I was aware of authority supporting Louisiana's position. I now direct you to, e.g., *New York ex rel Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006). Brief research indicates that analogous rules apply in the *Brady* context, too, e.g., *United States v. Morris*, 80 F.3d 1151 (7th Cir. 1996).

3. We also discussed General Objection Nos. 11-12, related to metadata, email, etc.
   a. We first discussed the error in referencing Rule 45(e)(1). I made clear the underlying objection is to undue burden and lack of proportionality.
   b. With respect to metadata, I asked for a proffer of the relevance of metadata. Defendants simply asserted that "[e]lectronic documents should come with metadata. Anyone would have a right to … have the metadata." I noted my recollection that Defendants had not produced metadata, as well as my recollection that the administrative record was produced as documents printed to PDF without metadata. Defendants refused to engage on that point, saying they were "not going to discuss" it. I again noted the burden, noted Louisiana had similarly printed documents to PDF, and I suggested cost-shifting would be appropriate if Defendants really desired metadata. Defendants agreed to raise the issue on a document-specific basis if they believed it necessary to do so.
   c. With respect to email, I asked Defendants to proffer the relevance of searching email given the narrow scope of discovery in this case. Defendants repeatedly responded "we don't know" and "we don't know this." I accordingly asked Defendants to withdraw any request for discovery of email.

4. We discussed the date of production. I explained that – per the parties' agreement -- Plaintiff States were continuing to search and produce documents, such that we could not specify a specific date. After being lectured on Rule 34, I noted that the Defendants had similarly not provided an anticipated completion date. Mr. Ward then repeatedly refused to identify a specific date when Defendants' document production would be complete.

5. We discussed Plaintiff States' Rule 26(g) objection, which objects to discovery of data that Defendants already possess, as well as Defendants' inconsistent positions regarding discovery. I elaborated that Defendants were required to have a good-faith basis to seek discovery; Defendants' public statements generally make clear that, e.g., border flows are responsive to policy, including the likelihood of parole; and I pointed to the *Circumvention of Lawful Pathways* proposed rule, as well as published statistics indicating an increased grant rate under the Asylum Rule. Defendants disputed each of those points, and insisted they are entitled to seek discovery of the allegations in the complaint. I explained that under the circumstances, Plaintiff States viewed much of Defendants' discovery requests as unreasonably and unduly burdensome, with a strong suggestion of improper purpose.

## Specific Responses to RFPs

RFP 12: I noted that this request seeks information about "funding … from the federal government" I then asked whether Defendants seriously disputed that, e.g., education is primarily funded by the State. Mr. Ward responded that he "can't speak to that." Defendants seek discovery of whether Plaintiff States have "expenses related to certain individuals, and those expenses are not funded by the State of Louisiana." Plaintiff States agreed to take your concerns under advisement.

RFP 28, 31, 32, 33. We discussed the specific language of these requests, which targets the work product underlying Plaintiff States' complaint. I explained that Plaintiff States will produce documents that support the allegations, but that set is broader than documents underlying the complaint.

RFP 20-23, 27, 29: I pointed to Fifth Circuit law rejecting standing as being an "accounting exercise." Defendants urge that the "accounting exercise" cases are different because it's not addressing "direct offset" or "direct benefits."

Defendants want to know if costs are offset by something else. Defendants further claim that Plaintiff States "have to show that there is an increase or a change in the status" or "a change in expenditures as a result of these policies." You elaborated that "traceability requires [Plaintiff States] to show that [Plaintiff States] are funding individuals that came into the State as a result of these policies." I noted that traceability and imminence were the specific areas the Fifth Circuit has stated are relaxed under special solicitude. And I asked how, specifically, Defendants believe Plaintiff States should prove those issues; Defendants refused to do so. Defendants stated they "disagree that special solicitude applies here" and further urged that "is a question for the Supreme Court." I nevertheless agreed to take Defendants' concerns under advisement. I did, however, caution Defendants that their arguments appear foreclosed by Fifth Circuit law, and they are obligated to disclose that fact to the court if they are merely preserving points for en banc or Supreme Court review. Indeed, I noted that Defendants had recently lost on these very issues in *Florida v. United States*, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023).  With respect to standing issues, I now direct you to, e.g., *Texas v. United States (DACA)*, 50 F.4th 498 (5th Cir. 2022); *Texas v. Biden*, 20 F.4th 928 (5th Cir. 2021); and *Texas v. United States (DAPA)*, 809 F.3d 134 (5th Cir. 2015).

Identifying Documents Responsive to Which Request: When pressed on Defendants' gripe, Defendants were initially unable to identify a specific rule, and claimed that "as written," Defendants have not produced any responsive documents because Defendants have not identified specific documents in their responses. I made clear that – consistent with General Objection 1, to which Defendants took no issue, Plaintiff States will do what the federal rules require.

**RFAs**

We discussed two RFAs which Defendants objected to as "incomprehensible sentence fragment[s]." Defendants clarified what those RFAs were supposed to read; Plaintiff States agreed to provide a response.

**Verifications**

Defendants noted the absence of verifications, and acknowledged that was likely attributable to responses being provided only by LADOJ.

**Reciprocity**

Throughout our call, I expressed concern with Defendants' inconsistent positions in discovery. I explained that reciprocity – what is sauce for the goose is sauce for the gander – is a core component of discovery and is enforced via Rule 26(g). I renew that concern here.

**Next Steps**

As I stated during our call, we will get back to you by the end of the week on certain points. Defendants stated they would await our response.

*   *   *

Please promptly let me know if this email is inaccurate.

Best regards,
Scott

---

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Friday, April 14, 2023 11:11 AM
**To:** St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

*CAUTION: This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Counsel,

We are available at 2pm EST on Monday, April 17 for a meet and confer. Please let us know if this time also works for you and we can circulate a Teams link.

Thanks,
Erin

---

**From:** Ryan, Erin T. (CIV)
**Sent:** Thursday, April 13, 2023 12:55 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

Scott,

First, Defendants have produced thousands of documents in this case to date. Our administrative record was 7,271 pages, produced on June 3, 2022. Then in response to Plaintiffs' first set of discovery requests, on June 17, 2022, we produced an additional 2,477 pages of discovery which were also responsive to some of Plaintiffs' second set of discovery requests. So it is not accurate to say that Defendants entire production was a single link.

Second, in the parties' joint motion for an extension of discovery on March 21, 2023, the parties specifically stated: "The Parties anticipate providing responses and objections to the discovery requests in the next week, **but also anticipate that it will take at least another 30 days to identify, collect, review, and produce responsive documents.**" You filed your motion to compel on April 4 despite this. As we said in our meet and confer, we had additional productions to make that may address some of your issues and that a motion to compel was premature, but Plaintiffs filed anyway. We think a brief extension of the opposition to allow Defendants that time that we jointly asked for to complete our review for documents is reasonable.

Monday afternoon should work for us for a meet and confer. Let me check with the rest of the time to confirm a time. If there is a specific time that does or does not work for your side, please let us know.

Thanks,
Erin

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Thursday, April 13, 2023 1:34 AM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

Ms. Ryan:

Plaintiff States oppose both a motion to adjourn and any extension of Defendants' opposition to Plaintiffs' Motion to Compel. Before filing any such motion, we encourage Defendants to consider the following:

- Defendants received Plaintiffs' document requests over two months ago, but Defendants' entire production to date consists of a single internet link to a single publicly available document. If Defendants have responsive documents – and your email makes clear Defendants do -- those documents should be produced immediately, not used as a bargaining chip for further delay.

- Plaintiff States' motion to compel was not exhaustive –- Defendants have not produced any documents for us to review. Rather, Plaintiff States' motion to compel addresses only narrow legal issues on which Defendants are relying to support their refusal to produce relevant discovery.

With respect to the remainder of your email, I am travelling the remainder of this week. We can be available to meet-and-confer Monday afternoon. Until that meet-and-confer occurs, any claims about motion practice are speculative and not ripe.

Best regards,
Scott



**Joseph Scott St. John**
Deputy Solicitor General
Office of Attorney General Jeff Landry
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov
www.AGJeffLandry.com

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Wednesday, April 12, 2023 7:10 PM
**To:** St. John, Joseph; Redmon, Jordan; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Darrow, Joseph A. (CIV); Fudim, Elissa P. (CIV)
**Subject:** Arizona v. Garland, No. 6:22-cv-130 (W.D. La.) - Deficiency Letter

*CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Counsel,

Detailed below are a number of deficiencies in Plaintiffs' Responses to Defendants' discovery requests. We are providing this to provide Plaintiffs an opportunity to cure these issues and facilitate any necessary meet and confer.

While we are hopeful we can work through some of these issue with you, if the parties are unable to reach agreement on everything, a motion to compel may be needed.  As we think it is the most efficient use of everyone's time to have the Court hear all the ripe discovery issues at once, Defendants intend to file a motion asking to briefly adjourn the April 25 conference to permit time for potential motion practice on Plaintiffs' responses to Defendants' requests. We will also be asking for a brief extension to oppose Plaintiffs' motion to compel—as we informed you during the meet and confer, we have additional documents to produce which may render some of your issues moot.

We plan to file this motion by end of day tomorrow Thursday, April 13 so please provide us your position on both these requests by 1pm CST/2pm EST Thursday, April 13 so we may note it in our motion.

Thank you,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

_____

Defendants are in receipt of Louisiana and Florida's Responses and Objections to Defendants' First Set of Requests for Production, Interrogatories and Requests for Admissions, dated April 3, 2023.  Defendants write to inform Plaintiffs of numerous deficiencies in their responses to allow Plaintiffs an opportunity to cure these issues. If Plaintiffs do not, or will not, fix the deficient areas of their responses, a meet and confer will be required for Defendants' anticipated motion to compel.

Therefore, Defendants request that Plaintiffs correct the below deficiencies by **Monday, April 17, 2023**.  If Plaintiffs require additional time to address the below issues, Defendants are amenable to discussing an updated schedule.  If Plaintiffs do not intend to correct the deficiencies described below, please provide available dates and times for a meet and confer.

General
First, Plaintiffs improperly put forward general objections at the beginning of their responses which they then incorporate into each response, in violation of Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B). The 2015 Amendment to the Federal Rules prohibits such practice and instead requires that the grounds for objecting "must be stated with specificity." Fed. R. Civ. P. 33(b)(4); 34(b)(2)(B) (same). Putting forth such general or blanket objections without specifying the applicability of those objections to each individual request is improper and is grounds for Defendants to seek to have all of Plaintiffs' general objections waived.

Second, Plaintiffs claim certain documents are "categorically privileged" and therefore Plaintiffs will not even search for potential responsive documents, and claim preparing a privilege log is not proportional to the needs of the case. This is incorrect. Plaintiffs are still required to search for potentially responsive documents and, if withholding, properly identify those documents in a privilege log. Failure to do so does not afford Defendants the necessary opportunity to review and potentially challenge the privilege being asserted, nor does privilege alleviate Plaintiffs' burden to search for responsive documents in the first place. Defendants request that Plaintiffs conduct the necessary search for responsive documents and inform Defendants whether or not any documents are being withheld on the basis of privilege, and if necessary provide the requisite privilege log.

Likewise, in your general objections, Plaintiffs state they will only identify documents in a privilege log if the document "was created or modified prior to March 29, 2022 (when the Final Rule was published), or alternatively, April 28, 2022 (when Plaintiff States' original complaint was filed.)" Defendants request that Plaintiffs explain the basis for this unilateral limitation on the time period for these requests, and advise whether this time limit applies to all of the responsive searches Plaintiffs intend to conduct.

Third, Plaintiffs claim that they are not required to search for responsive documents or information found in "email, backup media, voicemails, PDAs, or mobile phones" pursuant to FRCP 45(e)(1).  This is wholly baseless.  As counsel should be aware, Rule 45 governs subpoenas, not discovery requests. Defendants did not

serve a subpoena on Plaintiffs; they served discovery requests and Plaintiffs have an obligation to search for electronic data that may be responsive. *See* FRCP 34(b)(2)(E).

Similarly, Plaintiffs refuse to produce metadata, again pursuant to FRCP 45(e)(1), and on the claim that it is too burdensome and costly. FRCP 34(b)(2)(E) requires that electronic documents be produced in the format in which they are kept in the usual course of business—this includes the metadata, which naturally is included in any electronic documents produced. Claiming burden and cost for not altering electronic documents before producing is unfounded. Defendants will seek Court intervention if Plaintiffs remove metadata from electronically produced documents.

Fourth, Plaintiffs make numerous objections claiming that Defendants' requests violate FRCP 26(g) "in view of Defendants' public statements." Defendants request that Plaintiffs explain the basis for this objection, as FRCP 26 does not provide a proper basis to limit or preclude Plaintiffs from conducting necessary searches for responsive documents.

Requests for Production
As an initial matter, Plaintiffs incorporated all general objections into each response, which is improper as discussed above. Additionally, in violation of FRCP 34(b)(2)(C), Plaintiffs did not say whether or not any documents were being withheld on the basis of the objections made.  This is a requirement for all responses to Requests for Production, and Defendants ask that Plaintiffs update all their responses accordingly.

Defendants also note that on April 6, 2023, Plaintiffs provided Defendants with 2,460 pages of documents. However, none of these documents are referenced in Plaintiffs' discovery responses, nor are the documents labeled to indicate which request the documents are responsive to, or if the documents are affirmative document productions by Plaintiff. By email on April 10, 2023, Defendants asked Plaintiffs to make this update to their responses so Defendants could adequately review Plaintiffs' responses for completeness. The parties have continued to discuss this issue, but to date, Plaintiffs have not provided Defendants with updated responses curing this deficiency.

Defendants also note that none of the documents provided address the alleged injury or standing of Florida; all State-specific documents provided only mention Louisiana.  Defendants request that Plaintiffs update their responses and production to provide documents responsive to Florida as well as Louisiana.

**RFPs 1-11, 13-19, 24-26, 30, 34-36** – in response to these requests, Plaintiffs first reiterate their improper general objections, and then state they will produce documents after doing a reasonable search. First, Defendants note that these requests were served on Plaintiffs on or about February 16, 2023. Plaintiffs did not respond until April 3, 2023—over six weeks later. Although Defendants granted Plaintiffs the extension to respond, it is unacceptable that Plaintiffs failed to do any searches for responsive documents during that period.

Second, Plaintiffs are required to provide a date certain by which they will update their responses to provide the responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request **or another reasonable time specified in the response**.") (emphasis added). Leaving the response open ended without a date certain is improper and Defendants ask that Plaintiffs promptly provide a date certain by which their searches for responsive documents will be complete.  Failure to provide such a date will result in Defendants seeking Court intervention.

**RFPs 12, 28, 31-33** – in response to these requests, Plaintiffs state they will conduct a responsive search for some of the documents requested, and refuse to search for others. First, selectively searching for some responsive documents and not others is improper. As to the searches Plaintiffs will conduct, the issues discussed

above also apply – Defendants request Plaintiffs provide a date certain by which their searches will be complete in accordance with the Federal Rules.

Plaintiffs also make a distinction between "documents that establish the basis for the allegations" and "documents that support the allegations." Defendants request that Plaintiffs explain the basis for this distinction. Asking for the basis for allegations of injury and standing Plaintiffs included in their Complaint is what all discovery is based upon—Plaintiffs make allegations; Defendants probe the validity of those allegations. Refusing to provide documents that show the basis for alleging injury or standing is not a valid objection.

Finally, Plaintiffs object to these requests claiming they are outside the scope of discovery, or asking for a meet and confer on the relevance, while also claiming that any documents supporting the allegation of injury in their Complaint are work product privileged. However, in response to Interrogatory No. 18, Plaintiffs detail their alleged injuries and include criminal activity in their States, unidentified individuals in their States, and fiscal injuries on the basis of education, Medicaid, TANF, and SNAP. All these injuries are the basis for RFPs 12, 28, 31, 32, and 33. Plaintiffs' objections that these requests ask for information in the possession of Defendants, is privileged, not relevant, outside the scope of discovery, and unduly burdensome are all baseless - if Plaintiffs are claiming these injuries in response to Interrogatory No. 18, then Defendants are permitted to request documents in support of those injuries. Defendants request that Plaintiffs withdraw these unfounded objections and properly respond to these requests.

**RFPs 20-23, 27, 29** – in response to these requests, Plaintiffs state they are unwilling to perform any search for responsive documents but are willing to meet and confer on the relevance of the request. Defendants request that Plaintiffs provide available dates and times for a meet and confer on these requests. (Defendants also note that Plaintiffs proposed a meet and confer on RFP 12, so that request is also included in this request.)

<u>Interrogatories</u>
First, Plaintiffs Interrogatory responses are only signed by counsel to this case, with no certification from anyone else who may have provided the necessary information to answer these Interrogatories. *See* FRCP 33(b)(5). Please advise whether this means that counsel were the people with the requisite knowledge, or if Plaintiffs intend to provide the necessary certification for the responses by a date certain.

Second, Plaintiffs make numerous objections throughout their Interrogatory responses claiming that the data or information sought is in the custody or control of Defendants. However, Defendants' requests seek data specific to residents of Florida and Louisiana which form the basis of Plaintiffs' alleged injury and standing. This is Plaintiffs' burden to show traceable injury in these specific states. Defendants request that Plaintiffs update their responses that contain this objection to actually respond with the data known to Plaintiffs that forms the basis of their claims. If Plaintiffs do not have the requisite data to respond to the requests, Plaintiffs should so state.

<u>Requests for Admission</u>
**RFA 11** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible for private insurance." Defendants request that Plaintiffs update their response based on this correction.

**RFA 12** – Plaintiffs advised they were unable to respond to this request because of a typo. The Request should properly read: "Asylees and parolees are eligible to purchase insurance on the public exchange under the Affordable Care Act." Defendants request that Plaintiffs update their response based on this correction.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited.

If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.