EXHIBIT 10



# Specialized Proceedings Before Immigration Judges

PII



*Appellate Immigration Judge*

PII



*Assistant Chief Immigration Judge*

*April 5 – 23, 2021*

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Credible Fear Review Proceedings

USA009310

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Sources of Authority



- 8 U.S.C. § 235(b)(1)(B)(iii)(II).

- 8 C.F.R. §§ 208.30, 1003.42, 1208.30(g) (2015).

- *Immigration Court Practice Manual* (ICPM) ch. 7.4(d)(iv).

- Interim Operating Policy and Procedure Memorandum (OPPM) 97-3: Procedures for Credible Fear and Claimed Status Reviews.
  - Note that neither the OPPM nor the ICPM were published pursuant to the rulemaking provisions of the Administrative Procedures Act.
  - The BIA has nevertheless suggested that the ICPM is authoritative.
    - *See Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010).

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Applicability

- Certain applicants for admission who are found inadmissible by DHS including stowaways and aliens subject to expedited removal pursuant to INA §§ 235(b)(1) and 235(a)(2), respectively.  8 C.F.R. § 208.30(a)

- DHS found no credible fear of persecution or torture.
    - Not a "significant possibility, taking into account the credibility of the statements made by alien of the alien's claim and such other facts as are known to the officer, the alien can establish eligibility for asylum . . . or for withholding of removal."  8 C.F.R. § 208.30(e)(2); DHS Lafferty Memo, Feb. 28, 2014.

- Alien requested Immigration Judge review (or refused to make an election).  8 C.F.R. § 208.30(g)(1)

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Initiation of Proceedings



- Initiated by filing a Notice of Referral to Immigration Judge, Form I-863, with the administrative "written record":
  - the report of Asylum Officer's interview including a summary of the material facts as stated by the applicant and the Officer's analysis,
  - additional facts and other materials (if any) relied upon by the Asylum Officer, and
  - the Officer's interview notes,
- 8 U.S.C. § 235(b)(1)(B)(iii)(II); 8 C.F.R. §§ 1003.42(a), 1208.30(g)(2)(ii); OPPM 97-3, p. 6.

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Proceedings

- Immigration Court procedures are specifically inapplicable: "The sole procedures for review of credible fear determinations by IJs are provided for in 1003.42."  8 C.F.R. § 1003.12.

- IJ "shall determine whether the review shall be in person, or through telephonic or video connection."  8 C.F.R. § 1003.42(c).

- Closed to the public unless the alien consents on the record or in writing.  8 C.F.R. § 1208.30(g)(2)(iii).

- Hearing is recorded.  ICPM ch. 7.4(d)(iv)(E).

USA009314

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Proceedings

- "Credible fear review proceedings should not be as in depth as a full asylum hearing."  OPPM 97-3, p. 9.

- The review "shall include an opportunity for the alien to be heard and questioned by the immigration judge." INA § 235(b)(1)(B)(iii)(III)

- Review "shall be concluded as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days after the date of the" asylum officer's finding of no credible fear.

  - INA § 235(b)(1)(B)(iii)(III)

USA009315

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Representation



- DHS representation – regulation is silent.

- Alien representation: "Alien may consult with a person or persons of the alien's choosing prior to review."  8 C.F.R. § 1003.42(c).

  - "In the discretion of the IJ, persons consulted may be present during the credible fear review. However, the alien is not represented at the credible fear review. Accordingly, persons acting on the alien's behalf are not entitled to make opening statements, call and question witnesses, conduct cross examinations, object to evidence, or make closing arguments." ICPM ch. 7.4(d)(iv)(C).

USA009316

# Credible Fear Review: Standard of Review



- 8 C.F.R. § 1003.42(d)

- *De novo* – Immigration Judge is not bound by determination of Asylum Officer but "*shall* make a de novo determination." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1965 (2020) (emphasis added).

  - Consider credibility of alien's statements in support of claim.

- Is there a "significant possibility" that the alien could establish eligibility for asylum or withholding?  8 C.F.R. § 1003.42(d)

  - Lower than the "well-founded fear" standard needed to receive asylum [and] intended to separate meritorious claims from clearly non-meritorious claims. H.R. Rep. 104-879, 107 (Jan. 2, 1997).

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Standard of Review



- The INA says that a credible fear applicant must show that there is a significant possibility" of establishing eligibility for "asylum under 8 U.S.C. § 1158" in a full asylum adjudication. 8 U.S.C. § 1225(b)(1)(B)(v).

- If BIA or Circuit case law supports an alien's claim to asylum, the immigration judge is bound to consider that case law and cannot reject it out of hand merely because it was not rendered in the credible fear context.
  - In the Ninth Circuit, using "on account of" for the withholding standard is an error of law and an automatic remand. *See Barajas-Romero v. Lynch*, 46 F.3d 351, 360 (9th Cir. 2017) (articulating the lower "because of" standard). The final order should not use "on account of" language.

USA009318

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Evidence

- The administrative "written record" from DHS. 8 U.S.C. § 1225(b)(1)(B)(iii)(II); 8 C.F.R. §§ 1003.42(a), 1208.30(g)(2)(ii); OPPM 97-3, p. 6.

- Additionally, the Immigration Judge "may receive" any oral or written statement that is material and relevant to an issue in the review.  8 C.F.R. § 1003.42(c).

- Receipt of evidence is in the discretion of the Immigration Judge,  ICPM ch. 7.4(d)(IV)(E), but alien must be given an opportunity to be heard and questioned by the immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

- Testimony of the alien shall be under oath or affirmation administered by the Immigration Judge.  8 C.F.R. § 1003.42(c).

- The immigration judge takes "into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the immigration judge."  8 C.F.R. § 1003.42(d).

# Credible Fear Review: Decision and Appeal



- If the Immigration Judge finds credible fear, vacate Asylum Officer's determination – DHS files Notice to Appear. 8 C.F.R. § 1208.30(g)(2)(iv)(B).

- If the Immigration Judge finds no credible fear, affirm Asylum Officer's determination and remand to DHS for execution of administrative removal order.  8 C.F.R. § 1208.30(g)(2)(iv)(A).

- Judges should articulate their findings on the record

- There is no right to appeal the Immigration Judge's decision to the BIA – it is administratively final.  *Id.*

  - *DHS v. Thuraissigiam*, 140 S. Ct. 1959 (2020)

USA009320

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review:
# Applicability of *Matter of A-B-*

For all credible fear review hearings conducted on or after December 19, 2018, immigration judges may not rely on the following aspects of *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) as a basis for affirming a negative credible fear determination:

- The Attorney General's statement that asylum claims pertaining to domestic violence or gang violence perpetrated by non-governmental actors generally would not meet credible fear standard. *See Matter of A-B-*, 27 I&N Dec. at 320 & n.1.

- The requirement that an alien whose credible fear claim involves non-governmental persecutors "show the government condoned the private actions or at least demonstrated a complete helplessness to protect the victim." *Matter of A-B-*, 27 I&N Dec. at 337.

  - Note: this aspect of the injunction applies to all credible fear claims "not just claims based on membership in a 'particular social group' or claims related to domestic or gang related violence."

*Grace v. Whitaker*, 344 F.Supp.3d 96 (D.D.C. 2018), affirmed in part and reversed in part *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020).

USA009321

**Board of Immigration Appeals • Office of the Chief Immigration Judge**

# Credible Fear Review: Applicability of *Matter of A-B-*



- Although an immigration judge applies a *de novo* standard when reviewing a negative credible fear determination rendered by an asylum officer, *see* 8 C.F.R. § 1003.42(d), the immigration judge should ensure that the asylum officer's decision was not based on any enjoined parts of the USCIS Memorandum.

- The immigration judge should not adopt an interpretation of *Matter of A-B-* that is inconsistent with the District Court's Order enjoining particular provisions of the USCIS Memorandum.

*Grace v. Whitaker*, 344 F.Supp.3d 96 (D.D.C. 2018), affirmed in part and reversed in part *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020).

USA009322

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Credible Fear Review: Applicability of *Matter of A-B-*



- Specifically, the Court in *Grace v. Whitaker* enjoined:
  - The USCIS Memorandum's rule that domestic violence based particular social group definitions that include "inability to leave" a relationship are impermissibly circular and therefore not cognizable in credible fear proceedings.
  - The USCIS Memorandum's requirement that, during the credible fear stage, individuals claiming credible fear must delineate or identify any particular social group in order to satisfy credible fear based on the particular social group.
  - The USCIS Memorandum's directive that asylum officers conducting credible fear interviews should apply federal circuit court case law only "to the extent that those cases are not inconsistent with *Matter of A-B-*."
  - The USCIS Memorandum's directive that asylum officers conducting credible fear interviews should apply only the case law of "the circuit where the alien is physically located during the credible fear interview."

*Grace v. Whitaker*, 344 F.Supp.3d 96 (D.D.C. 2018), affirmed in part and reversed in part *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020).

USA009323

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Questions?

USA009324

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Asylum-Only Proceedings

USA009325

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Asylum-Only: Sources of Authority

- INA §§ 208, 241(b)(3).
- 8 C.F.R. §§ 1208.2(c)(1); 1208.5(b)(1)(ii); 1208.30(g)(2)(iv)(C); 1235.8.
- ICPM ch. 7.4(g).



USA009326

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Asylum-Only: Applicability



- Stowaways found to have a credible fear of persecution or torture by an immigration officer or Immigration Judge.  8 C.F.R. §§ 1208.2(c)(1)(ii); 1208.30(g)(2)(iv)(C).

- Crewmembers (D Visa applicants) who express a fear of persecution or torture to an immigration officer.  8 C.F.R. §§ 1208.2(c)(1)(i), 1208.5(b)(1)(ii).

- Visa Waiver Program (VWP) applicants for admission and overstays who have expressed a fear of persecution or torture to an immigration officer, or who apply for asylum with DHS. 8 C.F.R. §§ 1208.2(c)(1)(iii); 1208.2(c)(1)(iv).

- Aliens who have applied for or have been admitted with an S Visa who have expressed a fear of persecution or torture to an immigration officer, or who applies for asylum with DHS.  8 C.F.R. § 1208.2(c)(1)(iv).

- Aliens administratively ordered removed by DHS pursuant to INA § 235(c)(1) on security and related grounds, and referred to an Immigration Judge by the DHS regional director.  8 C.F.R. §§ 1208.2(c)(1)(v), 1235.8.

USA009327

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Asylum-Only: Proceedings



- Initiated by filing a Notice of Referral to Immigration Judge, Form I-863.
  - 8 C.F.R. § 1208.2(c)(1).

- "The scope of review . . . shall be limited to a determination of whether the alien is eligible for asylum or withholding or deferral of removal, and whether asylum shall be granted in the exercise of discretion." 8 C.F.R. § 1208.2(c)(3)(i).

- Asylum-only proceedings are "conducted in accordance with the same rules of procedure as proceedings conducted under 8 C.F.R. part 1240, subpart A," except that "all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief."  8 C.F.R. § 1208.2(c)(3)(i).

USA009328

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Asylum-Only: Representation



- DHS may be represented.
  - 8 C.F.R. § 1003.16(a).
- Alien may be represented by an attorney or other representative at no expense to the government.
  - 8 C.F.R. § 1003.16(b).

Board of Immigration Appeals • Office of the Chief Immigration Judge

# Asylum-Only: Standard of Review and Evidence



- The same burdens of proof regarding applications for asylum or withholding of removal applicable in removal proceedings apply.  8 C.F.R. §§ 1208.2(c)(3)(i); 1240.8(d).

- The same evidentiary rules applicable to removal proceedings apply.  8 C.F.R. §§ 1208.2(c)(3)(i); 1240.7.

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Asylum-Only: Decision and Appeal

- The parties have the same right to appeal as in removal proceedings.
  - 8 C.F.R. §§ 1208.2(c)(3)(i); 1240.15.

USA009331

Board of Immigration Appeals • Office of the Chief Immigration Judge



# Questions?

USA009332

Board of Immigration Appeals • Office of the Chief Immigration Judge