UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, *et al.*, | )<br>)<br>) |
| *Plaintiffs,* | )<br>) |
| v. | ) Civil Action No. 6:22-cv-01130 |
| | ) |
| MERRICK GARLAND,<br>in his official capacity as Attorney<br>General of the United States, *et al.*, | )<br>)<br>)<br>) |
| *Defendants.* | )<br>) |

**PROTECTIVE ORDER**

## I.     PURPOSE AND LIMITATION

8 C.F.R. §§ 208.6, 1208.6 provide that information contained in or pertaining to applications for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT") is subject to confidentiality and third-party disclosure restrictions. Discovery in this action involves the production of such information. Further, identifying information contained in an individual's alien file (A-file) may be protected by applicable federal laws, such as: the Privacy Act of 1974, 5 U.S.C. § 552a; 8 U.S.C. § 1367, which protects any and all information that relates to the beneficiary of a Violence Against Women Act (VAWA) self-petitioner, a U non-immigrant status petition, or a T non-immigrant status application.

As a result, this protective order is entered into between the States of Florida and Louisiana and the Defendants in this litigation at the Court's direction. *See* ECF No. 170. The purpose of this protective order is to facilitate the production by Defendants to Plaintiffs' counsel for the States of Florida and Louisiana the names, dates of birth, address in the United States, and alien number of those noncitizens granted asylum pursuant to the processes set forth in the March 29, 2022 interim final rule ("IFR") recorded at 87 Fed. Reg. 18078 who provided Defendants a most recent address in either the States of Florida or Louisiana.

## II.    DEFINITIONS

A. <u>Action</u> – *Arizona, et al. v. Garland, et al.*, Case No. 6:22-cv-01130 (W.D. La.).
B. <u>Agency Counsel</u> – attorneys who are employees of an agency, department, or office that is within the States of Florida or Louisiana. Agency Counsel does not include Counsel of Record or any other outside counsel.
C. <u>Counsel</u> – Counsel of Record and Agency Counsel (as well as their support staff) for the States of Florida and Louisiana and specifically excluding counsel for other Plaintiff States in this litigation.
D. <u>Counsel of Record</u> – attorneys who represent or advise the Plaintiff States of Florida and Louisiana and have appeared in this Action on behalf of those two States.
E. <u>Expert</u> – a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.
F. <u>Personal Identifying Information (PII)</u> – the name, date of birth, address, and alien

    registration number (A-number), or any combination thereof, of those noncitizens subject to the Court's order of May 24, 2023.

G. <u>Protected Material</u> – any document or discovery material from a Producing Party that includes PII or is otherwise confidential or protected under federal law, state law, or any other rule or regulation and is thus designated as "CONFIDENTIAL – Produced Subject to Protective Order – Do Not Disclose pursuant to Protective Order."

H. <u>Non-Party</u> – any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I. <u>Party</u> – any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

J. <u>Producing Party</u> – a Party or Non-Party that produces Protected Material in this action.

K. <u>Receiving Party</u> – a Party that receives Protected Material from a Producing Party.

L. <u>State Agencies</u> – any agency operating within the States of Florida or Louisiana including but not limited to the Department of Education, the Department of Corrections, the Department of Children and Families, etc.

### III.  SCOPE

    The protections and procedures conferred by this Protective Order cover not only the PII of noncitizens to be disclosed by the Defendants but also (1) any documents or information obtained from Defendants' production, either directly or indirectly that meets the definition of Protected Material; and (2) any testimony, conversations, or presentations by either Party or their Counsel that might reveal the PII.

### IV.  DURATION

    Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect unless this court otherwise directs. The Parties and any other person(s) or entity subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over such parties for the purpose of enforcing this Protective Order.

## V. DESIGNATING PROTECTED MATERIAL

The parties agree that written materials to be protected shall be designated as such by marking each document therein as "Confidential – Produced Subject to Protective Order – Do Not Disclose pursuant to Protective Order." The parties also agree to protect any information derived directly or indirectly from Defendants' production, regardless of markings, if the information meets the definition of Protected Materials or PII.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

A. **Basic Principles** – Nothing in this Protective Order shall prohibit the Defendants or their legal counsel from using or disclosing the Protected Material as Defendants or their legal counsel would otherwise be authorized to do by statute or regulation absent entry of the Protective Order.

B. **Meet And Confer** – Prior to filing any motion or application before the Court to enforce this Protective Order, the moving party shall notify all other Parties in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

C. **Disclosure of Protected Material** – Unless otherwise ordered by the Court, the Protected Material may be disclosed by Counsel of Record only to the persons and entities identified below:

   1. Counsel of Record who are actively engaged in the Action, including their associates, clerks, paralegals, in-house investigators, litigation support contractors and such other regular employees who assist counsel in connection with this Action;

   2. Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters and stenographic personnel in connection with the Action, in accordance with the terms of this Protective Order, including the provisions governing filing of Protected Material;

   3. The individuals and entities described below, provided that, in advance of disclosure, each reads this Protective Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A:

      a. Florida and Louisiana's Agency Counsel;

      b. Any designated arbiter or mediator who is assigned to hear this matter;

    c. Any expert or consultant retained by Counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in this Action;

    d. Actual and potential deposition or trial witnesses in this Action (including use in connection with the preparation of said witnesses); and

    e. Any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

4. Counsel of Record will be responsible for informing any person to whom he/she disseminates the Protected Material that such information is subject to this Protective Order, is confidential, and that such Protected Material may not be used in any manner except for this litigation.

5. Proof of each written agreement provided for under paragraph VI.C.3 shall be preserved by each of the Parties for the duration of the Protective Order and be turned over to the other Parties if ordered to do so by the Court.

D. **Use Of Information Subject To Protective Order** – Use of the Protected Material subject to this Protective Order shall be restricted to use in this litigation for the limited purpose of jurisdictional discovery and shall not be used by anyone subject to the terms of this Protective Order, for any purpose outside of this litigation or any other proceeding between the Parties. Nothing in this Protective Order shall preclude any party from investigating or reporting evidence of child abuse or criminal misconduct, provided that five days' notice is given to the opposing party and this Court.

E. **Filing Protected Material** – No party may publicly file with the Court in this action any filing containing Protected Material subject to this Protective Order. A Party may include the Protected Material subject to this Protective Order in a Court filing or other Court presentation only in this Action, and only if the Party applies to file the material under seal and permission is granted by the Court in this Action.

VII. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party or Agency Counsel receives a subpoena, public records request, or other compulsory process (hereinafter "requesting document") from a non-party to this Protective

Order, seeking production or other disclosure of Protected Material subject to this Protective Order, then that person or entity shall give electronic notice to the Producing Party, along with a copy of the requesting document, withing five days of receipt or, in the case of a public records request, within three days of notice to Counsel if this occurs more than five days after receipt .of the requesting document. If the Producing Party seeks a protective order or other similar remedy within five (5) business days of receiving such notice, then the individual or entity to which the requesting document was issued or served shall not produce the Protected Material called for prior to receiving a court order unless ordered to do so by another court. In the event that such Protected Material is produced to the non-party, such material shall still be treated as Protected Material pursuant to this Protective Order by those non-parties.

### VIII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, they, or a person or entity to whom they have disclosed the Protected Material in accordance with this Protective Order, has further disclosed the Protected Material to any person or entity or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

1. immediately notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains information subject to this Protective Order;

2. immediately make all reasonable efforts to obtain the return of the Protected Material and to prevent further unauthorized disclosure of the Protected Material, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A;" and

3. Within five (5) business days notify counsel for the Producing Party of the identity of the person(s) or entity to whom the unauthorized disclosure was made, what specific information was disclosed, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Material that was the subject of unauthorized disclosure.

IX.    **MISCELLANEOUS**

A. Enforceability Upon Signing – By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

B. Right to Assert Other Objections – Nothing herein shall be construed to affect in any way the evidentiary admissibility of Protected Material or other documents or information that may be obtained therefrom at any proceeding related to this Action.

C. Qualified Protective Order - This Order constitutes a Qualified Protective Order pursuant to 45 C.F.R. 164.512(e)(1)

D. Any disclosures of educational records shall be made in compliance with the Family Educational Rights and Privacy Act (FERPA) and its implementing regulations.

E. Information provided by or for applicants for assistance held by the State of Florida Department of Children and Families, Louisiana Department of Health or Louisiana Department of Children and Family Services is confidential under federal and state law as follows: Supplemental Nutrition Assistance Program is confidential under pursuant to 7 CFR 272.1(c), Medicaid information is confidential under 42 CFR 431.300-431.306, and Florida's TCA is statutorily exempt from disclosure under Florida Statute, sections 414.106, 414.295, and 445.007. By virtue of this Protective Order, the Court has been informed of these provisions and determines that the interest of justice in this case requires the disclosure of certain applicants' confidential information within the limits provided by this Protective Order.

X.    **FINAL DISPOSITION**

Ninety days after the conclusion of the Action (defined as the exhaustion of all appeals by any Party to the Action), any Party, Counsel or Agency who received Protected Material subject to this Protective Order must take reasonable steps to sequester or destroy the Protected Material. The parties reserve their rights to move at the conclusion of this litigation for a Court-order compelling the destruction of Protected Material. Counsel may retain that counsel's work product materials and their file copies of all expert reports, papers filed with the Court, correspondence, transcripts, or deposition or trial exhibits. Any such work product materials or papers shall continue to be treated pursuant to the terms of this Protective Order.

Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials should be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: June 23, 2023

    BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

BRIAN WARD
*Senior Litigation Counsel*

/s/ Elissa Fudim
Elissa P. Fudim

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

*Counsel for Defendants*

**JEFF LANDRY**
  **ATTORNEY GENERAL OF LOUISIANA**

By: /s/ *Joseph Scott St. John*

ELIZABETH B. MURRILL (La #20685)
  Solicitor General
JOSEPH S. ST. JOHN (La #36682)
  Deputy Solicitor General
JORDAN B. REDMON (La #37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 485-2458
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

**ASHLEY MOODY**
  **ATTORNEY GENERAL OF FLORIDA**

By: /s/ James H. Percival

JAMES H. PERCIVAL*
  Chief of Staff
OFFICE OF THE FLORIDA
ATTORNEY GENERAL
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300
james.percival@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

**IT IS SO ORDERED**

Dated: June 26, 2023

_____
Honorable DAVID C. JOSEPH
United States District Court Judge