UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 6:22-cv-1130 |
| | ) |
| MERRICK GARLAND, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION FOR A STATUS CONFERENCE AND
AN EXTENSION OF TIME TO COMPLETE DISCOVERY**

Defendants respectfully request that the Court schedule a status conference to address discovery issues that have arisen between the parties, and an extension of the October 25 deadline to complete depositions, to a date to be determined at the status conference.[1] Defendants also ask for a corresponding extension of the November 8 deadline for Defendants to file a Rule 12 motion. Plaintiff State of Louisiana does not consent to the request for an extension but does consent to the Court scheduling a status conference. Plaintiff State of Louisiana requests that any status conference be held on the record. Defendants respectfully request that the status conference be held by videoconference or telephone.

By way of background, the parties attended a conference on May 24, 2023 to discuss their respective motions to compel and outstanding paper discovery. ECF No. 170. Following that conference, the parties exchanged Court ordered discovery and conferred about outstanding issues. With most of those issues resolved and responsive data produced, on August 18, 2023, Defendants served 30(b)(6) deposition notices on Plaintiffs. Exhibit A, Email from Erin Ryan dated August

---

[1] Defendants believe the outcome of the status conference, specifically as it relates to Plaintiffs' position on agency depositions, will determine how much time the parties will require to complete depositions.

18, 2023. In the deposition notices, Defendants did not select specific dates to allow Plaintiffs to first select witnesses and obtain their schedules, and then intended for the parties to confer on mutually agreeable dates for the depositions. *Id.* Defendants also sent over the deposition notices in two forms: individual notices for each State agency, and a combined notice to the State of Louisiana with sub-categories for each agency. *Id.* Defendants asked Plaintiffs to advise which version was preferred by the State and its agencies, and the other version would be withdrawn. *Id.*[2]

In response, Plaintiff State of Louisiana stated that to the extent witnesses are produced for 30(b)(6) depositions, "that witness's testimony is limited to information known or reasonably available to the Office of Attorney General Jeff Landry and the Louisiana Department of Justice. Fed. R. Civ. P. 30(b)(6)." Exhibit B, Plaintiff State of Louisiana's Responses and Objections, at 2; *see also* Exhibit D, email from Joseph St. John dated October 12, 2023.[3] Plaintiff's position is that the State agencies are not parties to the case and therefore their depositions cannot be noticed. Exhibit D, Email from Joseph St. John dated September 18, 2023. Plaintiff also offered to produce witnesses only to authenticate documents produced during discovery, but not the content of those documents. Ex. B at 10-14, 17-18, 22-24.

This position is in direct violation of the Court's previous rulings that the State agencies are part of the State, and if the State is going to base its harm and standing on State agencies, then those agencies must take part in discovery. *See* Transcript from May 24, 2023 Conference at 34:24-35:4 ("My broad view is that Attorney Generals of the plaintiff states, specifically, with respect to standing, if they allege the state are being harmed, then those parts of the state government, which the agencies are parts of the state government that are alleged are harmed are subject to party

---

[2] Defendants followed up on this again by email on October 10, 2023. Exhibit C.
[3] Defendants have included this entire email chain for context, although these are not all the emails exchanged by the parties. Exhibit D, Email from Erin Ryan dated October 16, 2023 (detailing all communications between the parties).

2

discovery, not third-party discovery. Hard stop."); 35:12 ("Agencies are part of the State of Louisiana, period.").

Defendants do not believe a meaningful meet and confer on the individual deposition topics and the scope of the testimony—which Plaintiff has requested before deponents are identified—can take place until Plaintiff State of Louisiana confirms it will produce deponents from the State agencies who can speak to the substance of the agency documents produced during discovery.[4] And until deponents are identified, availability cannot be determined so the depositions cannot be scheduled, hence Defendants' request for an extension of the deadline to complete discovery once this issue is resolved.

Therefore, Defendants request that the Court schedule a telephonic or videoconference status conference to discuss discovery issues that have arisen between the parties, an extension of the October 25 deadline to complete depositions, and a corresponding extension of the November 8 deadline for Defendants to file a Rule 12 motion.

Date: October 18, 2023                              Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    *Principal Deputy Assistant Attorney General*

                                                    WILLIAM C. PEACHEY
                                                    *Director*
                                                    Office of Immigration Litigation
                                                    District Court Section

                                                    EREZ REUVENI
                                                    *Assistant Director*

                                                    BRIAN C. WARD
                                                    *Senior Litigation Counsel*

---

[4] As the parties have not had a meet and confer, Defendants do not believe any disputes on the individual deposition topics and the scope of the testimony are ripe for the Court's attention. If the parties are unable to reach agreements on these issues, Defendants anticipate they will file motions to compel in the proper course to bring any remaining issues to the Court's attention.

        ELISSA P. FUDIM
*Trial Attorney*

        */s/ Erin T. Ryan*
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

        By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division