| | |
|---|---|
| **From:** | St. John, Joseph |
| **To:** | Ryan, Erin T. (CIV); James Percival; Anita Patel |
| **Cc:** | Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Fudim, Elissa P. (CIV); Redmon, Jordan |
| **Subject:** | [EXTERNAL] RE: AO Rule - Deposition Notices |
| **Date:** | Tuesday, October 17, 2023 3:56:52 PM |

Erin:

To be clear: you noted the approaching discovery deadline; you asked us to provide our witness's availability by last Friday; and you did so without noting any limitations as to availability. We provided dates within the discovery period, and we did so by the deadline you requested. We have made these witnesses available for deposition; Defendants have declined to take those depositions.

Best regards,
Scott

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Tuesday, October 17, 2023 2:43 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

**CAUTION:** *This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

Scott,

The first time you mentioned having an interest in deposing Defendants' expert was at 11pm on October 12. Demanding that an expert witness be prepped and produced for a deposition within less than a week of your first inquiry is unreasonable. So to be clear – we will produce Prof Clemens for a deposition once we resolve these issues with scheduling and the depositions deadline with the Court at a mutually agreeable date that provides everyone sufficient time to prepare – you, us, and the witness. To be proactive, we will be asking Prof Clemens for his full availability for the months of November and December so whenever things are resolved with the Court, we will immediately be able to start scheduling depositions and blocking out dates on our calendar. As I'm sure you can foresee, with the upcoming holidays, scheduling will get even more difficult so we want to be prepared and ensure these depositions are able to proceed in accordance with everyone's personal holiday plans.

We would ask that you provide the same courtesy with your witnesses, and seek their full availability for the upcoming months. With this many potential depositions and the number of attorneys involved, there are a lot of schedules to accommodate so please provide more than just one date that your witnesses are available.

As to Mr. Scott and Mr. Arthur, as I stated, defense counsel is not available Oct 23-25. By the time you provided those dates on Oct 12, those days had already been taken by other commitments that cannot be moved. We would ask that you obtain your witnesses' availability for November and December so we can move to scheduling once we resolve things with the Court. Also, given their locations, we see no issue with doing the depositions virtually, if that impacts their (or your) availability. Please let us know if you would prefer us to contact Mr. Scott directly or if you would like to facilitate that.

We will note your position regarding the status conference being on the record in our letter.

Erin

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Monday, October 16, 2023 10:48 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** [EXTERNAL] RE: AO Rule - Deposition Notices

Erin:

We understand that your lengthy email is intended to be an exhibit for your letter to the Court. The situation, however, is straight forward. As your email acknowledges, Defendants sat on our 30(b)(6) objections for nearly a month. One of those objections was to proceeding with a deposition without a meet and confer, which Rule 30(b)(6) expressly requires. With respect to experts, we provided dates when Mr. Scott and Mr. Arthur are available. As we previously stated, Mr. Scott is available on Monday, October 23. In response to your query: we understand Mr. Scott is located outside Oklahoma City, and his telephone is 619-840-6587; we do not know his address. Mr. Arthur is available on Tuesday October 24 and Wednesday October 25. In response to your query, he is located near Charlotte, North Carolina. **Please confirm by COB tomorrow, October 17, whether you intend to take Mr. Scott's and Mr. Arthur's depositions as offered, as well as whether those depositions will be in-person or virtual, so that we can make any necessary travel arrangements.**

With respect to Professor Clemens, you feign surprise that we would ask for dates when he is available. You then state you "will reach out to Prof. Clemens about his availability *in the next few months*, but [you] will not providing that today [*sic*] nor will the deposition be able to take place before October 25." It's surprising that Defendants would refuse to even provide their expert's availability after demanding to depose our experts. It's even more surprising that Defendants are apparently refusing to produce their expert without consulting with him about his availability, then suggesting his (unknown) availability is "months" away. If Professor Clemens's schedule is limited, we can work with you to take his deposition Thursday, Friday, Saturday, next Tuesday, or next Wednesday (whichever day Mr. Arthur is not being deposed). **Please definitively let us know**

**whether or not Defendants will offer Mr. Clemens for deposition before the close of discovery, as well as his availability, by COB tomorrow, October 17, so that we can make arrangements**. Please note, however, that if Defendants refuse to make Prof. Clemens available for deposition before the close of discovery, we will move to bar Defendants from introducing any testimony by him.

Regarding your request for a status conference, the State does not object. The State does, however, request that any status conference be on-record.

Best regards,
Scott

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Monday, October 16, 2023 2:30 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

**CAUTION:** This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Scott,

Let's be clear on the timeline so far: Defendants sent their depositions notices on August 18, as well as a question about whether we wanted to extend the deadlines. We sent the notices in two different forms because we were unsure what Plaintiffs' preference was, and invited a discussion to determine the best path forward regarding dates, format of the depositions, and deponents. We got no response. We then followed up on August 22 asking about the extension. You responded on August 23 agreeing to the extension and saying you would "be in touch about dates." We had no further responses from you, so we followed up against on September 11 asking for your deponents and their availability. Your response on September 12 was the first time you informed us you would be objecting "in due course" and that deponents and dates could be provided after those objections were resolved, but that you objected to any depositions being done prior to the September 25 deadline for expert reports. On September 15, we told you that we don't have an issue waiting to do depositions until after the expert reports were exchanged, but that we wanted to discuss dates to get them on the calendar and ensure we can complete all the depositions before the October 25 deadline.

Plaintiffs sent their objections on September 18. In these objections, for the first time, Plaintiffs informed Defendants that they would not be producing witnesses from the state agencies, and that any deponents will only speak to information known to the AG's office. The parties then exchanged expert reports on October 25. On October 6, Defendants informed Plaintiffs that they anticipate serving expert deposition notices and asked for the experts' locations (to determine if the deps

should be virtual or in person) and their availability. On October 10 we advised that we were working through your objections (many of which could have been resolved if Plaintiffs had taken Defendants up on their invitation to discuss back in August) but again asked for the identity of your deponents and availability so we could start comparing calendars. We also asked for confirmation on Plaintiffs' position regarding the format of the deposition notices – whether you preferred individual notices to the different agencies (like your co-Plaintiff Florida prefers) or if you wanted a single notice to the State of Louisiana with all the deposition topics included, because this had never been addressed by you. We advised that we may need to seek Court intervention if we did not hear from you with the information needed to schedule the depositions.  We got no response.

Therefore, we emailed against on October 12 and advised that there were some overarching issues that needed to be addressed before we could get into the specific objections to individual topics. Your response is below. Your below email is also the first time you indicated any intention to depose Defendants' expert witness and demanded that his availability be provided within 1 business day.  We will reach out to Prof. Clemens about his availability in the next few months, but we will not providing that today nor will the deposition be able to take place before October 25.

We also asked for a few dates for your experts and you provided one date for Mr. Scott (Oct 23), and two dates for Mr. Arthur (Oct 24 or 25). None of the dates you provided – all of which are early next week – work for us due to previously scheduled commitments. We require additional dates they can be available, and we ask again that you tell us their location, not their preference, so we can determine whether the deposition can be held in-person or virtually. We will, of course, endeavor to take their preference into account but if they're located here in DC, in-person may make more sense. If, as you say in your email, that Mr. Scott is a non-party so you are only reaching out to him as a "courtesy" (even though you noticed him as your expert) then please provide his contact information pursuant to Rule 26 and we will reach out to him directly to facilitate this.

We have had issues and concerns with your objections since you sent them on September 18, but we have been working on crafting a response and determining a path forward. It has always been Defendants' intention to work with you to find mutually agreeable dates and reserve those since everyone's calendars fill up quickly, and then have meaningful meet and confers on the individual dep topics in order to narrow the depositions before you had to start prepping your witnesses. This was the approach we took with your co-Plaintiff, Florida, last year, and it worked well.

However, if Plaintiffs' position is that there should be no 30(b)(6) depositions because you have already produced data and documents, Defendants disagree. 30(b)(6) depositions are routine, especially in a case like this, and it is not improper for Defendants to seek deponents to speak to the data, answer questions that data raises, and provide necessary context for some of the documents Plaintiff provided. In any deposition a party can confront a witness with documents produced during discovery and ask questions. This case is no different.

The parties clearly disagree about the relationship between the State and its agencies, and the Court's previous rulings on this issue, so we think having a status conference to discuss it with the Court would be the most efficient path forward. We will file a letter asking for the conference, as well asking for an extension of the deposition deadline to resolve all these issues and make sure the

parties are on the same page. We will file this letter by Wednesday, October 18 – you previously indicated that you do not consent to an extension of the deposition deadline, so please let us know Louisiana's position regarding the request for a status conference. Additionally, if there are any dates that work best for you (or do not work for you) for the conference to be scheduled for, please let us know and we'd be happy to include that in our filing.

Thanks,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

---

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Friday, October 13, 2023 5:47 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** [EXTERNAL] RE: AO Rule - Deposition Notices

Mr. Scott confirmed his availability for Monday, October 23.

Mr. Arthur is available on October 24 or 25.

---

**From:** St. John, Joseph
**Sent:** Thursday, October 12, 2023 10:47 PM
**To:** 'Ryan, Erin T. (CIV)' <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

Erin:

We are deeply troubled by your email. Louisiana timely served its responses and objections to Defendants' 94 deposition topics nearly a month ago, on September 18. Earlier this week and

notwithstanding the State's objections, you demanded the State provide dates when its witnesses are available for deposition, and you did so without mentioning any concern with those objections. You now reverse course, apparently having just now read Louisiana's month-old objections.

*First*, with respect to LDPSC: As you allude, the Court ordered Plaintiffs "to apprise the Defendants of the factual bases – including the relevant states and agencies thereof – on which they seek to establish Article III standing." Dkt. 91. Plaintiffs responded by identifying "discrete programs in the states of Louisiana and Florida" at a hearing attended by Mr. Ward. Dkt. 98. LDPSC was not one of the programs so-identified. Discovery targeting LDPSC is accordingly improper and beyond the scope of discovery authorized by the Court. *See* Fed. R. Civ. P. 26(b).

*Second*, during the in-chambers status conference on May 24, the Court noted that pending Supreme Court cases would likely impact this case. As Louisiana's objections note, one of those cases, *Biden v. Nebraska*, 143 S. Ct. 2355, 2365-68, 2386-91 (2023), significantly clarified the applicable law. Suffice it to say that MOHELA was a state instrumentality not controlled by the Missouri Attorney General, but that was no barrier to the Supreme Court holding that Missouri had standing. In this case, unlike in *Missouri*, relevant agencies are cooperating with the Louisiana Attorney General and the Louisiana Department of Justice. But, just as in *Missouri*, the Attorney General does not control those agencies. In any event, your concerns are at this point hypothetical.

*Third*, regarding your proffered rationale for seeking 30(b)(6) testimony: Much of the data (and, for many topics, in far more complete form) is already in Defendants' possession. Indeed, it is literally in databases maintained by USDOJ and USDHS. Defendants inexplicably never produced that data and/or objected to its relevance, but now seek to gin up a dispute in the remaining few days of discovery. Burdening Louisiana with 94 30(b)(6) topics to "better understand and probe … data and information" that is already in Defendants' possession is per se an undue burdensome and abusive.

*Fourth*, we decline your invitation to extend discovery.

With respect to your earlier request for deposition dates: Although Chief Scott is a non-party, as a courtesy, we reached out to him to ascertain his availability. He preliminarily responded that he is available on October 23, although his availability depends on the form of the deposition due to his travel commitments. I will follow up with Mr. Arthur's availability tomorrow, although my initial discussion with him raised similar concerns with travel, *i.e.*, he has more availability for a video deposition than in-person testimony.

On a related note, please let us know by Monday Mr. Clemens's availability for deposition.

Best regards,
Scott

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Thursday, October 12, 2023 2:31 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; James Percival

<James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

**CAUTION:** This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Scott,

I think there are two overarching things we need to address before we can get into a detailed meet and confer on the individual dep topics:

First, Plaintiff maintains that the Court only authorized limited discovery, and it appears Plaintiff is fully refusing to provide testimony regarding LDPSC. Our understand is that Plaintiff told the Court in a status conference that it was only going to show standing based on certain agencies that did not include LDPSC, but I don't believe we have that in writing. Plaintiffs' complaint still references injuries asserted on the basis of criminal activity by, and detention of, noncitizens. If Plaintiffs are willing to stipulate that they are not asserting injuries on those topics any longer, we can withdraw those deposition topics.

Second, your objections state: "Louisiana is willing to meet and confer regarding appropriate topics, but it will not produce a witness on any topics until such meet and confer occurs." However, in the next sentence, it states: "To the Louisiana does produce a witness, that witness's testimony is limited to information known or reasonably available to the Office of Attorney General Jeff Landry and the Louisiana Department of Justice. Fed. R. Civ. P. 30(b)(6)."

It's Defendants' position that a meaningful meet and confer cannot happen until the second objection is cleared up. The Court stated numerous times at our last conference that agencies are considered part of the state for the purposes of asserting injury, so Plaintiff cannot refuse to produce deponents from those agencies to speak to the information and documents provided by those agencies. Limiting the testimony only to information known to the AG's office is not in line with the Court's orders at the last conference. This similarly goes to the objections Plaintiff makes to some topics saying "Subject to the foregoing objections, Louisiana produce a witness on the authenticity of documents it produced." We do not need a deponent to authenticate the documents; we need a deponent who can speak to the content of the documents so we can better understand and probe the data and information that was produced in those documents. We believe that person has to come from the agencies.

I don't know that we can resolve this issue with a meet and confer – I think both sides are aware of where the other stands on the relationship between the state and the agencies – so what Defendants propose is to ask for a status conference to discuss this, and once we get a ruling from the judge as to which deponents Plaintiff should provide and that scope of that testimony, we can meet and confer on individual dep topics where there is disagreement before those depositions take

place.

If this is acceptable for Plaintiffs, we can write up a joint status letter to the Court asking for this. In addition, given that we are still working through this, I think we need to also ask for an extension of the deposition deadline. We can put both in the same letter.

Finally, just a follow up on the location and availability of your expert witnesses so we can get those notices out and the deps on the calendar.

Thanks,
Erin

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Monday, September 18, 2023 11:36 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** [EXTERNAL] RE: AO Rule - Deposition Notices

Please see the attached responses and objections.

As your email implies, LDOE, LDH, LDCFS, and LDPSC are distinct agencies, are not parties to this case, and are not represented by the Louisiana Department of Justice in connection with this matter. Accordingly, their depositions cannot be noticed.

Best regards,
Scott

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Friday, August 18, 2023 3:18 PM
**To:** St. John, Joseph; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Fudim, Elissa P. (CIV)
**Subject:** AO Rule - Deposition Notices

**CAUTION:** This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Scott and Jimmy,

Attached, please find 30(b)(6) deposition notices for the State of Louisiana and some of its agencies. A few notes: as there has been some confusion and disagreement in the past about the relationship between the state and its agencies, we included the same topics from the agency notices in the notice of the state of Louisiana. If the standalone notices for the agency are preferred, we can amend the notice to the state to remove those duplicate topics. We just included them in this

format to cover both bases, but are open to discussing which way will be best for you to reach out to the agencies regarding witnesses.

We also include a notice for Louisiana's Department of Public Safety and Corrections to the extent those are injuries you are still planning to rely on to show standing. From some of your previous emails, you seemed to indicate that standing would be based on the Departments of Health, Education, and Children and Families, but the second amended complaint still contains a number of allegations related to public safety and corrections. If Louisiana is withdrawing their reliance on standing based on those injuries, we can withdraw the deposition notice.

We also left the deposition dates blank so we can find mutually agreeable dates that work for all counsel and your witnesses. We understand you will need time to talk with the agencies, determine who they are designating, and then check their schedules before you can agree to specific dates, so we are open to discussing dates once you have done that. However, to facilitate that, we will need to get an extension of the discovery deadline. Please let us know early next week how much time you think you will need to do all that, and a rough estimate of when you think we can schedule the depositions for, so we can determine the length of the extension we need. Off the top of my head, I assume we're talking about at least 2-3 months, but please let us know.

Finally, these notices are currently only for Louisiana. We understand there will be arguments made as to Florida's standing as well, and we are still evaluating whether we need depositions of Florida witnesses as well. We will let you know within the next week or two.

Thanks,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or

duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to [postmaster@ag.state.la.us](postmaster@ag.state.la.us).

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to [postmaster@ag.state.la.us](postmaster@ag.state.la.us).

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.