# EXHIBIT 2

# St. John, Joseph

| | |
|---|---|
| **From:** | St. John, Joseph |
| **Sent:** | Friday, October 13, 2023 4:47 PM |
| **To:** | 'Ryan, Erin T. (CIV)'; 'James Percival'; 'Anita Patel' |
| **Cc:** | 'Ward, Brian C. (CIV)'; 'Reuveni, Erez R. (CIV)'; 'Fudim, Elissa P. (CIV)'; Redmon, Jordan |
| **Subject:** | RE: AO Rule - Deposition Notices |

Mr. Scott confirmed his availability for Monday, October 23.

Mr. Arthur is available on October 24 or 25.

---

**From:** St. John, Joseph
**Sent:** Thursday, October 12, 2023 10:47 PM
**To:** 'Ryan, Erin T. (CIV)' <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

Erin:

We are deeply troubled by your email. Louisiana timely served its responses and objections to Defendants' 94 deposition topics nearly a month ago, on September 18. Earlier this week and notwithstanding the State's objections, you demanded the State provide dates when its witnesses are available for deposition, and you did so without mentioning any concern with those objections. You now reverse course, apparently having just now read Louisiana's month-old objections.

*First*, with respect to LDPSC: As you allude, the Court ordered Plaintiffs "to apprise the Defendants of the factual bases – including the relevant states and agencies thereof – on which they seek to establish Article III standing." Dkt. 91. Plaintiffs responded by identifying "discrete programs in the states of Louisiana and Florida" at a hearing attended by Mr. Ward. Dkt. 98. LDPSC was not one of the programs so-identified. Discovery targeting LDPSC is accordingly improper and beyond the scope of discovery authorized by the Court. *See* Fed. R. Civ. P. 26(b).

*Second*, during the in-chambers status conference on May 24, the Court noted that pending Supreme Court cases would likely impact this case. As Louisiana's objections note, one of those cases, *Biden v. Nebraska*, 143 S. Ct. 2355, 2365-68, 2386-91 (2023), significantly clarified the applicable law. Suffice it to say that MOHELA was a state instrumentality not controlled by the Missouri Attorney General, but that was no barrier to the Supreme Court holding that Missouri had standing. In this case, unlike in *Missouri*, relevant agencies are cooperating with the Louisiana Attorney General and the Louisiana Department of Justice. But, just as in *Missouri*, the Attorney General does not control those agencies. In any event, your concerns are at this point hypothetical.

*Third*, regarding your proffered rationale for seeking 30(b)(6) testimony: Much of the data (and, for many topics, in far more complete form) is already in Defendants' possession. Indeed, it is literally in databases maintained by USDOJ and USDHS. Defendants inexplicably never produced that data and/or objected to its relevance, but now seek to gin up a dispute in the remaining few days of discovery. Burdening Louisiana with 94 30(b)(6) topics to "better understand and probe … data and information" that is already in Defendants' possession is per se an undue burdensome and abusive.

*Fourth*, we decline your invitation to extend discovery.

1

With respect to your earlier request for deposition dates: Although Chief Scott is a non-party, as a courtesy, we reached out to him to ascertain his availability. He preliminarily responded that he is available on October 23, although his availability depends on the form of the deposition due to his travel commitments. I will follow up with Mr. Arthur's availability tomorrow, although my initial discussion with him raised similar concerns with travel, *i.e.*, he has more availability for a video deposition than in-person testimony.

On a related note, please let us know by Monday Mr. Clemens's availability for deposition.

Best regards,
Scott

---

**From:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
**Sent:** Thursday, October 12, 2023 2:31 PM
**To:** St. John, Joseph <StJohnJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** RE: AO Rule - Deposition Notices

**CAUTION:** This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Scott,

I think there are two overarching things we need to address before we can get into a detailed meet and confer on the individual dep topics:

First, Plaintiff maintains that the Court only authorized limited discovery, and it appears Plaintiff is fully refusing to provide testimony regarding LDPSC. Our understand is that Plaintiff told the Court in a status conference that it was only going to show standing based on certain agencies that did not include LDPSC, but I don't believe we have that in writing. Plaintiffs' complaint still references injuries asserted on the basis of criminal activity by, and detention of, noncitizens. If Plaintiffs are willing to stipulate that they are not asserting injuries on those topics any longer, we can withdraw those deposition topics.

Second, your objections state: "Louisiana is willing to meet and confer regarding appropriate topics, but it will not produce a witness on any topics until such meet and confer occurs." However, in the next sentence, it states: "To the Louisiana does produce a witness, that witness's testimony is limited to information known or reasonably available to the Office of Attorney General Jeff Landry and the Louisiana Department of Justice. Fed. R. Civ. P. 30(b)(6)."

It's Defendants' position that a meaningful meet and confer cannot happen until the second objection is cleared up. The Court stated numerous times at our last conference that agencies are considered part of the state for the purposes of asserting injury, so Plaintiff cannot refuse to produce deponents from those agencies to speak to the information and documents provided by those agencies. Limiting the testimony only to information known to the AG's office is not in line with the Court's orders at the last conference. This similarly goes to the objections Plaintiff makes to some topics saying "Subject to the foregoing objections, Louisiana produce a witness on the authenticity of documents it produced." We do not need a deponent to authenticate the documents; we need a deponent who can speak to the content of the documents so we can better understand and probe the data and information that was produced in those documents. We believe that person has to come from the agencies.

I don't know that we can resolve this issue with a meet and confer – I think both sides are aware of where the other stands on the relationship between the state and the agencies – so what Defendants propose is to ask for a status conference to discuss this, and once we get a ruling from the judge as to which deponents Plaintiff should provide and

2

that scope of that testimony, we can meet and confer on individual dep topics where there is disagreement before those depositions take place.

If this is acceptable for Plaintiffs, we can write up a joint status letter to the Court asking for this. In addition, given that we are still working through this, I think we need to also ask for an extension of the deposition deadline. We can put both in the same letter.

Finally, just a follow up on the location and availability of your expert witnesses so we can get those notices out and the deps on the calendar.

Thanks,
Erin

**From:** St. John, Joseph <StJohnJ@ag.louisiana.gov>
**Sent:** Monday, September 18, 2023 11:36 PM
**To:** Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
**Cc:** Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>
**Subject:** [EXTERNAL] RE: AO Rule - Deposition Notices

Please see the attached responses and objections.

As your email implies, LDOE, LDH, LDCFS, and LDPSC are distinct agencies, are not parties to this case, and are not represented by the Louisiana Department of Justice in connection with this matter. Accordingly, their depositions cannot be noticed.

Best regards,
Scott

**From:** Ryan, Erin T. (CIV) [mailto:Erin.T.Ryan@usdoj.gov]
**Sent:** Friday, August 18, 2023 3:18 PM
**To:** St. John, Joseph; James Percival; Anita Patel
**Cc:** Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Fudim, Elissa P. (CIV)
**Subject:** AO Rule - Deposition Notices

**CAUTION:** This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Scott and Jimmy,

Attached, please find 30(b)(6) deposition notices for the State of Louisiana and some of its agencies. A few notes: as there has been some confusion and disagreement in the past about the relationship between the state and its agencies, we included the same topics from the agency notices in the notice of the state of Louisiana. If the standalone notices for the agency are preferred, we can amend the notice to the state to remove those duplicate topics. We just included them in this format to cover both bases, but are open to discussing which way will be best for you to reach out to the agencies regarding witnesses.

We also include a notice for Louisiana's Department of Public Safety and Corrections to the extent those are injuries you are still planning to rely on to show standing. From some of your previous emails, you seemed to indicate that standing would be based on the Departments of Health, Education, and Children and Families, but the second amended

complaint still contains a number of allegations related to public safety and corrections. If Louisiana is withdrawing their reliance on standing based on those injuries, we can withdraw the deposition notice.

We also left the deposition dates blank so we can find mutually agreeable dates that work for all counsel and your witnesses. We understand you will need time to talk with the agencies, determine who they are designating, and then check their schedules before you can agree to specific dates, so we are open to discussing dates once you have done that. However, to facilitate that, we will need to get an extension of the discovery deadline. Please let us know early next week how much time you think you will need to do all that, and a rough estimate of when you think we can schedule the depositions for, so we can determine the length of the extension we need. Off the top of my head, I assume we're talking about at least 2-3 months, but please let us know.

Finally, these notices are currently only for Louisiana. We understand there will be arguments made as to Florida's standing as well, and we are still evaluating whether we need depositions of Florida witnesses as well. We will let you know within the next week or two.

Thanks,

Erin Ryan
Trial Attorney
U.S. Department of Justice – Civil Division
Office of Immigration Litigation – District Courts Section
Post Office Box 868 | Ben Franklin Station | Washington, D.C. 20044
erin.t.ryan@usdoj.gov | C:  202-532-5802

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.