# EXHIBIT 9



**U.S. Citizenship and Immigration Services**

MENU

Home  >  Humanitarian  >  Refugees and Asylum  >  Asylum  >  FACT SHEET: Implementation of the Credible Fear and Asylum Processing Interim Final Rule

# FACT SHEET: Implementation of the Credible Fear and Asylum Processing Interim Final Rule

On May 31, 2022, the Department of Homeland Security (DHS) and Department of Justice (DOJ) began implementing a rule to ensure that those subject to expedited removal who are eligible for asylum are granted relief quickly while those who are not are promptly removed. Due to existing immigration court backlogs prior to the rule, the process for hearing and deciding these asylum cases frequently took several years on average. By establishing a process for the efficient and thorough review of asylum claims, the rule aims to reduce existing immigration court backlogs and shorten the process to several months.

**Interim Final Rule**

The March 2022 interim final rule (IFR) titled "Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers" (sometimes referred to as the Asylum Officer Rule or Asylum Processing Rule) authorizes U.S. Citizenship and Immigration Services (USCIS) to consider the asylum applications of certain individuals subject to expedited removal who establish a fear of persecution or torture during their required credible fear screening. Prior to the rule, such cases were decided exclusively by immigration judges (IJs) within the Department of Justice's (DOJ's) Executive Office for Immigration Review (EOIR).

Due to existing immigration court backlogs prior to the rule, the process for hearing and deciding these asylum cases frequently took several years on average. Through a gradual process, and when fully implemented, the rule will shorten the administrative process from several years to several months. Individuals who qualify for asylum will receive protection more swiftly, and those who are not eligible will be promptly removed rather than remaining in the United States for years while their cases are pending.

**Scope**

Individuals who are placed into expedited removal proceedings after May 31, 2022, are potentially subject to this process. Specifically, as noted in the IFR, the rule "applies prospectively and only to adults and families who are placed in expedited removal proceedings and indicate an intention to apply for asylum, a fear of persecution or torture, or a fear of return to their home country, after the rule's effective date." The rule does not apply to unaccompanied children.

**Phased Implementation**

Implementation is taking place in a phased manner. It will grow as USCIS builds operational capacity over time.

**Locations**

As of mid-October 2023, certain non-detained family units residing in or near one of the AMI cities listed below will be placed into the AMI process following a positive credible fear of persecution determination.

There are currently nine cities where AMIs take place, including: Annandale, VA/Washington, D.C.; Boston, MA; Chicago, IL; Los Angeles, CA; Miami, FL; New Orleans, LA; New York, NY; Newark, NJ; and San Francisco, CA. These cities have been chosen in part because each has robust legal orientation programs (LOPs) available for applicants to access as they prepare for AMIs with USCIS and potential additional proceedings before EOIR in cases where USCIS does not grant asylum.

Previously, detained single adults in certain detention facilities were being referred for the AMI process after receiving a positive credible fear determination. At this time, new referrals include certain non-detained families who meet other parameters, as described further below.

**Processing and Phased Implementation**

Referral for an Asylum Merits Interview (AMI): During the initial stage of phased implementation (June 2022 to April 2023), individuals who were placed in expedited removal proceedings, received a positive credible fear determination, and whom ICE determined that it was appropriate to release, were referred to USCIS for a non-adversarial AMI. The individual must have indicated an intent to reside in or near one of the destination cities where AMIs take place during phased implementation (Annandale, VA/Washington, D.C.; Boston, MA; Chicago, IL; Los Angeles, CA; Miami, FL; New Orleans, LA; New York, NY; Newark, NJ; or San Francisco, CA).

Beginning in mid-October 2023, certain non-detained family units in family expedited removal management (FERM) will be scheduled for AMIs following a positive credible fear of persecution determination if they reside in or near one of the AMI jurisdictions listed above. USCIS will use its discretion to place certain FERM cases in AMI, including those cases where an adult principal applicant received a positive credible fear of persecution determination (i.e., there is a significant possibility the adult principal applicant can establish eligibility for asylum during an AMI).

Noncitizens are notified they are being placed into the AMI process when they are served with their positive credible fear determination. The record of the positive credible fear determination constitutes the asylum application, and the service date of the positive credible fear determination is the filing date of the asylum application. The AMI takes place no earlier than 21 days and no later than 45 days after the positive credible fear determination, absent exigent circumstances.

Noncitizens who are not in detention are placed in alternatives to detention (ATD) as necessary to ensure compliance with their reporting, interview, and hearing obligations.

Individuals have until 7 days (if submitting in person) or 10 days (if submitting by mail) before the AMI to amend or correct the record resulting from the credible fear interview and submit additional evidence. If an individual fails to appear at the AMI, appropriate enforcement action will be taken.

If USCIS finds the individual qualifies for asylum, USCIS grants asylum. The individual and all eligible dependents on the case receive a grant letter informing them of applicable benefits and related procedures.

**Streamlined Removal Proceedings:** If USCIS does not grant asylum, the agency refers the case (including the principal applicant and all dependents) to EOIR for streamlined removal proceedings under Section

240 of the Immigration and Nationality Act. The asylum officer includes an assessment as to whether the principal applicant demonstrated eligibility for statutory withholding of removal or protections under CAT based on the evidence presented before USCIS, in addition to an independent basis determination (IBD) for all dependents as to whether the dependent demonstrated a significant possibility of establishing past or future harm that could form an independent basis for asylum, statutory withholding of removal, or protections under CAT.

The dockets for these proceedings are available in the immigration courts with jurisdiction over the cities listed above. During these proceedings, the immigration judge will review the noncitizen's asylum application and supporting evidence *de novo* and determine whether asylum should be granted.

In instances where USCIS does not grant asylum, the asylum officer includes in the decision a determination whether the principal applicant demonstrated eligibility for statutory withholding of removal or protections under CAT based solely on the evidence presented before USCIS. For family cases, the asylum officer includes an independent basis determination (IBD) for each dependent as to whether there is a significant possibility that the dependent suffered or fears harm that could form an independent basis for asylum, statutory withholding of removal, or protections under CAT. Once the principal applicant is in removal proceedings, if the immigration judge decides not to grant asylum and issues a final removal order, the immigration judge gives effect to the USCIS asylum officer's determination that the individual is eligible for withholding of removal or CAT protection unless DHS presents additional evidence before EOIR showing the principal applicant is not eligible for such relief or protection.

If the asylum officer did not find the individual eligible for statutory withholding of removal or protection under CAT, the immigration judge reviews those claims *de novo*. Additionally, for family cases, where the immigration judge does not grant asylum to the principal applicant, the immigration judge reviews the IBD issued by USCIS for each dependent and performs a *de novo* review of the asylum, statutory withholding of removal, and CAT claims of each dependent. If the immigration judge concludes that the individual is ineligible for relief or protection, the immigration judge issues a final removal order, and the individual and family members, if applicable, are promptly removed from the United States.

Last Reviewed/Updated: 10/17/2023