EXHIBIT 1

**St. John, Joseph**

| | |
|---|---|
| **From:** | Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov> |
| **Sent:** | Tuesday, October 31, 2023 9:25 AM |
| **To:** | St. John, Joseph |
| **Cc:** | James Percival; Anita Patel; Ward, Brian C. (CIV); Reuveni, Erez R. (CIV); Fudim, Elissa P. (CIV); Redmon, Jordan; Darrow, Joseph A. (CIV) |
| **Subject:** | Re: [EXTERNAL] RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry |

CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.

Scott,

I did not intend my email to be a complete summary of our call, merely the takeaways and the one point that I wanted to make sure was clear, since your continued interruptions during the call made me unsure if you fully heard or understood what I was saying.

Your summary below is incomplete and, at parts, inaccurate.

Erin

> On Oct 31, 2023, at 1:19 AM, St. John, Joseph <StJohnJ@ag.louisiana.gov> wrote:
>
> Erin:
>
> Thanks for your email. Unfortunately, I don't think it fully captures what transpired on the call.
>
> 1. With respect to discovery targeting the Louisiana Department of Public Safety and Corrections, you acknowledged that Defendants' understanding was that Louisiana would not be asserting injury based on that agency, but said Defendants didn't have that point in writing, so Defendants went ahead and issued discovery. I expressed concern that the parties had an entire series of status conferences with the Court addressing this very issue; Defendants had asserted this same point as an objection; and I queried whether Defendants' objection or Defendants' discovery requests were improper.  You claimed that Defendants were merely seeking confirmation that they properly understood Louisiana's position. I explained that the time for such a query was before Defendants issued improper discovery--and a senior Louisiana attorney spent hours responding to that improper discovery--such that Defendants' conduct appeared to violate Rule 26(g). I asked Defendants to withdraw that discovery outright. I made clear that Defendants did not intend to demonstrate standing based on DPSC-related injuries, but Louisiana reserved the right to seek appropriate sanctions for the discovery violation. You then stated Defendants were withdrawing all DPSC-related topics, as well as State Topics 16-21.
>
> 2. You next raised Louisiana's objection limiting testimony to information known to the Office of the Attorney General. You acknowledged that the relevant Louisiana agencies were cooperating. I explained that the Attorney General does not have legal or practical control over agencies that report to the Governor, but the Attorney General has reached out to those agencies and sought their cooperation. I again emphasized that those agencies were cooperating to educate a witness, but the witness would be testifying on behalf of the Office of the Attorney General.
>
> 3. I raised a more fundamental question regarding Defendants' deposition topics: what is Defendants' good faith basis for believing the State does not have standing? I explained that the State would not wade through documents and put

up a witness for a fishing expedition, and the Defendants needed to explain why they need additional discovery. You responded that Defendants "have a right to explore that ... just like we would in any other case, with any other injury, any other plaintiff." I noted that when Defendants sought pre-answer discovery, Louisiana had raised a grave concern that the Defendants lacked a Rule 11 basis for a 12(b)(1) motion, and if Defendants are seeking discovery just "to explore documents that [Louisiana] produced," that concern is manifest. I further noted that many of the documents Louisiana produced have legal effect: "A State budget... that's the law. We have an obligation under Plyer v. Doe to educate children of immigrants." Continuing that example, I asked if Defendants were "contending the State does not spend education dollars on either asylee children or children of asylees or asylum applicants?" You responded that Defendants believe "you can't show the injury and trace it back to this policy." I then asked "why you need a line by line discussion of documents?" Your response was a dodge: "Just like we would in every other case.... We have a right to kind of probe the contents of those documents." I responded that "what you've just told me is that [Defendants are] on a fishing expedition." You again pointed to generics, responded that "just like a personal injury lawsuit .... We get to depose you, show me where do you think this shows your injury.... What about this, what about that.... We have a right to depose those agencies.... It's just like any other discovery in any other case."

>

> 4. I asked if you had contacted the U.S. Department of Education to see if they have audited Louisiana's data. You responded "why would I do that?" I asked if you had contacted Health and Human Services "to see if they have audited, or have possession of spending numbers from Louisiana?" You refused to answer. I again asked "have you reached out to federal Medicaid agencies to look at their information from Louisiana?"  You responded that "you are alleging injuries, we have a right to do depositions, who else we reached out to of our own clients ... has no impact on that." I again asked, "have you reached out to HHS for their data on Louisiana." You refused, stating "I'm not doing this. That's not the point of this meet and confer." I pointed to Judge Joseph's ruling from earlier this year. I noted we disagreed with that ruling, but Judge Joseph made clear that the Federal Government has a unitary executive. Referencing Rule 26, I explained that the text of the Federal Rules precludes you from seeking discovery from Louisiana if you haven't looked at your own data. I elaborated: "We go back to the question of do you have a Rule 11 basis for asserting we don't have standing." I explained that "one of the items for discovery, and for a mandatory protective order, is whether its available from some other source that's easier and at less cost.... You had an obligation to reach out to you own agencies .... before burdening the State of Louisiana with 94 topics."

>

> 5. We briefly touched on depositions. I explained that the State's position was that it offered its experts during the discovery period; Defendants declined to take their depositions; and discovery is now closed. You stated that you have Prof. Clemens's availability for November and December. I noted that we had asked for his deposition during the discovery period. I further noted that, if depositions go forward, Louisiana intends to notice depositions of certain federal employees. I concluded by noting that the State has the burden to prove standing, Defendants have had ten months to poke holes in that, but I've heard nothing but the federal defendants "want to explore...."

>

> 6. I asked if there were any topics Defendants wanted to back off of, noting that "94 topics is facially absurd." You said you might be able to pare down some, depending on Judge Joseph's ruling next week. I explained that the State is here to meet and confer; the Court ordered us to meet and confer; and "this is Defendants' show." You said you believe "this is a fruitless endeavor."

>

> 7. By way of example, I pointed to Topic No. 1: "the number of asylees who have established residence in Louisiana." I inquired why Louisiana should put up a witness on that, and if Defendants reached out to their own data people. You stated you would not go through topics like Topic No. 1 where Louisiana had indicated a willingness to produce a witness on. I noted that Louisiana had reserved the right to seek a protective order in toto, and I again asked if "federal Defendants looked at their own data to try to ascertain the number of asylees who have established residence in Louisiana before issuing this deposition notice?" You deflected, responding "it is [Louisiana's] burden to establish standing." I pointed to Dkt. 192, and I explained that "Judge Joseph ordered [Defendants] to describe 'the specific purpose for each outstanding discovery request.' I have asked you about Topic No. 1, did you reach out to your own agencies, did you look at your own databases, and you're refusing to answer that question." You stated that "the question of whether we reached out to our own data people is not the relevant question here for going through the

purpose of the topics." I disagreed, explaining that it goes to whether the data is available from a less burdensome, less costly source. You insisted that Louisiana should have this information merely because it was the Plaintiff.
>
> 8. You conceded that Defendants had served broad deposition topics, claiming Defendants did not want to "play the what-if game."
>
> 9. I once again emphasized "it's your show. Jordan and I are here, we'll meet and confer on what you want to meet and confer about."
>
> 10.  We discussed headers, as you mention below.
>
> Best regards,
> Scott
>
> -----Original Message-----
> From: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
> Sent: Monday, October 30, 2023 3:42 PM
> To: St. John, Joseph <StJohnJ@ag.louisiana.gov>
> Cc: James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Hi Scott,
>
> Following up on the end of our call, we will exchange portions for the filing at 12pm CST Thursday, each side will be able to make edits and changes, and we will re-exchange at 12pm CST on Friday to be filed that day. I will create the document to contain each portion. The topics we agreed on are:
>
> 1. Whether depositions should happen at all, and what the scope of those depositions should be (this will included discussion of Nebraska, the relationship between the AG's office and the agencies, Rule 26, and whether deponents will speak on behalf of the agencies or the AG's office) 2. Experts - this will be split into a section for Defendants' expert and Plaintiffs' experts
>
> Please let us know if you would like the first topic should be split into sub-headers, and if so, what they would be. We will do the same as we begin to write our section.
>
> The parties discussed all the above topics during the meet and confer. Of note, and to make sure our position is clear: Defendants declined to go through each individual deposition topic during the meet and confer today, including topics that Plaintiffs already said they would produce a witness for, because it is Defendants' position that the parties have a fundamental disagreement as to what the scope of the depositions would be, should the Court permit them to proceed, i.e. - whether the deponents will speak to knowledge known to, and documents produced by the agency, or whether the deponents will only speak to knowledge known to the AG's Office. Defendants did not think it would be a good use of the parties' time until that central question is decided by the Court, because the question of relevance for these topics will all turn on who the deponent is speaking on behalf of. Defendants offered to continue the meet and confer on individual topics, if necessary, or to revisit topics, once the Court made its ruling regarding the scope of the testimony and the relationship between the agencies and the AG's office.
>

3

> Regarding the deposition topics for the Dept of Public Safety and Corrections, based on your representation in the call today that Plaintiffs will not be asserting injuries related to that agency to assert standing, we are withdrawing those topics as we said we would in our original Aug 18 email. With regards to State Topics 15, 17, 18, 19, 20, 21, which all deal with allegations in the Amended Complaint related to crime committed by noncitizens, based on your representation that these are not injuries Plaintiffs will use to establish standing, we will also withdraw those topics.

>
> Thanks,
> Erin
>
> -----Original Message-----
> From: St. John, Joseph <StJohnJ@ag.louisiana.gov>
> Sent: Monday, October 30, 2023 3:25 PM
> To: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
> Cc: James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
> Subject: [EXTERNAL] RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> Erin: Your conference system went to an operator message and won't reconnect. You can reach me directly at 225-485-2458.
>
> -----Original Message-----
> From: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
> Sent: Monday, October 30, 2023 2:10 PM
> To: St. John, Joseph <StJohnJ@ag.louisiana.gov>
> Cc: James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Scott - we seem to have lost you in the meeting. Are you calling back in?
>
> -----Original Message-----
> From: St. John, Joseph <StJohnJ@ag.louisiana.gov>
> Sent: Wednesday, October 25, 2023 4:29 PM
> To: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov>
> Cc: James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>; Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
> Subject: [EXTERNAL] Re: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> Yes. Monday at 3pm eastern works.
>
> On Oct 25, 2023, at 3:08 PM, Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov> wrote:
>

> CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments unless you recognize the sender and know the content is safe.
>
> Hi Scott,
>
> Just following up on this. I want to make sure we have the meet and confer on our calendars so it doesn't slip and we don't lose the window of availability.  Does Monday at 3pm work for you?
>
> Thanks,
> Erin
>
> From: Ryan, Erin T. (CIV)
> Sent: Tuesday, October 24, 2023 6:47 PM
> To: St. John, Joseph <StJohnJ@ag.louisiana.gov>; James Percival <James.Percival@myfloridalegal.com>; Anita Patel <Anita.Patel@myfloridalegal.com>
> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov>; Redmon, Jordan <RedmonJ@ag.louisiana.gov>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> The first sentence should read "Thursday doesn't look easily* doable." Apologies for the typo.
>
> From: Ryan, Erin T. (CIV)
> Sent: Tuesday, October 24, 2023 6:46 PM
> To: 'St. John, Joseph' <StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>>; 'James Percival' <James.Percival@myfloridalegal.com<mailto:James.Percival@myfloridalegal.com>>; 'Anita Patel' <Anita.Patel@myfloridalegal.com<mailto:Anita.Patel@myfloridalegal.com>>
> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov<mailto:Brian.C.Ward@usdoj.gov>>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov<mailto:Erez.R.Reuveni@usdoj.gov>>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov<mailto:Elissa.P.Fudim@usdoj.gov>>; 'Redmon, Jordan' <RedmonJ@ag.louisiana.gov<mailto:RedmonJ@ag.louisiana.gov>>; Darrow, Joseph A. (CIV) <Joseph.A.Darrow@usdoj.gov<mailto:Joseph.A.Darrow@usdoj.gov>>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> Scott,
>
> Talking to the team, Thursday doesn't look easy doable. Are you ok with Monday? I would propose 3pm EST?
>
> If that works, I can circulate a Teams link, and to keep our time efficient, I can send a list of topics this week to see if there's anything we knock off the list before our conferral.
>
> Thanks,
> Erin
>
> From: Ryan, Erin T. (CIV)
> Sent: Tuesday, October 24, 2023 5:25 PM
> To: St. John, Joseph <StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>>; James Percival <James.Percival@myfloridalegal.com<mailto:James.Percival@myfloridalegal.com>>; Anita Patel <Anita.Patel@myfloridalegal.com<mailto:Anita.Patel@myfloridalegal.com>>
> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov<mailto:Brian.C.Ward@usdoj.gov>>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov<mailto:Erez.R.Reuveni@usdoj.gov>>; Fudim, Elissa P. (CIV) <Elissa.P.Fudim@usdoj.gov<mailto:Elissa.P.Fudim@usdoj.gov>>; Redmon, Jordan

<RedmonJ@ag.louisiana.gov<mailto:RedmonJ@ag.louisiana.gov>>; Darrow, Joseph A. (CIV)
<Joseph.A.Darrow@usdoj.gov<mailto:Joseph.A.Darrow@usdoj.gov>>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> Scott,
>
> Thursday might be tight for us – we have office training all week – but let me check with everyone and compare
schedules to see if we can find a chunk of time. In the alternative, would Monday afternoon work? It will give us less
time on the joint filing next week, which is why I was aiming to schedule this week, but perhaps we can try to narrow
things by email ahead of time.
>
> Erin
>
> From: St. John, Joseph <StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>>
> Sent: Tuesday, October 24, 2023 5:14 PM
> To: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov<mailto:Erin.T.Ryan@usdoj.gov>>; James Percival
<James.Percival@myfloridalegal.com<mailto:James.Percival@myfloridalegal.com>>; Anita Patel
<Anita.Patel@myfloridalegal.com<mailto:Anita.Patel@myfloridalegal.com>>
> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov<mailto:Brian.C.Ward@usdoj.gov>>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov<mailto:Erez.R.Reuveni@usdoj.gov>>; Fudim, Elissa P. (CIV)
<Elissa.P.Fudim@usdoj.gov<mailto:Elissa.P.Fudim@usdoj.gov>>; Redmon, Jordan
<RedmonJ@ag.louisiana.gov<mailto:RedmonJ@ag.louisiana.gov>>; Darrow, Joseph A. (CIV)
<Joseph.A.Darrow@usdoj.gov<mailto:Joseph.A.Darrow@usdoj.gov>>
> Subject: [EXTERNAL] RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> Erin:
>
> We are generally available Thursday, but have an obligation all day Friday.
>
> Best regards,
> Scott
>
> From: Ryan, Erin T. (CIV) <Erin.T.Ryan@usdoj.gov<mailto:Erin.T.Ryan@usdoj.gov>>
> Sent: Tuesday, October 24, 2023 3:03 PM
> To: St. John, Joseph <StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>>; James Percival
<James.Percival@myfloridalegal.com<mailto:James.Percival@myfloridalegal.com>>; Anita Patel
<Anita.Patel@myfloridalegal.com<mailto:Anita.Patel@myfloridalegal.com>>
> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov<mailto:Brian.C.Ward@usdoj.gov>>; Reuveni, Erez R. (CIV)
<Erez.R.Reuveni@usdoj.gov<mailto:Erez.R.Reuveni@usdoj.gov>>; Fudim, Elissa P. (CIV)
<Elissa.P.Fudim@usdoj.gov<mailto:Elissa.P.Fudim@usdoj.gov>>; Redmon, Jordan
<RedmonJ@ag.louisiana.gov<mailto:RedmonJ@ag.louisiana.gov>>; Darrow, Joseph A. (CIV)
<Joseph.A.Darrow@usdoj.gov<mailto:Joseph.A.Darrow@usdoj.gov>>
> Subject: RE: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry
>
> CAUTION:  This email originated outside of Louisiana Department of Justice.  Do not click links or open attachments
unless you recognize the sender and know the content is safe.
> We are available Friday afternoon if that works for you.
>
> From: Ryan, Erin T. (CIV)
> Sent: Tuesday, October 24, 2023 1:12 PM

> To: St. John, Joseph <StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>>; James Percival <James.Percival@myfloridalegal.com<mailto:James.Percival@myfloridalegal.com>>; Anita Patel <Anita.Patel@myfloridalegal.com<mailto:Anita.Patel@myfloridalegal.com>>

> Cc: Ward, Brian C. (CIV) <Brian.C.Ward@usdoj.gov<mailto:Brian.C.Ward@usdoj.gov>>; Reuveni, Erez R. (CIV) <Erez.R.Reuveni@usdoj.gov<mailto:Erez.R.Reuveni@usdoj.gov>>; Fudim, Elissa. P. (CIV) <Elissa.P.Fudim@usdoj.gov<mailto:Elissa.P.Fudim@usdoj.gov>>; Redmon, Jordan <RedmonJ@ag.louisiana.gov<mailto:RedmonJ@ag.louisiana.gov>>

> Subject: FW: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry

>

> Scott,

>

> Please let us know a few days and times this week your team is available to have a meet and confer.

>

> Thanks,

> Erin

>

> From: Reply@lawd.uscourts.gov<mailto:Reply@lawd.uscourts.gov> <Reply@lawd.uscourts.gov<mailto:Reply@lawd.uscourts.gov>>

> Sent: Tuesday, October 24, 2023 1:01 PM

> To: Clerk@lawddb.lawd.gtwy.dcn<mailto:Clerk@lawddb.lawd.gtwy.dcn>

> Subject: Activity in Case 6:22-cv-01130-DCJ-CBW Arizona et al v. Garland et al Minute Entry

>

>

> This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

> ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

>

> U.S. District Court

>

> Western District of Louisiana

> Notice of Electronic Filing

>

> The following transaction was entered on 10/24/2023 at 12:00 PM CDT and filed on 10/24/2023 Case Name:

>

> Arizona et al v. Garland et al

>

> Case Number:

>

> 6:22-cv-01130-DCJ-CBW<https://ecf.lawd.uscourts.gov/cgi-bin/DktRpt.pl?189342>

>

> Filer:

>

> Document Number:

>

> 192(No document attached)

>

>

>

> Docket Text:

> ELECTRONIC MINUTE ENTRY: The Parties are directed to meet and confer on all outstanding discovery issues, including the Defendants' request for an extension of the October 25, 2023, discovery deadline, prior to the Nov. 6, 2023, scheduling conference. The parties shall thereafter, no later than Nov. 4, 2023, file a joint submission with the Court describing the issues actually in dispute, the remaining discovery sought by the Defendants and the specific purpose for each outstanding discovery request, and the legal and factual support for the parties' respective positions. Issued by Judge David C Joseph on 11/24/2023. (crt,Chicola, C)

>

> 6:22-cv-01130-DCJ-CBW Notice has been electronically mailed to:

>

> William P Quigley    quigley77@gmail.com<mailto:quigley77@gmail.com>,
dadupre77@yahoo.com<mailto:dadupre77@yahoo.com>

>

> John S McLindon    john@mclindonlaw.com<mailto:john@mclindonlaw.com>,
assistant@mclindonlaw.com<mailto:assistant@mclindonlaw.com>

>

> Justin L Matheny    justin.matheny@ago.ms.gov<mailto:justin.matheny@ago.ms.gov>,
fonda.hellen@ago.ms.gov<mailto:fonda.hellen@ago.ms.gov>

>

> Elizabeth Baker Murrill    murrille@ag.louisiana.gov<mailto:murrille@ag.louisiana.gov>,
barbalichl@ag.louisiana.gov<mailto:barbalichl@ag.louisiana.gov>,
ecfnotices@ag.louisiana.gov<mailto:ecfnotices@ag.louisiana.gov>,
jonesj@ag.louisiana.gov<mailto:jonesj@ag.louisiana.gov>, nelsone@ag.louisiana.gov<mailto:nelsone@ag.louisiana.gov>

>

> Jordan Bailey Redmon    redmonj@ag.louisiana.gov<mailto:redmonj@ag.louisiana.gov>

>

> Joseph Scott St John    stjohnj@ag.louisiana.gov<mailto:stjohnj@ag.louisiana.gov>,
ecfnotices@ag.louisiana.gov<mailto:ecfnotices@ag.louisiana.gov>,
nelsone@ag.louisiana.gov<mailto:nelsone@ag.louisiana.gov>

>

> Edmund G LaCour, Jr    edmund.lacour@AlabamaAG.gov<mailto:edmund.lacour@AlabamaAG.gov>,
rene.whyard@alabamaag.gov<mailto:rene.whyard@alabamaag.gov>

>

> David M S Dewhirst    david.dewhirst@ag.idaho.gov<mailto:david.dewhirst@ag.idaho.gov>,
kimi.white@ag.idaho.gov<mailto:kimi.white@ag.idaho.gov>

>

> James Andrew Campbell    jim.campbell@nebraska.gov<mailto:jim.campbell@nebraska.gov>

>

> Melissa A Holyoak    melissaholyoak@agutah.gov<mailto:melissaholyoak@agutah.gov>

>

> Lindsay Sara See    lindsay.s.see@wvago.gov<mailto:lindsay.s.see@wvago.gov>,
choffman@wvago.gov<mailto:choffman@wvago.gov>

>

> Marc Edwin Manley    marc.manley@ky.gov<mailto:marc.manley@ky.gov>

>

> Thomas Tyler Hydrick    thomashydrick@scag.gov<mailto:thomashydrick@scag.gov>

>

> Stephen John Petrany    spetrany@law.ga.gov<mailto:spetrany@law.ga.gov>,
esowell@law.ga.gov<mailto:esowell@law.ga.gov>, rbergethon@law.ga.gov<mailto:rbergethon@law.ga.gov>

>

> Erez R Reuveni    erez.r.reuveni@usdoj.gov<mailto:erez.r.reuveni@usdoj.gov>

>

> Brian Ward   brian.c.ward@usdoj.gov<mailto:brian.c.ward@usdoj.gov>
>
> Cori Mills   cori.mills@alaska.gov<mailto:cori.mills@alaska.gov>,
liz.forkan@alaska.gov<mailto:liz.forkan@alaska.gov>, ninia.dizon@alaska.gov<mailto:ninia.dizon@alaska.gov>
>
> Christopher Robison   chris.robison@alaska.gov<mailto:chris.robison@alaska.gov>,
andela.gallego@alaska.gov<mailto:andela.gallego@alaska.gov>,
cassidy.white@alaska.gov<mailto:cassidy.white@alaska.gov>,
rachael.richardson@alaska.gov<mailto:rachael.richardson@alaska.gov>
>
> Betsy M DeNardi   betsy.denardi@atg.in.gov<mailto:betsy.denardi@atg.in.gov>,
hailey.stevenson@atg.in.gov<mailto:hailey.stevenson@atg.in.gov>
>
> Ryan Schelhaas   ryan.schelhaas@wyo.gov<mailto:ryan.schelhaas@wyo.gov>,
sherry.griffin1@wyo.gov<mailto:sherry.griffin1@wyo.gov>
>
> Dwight R Carswell   dwight.carswell@ag.ks.gov<mailto:dwight.carswell@ag.ks.gov>
>
> James Hamilton Percival, II   james.percival@myfloridalegal.com<mailto:james.percival@myfloridalegal.com>
>
> Brett W Johnson   bwjohnson@swlaw.com<mailto:bwjohnson@swlaw.com>,
thobbs@swlaw.com<mailto:thobbs@swlaw.com>
>
> Charles F Capps (Terminated)   charles.capps@ago.mo.gov<mailto:charles.capps@ago.mo.gov>,
tammy.glenn@ago.mo.gov<mailto:tammy.glenn@ago.mo.gov>
>
> Maria A Lanahan   maria.lanahan@ago.mo.gov<mailto:maria.lanahan@ago.mo.gov>,
tammy.glenn@ago.mo.gov<mailto:tammy.glenn@ago.mo.gov>
>
> Zach West   Zach.West@oag.ok.gov<mailto:Zach.West@oag.ok.gov>,
docket@oag.ok.gov<mailto:docket@oag.ok.gov>, maranda.spears@oag.ok.gov<mailto:maranda.spears@oag.ok.gov>
>
> Eric J Hamilton   eric.hamilton@nebraska.gov<mailto:eric.hamilton@nebraska.gov>
>
> Jessica Myers Vosburgh   jvosburgh@ccrjustice.org<mailto:jvosburgh@ccrjustice.org>,
cdailey@ccrjustice.org<mailto:cdailey@ccrjustice.org>
>
> Emily C R Early   eearly@ccrjustice.org<mailto:eearly@ccrjustice.org>
>
> Angelo Guisado   aguisado@ccrjustice.org<mailto:aguisado@ccrjustice.org>
>
> Muhammad Usman Faridi   mfaridi@pbwt.com<mailto:mfaridi@pbwt.com>,
mcolitigation@pbwt.com<mailto:mcolitigation@pbwt.com>
>
> Stephanie Teplin   steplin@pbwt.com<mailto:steplin@pbwt.com>,
mcolitigation@pbwt.com<mailto:mcolitigation@pbwt.com>
>
> Julia Long   jhaigneylong@pbwt.com<mailto:jhaigneylong@pbwt.com>
>
> David Moosmann   dmoosmann@pbwt.com<mailto:dmoosmann@pbwt.com>
>

> Erin Ryan    erin.t.ryan@usdoj.gov<mailto:erin.t.ryan@usdoj.gov>,
Maria.N.Latimer@usdoj.gov<mailto:Maria.N.Latimer@usdoj.gov>
>
> Elissa Fudim    elissa.p.fudim@usdoj.gov<mailto:elissa.p.fudim@usdoj.gov>
>
> 6:22-cv-01130-DCJ-CBW Notice will not be electronically mailed to:
>
>

> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us<mailto:postmaster@ag.state.la.us>.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.
> The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.
The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.