UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE OF ARIZONA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 6:22-cv-1130 |
| MERRICK GARLAND, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR A BRIEF EXTENSION OF TIME
TO COMPLETE DEPOSITIONS**

As discussed at the status hearing earlier this week, Defendants need to depose Plaintiffs' 30(b)(6) witness before proceeding to expert depositions, but following the hearing, Plaintiffs stated that they could only make their 30(b)(6) and expert witness, Mr. Arthur, available the week of November 27th. Therefore, Defendants respectfully request a brief two-week extension of time, from November 30 to December 14, 2023, to complete the depositions ordered by the Court at the November 6, 2023 conference, and a corresponding extension of the December 15, 2023 deadline for Defendants to file a Rule 12 motion. ECF No. 195. Plaintiffs object to this request.

Defendants regret contacting the Court so soon after the November 6, 2023 conference with such a request, but events transpiring since then have made it clear that it will be impossible for the parties to complete the depositions on the timeline ordered by the Court. Immediately following the November 6 conference, counsel for parties discussed next steps. Defense counsel advised that Defendants would send updated topics to Plaintiffs for their review this week. Defendants also asked that Plaintiffs provide availability for their witnesses this week, as well as any topics to which Plaintiffs would consider stipulating. Defense counsel followed up with an

email on this discussion later in the day on November 6, confirming that updated topics would be sent to Plaintiffs by November 8,[1] and asked if Plaintiffs' 30(b)(6) witness would be available on November 16 or 20 for his deposition.[2] Ex. A. On November 7, Plaintiffs advised that their 30(b)(6) witness (and expert) Mr. Arthur was only available during the last week of November, and only offered to produce him on back-to-back dates for his two depositions. *Id.* Defendants advised Plaintiffs, both after the conference on November 6 and by email on November 7, that they require time between Mr. Arthur's two depositions, as his expert testimony relies on facts in the record specific to the states' standing, so his 30(b)(6) testimony will have a direct impact on his expert testimony.

Defendants noted at the status conference that the 30(b)(6) deposition must happen before any expert depositions, and Plaintiffs did not object to that position. The experts are entitled to review the full factual record before giving their testimony, which includes any 30(b)(6) testimony. Defendants also need time to review the 30(b)(6) testimony before questioning Plaintiffs' experts regarding Plaintiffs' allegations of injury, including any 30(b)(6) testimony addressing those allegations. Therefore, it is necessary that the 30(b)(6) deposition happen before the expert witness depositions. *See Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. CV 18-1060-JWD-RLB, 2019 WL 9899276, at *1 (M.D. La. Dec. 10, 2019) (granting extension to allow parties to "complete fact discovery before deposing each other's experts."); *Magnesium Elektron N. Am., Inc. v. Applied Chemistries, Inc.*, No. CV 18-40207-MGM, 2019 WL 7580061, at *4 (D. Mass. July 26, 2019) ("The court agrees with Defendants that it is ultimately more efficient to complete fact discovery

---

[1] Defendants sent those topics to Plaintiffs on November 8 for review and further conferral. Plaintiffs have not yet provided their position on the updated topics.
[2] Defendants proposed November 17 for the 30(b)(6) in their first email to Plaintiffs, but the undersigned had forgotten that she was summoned for jury duty that day, so in a follow up email on November 7, Defendants apologized for any confusion and proposed November 16 or November 20 instead. Ex. A.

before engaging in expert discovery"); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, No. CV 08-889-SLR, 2013 WL 12291705, at *1 (D. Del. Oct. 22, 2013) (explaining "experts must rely on facts for their opinions" and that "parties are required to disclose such facts before the facts are massaged and manipulated by their expert witnesses"); *Apodaca v. Eaton Corp.*, No. 2:20-CV-01064-TL, 2023 WL 1418244, at *2 (W.D. Wash. Jan. 31, 2023) ("It is unusual for counsel not to try to resolve all potential disputes regarding fact discovery before the start of expert discovery so that the experts can access all relevant information.").

If Plaintiffs' 30(b)(6) witness cannot be deposed until November 27 at the earliest, Defendants will not have sufficient time to review that testimony and complete all the remaining depositions before the current November 30 deadline, even assuming all the witnesses would be available on the necessary days that week.[3] Defendants' expert witness, Professor Clemens, is also not available to be deposed until November 30 because of personal travel over the Thanksgiving holiday and his teaching obligations as a Professor of Economics at George Mason University. Plaintiffs' other expert, Mr. Scott, is currently traveling and the parties are waiting to hear back from him on his availability.

Accordingly, as Plaintiffs' factual witness will not be available until November 27, in order to allow the parties the time necessary to take the ordered depositions Defendants request this two week extension of time to complete depositions. This two-week extension will not prejudice either party or significantly delay resolution of this case. Defendants appreciate the Court's time and consideration of this request.

---

[3] Completing these depositions on the existing timeline would have been extremely difficult for Defendants even without the limited availability of Plaintiffs' 30(b)(6) and expert witness as, of the three trial attorneys assigned to this matter for Defendants who were anticipated to take and defend these depositions, one is dealing with significant medical issues and the other is currently out of the country on a long-planned two-week vacation leading up to the week of the Thanksgiving holiday.

Date:  November 8, 2023                                Respectfully submitted,

                                                          BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

BRIAN C. WARD
*Senior Litigation Counsel*

ELISSA P. FUDIM
*Trial Attorney*

/s/ *Erin T. Ryan*
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 8, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

By: */s/ Erin T. Ryan*
ERIN T. RYAN
Trial Attorney
United States Department of Justice
Civil Division
