# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, et al.,<br><br>                                                         PLAINTIFFS,<br><br>        v.<br><br>MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al.,<br><br>                                                         DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

## LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO RECONSIDER AND TO TERMINATE DISCOVERY

Only four days ago, this Court gave two clear instructions: finish discovery by the end of November, and don't play games with depositions. Consistent with the Court's instructions, Louisiana contacted its retained expert and likely 30(b)(6) designee — former Immigration Judge Art Arthur — to ascertain his availability, then informed Defendants that he was only available the last week of November. Defendants aren't happy with that, and they aren't happy with Louisiana's offering Judge Arthur on back-to-back dates so as to avoid multiple prep sessions, each of which will require travel. So Defendants sought yet another extension of discovery. Defendants concede that gamesmanship and tactical advantage are their reasons for doing so: Defendants want to space Judge Arthur's depositions so they and (and unspecified experts) can "review the 30(b)(6) testimony" before Judge Arthur is deposed again. But there is no reason to think Judge Arthur's expert testimony will differ from his 30(b)(6) testimony, or that he needs to "review" his own testimony. Plaintiff States' other disclosed expert—former Border Patrol Chief Rodney Scott—is not a retained expert, so there is no reason to think he will review *anyone's* testimony. Defendants thus imply their own expert—Professor Clemens—may supplement his opinions based on Louisiana's testimony, Dkt. 196 at 2, despite his not

including any state-specific opinions in his expert report, Exh. 1. That's simply not permitted. Put differently: Defendants apparent hope to make hay of some trivial inconsistency generated by depositions set weeks apart does not justify an extension.

Turning to the law, Defendants failed to apprise the Court of the controlling "good cause" standard for amending discovery deadlines, and they certainly never explained how that standard is met. Fed. R. Civ. P. 16(b)(4); *see also Batiste v. Lewis*, 976 F.3d 493, 500-01 (5th Cir. 2020) ("Batiste doesn't even address, much less satisfy, Rule 16(b)(4)'s good-cause standard…."); *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (affirming absence of good cause for extension: "[T]he parties' delay in conducting discovery was self-imposed. The district court also explained that the parties' other excuses—pre-paid vacations, the July 4th holiday, a July trial in another case, the lawyer's broken ankle, and a family medical issue—did not justify the relief that the parties' requested."). "[T]he application of Rule 16(b)'s good-cause standard is not optional," such that amending a scheduling order without a showing of good cause is a *per se* abuse of discretion. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715-18 (8th Cir. 2008). Louisiana respectfully submits the Court's discovery extensions—Dkt. 195 and Dkt. 197, the latter entered as a mere docket entry less than 16 hours after Defendants' afterhours motion, without Louisiana having a meaningful opportunity to respond—reflect just such an error.[1]

"To show good cause, the party seeking to modify the scheduling order [here, Defendants] has the burden of showing that the ***deadlines cannot reasonably be met*** despite the diligence of the party needing the extension." *Squyres*, 782 F.3d at 237; *see also Pick v. Am. Med. Sys.*, 1996 WL 288996, at *2 (E.D. La. May 29, 1996) (denying amendment to discovery deadline: "good cause con-

---

[1] Louisiana previously urged a lack of good cause and lack of diligence by Defendants precluded any extension of discovery. Dkt. 193 at 17; Dkt. 191 at 5. To the best of counsel's recollection, the Court made no findings of good cause, diligence, or inability to meet deadlines at Monday's hearing. Indeed, the Court could not do so because there is no evidence that would support such findings.

templates a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements'"). But Defendants don't even contend they have shown diligence. The record shows the opposite: Defendants sat on Louisiana's 30(b)(6) objections for nearly a month, refused to meet-and-confer, and declined to depose Louisiana's experts when offered before the close of discovery. *See* Dkt. 193 at 1-2, 15-18. Defendants latest excuse is that the dates Louisiana offered in an already-extended discovery period don't facilitate the tactical advantage they desire. Of course, merely facilitating a tactical advantage for Defendants is the opposite of good cause. Defendants' remaining excuses are almost identical to those the Fifth Circuit held not sufficient in *Squyres*. Regardless, if Professor Clemens is available on November 30, the existing deadline can easily be met if Defendants depose Judge Arthur on November 27 and 28. Any extension is therefore precluded under Fifth Circuit law. *See Squyres*, 782 F.3d at 237.[2]

Louisiana (and the other Plaintiff States) are severely prejudiced by the Court's granting Defendants' extensions. In view of Defendants consciously declining to depose Louisiana's experts on dates offered before the close of discovery, the record should not include those depositions. Likewise,

---

[2] None of the cases Defendants cite are to the contrary. Defendants point to *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, 2019 WL 9899276 (M.D. La. Dec. 10, 2019), as purportedly "granting [an] extension to allow parties to 'complete fact discovery before deposing each other's experts.'" Dkt. 196 at 2. That's misleading. The court in *Lamar* merely recounted that it previously granted a *joint motion* to extend the discovery based on the parties mutual wish; the opinion Defendants point to had nothing to do with it. Defendants likewise quote *Magnesium Elektron N. Am. v. Applied Chem., Inc.*, 2019 WL 7580061 (D. Mass. July 26, 1019), badly out of context. The issue there was that an unopposed extension of fact discovery would have left expert reports due before the close of fact discovery. *Id.* at *4. Defendants similarly quote *In re Cyclobenzaprine*, 2013 WL 12291705 (D. Del. Oct. 22, 2013), out of context. There, a party responded to a contention interrogatory by pointing to data without explaining its damages theory, such that the opposing experts had little to work from. Here, in contrast to *Magnesium Elektron* and *Cyclobenzaprine*, Louisiana produced its discovery, expert reports have already been exchanged, and Defendants' expert report says nothing specific to Louisiana, so it can't be affected by fact discovery of Louisiana's knowledge. And *Apodaca v. Eaton Corp.*, 2023 WL 1418244 (W.D. Wash. Jan. 23, 2023), actually supports Louisiana. The Court in that case faulted the party for sitting on discovery responses and failing to resolve fact discovery issues before the deadline, such that there was no good cause to extend the deadline.

the record should not include any 30(b)(6) deposition of Louisiana given Defendants' sitting on Louisiana's objections for nearly a month then refusing to meet-and-confer before the discovery deadline. The record certainly shouldn't include multiple depositions separated for the sole purpose of trying to trip up the witness. Where, as here, a deadline extension impacts the presentation of evidence, that extension is prejudicial *See Sherman*, 532 F.3d at 718-19. That prejudice to the merits is in addition to the delay in resolution of this case and Plaintiff States being subject to the nakedly unlawful Asylum IFR in the meantime.

\* \* \* \* \*

At Monday's conference, the Court acknowledged this straight-forward APA case has been pending far too long. Plaintiff States agree. Plaintiff States have the burden of proving standing, and they are prepared to move forward.[3] Plaintiff States respectfully move the Court to reconsider its scheduling amendments (Dkt. 195 and Dkt. 197) in view of Defendants' failure to show good cause, terminate discovery, and order Defendants to answer the complaint or file any 12(b)(1) motion forthwith.

---

[3] Plaintiff States preserve the argument that the Court's permitting jurisdictional discovery without requiring Defendants to answer or move to dismiss was error and substantively prejudiced Defendants. Likewise the Court's declining to grant Plaintiff States' second motion to compel. *See* Dkt. 176 at 1 ("DHS has declined to respond to discovery aimed at uncovering the full factual and legal basis for DHS's standing arguments. Fifth Circuit precedent requires disclosure of all of that information—either now or later, in response to an additional round of discovery tailored to DHS's actual motion to dismiss. *See Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).").

Dated: November 10, 2023

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL OF LOUISIANA**

/s/ Joseph S. St. John
ELIZABETH B. MURRILL (La #20685)
  Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
  Deputy Solicitor General
JORDAN BAILEY REDMON (La #37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
1885 N. Third Street
Baton Rouge, Louisiana 70802
Tel: (225) 485-2458
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*