UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, et al.,<br><br>                                                     Plaintiffs,<br><br>    v.<br><br>MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al.,<br><br>                                                     Defendants. | Civil Action No. 6:22-cv-01130 |

**MEMORANDUM IN SUPPORT OF LOUISIANA'S
RE-FILED MOTION TO COMPEL AGAINST DHS**

# INTRODUCTION

Plaintiff the State of Louisiana again moves to compel DHS[1] to disclose the grounds for DHS's contention that Louisiana lacks standing. Louisiana diligently has sought the Court's assistance obtaining that information since at least June 2023—when Louisiana's original motion raising this issue ripened for the Court's review. The Court should grant this re-filed motion for two reasons.[2]

First, DHS cannot carry its burden to sustain its objection to Louisiana's modest discovery designed merely to uncover DHS's standing contentions. That objection stems from DHS's belief that one of Louisiana's interrogatories—interrogatory 8, Doc. 168-9 at 10–11—counts as 20 separate interrogatories. But it does not. Interrogatory 8 counts as just one interrogatory: The supposed subparts "are simply designed to obtain additional details concerning the general theme presented in the primary interrogatory question." *Est. of Manship v. United States*, 232 F.R.D. 552, 555 (M.D. La. 2005).

Second, even if the Court disagrees and concludes that interrogatory 8 properly counts as 20 separate interrogatories, Louisiana is still entitled to discover the factual and legal grounds for DHS's standing contentions. That is because, after DHS files its "factual"[3] Rule 12(b)(1) motion, the Court "must give [Louisiana] an opportunity for discovery and a hearing that is appropriate to the nature of the motion to dismiss." *McAllister v. F.D.I.C.*, 87 F.3d 762, 766 (5th Cir. 1996). Accordingly, if the Court declines to compel DHS to disclose its jurisdictional contentions to Louisiana now, in response to Louisiana's modest interrogatories, the Court "must give [Louisiana] an opportunity" to discover facts tied to that information later—in response to DHS's as-filed Rule 12(b)(1) motion. *See id.*

---

[1] Louisiana refers to the federal defendants collectively as "DHS."

[2] The Court permitted Louisiana to "file another motion" raising the still-relevant portions of Louisiana's May 2023 motion to compel, Doc. 168–168-13. *See* Exh. A, 11/6/23 Hearing Transcript, at 4:13–16.

[3] There are two types of jurisdictional challenges that may be made through a Rule 12(b)(1) motion: a "facial" challenge and a "factual" challenge. On a "facial" Rule 12(b)(1) motion, a court "take[s] the factual allegations in the complaint as true." *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 674 (5th Cir. 2020). On a "factual" motion based on "matters outside the pleadings, such as testimony and affidavits," the challenged allegations are not accepted as true. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Accordingly, Louisiana respectfully requests that the Court compel DHS to **(1)** respond to interrogatories 1–12 of Louisiana's third set of discovery, Doc. 168-6 at 8–15; and **(2)** disclose the grounds for DHS's standing contentions. If the Court declines to do so, Louisiana respectfully requests an opportunity to conduct modest discovery tailored to DHS's as-filed Rule 12(b)(1) motion.

## BACKGROUND

This is an APA challenge to an interim final rule that allows asylum officers—rather than immigration judges—to decide certain asylum claims. 87 Fed. Reg. 18,163 (Mar. 29, 2022) (Asylum IFR). Although this case is nearly 19 months old, it is still in the pre-Rule 12(b) stage. And during the period this APA case has remained in that pre-Rule 12(b) posture, the Fifth Circuit has underscored—in a published opinion reversing a standing-based dismissal—that "the tide of illegal immigration has been dramatically increasing." *Gen. Land Office v. Biden*, 71 F.4th 264, 275 (5th Cir. 2023).

The case nonetheless stands essentially where it stood about a year ago. Back then, the Court ordered pre-Rule 12(b) discovery into the States' standing. Doc. 91. The Court did so at DHS's request and over the States' objection. Doc. 89 at 2–3. That discovery period has since been extended five times—including twice over Louisiana's objection. Docs. 129, 183, 185, 195, 197.

About eleven months after the Court permitted DHS pre-Rule 12(b) jurisdictional discovery, DHS's standing contentions remain unclear to Louisiana. Among other things—

- DHS still has not fully explained to Louisiana the factual or legal basis for DHS's apparent belief that at least one Plaintiff State has not suffered, or will not imminently suffer, at least one dollar of harm fairly traceable to the Asylum IFR.

- DHS still has not fully explained to Louisiana the factual or legal basis for DHS's apparent belief that harm fairly traceable to the Asylum IFR can be offset by a federal

2

- benefit. *Cf. Texas v. United States (DAPA)*, 809 F.3d 134, 156 (5th Cir. 2015) (foreclosing any potential argument that harm caused by the Asylum IFR can be offset by a corresponding, indirect benefit; courts "cannot engage" in that "accounting exercise")

- DHS still has not fully explained to Louisiana the factual or legal basis for DHS's apparent belief that Louisiana is not entitled to special solicitude. *Cf. Gen. Land Office*, 71 F.4th at 272–74 (foreclosing any potential argument that States are not entitled to special solicitude in vindicating their procedural rights under the APA to challenge the harms immigration-related rules—like the Asylum IFR—inflict on States' quasi-sovereign interests); *DAPA*, 809 F.3d at 154–55 (same); *Texas v. United States (DACA)*, 50 F.4th 498, 514–20 (5th Cir. 2022) (same); *Texas v. Biden (MPP)*, 20 F.4th 928, 970–71 (5th Cir. 2021) (same), *rev'd on other grounds*, 142 S. Ct. 2528 (2022).[4]

So, in April 2023, Louisiana served modest interrogatories to try to understand DHS's standing contentions. Doc. 168-6 at 8–15. But DHS declined to answer them. Doc. 168-6 at 8–15. For its part, DHS contended that Louisiana had exceeded the 25-interrogatory limit of Federal Rule of Civil Procedure 33(a)(1) based on DHS's mistaken conclusion that one of Louisiana's interrogatories—interrogatory 8, Doc. 168-9 at 10–11—counted as 20 separate interrogatories, Doc. 174 at 11–14.

After DHS declined to answer those interrogatories, Louisiana moved to compel. *See* Docs. 168–168-13. Louisiana's second motion to compel "was part protective and part affirmative." Doc. 176 at 2. The motion was protective insofar as it needed to be filed before the then-close of discovery—in May 2023—to preserve Louisiana's objection to any asymmetrical interpretation of discovery obligations. Doc. 176 at 2. But the motion was affirmative insofar as it sought an order directing DHS to answer interrogatories that sought information about DHS's standing arguments. Doc. 176 at 2.

---

[4] *MPP*'s standing analysis "remains binding." *Data Mktg. P'ship v. U.S. Dep't of Lab.*, 45 F.4th 846, 856 n.2 (5th Cir. 2022); *accord, e.g.*, *Gen. Land Office*, 71 F.4th at 272–74 (relying on *MPP*).

3

Louisiana's second motion to compel explained that DHS was mistaken to object to the number of Louisiana's interrogatories because interrogatory 8 properly counted as just one interrogatory—not 20 separate ones. Doc. 168-1 at 11–13. And in any event, Louisiana continued, DHS would have to provide the information the interrogatories sought sooner or later—whether then or in response to discovery tailored to DHS's to-be-filed Rule 12(b)(1) motion. Doc. 176 at 8–9.

Louisiana's motion ripened in June 2023. Doc. 176. And it remained pending until November 2023. Doc. 195. Louisiana raised that still-pending motion to compel during the November 6 hearing on DHS's opposed motion for a fifth extension of jurisdictional discovery. During that November 6 hearing, the Court (i) struck Louisiana's May 2023 motion to compel, but (ii) allowed Louisiana to "re-file . . . if any document discovery issues remain," and (iii) in the accompanying minute entry, referred the reader to the hearing transcript. Doc. 195. Louisiana received that transcript on November 15.

Accordingly, because Louisiana still does not know the full grounds for DHS's contention that Louisiana lacks Article III standing, and because DHS still has not answered April 2023 interrogatories aimed to uncover that important information, Louisiana respectfully "re-file[s] a motion to compel" re-raising these two issues that ripened back in June 2023. Doc. 195; *accord* Exh. A, 11/6/23 Hearing Transcript, at 4:13–16 (permitting Louisiana to "file another motion" raising the still-relevant parts of Louisiana's second motion to compel, Docs. 168–168-13); *see also* Doc. 168-1 (Louisiana's 5/23/23 motion to compel), Doc. 174 (DHS's 6/13/23 response), Doc. 176 (Louisiana's 6/19/23 reply).

## LEGAL STANDARD

"Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 574 (N.D. Tex. 2018). Rule 37(a)(3)(B)(iii) permits a party to move for an order compelling an answer to interrogatories. *See id.* As "[t]he party resisting discovery," DHS has the burden to "show specifically how each discovery request is not relevant or otherwise objectionable." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

4

## ARGUMENT

### I. DHS has not met its burden to show that interrogatory 8 equals 20 interrogatories.

The Court should compel DHS to answer interrogatories 1–12 of Louisiana's third set of discovery, Doc. 168-6 at 8–15, because DHS cannot carry its burden to show that interrogatory 8 counts as 20 separate interrogatories and thus that Louisiana has exceeded the 25-interrogatory limit.

"[S]ubparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016). Subparts that "are simply designed to obtain additional details concerning the general theme presented in the primary interrogatory question" constitute a single interrogatory. *Est. of Manship v. United States*, 232 F.R.D. 552, 555 (M.D. La. 2005).

Here, interrogatory 8 asks DHS to identify monthly statistics for certain specified types of asylum-related claims. *See* Doc. 168-9 at 10–11. Each supposed subpart is both "logically" and "factually" "subsumed" within the primary question requesting an identification of monthly statistics for asylum-related claims because each supposed subpart seeks monthly statistics respecting a particular type of asylum-related claim. *See Est. of Manship*, 232 F.R.D. at 555. Because the supposed subparts of interrogatory 8 are logically related to, and "would not make sense without[,] the primary question," they constitute a single interrogatory for counting purposes. *See id.* Accordingly, DHS cannot carry its burden to sustain its objection to the number of Louisiana's interrogatories, and DHS should therefore be compelled to respond promptly to interrogatories 1–12 of Louisiana's third set of discovery.

### II. Regardless, DHS must fully disclose its standing arguments.

Even if the Court mistakenly concludes that DHS has carried its burden to show that interrogatory 8 properly counts as 20 separate interrogatories, Louisiana is still owed the discovery DHS declined to answer; the only question is when the Court will require DHS to provide those answers—now or in response to modest discovery tailored to DHS's as-filed Rule 12(b)(1) motion. *See, e.g.*, *McAllister v. F.D.I.C.*, 87 F.3d 762, 766 (5th Cir. 1996) ("When a district court makes factual determinations decisive of a motion to dismiss for lack of jurisdiction, it *must* give plaintiff an opportunity for discovery and a hearing that is *appropriate to the nature of the motion to dismiss*.") (emphasis added).

Louisiana knows little about DHS's standing arguments. For example, Louisiana does not know the full factual or legal basis for DHS's apparent belief that at least one State has not suffered, or will not imminently suffer, at least one dollar of harm fairly traceable to the Asylum IFR. Louisiana does not know the full factual or legal basis for DHS's apparent belief that harm fairly traceable to the Asylum IFR can be offset by some corresponding federal benefit. *Cf. DAPA*, 809 F.3d at 156 (foreclosing any potential argument that harm caused by the Asylum IFR can be offset by a corresponding, indirect benefit; courts "cannot engage" in that "accounting exercise"). Nor does Louisiana know the full factual or legal basis for DHS's apparent belief that Louisiana is not entitled to special solicitude under binding Fifth Circuit precedent. *Cf. Gen. Land Office*, 71 F.4th at 272–74 (foreclosing any potential argument that States are not entitled to special solicitude in vindicating their procedural rights under the APA to challenge the harms immigration-related rules inflict on States' quasi-sovereign interests); *DAPA*, 809 F.3d at 154–55 (same); *DACA*, 50 F.4th at 514–20 (same); *MPP*, 20 F.4th at 970–71 (same). So Louisiana served interrogatories to try to find all that out. Doc. 168-6 at 8–15.

But DHS will not answer them. Doc. 168-6 at 8–15. And that is a problem: "[T]he district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss." *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981). Over the States' objection, Doc. 89 at 3, DHS was permitted jurisdictional discovery before DHS was required to file its Rule 12(b)(1) motion, Doc. 24. So Louisiana lacks the benefit of a pending Rule 12(b)(1) motion, which would've allowed Louisiana to tailor its discovery to DHS's actual standing arguments. Doc. 89 at 3. And DHS has so far declined to respond to interrogatories seeking the information Louisiana would have been able to ascertain from the face of a Rule 12(b)(1) motion. *E.g.*, Doc. 168-6 at interrogatory 1 (refusing to identify testimony DHS may rely on); *id.* at interrogatory 2 (refusing to explain the grounds for DHS's belief that Louisiana lacks standing); *id.* at interrogatory 3 (refusing to explain the grounds for DHS's apparent belief that Louisiana isn't owed special solicitude).

In short: Louisiana still does not know the standing arguments DHS intends to make. Nor does Louisiana know the evidence DHS intends to rely on. So Louisiana does not know—and cannot know—what further discovery it may need to take. Louisiana thus necessarily has not had "an opportunity for discovery . . . appropriate to the nature of" DHS's yet-to-be-filed Rule 12(b)(1) motion. *Williamson*, 645 F.2d at 414. That leaves two options on the table: either (a) the Court may order DHS to answer the discovery now—requiring DHS to provide the grounds for the standing arguments DHS has had about eleven months to develop, thereby at least minimizing the prejudice to Louisiana; or (b) the Court may grant Louisiana leave to conduct discovery tailored to DHS's as-filed Rule 12(b)(1) motion later, prejudicing Louisiana by prolonging this litigation while "the tide of illegal immigration" continues to "dramatically increase[]." *Gen. Land Office*, 71 F.4th at 275. If the Court declines to take one of those two paths and enters a Rule 12(b)(1) dismissal, then the Court will have abused its discretion. *E.g.*, *Williamson*, 645 F.2d at 414 (district court abused its discretion in denying discovery "appropriate to the nature of the motion to dismiss"); *McAllister*, 87 F.3d at 766 (same).

7

## **CONCLUSION**

DHS cannot carry its burden to avoid answering Louisiana's April 2023 interrogatories aimed to ascertain DHS's standing contentions. So the Court should compel DHS to **(1)** respond to interrogatories 1–12 of Louisiana's third set of discovery, Doc. 168-6 at 8–15; and **(2)** disclose the factual and legal basis for DHS's standing arguments. If the Court declines to do so, Louisiana respectfully requests an opportunity to conduct modest discovery tailored to DHS's as-filed Rule 12(b)(1) motion

Dated: November 22, 2023               Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL OF LOUISIANA**

/s/ Jordan Bailey Redmon
ELIZABETH B. MURRILL (La #20685)
  Solicitor General
JOSEPH SCOTT ST. JOHN (La #36682)
  Deputy Solicitor General
JORDAN BAILEY REDMON (La #37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 485-2458
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

**LOCAL RULE 37.1 CERTIFICATE**

On May 22, 2023, counsel for Louisiana conferred with counsel for DHS by phone for purposes of amicably resolving the discovery disputes outlined in Louisiana's second motion to compel, Docs. 168–168–13, which was part protective and part affirmative. The next day—the then-close of discovery—counsel for Louisiana conferred with counsel for DHS by email to try to amicably resolve the dispute over DHS's refusal to answer interrogatories 1–12 of Louisiana's third set of discovery based on DHS's belief that Louisiana had exceeded the 25-interrogatory limit of Federal Rule of Civil Procedure 33(a)(1). The unresolved issues relating to those interrogatories spurred this motion, which the Court permitted Louisiana to "re-file . . . if any document discovery issues remain." Doc. 195; *see also* Exh. A, 11/6/23 Hearing Transcript, at 4:13–16 (permitting Louisiana to "file another motion" raising the still-relevant parts of Louisiana's second motion to compel, Docs. 168–168-13).

/s/ Jordan Bailey Redmon
Jordan Bailey Redmon
Assistant Solicitor General
*Counsel for Plaintiff State of Louisiana*

**CERTIFICATE OF SERVICE**

I certify that on November 22, 2023, I electronically filed this document using the CM/ECF system, which will automatically send electronic notice of filing to all counsel of record.

/s/ Jordan Bailey Redmon
Jordan Bailey Redmon
Assistant Solicitor General
*Counsel for Plaintiff State of Louisiana*