UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STATE OF ARIZONA, ET AL** | **CIVIL DOCKET NO. 6:22-CV-01130** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MERRICK GARLAND, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is Plaintiff State of Louisiana's "RE-FILED" MOTION TO COMPEL [Doc. 203] requesting that the Court compel interrogatory responses from the United States Department of Homeland Security ("DHS"). Having previously represented to the Court that Louisiana's Second Motion to Compel [Doc. 168] was filed "prophylactically" and that counsel would advise the Court should the issues raised therein remain unresolved, Louisiana now urges the Court to compel discovery responses with respect to one unresolved discovery issue. Specifically, Louisiana urges the Court to order DHS to respond to interrogatories requesting information pertaining to DHS's factual and legal grounds for challenging Plaintiffs lack of Article III standing. [Doc. 203]. Defendants oppose responding to these interrogatories on the grounds that Louisiana has exceeded the 25 interrogatory limit set forth in Federal Rule of Civil Procedure 33(a)(1). [Doc. 207].

After engaging in months of jurisdictional discovery – including the Court granting several extensions of time for the parties to complete the period of limited discovery, the discovery deadline expires on December 15, 2023 (just nine days from this Order), and the Defendants' deadline to file a Rule 12 Motion or an Answer to

the Second Amended Complaint [Doc. 86] is December 22, 2023. [*See* Doc. 197]. The Court has further ruled that, "[f]ailure of the Defendants to file a Rule 12 motion challenging the Article III standing of Plaintiff states will constitute waiver of Defendants right to later raise that issue. The Court will not be inclined to grant any additional extensions of time." [*Id.*]

Given this timeline and the many months in which the parties have been engaged in discovery, the Court declines at this late hour to require DHS to respond to additional interrogatories. Plaintiff States will be fully informed of the bases, if any, of the Defendants' challenges to Plaintiffs' Article III standing should the Defendants choose to file a motion under Rule 12(b)(1). If Louisiana then requires yet more discovery from DHS in order to respond to any such motion, counsel is directed to jointly contact the Court to schedule a hearing to discuss on the record the additional discovery requested, the reasons for the requested information, and why such information was not previously requested during the extensive discovery period that the Court has already afforded the parties.

Accordingly,

IT IS HEREBY ORDERED that the Motion is DENIED at this time.

THUS, DONE AND SIGNED in Chambers on this 6th day of December 2023.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE