**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

|  |  |  |
|---|---|---|
| STATE OF ARIZONA, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:22-cv-01130 |
| | ) | |
| MERRICK GARLAND, | ) | |
| in his official capacity as Attorney | ) | |
| General of the United States, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**LOUISIANA AND FLORIDA'S SUPPLEMENTAL RESPONSES AND OBJECTIONS
TO DEFENDANTS' FIRST SET OF REQUSTS FOR PRODUCTION,
INTERROGATORIES AND REQUESTS FOR ADMISSIONS**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff States Louisiana and Florida ("Plaintiff States") hereby provide their responses and objections to Defendants' First Set of Requests for Production, Interrogatories, and Requests for Admissions ("Discovery Requests"). These responses and objections were corrected on April 22, 2023, in response to issues raised during the parties April 17, 2023, meet-and-confer, and are being supplemented on May 23, 2023.

**GENERAL STATEMENTS**

1.      Plaintiff States objects to the Discovery Requests, and each request, interrogatory, definition, and instruction therein to the extent that it is inconsistent with or attempts to impose burdens or obligations on Plaintiff States beyond those imposed by the Federal Rules of Civil Procedure and applicable law. Plaintiff States will comply with the Federal Rules of Civil Procedure, but assume no further obligations in responding to the Discovery Requests.

1

2.      Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, deliberative process privilege, common interest privilege, or any other applicable privilege or protection. The inadvertent disclosure of privileged information in response to these requests shall not be deemed a waiver of any privilege as to any privileged information inadvertently disclosed or any other information or documents relating to the subject matter of any inadvertently disclosed privileged information.  To the extent any privileged information that is requested (a) is not otherwise objectionable, (b) was created or modified prior to after August 20, 2021 (when the NPRM was published), or alternatively, March 29, 2022 (when the Final Rule was published), or alternatively, April 28, 2022 (when Plaintiff States' original complaint was filed), (c) was transmitted to or received from outside the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs, and (d) was not transmitted or received from a Plaintiff State, it will be identified in a privilege log of withheld documents, which shall be provided at a reasonable date in the future.

3.      Plaintiff States assert that documents not transmitted outside the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs, are categorically privileged under the attorney-client privilege, work product doctrine, and/or deliberative process privilege, and that requiring Plaintiff States to search for, review, and prepare a log of such documents is unduly burdensome and not proportional to the needs of the case because those agencies were acting as counsel for Plaintiff States. Plaintiff States will neither search for nor prepare a document-specific log of such internal documents. *See, e.g.*, *Rekor Sys., Inc. v. Loughlin*, 2021 WL 5450366

(S.D.N.Y. Nov. 22, 2021); *Benson v. Rosenthal*, 2016 WL 1046126, at \*10-11 (E.D. La. Mar. 16, 2016).

3a.     Plaintiff States assert that any relevant, responsive documents transmitted between the Attorney Generals' offices of Plaintiff States after August 20, 2021 (when the NPRM was published), or alternatively, March 29, 2022 (when the Final Rule was published), or alternatively, April 28, 2022 (when Plaintiff States' original complaint was filed), are categorically privileged under the attorney-client privilege, common interest doctrine, and/or work product doctrine, and that requiring Plaintiff States to search for, review, and prepare a log of such documents is not proportional to the needs of the case. Plaintiff States will neither search for nor prepare a log of such documents.

3b.     Plaintiff States assert that any relevant, responsive documents transmitted between the Attorney Generals' offices of Plaintiff States and any retained expert after April 28, 2022 (when Plaintiff States' original complaint was filed) are categorically privileged under the work product doctrine and/or Fed. R. Civ. P. 26(b)(4). Plaintiff States will neither search for nor prepare a log of such documents.

4.     Withdrawn.

5.     Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein as overbroad, unduly burdensome, and oppressive to the extent it seeks production of "all" documents, especially when supplemented by terms such as "including," "concerning," "relating to," or the like. Plaintiff States will produce responsive, non-privileged documents that are located after a reasonable search.

6.     Withdrawn.

7.     Plaintiff States' responses to these requests shall not be construed in any way as an admission that any definition provided by Defendants is either factually correct or legally binding upon Plaintiff States.

8.     Withdrawn.

9.     Withdrawn.

10.    Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein to the extent it seeks documents or things in a manner other than the manner in which such documents or things are kept in the usual course of business.

11.    Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein as overly broad, unduly burdensome, oppressive, and disproportionate to the needs of the case to the extent it seeks data found on email, backup media, voicemails, PDAs, or mobile phones.  Pursuant to Fed. R. Civ. P. 26(b)(2)(B), data found on email, backup media, voicemails, PDAs, and mobile phones will not be searched or produced. Plaintiff States identifies these sources of ESI as not reasonably accessible because of undue burden and cost.

12.    Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein as overly broad, unduly burdensome, oppressive, disproportionate to the needs of the case to the extent it seeks the production of metadata. Pursuant to Fed. R. Civ. P. 26(b)(2)(B), metadata will not be searched or produced. Plaintiff States identify metadata as not reasonably accessible because of undue burden and cost. *See, e.g.*, *McGrath v. United States.*, 103 Fed. Cl. 658, 658-59 (Fed. Cl. 2012); *D'Onofrio v. SFX Sports Grp.*, 247 F.R.D. 43, 48 (D.D.C. Jan. 23, 2008).

13.    Plaintiff States object to the Discovery Requests and each request, interrogatory, definition, and instruction therein as overly broad, unduly burdensome, oppressive to the extent it

4

seeks publicly available information, information that is equally available to Defendants, information that is already in Defendants' possession, or information that is in the administrative record. Plaintiff States will not search for publicly available information, information that is already in Defendants' possession, or information that is in the administrative record.

14.     Plaintiff States object to the date of production. Pursuant to the parties' agreement, Plaintiff States will produce documents on a rolling basis.

15.     Plaintiff States object to (a) Defendants' seeking information that is already (and in many cases, uniquely) in their possession, custody, or control, (b) Defendants' inconsistent positions regarding relevance in Defendants' discovery requests and Defendants' discovery responses, and (c) Defendants' inconsistent positions regarding discovery of ESI. *See* Fed. R. Civ. P. 26(g)

16.     Plaintiff States note that discovery is ongoing, and they expressly reserve the right to supplement or correct their responses.

17.     Plaintiff States incorporate by reference the evidence introduced by Florida in *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla.).

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.     Plaintiff States object to the definition of "document" to the extent it exceeds the scope of Rule 34.

2.     Plaintiff States object to the definition of "You" to the extent it (a) purports to cover Plaintiff States other than Louisiana and Florida, and (b) purports to cover agencies, subdivisions, and officers other than the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs. Plaintiff States further object to the definition of "You" as vague and ambiguous to the extent it requires knowledge about agencies, offices, divisions, or departments other than the Office of the

Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs.  Plaintiff States further object to this term as used in the Discovery Requests to the extent it purports to require them to search for or produce documents outside of the possession, custody, or control, the Office of the Attorney General of Louisiana, the Louisiana Department of Justice, the Office of the Attorney General of Florida, and the Florida Department of Legal Affairs. *See, e.g.*, *New York ex rel Boardman v. Nat'l R.R. Passenger Corp.*, 233 F.R.D. 259 (N.D.N.Y. 2006).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that the "Asylum IFR makes it substantially easier for unauthorized economic migrants to enter the United States and obtain asylum through false claims," than it was prior to the IFR's effective date, as you allege in paragraph 2 of the Second Amended Complaint, ECF No. 86.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States further object to this request as violating Fed. R. Civ. P. 26(g) in view of Defendants' public statements.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents, that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-116, 1369. Plaintiff States further respond by directing Defendants to Notice of Proposed Rulemaking, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023).

### SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 1 (May 23, 2023):

Plaintiff States further identify LADOJ-ASYLUM-4882, 5927, 5968-6100, and 6139-6152 in response to this request.

**REQUEST FOR PRODUCTION NO. 2:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that the "predictable result [of the Asylum IFR] will be a substantial increase in the approval rate of non-meritorious asylum claims," as you allege in paragraph 3 of the Complaint, ECF No. 86.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States further object to this request as violating Fed. R. Civ. P. 26(g) in view of Defendants' public statements.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-1369. Plaintiff States further respond by directing Defendants to Notice of Proposed Rulemaking, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 2 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-4882, 5927, 5968-6100, and 6139-6152 in response to this request.

**REQUEST FOR PRODUCTION NO. 3:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your contention that asylum officers will approve asylum claims at a higher rate than immigration judges.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

7

"including but not limited to." Plaintiff States further object to this request as violating Fed. R. Civ. P. 26(g) in view of Defendants' public statements.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-1369, 3153, 3157, 3164, 3190. Plaintiff States further respond by directing Defendants to Notice of Proposed Rulemaking, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023).

### SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 3 (May 23, 2023):

Plaintiff States further identify LADOJ-ASYLUM-4882, 5927, 5968-6100, 6102, and 6139-6152 in response to this request.

**REQUEST FOR PRODUCTION NO. 4:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that the "increase in approval rates [of asylum claims] will incentivize even higher rates of illegal immigration into the United States," as you allege in paragraph 3 of the Complaint, ECF No. 86.

### SE TO REQUEST FOR PRODUCTION NO. 4:

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States further object to this request as violating Fed. R. Civ. P. 26(g) in view of Defendants' public statements.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents, that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-116, 2342, 2345. Plaintiff States further respond by directing Defendants to Notice of Proposed Rulemaking, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 4 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-6156 in response to this request.

**REQUEST FOR PRODUCTION NO. 5:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of asylees who have established residence in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants, and further object to this request as violating Fed. R. Civ. P. 26(g) in view of Defendants' public statements.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that they have produced non-privileged documents establishing the existence of asylees in Florida and Louisiana, e.g., LADOJ-ASYLUM-029, but have not located documents establishing the total number of asylees that have established residence in Florida and Louisiana.

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 5 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-6156, 6187, and spreadsheets obtained from LDH in response to this request.

**REQUEST FOR PRODUCTION NO. 6:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who have established residence in the Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of

9

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this request requires information in the possession, custody, or control of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that they have produced non-privileged documents evidencing the existence of parolees in Florida and Louisiana, e.g., LADOJ-ASYLUM-2327, 2339, 2403, 2414, 3154, but have not located documents establishing the specific number of parolees. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at \*14 (N.D. Fla. Mar. 8, 2023) (noting data by Defendant DHS "estimating that about 160,000 of the aliens released into the country between January 2021 and July 2022 provided a Florida address or are on the Miami ERO docket, which covers Florida, Puerto Rico, and the Virgin Islands.").

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 6 (May 23, 2023):**

Plaintiff States further identify spreadsheets obtained from LDH in response to this request.

**REQUEST FOR PRODUCTION NO. 7:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants who have established residence in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States respond

10

that they have produced non-privileged documents evidencing the existence of Undocumented Immigrants in Florida and Louisiana, e.g., LADOJ-ASYLUM-2327, 2339, 2403, 2414, 3154, but have not located documents establishing the specific number of Undocumented Immigrants. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14 (N.D. Fla. Mar. 8, 2023) (noting data by Defendant DHS "estimating that about 160,000 of the aliens released into the country between January 2021 and July 2022 provided a Florida address or are on the Miami ERO docket, which covers Florida, Puerto Rico, and the Virgin Islands.").

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 7 (May 23, 2023):**

Plaintiff States further identify spreadsheets obtained from LDH in response to this request.

**REQUEST FOR PRODUCTION NO. 8:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission released by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who receive SNAP, TANF, Medicaid, or education provided by Florida and Louisiana, broken down by State, benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this request requires information in the possession, custody, or control of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --,

11

2023 WL 2399883, at *15 (N.D. Fla. Mar. 8, 2023) ("In the 2020-21 school year there were just over 95,000 immigrant children and youth in Florida's public schools. That number increased by more than 17,000 in the 2021-22 school year, and although there is no direct evidence establishing exactly how many of these children were released into the country under the challenged [parole] policies, it can be reasonably inferred from the testimony of the DOE witness (who personally visited schools and met with families) that a good number of these children were released into Florida under the challenged [parole] policies.").

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 8 (May 23, 2023)**

Plaintiff States further identify spreadsheets provided by LDH in response to this request.

**REQUEST FOR PRODUCTION NO. 9:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the nationality of Applicants for Admission released by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who receive SNAP, TANF, Medicaid, or education provided by Florida and Louisiana, broken down by State, benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this request requires information in the possession, custody, or control of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search.

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 9 (May 23, 2023):**

Plaintiff States have not located documents responsive to this request, but state that they

would be able to ascertain that information if provided discovery of alien identities that has been withheld by Defendants.

**REQUEST FOR PRODUCTION NO. 10:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the eligibility requirements in Florida and Louisiana for SNAP, TANF, Medicaid, or any education services provided by Florida and Louisiana, broken down by State, benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that this request is overbroad and unduly burdensome as it seeks legal documents equally accessible to plaintiffs. *See, e.g.*, *Plyler v. Doe*, 457 U.S. 202 (1981).

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-2299, 2302, 2420.

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 10 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-3341, 5803-04, 5862, 5900-07, and "Issued Revisions" folders provided by LDH.

**REQUEST FOR PRODUCTION NO. 11:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the cost of providing SNAP, TANF, Medicaid, or education to Applicants for Admission, Undocumented Immigrants, and asylees by Florida and Louisiana, broken down by State, type of benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

13

"including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-0001. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 11 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-3828-2587, 4613, 6188, and spreadsheets provided by LDH, and documents provided by LDOE. Plaintiff States further direct Defendants to https://www.louisianabelieves.com/resources/library/minimum-foundation-program.

**REQUEST FOR PRODUCTION NO. 12:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the amount and type of funding or financial assistance Florida and Louisiana receive from the federal government, and/or other sources of funding for the purposes of providing SNAP, TANF, Medicaid, or education, broken down by State, type of benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that this request seeks information that is beyond the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-0001, 1354. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 12 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-3410-4583, a spreadsheet provided by

LDOE, LADOJ-ASYLUM-3828-3587, and LADOJ-ASYLUM-4066 in response to this request.

**REQUEST FOR PRODUCTION NO. 13:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants who receive SNAP, TANF, Medicaid, or education provided by Florida and Louisiana, broken down by State, type of benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States

object to this request as overbroad and unduly burdensome to the extent it requires production of

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

"including but not limited to." Plaintiff States object that responding to this request requires

information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will

produce responsive, non-privileged documents, if any, that are located after a reasonable search.

Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --,

2023 WL 2399883, at *16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 13 (May 23, 2023):**

Plaintiff States further identify spreadsheets provided by LDH and LDOE in response to

this request.

**REQUEST FOR PRODUCTION NO. 14:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of asylees who receive SNAP, TANF, Medicaid, or education provided by Florida and Louisiana, broken down by State, type of benefit or service, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States

object to this request as overbroad and unduly burdensome to the extent it requires production of

15

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 14 (May 23, 2023):**

Plaintiff States further identify spreadsheets provided by LDH.

**REQUEST FOR PRODUCTION NO. 15:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of children granted asylum enrolled in public school in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided, and which Defendants have indicated would be unlawful for Plaintiff States to collect.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 15 (May 23, 2023):**

After a reasonable search, Plaintiff States have not located documents directly responsive to

this request.

**REQUEST FOR PRODUCTION NO. 16:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission released by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who are enrolled in public schools in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided, and which Defendants have indicated would be unlawful for Plaintiff States to collect.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-1354. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 16 (May 23, 2023):**

Plaintiff States further identify spreadsheets provided by LDOE regarding ESL learners.

**REQUEST FOR PRODUCTION NO. 17:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrant children enrolled in public schools in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires

information in the possession of Defendants, which has not been provided, and which Defendants

have indicated would be unlawful for Plaintiff States to collect.

Subject to the foregoing general statement and specific objections, Plaintiff States have

produced responsive, non-privileged documents that were located after a reasonable search. *See,*

*e.g.*, LADOJ-ASYLUM-1354.  Plaintiff States further respond by directing Defendants to *Florida*

*v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 17 (May 23, 2023):**

Plaintiff States further identify spreadsheets provided by LDOE in response to this request.

**REQUEST FOR PRODUCTION NO. 18:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrant children, children who are Applicants for Admission, and children granted asylum have moved to Florida and Louisiana from other States, broken down by State and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States

object to this request as overbroad and unduly burdensome to the extent it requires production of

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

"including but not limited to." Plaintiff States object that responding to this request requires

information in the possession of Defendants, which has not been provided, and which Defendants

have indicated would be unlawful for Plaintiff States to collect.

Subject to the foregoing general statement and specific objections, Plaintiff States will

produce responsive, non-privileged documents, if any, that are located after a reasonable search.

Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --,

2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 18 (May 23, 2023):**

After a reasonable search, Plaintiff States have not located documents directly responsive to

18

this request.

**REQUEST FOR PRODUCTION NO. 19:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the average cost per child per year of providing a public education in Florida and Louisiana, broken down by State, month, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to."

Subject to the foregoing general statement and specific objections, Plaintiff States have produce responsive, non-privileged documents that were located after a reasonable search. *See, e.g.*, LADOJ-ASYLUM-1354. Plaintiff States further respond by directing Defendants to https://www.louisianabelieves.com/data/310/. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 19 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-3828-3587, and 4066, and spreadsheets provided by LDOE in response to this request.

**REQUEST FOR PRODUCTION NO. 20:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the amount and type of funding or financial assistance Florida and Louisiana receive from the federal government, local governments, and/or other sources of funding for the purposes of assisting in or supporting education, broken down by State and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

19

"including but not limited to." Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 20 (May 23, 2023):**

Plaintiff States further identify LADOJ-ASYLUM-3828-3587, 4066-4583, and a spreadsheet provided by LDOE in response to this request. Plaintiff States further direct Defendants to https://www2.ed.gov/about/overview/fed/role.html ("Educationis primarily a State and local responsibility in the United States." "[A]t the elementary and secondary level … about 92 percent of the funds will come from non-Federal sources.").

**REQUEST FOR PRODUCTION NO. 21:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the yearly income, sales, and property tax revenue collected by Florida and Louisiana from Applicants for Admission released by the federal government at the Southwest border pending their applications for asylum or their removal proceedings, broken down by State and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States will

20

neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 22:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the yearly income, sales, and property tax revenue collected by Florida and Louisiana from asylees, broken down by State and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the economic impact to Florida and Louisiana and businesses in these States of labor shortages, broken down by State and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 24:** Provide all documents, including but not limited to, writings, data, and correspondence that demonstrate that "state budgets and resource allocations" have been made based on an expectation that the asylum and/or expedited removal process would not change, as alleged in the Complaint, ECF No. 86, ¶ 181.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery.

Subject to the foregoing general statement and specific objections, Plaintiff States have not located any responsive, non-privileged documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission who apply for asylum while living in Los Angeles, Miami, Newark, Boston, New York, Chicago, and San Francisco that have then moved to Florida and Louisiana, broken down by State, departure city, and year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14 (N.D. Fla. Mar. 8, 2023) (noting data by Defendant DHS "estimating

22

that about 160,000 of the aliens released into the country between January 2021 and July 2022 provided a Florida address or are on the Miami ERO docket, which covers Florida, Puerto Rico, and the Virgin Islands.").

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 25 (May 23, 2023):**

Plaintiff States further object that this request is self-referencing and nonsensical in seeking "the number of Applicants for Admission who apply for asylum while living in … Miami … that have then moved to Florida …." Plaintiff States further identify Dkt. 144-8 and Dkt. 144-9.

**REQUEST FOR PRODUCTION NO. 26:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission applying for asylum in Los Angeles, Miami, Newark, Boston, New York, Chicago, and San Francisco who are likely to move to Florida and Louisiana, broken down by departure city and destination State in the next year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that the word "likely" is inherently subjective and therefore vague and ambiguous. Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object to this request as self-referencing with respect to "Applicants for Admission applying for asylum in … Miami … who are likely to move to Florida …."

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search.

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 26 (May 23, 2023):**

Plaintiff States further object that this request is self-referencing and nonsensical in seeking "the number of Applicants for Admission applying for asylum in … Miami … who are likely to

23

move to Florida ….” Plaintiff States further identify Dkt. 144-8 and Dkt. 144-9.

**REQUEST FOR PRODUCTION NO. 27:** Provide all documents, including but not limited to, writings, data, and correspondence that show the number of Applicants for Admission, noncitizens, and Undocumented Immigrants who resided in Florida and Louisiana, and have moved out of each State, broken down by year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of “all” documents. Plaintiff States object to this request as vague and ambiguous based on the use of “including but not limited to.” Plaintiff States object that the word “likely” is inherently subjective and therefore vague and ambiguous. Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the basis for the claims in paragraph 80 of the Complaint, ECF No. 86, that “Louisiana will also be injured gravely by the Asylum IFR. Louisiana will be required to stretch its resources even further under the Asylum IFR, because the IFR will cause an influx of aliens at the border, causing Defendants to release hundreds of thousands of aliens into the United States monthly and similarly increasing the number of aliens Defendants fail to apprehend initially. … In addition, by incentivizing further illegal immigration, the Asylum IFR will force Louisiana to expend limited resources on education, healthcare, public assistance, and general government services.”

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of “all” documents. Plaintiff States object to this request as vague and ambiguous based on the use of “including but not limited to.” Plaintiff States object that responding to this request requires

information in the possession of Defendants, which has not been provided. Plaintiff States object that the information sought by this request is privileged work product. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. To the extent Defendants seek Rule 11 discovery, Defendants should first file a Rule 11 motion, itself subject to Rule 11.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents "that establish the basis" for allegations in the complaint in response to this request. Plaintiff States have produced responsive, non-privileged documents that were located after a reasonable search, that support the allegations in Paragraph 80. *See, e.g.*, LADOJ-ASYLUM-116. Plaintiff States further respond by directing Defendants to Notice of Proposed Rulemaking, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023). Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

### SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 28 (May 23, 2023):

Plaintiff States further identify LADOJ-ASYLUM-2342, 2345, 6156, 6122, 6168.

### REQUEST FOR PRODUCTION NO. 29: Provide all documents, including but not limited to, writings, data, and correspondence that establish the basis for the claims in the memorandum of understanding, referenced in paragraph 81 of the Complaint, ECF No. 86, that Louisiana "is directly and concretely affected by changes to DHS rules and policies that have the effect of easing, relaxing, or limiting immigration enforcement. Such changes can negatively impact [Louisiana's] … budgets, as well as its other important health, … and pecuniary interests," and that 'rules, policies, procedures, and decisions that could result in significant increases to the number of people residing in a community' will 'result in direct and concrete injuries to [Louisiana], including increasing … consumption of public benefits and services, strain upon the healthcare system."

### RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

"including but not limited to." Plaintiff States object that the Memorandum of Understanding speaks for itself and is an admission by Defendant(s). Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents "that establish the basis" for Defendants' admissions in the Memorandum of Understanding.

**REQUEST FOR PRODUCTION NO. 30:** Provide all documents, including but not limited to, writings, data, and correspondence—other than those referenced in footnote 14 of the Complaint, ECF No. 86—that establish "Louisiana has approximately 70,000 to 78,000 aliens living in the State who are not lawfully in the United States. More than 70% of them do not have health insurance, about 34% of them have incomes below the poverty level, and they cost Louisiana taxpayers more than $362 million a year. More illegal aliens entering the State will increase the costs of the State's healthcare system."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States have produced responsive, non-privileged documents that were are located after a reasonable search.

*See, e.g.*, LADOJ-ASYLUM-0001.

**REQUEST FOR PRODUCTION NO. 31:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the basis for the claims in paragraph 83 of the complaint, ECF No. 86, that "DHS releases illegal aliens from those detention facilities to Louisiana cities through-out the Western District, including Lafayette, Monroe, and Shreveport. Releases in Lafayette are so common that a California business advertises 'immigration bail bonds in Lafayette' and urges illegal immigrants and their families to 'contact our Lafayette bail bondsmen' 'if you have a family member who finds him or herself in custody of [DHS],'" and

26

"DHS 'paroles' many illegal immigrants into Louisiana cities without even the minimal security of a bond. The Asylum IFR will increase the use of DHS detention facilities and lead to the increased release of aliens into the Western District and throughout the State."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object that the information sought by this request is privileged work product. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. To the extent Defendants seek Rule 11 discovery, Defendants should first file a Rule 11 motion, itself subject to Rule 11. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents "that establish the basis" for allegations in the complaint in response to this request. Plaintiff States have produce responsive, non-privileged documents that were located after a reasonable search, and that support the allegations in Paragraph 83. *See, e.g.*, LADOJ-ASYLUM-2327, 2339, 2403, 2414, 3154.

**REQUEST FOR PRODUCTION NO. 32:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the basis for the claim in paragraphs 96 that the "IFR will result in … more unvetted migrants … in Florida's communities."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

27

"including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object that the information sought by this request is work product. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. To the extent Defendants seek Rule 11 discovery, Defendants should first file a Rule 11 motion, itself subject to Rule 11.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents "that establish the basis" for allegations in the complaint in response to this request. Plaintiff States will produce non-privileged documents, if any are located after a reasonable search, that support the allegations in Paragraph 96.

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 32 (May 23, 2023):**

Plaintiff States further identify the Declaration of Raul Ortiz in *Florida v. United States*, No. 23-11528 (11th Cir.), and Raul Ortiz's deposition testimony in *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla.) in response to this request. Plaintiff State's further identify LADOJ-ASYLUM-6122.

**REQUEST FOR PRODUCTION NO. 33:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the basis for the claims in paragraphs 96 and 97 of the complaint, ECF No. 86, that Florida has costs related to Medicaid and temporary cash assistance as a result of the IFR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided. Plaintiff States object

that the information sought by this request is privileged work product. Plaintiff States object that the information sought by this request is not relevant and is outside the scope of discovery. To the extent Defendants seek Rule 11 discovery, Defendants should first file a Rule 11 motion, itself subject to Rule 11.

Subject to the foregoing general statement and specific objections, Plaintiff States will neither search for nor produce documents "that establish the basis" for allegations in the complaint in response to this request. Plaintiff States will produce non-privileged documents, if any are located after a reasonable search, that support the allegations in Paragraph 80. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 33 (May 23, 2023):**

After a responsible search, Plaintiff States have not located documents directly responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:** Provide all documents, including but not limited to, writings, data, and correspondence that establish Florida has additional education costs as a result of the IFR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as overbroad and unduly burdensome to the extent it requires production of "all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to." Plaintiff States object that responding to this request requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --,

29

2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 34 (May 23, 2023):**

After a responsible search, Plaintiff States have not located documents directly responsive

to this request.

**REQUEST FOR PRODUCTION NO. 35:** Provide all documents, including but not limited to, writings, data, and correspondence—other than those referenced in footnote 17 of the Complaint—that establish that "Florida currently has approximately 772,000 to 957,000 illegal aliens living in the State, costing Florida taxpayers more than $4.7 billion a year," as alleged in paragraph 98 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States

object to this request as overbroad and unduly burdensome to the extent it requires production of

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of

"including but not limited to."

Subject to the foregoing general statement and specific objections, Plaintiff States will

produce responsive, non-privileged documents, if any, that are located after a reasonable search.

Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --,

2023 WL 2399883, at *14-16 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 35 (May 23, 2023):**

After a responsible search, Plaintiff States have not located documents directly responsive

to this request.

**REQUEST FOR PRODUCTION 30 [*sic*, 36]:** All documents, including but not limited to, writings, data, and correspondence, consulted or relied upon in responding to Defendants' interrogatories and requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30 [*sic*, 36]:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States

object to this request as overbroad and unduly burdensome to the extent it requires production of

"all" documents. Plaintiff States object to this request as vague and ambiguous based on the use of "including but not limited to."

Subject to the foregoing general statement and specific objections, Plaintiff States will produce responsive, non-privileged documents, if any, that are located after a reasonable search. Plaintiff States further respond by directing Defendants to *Florida v. United States*, -- F.Supp.3d --, 2023 WL 2399883 (N.D. Fla. Mar. 8, 2023).

**SUPP. RESPONSE TO REQUEST FOR PRODUCTION NO. 30 [*sic*, 36] (May 23, 2023):**

Plaintiff States identify the documents cited in each interrogatory response.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** How many noncitizens have been granted asylum and established residence in Florida and Louisiana, broken down by year and State, for years 2019-2023?

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this interrogatory requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States state that according to DHS data:

(1) In 2019, 617 individuals granted defensive asylum were resident in Florida; in 2020, 597 individuals granted defensive asylum were resident in Florida; and in 2021, 239 individuals granted defensive asylum were resident in Florida. According to DHS data, in 2019, 2,458 individuals granted affirmative asylum were resident in Florida; in 2020, 1,551 individuals granted affirmative asylum were resident in Florida; [1] and in 2021, 613 individuals granted affirmative asylum were

---

[1] DHS, FY 2020 Refugees and Asylees Annual Flow Report (Mar. 8, 2022), at 23, https://www.dhs.gov/sites/default/files/2022-03/22_0308_plcy_refugees_and_asylees_fy2020_1.pdf

resident in Florida.[2] Upon information and belief, these numbers do not include follow-to-join asylees.[3]

(2) In 2019, 253 individuals granted affirmative asylum were resident in Louisiana; in 2020,147 individuals granted affirmative asylum were resident in Louisiana; and in 2021, 454 individuals granted affirmative asylum were resident in Louisiana. These numbers do not include defensive grants of asylum or follow-to-join asylees. Louisiana was a leading area per-capita for affirmative asylum grants, with approximately 10 recipients per 100,000 residents.[4]

**INTERROGATORY NO. 2:** Describe your means of tracking the data requested in Interrogatory No. 1.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff States incorporate their general statement as if fully set forth herein. Subject to the foregoing general statement and specific objections, Plaintiff States respond that neither the Office of the Louisiana Attorney General nor the Office of the Florida Attorney General track the data requested in Interrogatory No. 1 in the ordinary course of their business.

**INTERROGATORY NO. 3:** State, for the years, 2015-2023, the number of applicants for admission who were granted asylum while living in each of the following cities, who subsequently moved to Florida and Louisiana, broken down by year and State:

    a. Miami

    b. San Francisco

    c. New York

    d. Los Angeles

    e. Boston

---

[2] DHS, FY 2021 Refugees and Asylees Annual Flow Report, at 13, https://www.dhs.gov/sites/default/files/2022-10/2022_0920_plcy_refugees_and_asylees_fy2021.pdf
[3] DHS, FY 2021 Refugees and Asylees Annual Flow Report, at 13, https://www.dhs.gov/sites/default/files/2022-10/2022_0920_plcy_refugees_and_asylees_fy2021.pdf
[4] DHS, FY 2021 Refugees and Asylees Annual Flow Report, at 13, https://www.dhs.gov/sites/default/files/2022-10/2022_0920_plcy_refugees_and_asylees_fy2021.pdf

  f. Newark

  g. Chicago

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that the requested information is not in the possession, custody, or control of the Office of the Louisiana Attorney General or the Office of the Florida Attorney General.

**INTERROGATORY NO. 4:** Describe your means of tracking the data requested in Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that neither the Office of the Louisiana Attorney General nor the Office of the Florida Attorney General track the data requested in Interrogatory No. 3 in the ordinary course of their business.

**INTERROGATORY NO. 5:** Define "non-meritorious asylum claim[s]" with respect to your claim that a "predictable result [of the Asylum IFR] will be a substantial increase in the approval rate of non-meritorious asylum claims," as you allege in paragraph 3 of the Complaint, ECF No. 86.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that the term "non-meritorious asylum claim" speaks for itself and is analogous to "meritless" asylum claims as that term has been used by the Supreme Court and Defendants. *See, e.g.*, *Dep't Homeland Sec. v. Thuraissigiam*, 140 S.Ct. 1959, 1966 n.9 (2020) (quoting Asylum Eligibility and Procedural

33

Modifications, 84 Fed. Reg. 33,829 33,831 (July 16, 2019)). The term "non-meritorious asylum claim" includes at least a claim of credible fear or for asylum that is not supported by adequate facts; a credible fear or asylum claim which is abandoned or not subsequently pursued; a credible fear or asylum claim that, if pursued and adjudicated after proper development of a record in an adversarial or quasi-adversarial context would fail to meet the relevant legal standard; and a fraudulent credible fear or asylum claim.

**INTERROGATORY NO. 6:** What percentage of asylees residing within Florida and Louisiana have non-meritorious asylum claims, as the term "non-meritorious asylum claims" is defined by you in response to Interrogatory No. 5?

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this interrogatory requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that data published by Defendants indicates that in 2019 Q2, of every 100 aliens claiming a credible fear, 83 would be referred to EOIR for adjudication by an immigration judge, but only 48 would file for asylum. Of those 48 who filed for asylum, only 13 would be granted asylum.[5] USDOJ statistics over the last 10 years are in accord.[6] Indeed, in a February 23, 2023, Notice of Proposed Rulemaking, DHS and DOJ reached an almost identical conclusion via an almost identical analysis, and they admitted that "most migrants who are initially deemed eligible to pursue their claims ultimately are not granted asylum in the subsequent EOIR removal proceedings." Circumvention of Lawful Pathways, 88 Fed. Reg. 11,704, 11,705, 11,716 (Feb. 23, 2023).

Plaintiff States further respond that, with respect to asylees, the Supreme Court has noted

---

[5] EOIR Adjudication Statistics (FY 2019 Q2), https://www.justice.gov/eoir/page/file/1148911/download
[6] EOIR Adjudication Statistics (July 15, 2022), https://www.justice.gov/eoir/page/file/1242491/download

that fraudulent claims can be difficult to detect, and further noted evidence that a significant percentage of asylum claims have indicia of fraud. *D.H.S. v. Thuraissigiam*, 140 S.Ct. 1959, 1967 & nn.10-11 (2020).

**INTERROGATORY NO. 7:** Describe your means of tracking the data requested in Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that neither the Office of the Louisiana Attorney General nor the Office of the Florida Attorney General track the data requested in Interrogatory No. 6 in the ordinary course of their business.

**INTERROGATORY NO. 8:** How many Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings have established residence in Florida and Louisiana, broken down by year and State, for years 2019-2023?

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants. Plaintiff States object that responding to this interrogatory requires information in the possession of Defendants, which has not been provided.

Subject to the foregoing general statement and specific objections, Plaintiff States initially note that Defendants have played labelling-games with the term parole. Media reports indicate that between March 2021 and late January 2023, more than 800,000 aliens were unlawfully released on Notices to Report or Parole Plus Alternatives to Detention.[7] Similar media reports state that ICE's Miramar, Florida office has 24,747 paroled aliens with asylum-related appointments, and ICE's

---

[7] https://www.nbcnews.com/politics/immigration/nearly-600000-migrants-crossed-border-released-inside-us-rcna68687

Jacksonville, Florida office has 2,686 paroled aliens with asylum-related appointments.[8] And, as DHS is aware, the Court in *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla.), found that over 100,000 aliens released at the Southwest Border under the Biden Administration have settled in Florida. DHS already possesses this evidence. *See* Order (Dkt. 157), *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla. March 8, 2023).

**SUPP. RESPONSE TO INTERROGATORY NO. 8 (May 23, 2023):**

Plaintiff States identify Defendants' discovery as partially responsive to this interrogatory.

**INTERROGATORY NO. 9:** Describe your means of tracking the data requested in Interrogatory No. 8.

**RESPONSE TO INTERROGATORY NO. 9:**

Subject to the foregoing general statement and specific objections, Plaintiff States respond that neither the Office of the Louisiana Attorney General nor the Office of the Florida Attorney General track the data requested in Interrogatory No. 8 in the ordinary course of their business.

**INTERROGATORY NO. 10:** What percentage of Undocumented Immigrants residing within Florida and Louisiana entered the United States in whole or in part due to their perception that "approval rates [of asylum claims] will incentivize even higher rates of illegal immigration into the United States," as you allege in paragraph 3 of the Complaint, ECF No. 86?

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome in that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that they are unable to quantify the specific percentage, but further respond that Defendants have admitted migration rates are responsive to border policy. *See, e.g.*, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023); Deposition of Border Patrol Chief Raul Ortiz, and

---

[8] https://nypost.com/2023/03/13/nyc-ice-office-fully-booked-for-migrant-appointments-through-late-2032/

further respond that Defendants have admitted they maintain models of migration responses that presumably incorporates this information, *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023).

**INTERROGATORY NO. 11:** Describe your means of tracking the data requested in Interrogatory No. 10.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that neither the Office of the Louisiana Attorney General nor the Office of the Florida Attorney General track the data requested in Interrogatory No. 10 in the ordinary course of their business.

**INTERROGATORY NO. 12:** Identify the amount and type of funding or financial assistance Florida and Louisiana receive from the federal government for the purposes of providing social services, broken down by service, year, and State.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Plaintiff States object to this interrogatory as unduly burdensome and oppressive because the information is equally available to Defendants. Plaintiff States object to this interrogatory as not seeking relevant information and outside the scope of discovery. *See, e.g.*, *Texas v. United States*, 809 F.3d 134, 155-56 (5th Cir. 2015).

Subject to the foregoing general statement and specific objections, Plaintiff States will not respond to this interrogatory.

**INTERROGATORY NO. 13:** Do you contend that prior to the effective date of the Asylum IFR noncitizens were incentivized to enter the United States based on their perception that the United States has lax immigration enforcement policies?

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond yes.

**INTERROGATORY NO. 14:** Do you contend that noncitizens perceive USCIS to be more likely to grant asylum than Immigration Judges?

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond yes.

**INTERROGATORY NO. 15:** State all grounds for your response to Interrogatory 13 and Interrogatory 14 including reference to any evidence supporting your contentions.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this interrogatory as overbroad and unduly burdensome to the extent it requests "all grounds" for a contention, particularly given that discovery is ongoing.

Subject to the foregoing general statement and specific objections, Plaintiff States identify *Circumvention of Lawful Pathways*, 88 Fed. Reg. 11,704 (Feb. 23, 2023); the Deposition of Border Patrol Chief Raul Ortiz; the MOU referenced in the complaint; and the magnet effect that is well-known among immigration experts.[9] Indeed, in *Florida v. United States*, No. 3:21-cv-1066 (N.D. Fla.), the Court found that the Biden Administration's policies have a magnet effect. This finding was based on testimony from DHS's witnesses and DHS's own internal documents. DHS already possesses this evidence.

Plaintiff States further respond that data published by Defendants indicates that in 2019 Q2, of every 100 aliens claiming a credible fear, 83 would be referred to EOIR for adjudication by an immigration judge, but only 48 would file for asylum. Of those 48 who filed for asylum, only 13

---

[9] https://cis.org/Arthur/Joe-Bidens-Immigration-Plan

would be granted asylum.[10] USDOJ statistics over the last 10 years are in accord.[11] Indeed, in a February 23, 2023, Notice of Proposed Rulemaking, DHS and DOJ reached an almost identical conclusion via an almost identical analysis, and they admitted that "most migrants who are initially deemed eligible to pursue their claims ultimately are not granted asylum in the subsequent EOIR removal proceedings." Circumvention of Lawful Pathways, 88 Fed. Reg. 11,704, 11,705, 11,716 (Feb. 23, 2023).

**SUPP. RESPONSE TO INTERROGATORY NO. 15 (May 23, 2023)**

Plaintiff States further state that the Biden Administration has appointed an individual as Director of U.S.C.I.S. who is hostile to immigration controls and enforcement, and who publicly views U.S.C.I.S. as a "services" agency focused on maximizing the rates in which aliens are processes, and not as an agency responsible for border enforcement. Similarly, Asylum Officers are known to oppose immigration controls and are substantially less-qualified than immigration judges. Plaintiff States further identify LADOJ-ASYLUM-4882, 5927, 5968-6100, 6139-6152, and 6897-6909 in response to this interrogatory.

**INTERROGATORY NO. 16:** Identify all of the regulatory changes made through the Asylum IFR that you contend will draw immigrants who are not already motivated to come to the United States.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to the foregoing general statement and specific objections, Plaintiff States respond that the Asylum IFR speaks for itself, and will *in toto* draw migrants. Specific draws include, but are not limited to, an easier and quicker asylum process, the lack of a second filter (via immigration court), and a non-adversarial process.

**INTERROGATORY NO. 17:** Identify the individuals who were involved with the negotiation

---

[10] EOIR Adjudication Statistics (FY 2019 Q2), https://www.justice.gov/eoir/page/file/1148911/download
[11] EOIR Adjudication Statistics (July 15, 2022), https://www.justice.gov/eoir/page/file/1242491/download

and/or creation of the Memorandum of Understanding, referenced in paragraphs 75 and 81 of the Complaint, ECF No. 86.

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as unduly burdensome to the extent that it seeks information already in the possession, custody, or control of Defendants.

Subject to the foregoing general statement and specific objections, Louisiana states that the MOU reference in paragraph 81 was executed by Attorney General Jeff Landry and Senior Official Performing the Duties of the Deputy Secretary Kenneth T. Cuccinelli II. Louisiana further responds that (a) drafts of the MOU were received from Chad Mizelle and Sohan Dasgupta of the U.S. Department of Homeland Security, and (b) Elizabeth Murrill, Bill Stiles, and Joseph St. John were involved with the negotiation and/or creation of the MOU. Louisiana further responds that, with respect to the MOU referenced in paragraph 75 it has no information other than the information contained in the complaint.

Subject to the foregoing general statement and specific objections, Florida states that it has no information other than the information contained in the complaint.

**INTERROGATORY NO. 18:** Describe your injury with respect to each count in your second amended complaint, ECF No. 86, broken down by count.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff States incorporate their general statement as if fully set forth herein. Plaintiff States object to this request as compound.

Subject to the foregoing general statement and specific objections, Plaintiff States incorporate by reference all injuries referenced in their complaint. Plaintiff States further respond:

<u>All Counts</u>: Plaintiff states suffer a sovereign injury when aliens enter their territory without proper legal authorization, including as a result of Defendants' failure (or refusal) to execute

federal law. Plaintiff States suffer additional sovereign injury when their laws are broken by unauthorized aliens. Plaintiff States suffer additional sovereign injury when they are forced to permit aliens in their territory, and, more specifically, aliens whose identities Plaintiff States do not know and in some cases—according to Defendants—are forbidden to ascertain. Plaintiff States suffer fiscal injuries in their sovereign, quasi-sovereign, and sovereign capacities when they expend funds on aliens, including via education, Medicaid, TANF, and SNAP.

Counts IV-VIII: Plaintiff States also suffer a procedural injury. *See, e.g.*, *Texas v. E.E.O.C.*, 933 F.3d 433, 447 (5th Cir. 2019); *United States v. Johnson*, 632 F.3d 912, 921 (5th Cir. 2011).

**INTERROGATORY N0. 19**: Explain how you will determine whether the Asylum IFR is the but-for cause of any expenditures for Applicants for Admission released by the federal government at the Southwest border.

**RESPONSE TO INTERROGATORY NO. 19:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to their general statement and specific objections, Plaintiff States dispute that they are required to prove but-for causation of expenditures in the way this interrogatory appears to contemplate. Plaintiff States further respond that expenditures for Applicants for Admission released at the Southern Border are sufficient for standing because Congress has directed that such aliens "shall be detained." 8 U.S.C. 1225(b)(1); *Matter of M-S-*, 27 I. & N. Dec. 509, 2019 WL 1724249 (A.G. Apr. 16, 2019). Plaintiff States further respond that they contemplate demonstrating standing via statistical proof and historical patterns, *see, e.g.*, *Dept. of Commerce v. New York*, 139 S.Ct. 2551 (2019); *Texas v. United States*, 40 F. 4th 205 (5th Cir. 2022); *Texas v. Biden*, 10 F. 4th 538 (5th Cir. 2021), supplemented by any individual examples that may be developed in discovery.

**INTERROGATORY N0. 20**: Explain how you will determine whether the Asylum IFR is the but-for cause of any expenditures for asylees.

**RESPONSE TO INTERROGATORY NO. 20:**

41

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to their general statement and specific objections, Plaintiff States dispute that they are required to prove but-for causation of expenditures in the way this interrogatory appears to contemplate. Plaintiff States further respond that they contemplate demonstrating standing via statistical proof and historical patterns, *see, e.g.*, *Dept. of Commerce v. New York*, 139 S.Ct. 2551 (2019); *Texas v. United States*, 40 F. 4th 205 (5th Cir. 2022); *Texas v. Biden*, 10 F. 4th 538 (5th Cir. 2021), supplemented by any individual examples that may be developed in discovery.

**INTERROGATORY NO. 21**: For any Request for Admission that you deny, please explain the basis for your denial and identify any evidence supporting your denial.

**RESPONSE TO INTERROGATORY NO. 21:**

Plaintiff States incorporate their general statement as if fully set forth herein.

Subject to their general statement and specific objections, Plaintiff States direct Defendants to Plaintiff States' responses to individual Requests for Admission.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Prior to the effective date of the Asylum IFR, Florida and Louisiana provided public benefits to individuals granted asylum by U.S. Citizenship and Immigration Services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiff States object to this Request as compound.

Subject to their general statement and specific objections, Plaintiff States admit that prior to the effective date of the Aylum IFR, Florida and Louisiana provided public benefits to at least some individuals granted asylum by U.S. Citizenship and Immigration Services.

**REQUEST FOR ADMISSION NO. 2:**  Prior to the effective date of the Asylum IFR, Florida and Louisiana provided public benefits to individuals granted asylum by an Immigration Judge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff States object to this Request as compound.

Subject to their general statement and specific objections, Plaintiff States admit that Florida and Louisiana provided public benefits to at least some individuals granted asylum by an Immigration Judge.

**REQUEST FOR ADMISSION NO. 3:** Prior to the effective date of the Asylum IFR, the federal government released Applicants for Admission at the Southwest border pending their applications for asylum or their removal proceedings.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff States object to this Request as compound.

Subject to their general statement and specific objections, Plaintiff States admit that prior to the effective date of the Asylum IFR, the federal government released Applicants for Admission at the Southwest border pending their applications for asylum or their removal proceedings.

**REQUEST FOR ADMISSION NO. 4:** Asylum grant rates fluctuate over time based on changes in Board of Immigration Appeals' precedent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Subject to their general statement and specific objections, Plaintiff States lack sufficient information to admit or deny this request; it is therefore denied.

**REQUEST FOR ADMISSION NO. 5:** Asylum grant rates fluctuate over time based on Attorney General decisions in cases that are referred to the Attorney General from the Board of Immigration Appeals for review.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Subject to their general statement and specific objections, Plaintiff States lack sufficient information to admit or deny this request; it is therefore denied.

**REQUEST FOR ADMISSION NO. 6:** Asylum grant rates fluctuate over time based judicial decisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Subject to their general statement and specific objections, Plaintiff States lack sufficient

information to admit or deny this request; it is therefore denied.

**REQUEST FOR ADMISSION NO. 7:** Asylum grant rates fluctuate over time based on conditions in the countries from which asylum is sought.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Subject to their general statement and specific objections, Plaintiff States lack sufficient

information to admit or deny this request; it is therefore denied.

**REQUEST FOR ADMISSION NO. 8:** Asylees who meet state income requirements are eligible for Medicare.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff States object to this Request as improperly calling for a pure legal conclusion. *See, e.g.*, *Warnecke v. Scott*, 79 Fed. App'x 5, 6 (5th Cir. 2003) ("[R]equests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions …."). Plaintiff States note that, based upon information provided by the federal government, eligibility for Medicare is not dependent upon income.[12] Subject to their general statement and specific objections, Plaintiff States accordingly deny this request.

**REQUEST FOR ADMISSION NO. 9:** Asylees who do not qualify for Medicare under the rules of your state are eligible for Refugee Medical Assistance (RMA) for a period of eight months.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff States object to this Request as improperly calling for a pure legal conclusion. *See, e.g.*, *Warnecke v. Scott*, 79 Fed. App'x 5, 6 (5th Cir. 2003) ("[R]equests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions …."). Plaintiff States note that, based upon information provided by the federal government, eligibility for RMA is not tied to eligibility for Medicare.[13] Subject to their general statement and specific objections, Plaintiff States accordingly deny this request.

---

[12] https://www.ssa.gov/benefits/medicare/medicare-premiums.html
[13] https://www.acf.hhs.gov/orr/programs/refugees/cma

**REQUEST FOR ADMISSION NO. 10:** Asylees and parolees who are eligible for work permits may be able to obtain health insurance from their employers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff States object to this request as calling for speculation and knowledge outside of their possession, custody, or control. Plaintiff States accordingly admit the *possibility* that "[a]sylees and [lawful] parolees who are eligible for work permits may be able to obtain health insurance from their employers," but otherwise deny this request based on lack of sufficient information to admit or deny.

**REQUEST FOR ADMISSION NO. 11:** Asylees and parolees who are eligible for private insurance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff States object that this Request is an incomprensible sentence fragment. Plaintiff States accordingly lack sufficient information to admit or deny, and therefore deny this request as written.

During the parties April 17, 2023, meet-and-confer, Defendants stated that the word "who" should be deleted. Plaintiff States object to the corrected request as calling for speculation and knowledge outside of their possession, custody, or control. Plaintiff States accordingly admit the *possibility* that "[a]sylees and parolees are eligible for private insurance," but otherwise deny this request based on lack of sufficient information to admit or deny.

**REQUEST FOR ADMISSION NO. 12:** Asylees and parolees who are eligible to purchase insurance on the public exchange under the Affordable Care Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Plaintiff States object that this Request is an incomprensible sentence fragment. Plaintiff States accordingly lack sufficient information to admit or deny, and therefore deny this request as written.

During the parties April 17, 2023, meet-and-confer, Defendants stated that the word "who" should be deleted. Plaintiff States object to this Request as improperly calling for a pure legal conclusion. *See, e.g.*, *Warnecke v. Scott*, 79 Fed. App'x 5, 6 (5th Cir. 2003) ("[R]equests for admissions are properly used for facts or facts as applied to law, not pure legal conclusions …."). Subject to their general statement and specific objections, Plaintiff States accordingly deny this request.

**REQUEST FOR ADMISSION NO. 13:** Florida does not track the citizenship or immigration status of students.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Florida admits that the Office of the Florida Attorney General does not track the citizenship or immigration status of students. Florida further states that Defendant Department of Justice has stated that "the undocumented or non-citizen status of a student … is irrelevant to that student's entitlement to an elementary and secondary public education" and indicated that requests for such information may violate federal law. *See* Dear Colleague Letter (May 8, 2014).[14] Florida further responds that Florida agencies do not track citizenship or immigration status, but do track "immigrant children and youth" pursuant to federal law. *See* 20 U.S.C. 7011(5).

**REQUEST FOR ADMISSION NO. 14:** Louisiana does not track the citizenship or immigration status of students.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Louisiana admits that the Office of the Louisiana Attorney General does not track the citizenship or immigration status of students. Louisiana further states that Defendant Department of Justice has stated  that "the undocumented or non-citizen status of a student … is irrelevant to that student's entitlement to an elementary and secondary public education" and indicated that requests

---

[14] https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201405.pdf

for such information may violate federal law. *See* Dear Colleague Letter (May 8, 2014).[15]

---

[15] https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201405.pdf

Dated: April 3, 2023

Corrected: April 22, 2023

Supplemented: May 23, 2023

Respectfully submitted,

JEFF LANDRY
  ATTORNEY GENERAL

/s/ Joseph Scott St. John
ELIZABETH B. MURRILL (La #20685)
  Solicitor General
JOSEPH S. ST. JOHN (La #36682)
  Deputy Solicitor General
JORDAN B. REDMON (La #37272)
  Assistant Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov
redmonj@ag.louisiana.gov
*Counsel for Plaintiff State of Louisiana*

ASHLEY MOODY
  ATTORNEY GENERAL

JAMES H. PERCIVAL (*pro hac vice*)
  Chief of Staff
OFFICE OF THE FLORIDA
ATTORNEY GENERAL
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300
james.percival@myfloridalegal.com
*Counsel for Plaintiff State of Florida*

48