EXHIBIT 130

## I-300    CITIZENSHIP/IDENTITY AND QUALIFIED NON-CITIZEN STATUS

### I-310    REQUIREMENTS

As a condition of eligibility for all Medicaid programs, a person must be a:

- U.S. citizen; or
- Qualified non-citizen.

**Note:**
Certain qualified non-citizens <u>cannot receive</u> Medicaid for five (5) years. Refer to *I-313  Five year Bar on Medicaid for Certain Qualified Non-citizens*.

**<u>Exception:</u>**
<u>Non-citizens eligible for emergency services only or LaCHIP Phase IV are not subject to this requirement</u>.

### I-311    U.S. CITIZEN

A person becomes a U.S. citizen by one of the following three means:

1. Through birth;

   A person born in the U.S., or born to U.S. citizens on foreign soil, is a U.S. citizen. The U.S. is defined as:

   - The fifty (50) states;
   - District of Columbia;
   - American Samoa;
   - Swain's Island;
   - Puerto Rico (born on or after January 13, 1941);
   - U.S. Virgin Islands (born on or after January 17, 1917);
   - Northern Mariana Islands (born after November 4, 1986 NMI local time); and
   - Guam (born on or after April 10, 1899).

   **Exception:**

   The following individuals, if born in the U.S., are not ** citizens by birth:

   - Person born to a foreign sovereign individual; or

- Person born to a foreign diplomatic officer.

2. Through naturalization

   Naturalization is the process by which a foreign citizen or national is granted full U.S. citizenship.

3. As a foreign-born child of a U.S. citizen (including adopted children). A foreign-born child residing in the U.S. automatically acquires citizenship, provided all of the following requirements are met:

   - At least one of the parents is a U.S. citizen (by birth or naturalization); and

   - The child is under age 18; and

   - The child is currently residing permanently in the U.S. in the legal and physical custody of the citizen parent; and

   - The child is admitted as a lawful permanent resident; and

   - For an adopted child, all of the above are true, in addition to meeting the following criteria:

     - The child was adopted while under 16 years of age; and

     - The child has been in the legal custody of, and has resided with, the adopting parents for at least two (2) years; or

     - The child has been battered or subject to extreme cruelty by the adopting parent or by a family member of the adopting parent residing in the same household.

   **Note:**
   If the parent has to re-adopt the child after the child has been admitted to the U.S., the child becomes a citizen on the day the full and final adoption is completed.

## I-312        QUALIFIED NON-CITIZEN

A qualified non-citizen is an individual in any of the following groups:

- Lawful permanent resident (LPR);

- Refugee, including Amerasian immigrant admitted to U.S. as a LPR (identified by the status code AM-1, 2, 3, 6, 7, or 8 on

immigration documentation and the automated Systematic Non-citizen Verification for Entitlement (SAVE) system);

- Iraqi and Afghan entrants with special immigrant Visas (SIV);

- Afghan parolees;

- Asylee;

- A person who has had deportation withheld under section 243(h) of the Immigration and Nationality Act (INA);

- A person granted parole for at least one year by the U.S. Citizenship and Immigration Services (USCIS);

- A person granted conditional entry under immigration law in effect before April 1, 1980;

- Cuban and Haitian entrant as defined in section 501(e) of the Refugee Education Assistance Act of 1980;

- A battered immigrant that meets certain requirements;

- A severe trafficking victim, in accordance with Section 107 (b)(1) of the Trafficking Victims Protection Act of 2000; or

- A non-citizen Native American who is a member of a federally recognized Indian tribe.

   **Note:**
   This does not include the non-citizen spouse or child of such an Indian, or a non-citizen whose membership in an Indian tribe or family is created by adoption, unless such person is of at least (fifty) 50 percent American Indian blood.

- Individuals who are considered Compact of Free Association (COFA) migrants (also referred to as compact citizens). COFA is an agreement between the U.S. and the three Pacific Island sovereign states of Federated States of Micronesia, the Republic of the Marshall Islands, and the Republic of Palau – known as Freely Associated States.

All applicants for Medicaid who declare they are qualified non-citizens must provide **USCIS documents to establish immigration status and this status must be verified through the SAVE system.

Refer to *I-320.1 Acceptable Documentation of Qualified Non-Citizen Status* for more information.

## I-313          FIVE YEAR BAR ON MEDICAID FOR CERTAIN QUALIFIED NON-CITIZENS

Immigrants who entered the U.S. on or after August 22, 1996 as qualified non-citizens are not eligible to receive Medicaid for five (5) years from the date they enter the country.

If they are not qualified non-citizens when they enter, the five (5) year bar begins the date they become a qualified non-citizen.  Qualified non-citizens affected by the bar may be eligible for emergency services only or, if pregnant, for LaCHIP Phase IV only.  Refer to *I-315    NON-CITIZENS ELIGIBLE FOR EMERGENCY SERVICES ONLY*.

The following qualified non-citizens are subject to the five (5) year bar:

- Lawful permanent residents (LPRs);

- Non-citizens granted parole for at least one (1) year, <u>as pursuant to section 212(d)(5) of the Immigration and Nationality Act (INA) (8 U.S.C. §1182(d)(5)), including individuals paroled into the U.S. with a Class of Admission (COA) code of "CM (Central American Minors) Paroled for 2 years."</u>

  **Exceptions:**
  <u>The bar does not apply to individuals paroled into the U.S. with the COA code of "HF (Haitian Family Reunification Program). Paroled for 3 years"</u>

  **

- Battered non-citizens; and

- Immigrants who entered prior to August 22, 1996 and did not remain "continuously present" in the U.S. until becoming a qualified non-citizen on or after that date.  Any single absence of more than thirty (30) consecutive days or a combined total absence of ninety (90) days before obtaining qualified non-citizen status is considered to interrupt "continuous presence."

Refer *to I-320.2        Acceptable Documentation to Determine The Five-Year Bar For Qualified Non-Citizens*

for more information.

<u>Refer to *I-316          COVERAGE OPTION UNDER CHIPRA FOR*</u>

Louisiana Medicaid Eligibility Manual                    Eligibility Factors

_CHILDREN UP TO 19_.  Louisiana elected to cover lawfully residing children up to age 19 under both Medicaid and LaCHIP.

**The following qualified non-citizens are not subject to the five (5) year bar:**

- Refugees;

- Asylees;

- Cuban and Haitian entrants;

- Victims of a severe form of trafficking;

- Non-citizens whose deportation is being withheld;

- Qualified non-citizens who are honorably discharged veterans or on active duty in the U.S. military;

- The spouse and/or unmarried dependent child(ren) of an honorably discharged veteran or an individual on active duty in the U.S. military;

    **Note:**
    The spouse of a deceased veteran who has not remarried may qualify for an exception to the 5-year bar if the spouse is a qualified non-citizen.

- Legal permanent residents who first entered the country under another exempt category (i.e., as a refugee, asylee, Cuban or Haitian entrant, trafficking victim, or non-citizen whose deportation was being withheld) and who later converted to LPR status;

- CHIPRA children under age 19 (see _I-316 Coverage Option Under CHIPRA For Children Up To 19_.)

- Members of a federally-recognized Indian tribe;

- Immigrants who entered the U.S. and became qualified non-citizens prior to August 22, 1996;

- Immigrants who entered prior to August 22, 1996 and remained "continuously present" in the U.S. until becoming a qualified non-citizen on or after that date;

    **Note:**
    An immigrant does not have to remain continuously present in the U.S. after obtaining qualified non-citizen status.

- Iraqi and Afghan entrants with a Special Immigrant Visa (SIV) and Afghan parolees

**Note:**

Afghan parolees whose status is adjusted to LPR remain excluded from the five-year bar until March 31, 2023

- COFA migrants from the Pacific Island sovereign states of Federated States of Micronesia, the Republic of the Marshall Islands, and the Republic of Palau – known as Freely Associated States.

  **Note:**

  The five-year bar applies to COFA migrants who adjust to LPR status.

## I-314        NON-QUALIFIED NON-CITIZENS

Non-citizens who do not meet qualified non-citizen status are considered non-qualified non-citizens.

These individuals may be eligible for emergency services only (or, if pregnant, for LaCHIP Phase IV only). Refer to *I-315   NON-CITIZENS ELIGIBLE FOR EMERGENCY SERVICES ONLY*.  These individuals are not required to make a declaration of immigration status.

Non-qualified non-citizens include illegal/undocumented non-citizens. These non-citizens were:

- Never legally admitted to the U.S. for any period of time; therefore, never acquired ** documentation from USCIS; or
- Lawfully admitted for a limited time,** did not leave the U.S. when their authorized stay expired ** and documentation from USCIS is ** expired.

  **Note:**
  These individuals do not qualify for Social Security Numbers (SSN) **and are not required to provide a SSN.

It may be necessary to request information to distinguish between non-qualified non-citizens and non-immigrants/ineligible non-citizens. For undocumented non-citizens, a statement of how they came to be present in this country is acceptable. The other non-qualified non-citizens must provide their USCIS documentation, even if expired.

<u>Deny</u> \*\*coverage for applicants who do not respond or provide information to establish non-qualified status.

**Example 1:**
Applicant responds to request for contact but does not want to give information concerning their presence in the country.

**Example 2:**
Applicant states they were a visitor who stayed in the country after their time expired but did not provide requested Arrival/Departure documentation (USCIS Form I-94) to verify the expiration date.

## I-315       NON-CITIZENS ELIGIBLE FOR EMERGENCY SERVICES ONLY

Qualified non-citizens (subject to the five (5) year bar) and non-qualified non-citizens can be certified under Medicaid for emergency services if the following conditions are met.

The non-citizen has, after sudden onset, a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in:

1. Placing the patient's health in serious jeopardy;

2. Serious impairment to bodily functions; or

3. Serious dysfunction of any bodily organ or part.

To be eligible for emergency services, a non-citizen meeting the medical criteria as stated above must also meet all other eligibility requirements for Medicaid.  (That is, they would be otherwise eligible in a regular Medicaid program if they met U.S. citizenship or qualified non-citizen status.)

<u>The Medical Eligibility Determination Team (MEDT) </u>must \*\* <u>approve</u> \*\* all medical need for emergency services.  The \*\*MEDT <u>request</u> must clearly indicate that approval of "emergency services only" is being requested and must address sudden onset.  MEDT also determines the coverage period of medical need for emergency services.  Once the emergency is over, coverage ends immediately.

Medicaid coverage for services related to an organ transplant procedure or routine prenatal or post-partum care is not available under this provision.  If an eligible individual receives treatment for an

emergency medical condition and continues to receive care after the emergency ceases, care after the emergency ends is not covered under Medicaid.

The following individuals should first be considered for eligibility for prenatal care under LaCHIP Phase IV:

- Pregnant qualified non-citizens subject to the five (5) year bar;

- Pregnant non-qualified non-citizens; and

- Pregnant non-immigrant women.

Refer to H-3050 LaCHIP Phase IV.  Applicants who do not meet the income or insurance requirements for LaCHIP Phase IV may be eligible for Emergency Medical Services (EMS).

In the case of EMS labor and delivery, Medicaid coverage is available from the time the mother is first treated for active labor until such time as delivery is complete and mother and child are stabilized.

Local Medicaid office staff may** determine services for labor and delivery for limited periods of coverage using the following standards**:

- For vaginal deliveries, coverage begins with the onset of active labor and ends the day of delivery; or

- For caesarian section, coverage begins with the onset of active labor and ends the day after delivery.

  **Note**:
  If delivery is after 12 noon, allow an additional day of coverage.

MEDT must approve coverage for any date prior to active labor and any date after these delivery standards.

Proof of coverage for emergency services is only provided on the notice of decision. Do not issue a medical card.

## I-316      COVERAGE OPTION UNDER CHIPRA FOR CHILDREN UP TO 19

Beginning February 1, 2019, Louisiana elected to cover lawfully residing children up to age 19 under both Medicaid and LaCHIP. Section 214 of CHIPRA amends section 2107 of the Act to grant states the option to provide coverage to children who are lawfully

residing in the United States and who are otherwise eligible for such assistance, as described in section 1903 of the Act.

A child shall be considered lawfully present if he or she is:

- A non-citizen in non-immigrant status who has not violated the terms of the status under which he or she was admitted or to which he or she has changed after admission;

- A non-citizen who has been paroled into the United States as pursuant to section 212(d)(5) of the Immigration and Nationality Act (INA) (8 U.S.C. §1182(d)(5)) for less than one (1) year, except for a non-citizen paroled for prosecution, for deferred inspection or pending removal proceedings;

- A non-citizen who belongs to one of the following classes:

  - Non-citizens currently in temporary resident status pursuant to section 210 or 245A of the INA (8 U.S.C. §§1160 or 1255a, respectively);

  - Non-citizens currently under Temporary Protected Status (TPS) pursuant to section 244 of the INA (8 U.S.C. §1254a), and pending applicants for TPS who have been granted employment authorization;

  - Non-citizens who have been granted employment authorization under 8 CFR 274a.12(c)(9), (10), (16), (18), (20), (22), or (24); (iv) Family Unity beneficiaries pursuant to section 301 of Pub. L. 101-649, as amended;

  - Non-citizens currently under Deferred Enforced Departure (DED) pursuant to a decision made by the President;

  - Non-citizens currently in deferred action status; or

  - Non-citizens whose visa petition has been approved and who have a pending application for adjustment of status.

- A pending applicant for asylum under section 208(a) of the INA (8 U.S.C. § 1158) or for withholding of removal under section 241(b)(3) of the INA (8 U.S.C. § 1231) or under the Convention Against Torture who has been granted employment authorization, and such an applicant under the age of 14 who has had an application pending for at least 180 days;

- A non-citizen who has been granted withholding of removal under the Convention Against Torture;

- A child who has a pending application for Special Immigrant Juvenile status as described in section 101(a)(27)(J) of the INA

- A non-citizen who is lawfully present in the Commonwealth of the Northern Mariana Islands under 48 U.S.C. § 1806(e); or

- A non-citizen who is lawfully present in American Samoa under the immigration laws of American Samoa.

Children who meet the definition set forth above of "lawfully present" also must be Louisiana residents.

## I-317      NON-IMMIGRANTS NOT ELIGIBLE FOR ANY MEDICAID PROGRAM

Some non-citizens may be lawfully admitted but only for a temporary or specified period of time as legal non-immigrants.

With two exceptions, these non-citizens are not normally considered qualified non-citizens (see Exception below). Because of the temporary nature of their admission status, they are generally unable to establish residency and therefore would not eligible for any Medicaid program (including emergency medical services).  Thus, a non-citizen in possession of a student visa, for example, is not a qualified non-citizen for Medicaid purposes.

**Exception:**
Pregnant non-immigrant non-citizen women can be certified in LaCHIP Phase IV if other eligibility requirements are met.

Children (under 19) who are lawful permanent residents (LPRs) under the five-year bar because of Louisiana's election of the CHIPRA 214 Option for children effective February 1, 2019. See I-316  Coverage Option Under CHIPRA for Children Up To 19

**Note:**
In rare instances, a non-immigrant may be able to establish residency and be eligible for treatment of emergency medical conditions only as defined in I-315 Non-citizens Eligible for Emergency Services Only. These are to be determined on a case by case basis. Contact the Eligibility Policy Unit for assistance.

The following categories of individuals are ineligible non-citizens/non-immigrants and are not eligible for Medicaid:

- Foreign government representatives (diplomats) on official business and their families and servants;

- Visitors for business or pleasure (tourists) including exchange visitors;

- Non-citizens in travel status while traveling directly through the U.S.;

- Crewmen on shore leave;

- Foreign students;

- International organization representation personnel and their families and servants;

- Temporary workers including agricultural contract workers;

   **Note:**
   USCIS may grant Temporary Protected Status (TPS) to eligible nationals of certain countries, including those with unknown nationality who last resided in the designated country who are already in the U.S. (for example, individuals from El Salvador, Honduras, and Nicaragua). TPS is a temporary benefit that does not lead to lawful permanent resident status (LPR) or give any other immigration status.

- Members of foreign press, radio, film, or other information media and their families.

For more information, refer to *I-320.3    Documentation for Non-Immigrants Who Are Not Eligible for Any Medicaid Program*

.

## I-320          VERIFICATION OF IMMIGRATION STATUS AND NON-CITIZEN STATUS

### I-320.1      Acceptable Documentation Of Qualified Non-Citizen Status

The following instructions set forth the documents that may be accepted to determine qualified non-citizen status. Once determined, this status must be verified through the SAVE system.

**Lawful Permanent Resident**

- USCIS Form I-551; or

- For recent arrivals, a temporary I-551 stamp on a foreign passport or on Form I-94.

    **Note:**
    Forms I-151, AR-3 and AR-3A have been replaced by USCIS. If presented as evidence of status, contact USCIS to verify status by filing a G-845S with a copy of the previous USCIS form. Refer the applicant/enrollee to USCIS to apply for a replacement card.

**Refugees**

- USCIS Form I-94, endorsed to show entry as refugee under section 207 of INA and date of entry to the U.S.;

    **Note:**
    Form I-94 processing for refugees has been automated by Customs and Border Protection (CBP). <u>Refugees no longer receive</u> a stamped, paper form ** upon arrival, except in limited circumstances. A refugee can obtain a copy of their I-94 record of admission from the website of the Department of Homeland Security (DHS).

- USCIS Form I-688B annotated "274a.12(a)(3)";

- Form I-766 annotated "A3"; or

- Form I-571.

    **Reminder:**
    Refugees usually change to LPR status after twelve (12) months in the U.S., but for the purposes of Medicaid eligibility are still considered refugees. They are identified by Form I-551 with codes RE-6, RE-7, RE-8, or RE-9.

**Asylees**

- USCIS Form I-94 annotated to show that asylum was granted under section 208 of the INA;

- A grant letter from the Asylum Office of the USCIS;

- Form I-688B annotated "274a.12(a)(5)";

- Form I-766 annotated "A5"; or

- An order of the Immigration Judge granting asylum.

    **Note:**
    If a court order is presented, file a G-845 with the local USCIS district office, attaching a copy of the document, to verify the order was not overturned on appeal.

**Non-citizen granted parole for at least one (1) year by USCIS**

- USCIS Form I-94, endorsed to show grant of parole under Section 212 (d) (5) of the INA and a date showing granting of parole for at least one (1) year.

**Non-citizen granted conditional entry under the immigration law in effect before April 1, 1980**

- USCIS Form I-94, showing admission under Section 203 (a) (7) of the INA, refugee-conditional entry;

- Forms I-688B annotated "274a.12 (a)(3)"; or

- Form I-766 annotated "A-3".

**Non-citizen who has had deportation withheld under Section 243(h) of the INA**

- Order of an Immigration Judge showing deportation withheld under Section 243(h) of the INA and date of the grant;

- USCIS Forms I-688B annotated "247a.12(a)(10)"; or

- Form I-766 annotated "A10".

Non-citizens (and their children) who have been battered (or subjected to extreme cruelty) by a spouse, parent, or a member of the spouse's or parent's family, if:

- The member of spouse's/parent's family lived in the same household with the non-citizen during the time they were battered or subjected to extreme cruelty;

**Note:**
There is no such living requirement for the spouse or parent who battered or subjected the non-citizen to extreme cruelty).

- The non-citizen no longer lives in the same household with the individual who battered or subjected the non-citizen to extreme cruelty; and

- The non-citizen has an approved or pending petition for adjustment of immigration status for:

    o Status as an immediate relative of a U.S. citizen under section 204(a)(1)(A)(i), (iii), or (iv) of INA;

    o Status as the spouse or child of an LAPR non-citizen under section 204(a)(1)(B)(i), (ii), or (iii) of the INA; or

    o Suspension of deportation and adjustment to LAPR status (based on battery) under section 244(a)(3); and

- The U.S. attorney general determines that there is a substantial connection between such battery or cruelty and the need for Medicaid benefits.

**American Indians born Outside of the U.S.**

- American Indian Card (I-872);

- Documentation of LPR status (See I-313 Five Year Bar On Medicaid For Certain Qualified Non-Citizens);

- Birth or baptismal certificate issued on a reservation;

- Membership card or other tribal records;

- Letter from the Canadian Department of Indian Affairs;

- School records; or

- Contact with the tribe in question.

**Iraqi and Afghan entrants with special immigrant status**

- Iraqi or Afghan passport with an immigrant visa stamp noting that the individual has been admitted under IV (Special Immigrant Visa) Category SI1, SQ1, SI2, SQ2, SI3, or SQ3 and DHS stamp or notation on passport or I-94 showing date of entry; or

- DHS Form I-551(known as a "green card") showing Iraqi or Afghan nationality (or Iraqi or Afghan passport) with an IV code of SI6, SQ6, SI7, SQ7, SI9 or SQ9.

**Victim of Human Trafficking**

- USCIS Form I0914 (also known as a "T visa"), that allows a foreign victim of human trafficking to remain in the U.S. for up to four (4) years with legal non-immigrant status.

**<u>Compact of Free Association (COFA) Migrants</u>**

- <u>Form I-766/EAD with COA code of A08, Form I-94 with a COFA COA code, or an unexpired passport issued by a COFA country (the Republic of Palau, RMI, or FSM).</u>

**I-320.2**     **Acceptable Documentation to Determine The Five-Year Bar For Qualified Non-Citizens**

- Form I-94. The date of admission should be found on the refugee stamp.  If missing, contact USCIS to verify the date of admission by filing a G-845 with a copy of the document.

- If an non-citizen presents Forms I-688B or I-766 (Employment Authorization Documents), and I-57 (refugee travel document), ask the non-citizen to present Form I-94.  If not available, contact USCIS by filing a G-845 with a copy of the document presented.

- Grant letters or court orders. The date that the document was issued will be used as the date status is granted.  If the date is missing, contact USCIS to verify date of grant by filing a G-845 with a copy of the document.

If an applicant/enrollee has applied for a replacement of any of the documents listed above, verify by filing a G-845 with the local USCIS district office with a copy of the non-citizen's USCIS receipt, if available.  Contact USCIS any time there is a reason to question the authenticity of a document presented or if the information on the document is insufficient to determine whether non-citizen status requirements are met.

**I-320.3**     **Documentation for Non-Immigrants Who Are Not Eligible <u>for</u> Any Medicaid Program**

Non-immigrants can be identified through the following types of documentation:

- Form I-94 Arrival/Departure Record;

- Form I-185 Canadian Border Crossing Card;

- Form I-186 Mexican Border Crossing Card;

- Form SW-434 Mexican Border Visitor's Permit; or
- Form I-95A Crewman's Landing Permit.

## I-330    VERIFICATION OF U.S. CITIZENSHIP

### U.S. Citizens

Verify citizenship and identity for all Medicaid applicants/enrollees who claim U.S. citizenship upon application, at first renewal, or when otherwise indicated.

In lieu of requiring documentation of citizenship, the name, SSN, and date of birth of the applicant/enrollee will be compared by data match with information that the Social Security Administration (SSA) has on record.  If there is no match through this process, see The Hierarchy of Reliability below and obtain other verification.

The analyst must assist the applicant/enrollee to document U.S. citizenship and identity if the applicant/enrollee is:

- Homeless;
- An amnesia victim;
- Mentally impaired;
- Physically incapacitated;
- Does not have someone to act on his/her behalf; or
- Cannot provide evidence of U.S. citizenship or identity.

Self-attestation of citizenship is not acceptable verification.

**Note***:*
Refer to *I-340.1 Documentation of Identity* for acceptable identity verification documents.

In the event that the SSA data match fails to establish U.S. citizenship, the applicant/enrollee must provide documentation to show:

- A U.S. place of birth; or
- That the person is a U.S. citizen.

The hierarchy of documentation is as follows:

1. Primary documentation

2. Second level documentation

3. Third level documentation

4. Fourth level documentation

If second, third, or fourth level documentation is used to verify citizenship, identity must also be verified.

## I-330.1        Primary Documents to Establish U.S. Citizenship

All applicants/enrollees must provide proof of citizenship to Medicaid.

Accept the following documents as the highest reliability of satisfactory documentary evidence of citizenship for persons born inside the U.S.

- A U.S. passport, including one issued by the Department of State, without regard to any expiration date as long as the passport or Card was issued without limitation;

- A Form N-550 Certificate of Naturalization;

- A Form N-560 Certificate of U.S. Citizenship;

- A valid State-issued driver's license if the issuing State requires proof of U.S. citizenship, or obtains and verifies a SSN from the applicant who is a citizen before issuing such license;

- Documents issued by a Federally recognized Indian Tribe, including Tribes located in a State that has an international border, which:

  o Identify the Federally recognized Indian Tribe that issued the document;

  o Identify the individual by name; and

  o Confirm the individual's membership, enrollment, or affiliation with the Tribe.

  o These documents include, but are not limited to:

    ▪ A Tribal enrollment card;

    ▪ A Certificate of Degree of Indian Blood;

    ▪ A Tribal census document;

    ▪ Documents on Tribal letterhead, issued under the signature of the appropriate Tribal official.

Louisiana Medicaid Eligibility Manual                                    Eligibility Factors

- A data match with the Social Security Administration indicating current or past receipt of Medicare or SSI.

> **Note:**
> Spouses and children were sometimes included on one passport through 1980. U.S. passports issued after 1980 show only one person. Consequently, the citizenship and identity of the included person can be established when one of these passports is presented.

These documents provide conclusive evidence of citizenship unless there is a reason to believe the person is *not* a U.S. citizen.

> **Note:**
> Verification of citizenship or identity is not necessary for current or past beneficiaries of SSI or Medicare under the provisions of Louisiana's "1634 agreement" with the SSA.

## I-330.2   Documentation of Citizenship

If an applicant does not provide any of the documentary evidence listed at I-330.1, accept the following if also accompanied by an identity document listed in I-340 Verification of Identity:

- A U.S. public birth certificate showing birth in one of the 50 States, the District of Columbia, Guam, American Samoa, Swain's Island, Puerto Rico (if born on or after January 13, 1941), the Virgin Islands of the U.S. or the CNMI (if born after November 4, 1986, (CNMI local time)). The birth record document may be issued by a State, Commonwealth, Territory, or local jurisdiction.

  If the document shows the individual was born in Puerto Rico or the Northern Mariana Islands before November 4, 1986, the individual may be a collectively naturalized citizen. The following will establish U.S. citizenship for collectively naturalized individuals:

  o Puerto Rico: Evidence of birth in Puerto Rico and the applicant's statement that they were residing in the U.S., a U.S. possession, or Puerto Rico on January 13, 1941.

  o Northern Mariana Islands (NMI) (formerly part of the Trust Territory of the Pacific Islands (TTPI)):

    ▪ Evidence of birth in the NMI, TTPI citizenship and residence in the NMI, the U.S., or a U.S. Territory or possession on November 3, 1986, (NMI local

time) and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time);

- Evidence of TTPI citizenship, continuous residence in the NMI since before November 3, 1981 (NMI local time), voter registration before January 1, 1975, and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time);

- Evidence of continuous domicile in the NMI since before January 1, 1974, and the applicant's statement that he or she did not owe allegiance to a foreign State on November 4, 1986 (NMI local time).

  **Note:**
  If a person entered the NMI as a non-immigrant and lived in the NMI since January 1, 1974, this does not constitute continuous domicile and the individual is not a U.S. citizen.

- A cross match with a State vital statistics agency documenting a record of birth.

- A Certification of Report of Birth, issued to U.S. citizens who were born outside the U.S.

- A Report of Birth Abroad of a U.S. Citizen.

- A Certification of birth in the United States.

- A U.S. Citizen I.D. card.

- A Northern Marianas Identification Card issued by the U.S. Department of Homeland Security (or predecessor agency).

- A final adoption decree showing the child's name and U.S. place of birth, or if an adoption is not final, a Statement from a State-approved adoption agency that shows the child's name and U.S. place of birth.

- Evidence of U.S. Civil Service employment before June 1, 1976.

- U.S. Military Record showing a U.S. place of birth.

- A data match with the SAVE Program or any other process established by DHS to verify that an individual is a citizen.

- Documentation that a child meets the requirements of section 101 of the Child Citizenship Act of 2000 as amended (8 U.S.C.

1431).

- Medical records, including, but not limited to, hospital, clinic, or doctor records or admission papers from a nursing facility, skilled care facility, or other institution that indicate a U.S. place of birth.

- Life, health, or other insurance record that indicates a U.S. place of birth.

- Official religious record recorded in the U.S. showing that the birth occurred in the U.S.

- School records, including pre-school, Head Start and daycare, showing the child's name and U.S. place of birth.

- Federal or State census record showing U.S. citizenship or a U.S. place of birth.

If the applicant does not have one of these documents, they may submit an affidavit signed by another individual under penalty of perjury who can reasonably attest to the applicant's citizenship, and that contains the applicant's name, date of birth, and place of U.S. birth. The affidavit does not have to be notarized.

**I-330.3      Reserved**

**I-330.4      Reserved**

**I-340          VERIFICATION OF IDENTITY**

As a condition of eligibility for Medicaid, an applicant/enrollee must provide satisfactory documentary evidence of identity when initially applying for Medicaid, at the first renewal, or when otherwise indicated.

The agency may rely, without further documentation of citizenship or identity, on a verification of citizenship made by a Federal agency or another State agency, if such verification was done on or after July 1, 2006.

To verify identity, check other available resources such as:

- Department of Children & Family Services (DCFS)

- o Supplemental Nutrition Assistance Program (SNAP), formerly Food Stamps;
- o Family Independence Temporary Assistance Program (FITAP);
- o Kinship Care;
- o Support Enforcement;
- o Child Welfare Division (formerly OCS protective services and foster care); or
- o Child Care Assistance Program;

- Louisiana Workforce Commission (or LWC, formerly Department of Labor)
  - o Wage and unemployment records (LWC Inquiry);
- Office of Motor Vehicles; or
- Women, Infants, and Children special supplemental food program (WIC).

The analyst must assist the applicant/enrollee in documenting U.S. citizenship and identity if the applicant/enrollee is:

- Homeless;
- An amnesia victim;
- Mentally impaired;
- Physically incapacitated;
- Does not have someone who can act on his/her behalf; or
- Cannot provide evidence of U.S. citizenship or identity.

Self-attestation of identity is not acceptable documentation.

## I-340.1      Documentation of Identity

Identity documentation is evidence that provides identifying information that relates to the person named on the document (the person is who s/he claims to be).

If primary documentation (Refer to *I-330.1  Primary Documents to Establish U.S. Citizenship*) is obtained, verification of identity is not required. These documents provide conclusive evidence of identity unless there is reason to believe the person is not who they say they are.

In the absence of primary documentation, accept an original or certified copy of any of the following:

- Electronic inquiries match with a federal or state governmental, public assistance, law enforcement or corrections agency's data system.  These may include matches with the resources listed above;

- Driver's license issued by state or territory with either a photo or other personal identifying information relating to the individual, such as name, age, sex, race, height, weight, or eye color;

- Identification card issued by the federal, state or local government with either a photo or other personal identifying information relating to the individual, such as name, age, sex, race, height, weight or eye color;

- School identification card with a photograph of the individual;

- U.S. military card or draft record;

- Military dependent's identification card;

- Certificate of Indian Blood, or other U.S. American Indian/Alaska Native tribal document if the document has a photo or other personal identifying information relating to the individual, such as name, age, sex, race, height, weight, or eye color;

- Native American Tribal document;

- U.S. Coast Guard Merchant Mariner card; or

- Two other documents containing consistent information that corroborates an applicant's identity. Such documents include, but are not limited to, employer identification cards; high school, high school equivalency and college diplomas; marriage certificates; divorce decrees; and property deeds or titles.

Accept as proof of identity a finding of identity from a Federal agency or another State agency, including but not limited to a public assistance, law enforcement, internal revenue or tax bureau, or corrections agency, if the agency has verified and certified the identity of the individual.

If the applicant does not have any of the documents listed above and identity is not verified, the agency must accept an affidavit signed, under penalty of perjury, by a person other than the applicant who can reasonably attest to the applicant's identity. Such affidavit must contain the applicant's name and other identifying information establishing identity. The affidavit does not have to be notarized.

## I-340.2        Additional Documents For Children Under Age 19

For children under age 19, records from a clinic doctor, hospital, or school, including preschool or day care records.

## I-350        DOCUMENTARY EVIDENCE

The applicant/enrollee is only required to provide documentary evidence at initial application or renewal to establish citizenship status. Once proven, it need not be documented again, unless their status changes or later evidence raises a question.

If verification of citizenship and identity cannot be determined at initial application, the applicant/enrollee is responsible for providing verification to the analyst.

Applicants/enrollees are permitted to submit documentary evidence without appearing in person. Accept original documents in person, by mail, or by a guardian or agency representative.

If documents are determined to be inconsistent with pre-existing information, or suspected counterfeit, or altered, contact state office.

## I-351        CASE RECORD DOCUMENTATION

Documentation must be maintained in the permanent section of the Electronic Data Management System (EDMS).

## I-352        REASONABLE OPPORTUNITY TO PRESENT SATISFACTORY DOCUMENTARY PROOF OF CITIZENSHIP OR IMMIGRATION STATUS

If an individual has made a declaration of citizenship or satisfactory immigration status and the agency is unable to verify citizenship or satisfactory immigration status, allow the individual a reasonable opportunity period of ninety (90) days to secure acceptable

documentation of citizenship or immigration status.

Do not delay eligibility during the reasonable opportunity period. If otherwise eligible, certify the applicant.

The ninety (90) day reasonable opportunity period:
- Begins on the date that the request for information is received by the individual. The date on which the notice is received is considered to be five (5) days after the date on the notice, unless the individual shows that he or she did not receive the notice within the 5-day period.
- Ends on the earlier of the date the agency verifies the individual's citizenship/satisfactory immigration status or determines that the individual did not verify his or her citizenship/satisfactory immigration status, or at the expiration of the 90 day reasonable opportunity period.**

The agency may extend the reasonable opportunity period beyond 90 days for individuals declaring to be in a satisfactory immigration status if the agency:
- determines that the individual is making a good faith effort to obtain any necessary documentation or
- needs more time to verify the individual's status through other electronic data sources or to assist the individual in obtaining documents needed to verify his or her status.

Assist** individuals** in securing satisfactory documentary evidence of citizenship in a timely manner:
- In the case of an individual declaring citizenship who does not have an SSN at the time of such declaration, assist the individual in obtaining an SSN, and attempt to verify the individual's citizenship once an SSN has been obtained and verified;
- If inconsistencies prevent SAVE verification of status, provide the individual with information so that he or she can attempt to resolve them directly with SAVE, and if individual (or SAVE) informs the agency that the inconsistencies have been resolved, obtain verification of the individual's citizenship or satisfactory immigration status; and
- Provide the individual with an opportunity to provide other documentation of citizenship or satisfactory immigration status.

If, by the end of the reasonable opportunity period, the individual's

Louisiana Medicaid Eligibility Manual                                    Eligibility Factors

citizenship or satisfactory immigration status has not been verified, the agency will propose adverse action.  The enrollee has the right to appeal this decision.

**Note:**
Evidence of immigration status may not be used to determine that an individual is not a Louisiana resident.