EXHIBIT 263

**United States Department of Justice · Executive Office for Immigration Review**



# Credible Fear Review Process and Streamlined 240 Proceedings under the Interim Final Rule (IFR)

USA009669

*May 31, 2022*



# Learning Objectives

Upon completion of this training, you will be able to identify:

- how the IFR changes the Asylum application process for noncitizens subject to expedited removal;

- how the IFR changes the role of AOs and IJs in such cases; and

- the major provisions of the new streamlined 240 removal proceedings.

USA009670



# Background

The Interim Final Rule (IFR)

- Publication date: March 29, 2022
- Effective date: **May 31, 2022**

The DOJ and DHS received public comments and may make revisions based on these comments.



# Credible Fear Review Process

USA009672



# Expedited Removal and the Credible Fear Review Process

Generally, expedited removal applies to noncitizens who are either:

- inadmissible because they lack valid entry documents, or attempted to procure their admission into the United States through fraud or misrepresentation, or

- not admitted or paroled into the United States by immigration authorities and cannot establish at least **2 years** of continuous physical presence in the United States at the time of apprehension.

INA § 235(b)(1)(A)

USA009673



# Expedited Removal and the Credible Fear Review Process

However, if a noncitizen subject to expedited removal indicates an intention to apply for asylum or a fear of persecution, they shall be referred for a credible fear interview by an AO.

INA § 235(b)(1)(A)(ii)

USA009674



# Pre-IFR Credible Fear Review Process



DHS – Light Blue
EOIR – Dark Blue
***New IFR Process – Italics***

USA009675



# IFR Credible Fear Review Process





# Under the IFR

- AO conducts credible fear interview (no change).

- IJ can review negative credible fear determinations (no change).

- If the AO or IJ finds a noncitizen has a credible fear, USCIS can either:

  ➢ place the noncitizen in regular removal proceedings under section 240 of the Act,

    ***OR***

  ➢ keep the case and adjudicate the noncitizen's asylum claim in the first instance.

USA009677



# Under the IFR

If USCIS keeps the case:

- USCIS deems the written record of the positive credible fear finding to be an application for A/WH/CAT.

- USCIS schedules an Asylum Merits Interview (AMI) with an AO.

  ➢ Interview is recorded.

  ➢ IFR governs when interview must be scheduled.

USA009678



# Under the IFR

If USCIS keeps the case (cont.):

- After the interview, the AO issues a decision.

- If the AO grants asylum, the case is finished – it never reaches EOIR.

- If the AO declines to grant asylum:

  ➢ the AO evaluates the noncitizen's eligibility for WH/CAT in the decision (but cannot grant these protections),

  **AND**

  ➢ the noncitizen is placed in streamlined 240 removal proceedings.

USA009679



# Streamlined 240 Proceedings

USA009680



# Introduction

- Streamlined proceedings are governed by section 240 of the Act.

- During streamlined proceedings, the noncitizen may:

  ➢ contest removability,

  ➢ renew applications for asylum and related protection, and

  ➢ apply for other relief, if eligible.

- Streamlined proceedings are generally subject to a special timeline.

USA009681



# Schedule of
# Streamlined 240 Proceedings

USA009682

# Schedule

| Commencement | Master Calendar Hearing | Status Conference | Merits Hearing (if necessary) |
|---|---|---|---|
| • DHS files an NTA and IC schedules the master calendar hearing (MCH) | • Within 30-35 days after the service of the NTA | • Within 30-35 days of MCH | • Within 60-65 days of MCH |

USA009683



# Service of the Record

No later than the master calendar hearing, DHS shall serve the following documents on the noncitizen and the court:

- Form I-213, Record of Deportable/Inadmissible Alien.

- AMI record, including:

  - ➤ verbatim transcript of the AMI, and

  - ➤ all unclassified information the AO relied on in reaching the decision (8 C.F.R. § 208.9(f)).

- AO's written decision, including their analysis of A/WH/CAT.

USA009684

8 C.F.R. § 1240.17(c)



# Form of Application

- **No need for an I-589**
- Written record of the positive credible fear
  - ➢ = A/WH/CAT application (satisfies noncitizen's application filing requirement)
- Date of service of the positive credible fear determination on the noncitizen
  - ➢ = date of filing and receipt

8 C.F.R. § 1240.17(e)

USA009685



# Schedule

| Commencement | Master Calendar Hearing | Status Conference | Merits Hearing (if necessary) |
|---|---|---|---|
| • DHS files an NTA and IC schedules the master calendar hearing (MCH) | • Within 30-35 days after the service of the NTA | • Within 30-35 days of MCH | • Within 60-65 days of MCH |

USA009686



# Master Calendar Hearing

- IJ advises noncitizen:
  - ➢ of their rights, including the right to counsel, as is normally done under 8 C.F.R. § 1240.10(a), and
  - ➢ as to the nature of streamlined 240 proceedings.
- IJ informs noncitizen of the requirements for the status conference.

8 C.F.R. § 1240.17(f)(1)

USA009687



# Schedule

| Commencement | Master Calendar Hearing | Status Conference | Merits Hearing (if necessary) |
|---|---|---|---|
| • DHS files an NTA and IC schedules the master calendar hearing (MCH) | • Within 30-35 days after the service of the NTA | • Within 30-35 days of MCH | • Within 60-65 days of MCH |

USA009688



# Status Conference

Purpose:

- to take pleadings,

- identify and narrow the issues,

- determine whether the case can be decided on the documentary record, and

- if necessary, ready the case for a merits hearing.

8 C.F.R. § 1240.17(f)(2)

USA009689



# Status Conference Advisals

At the status conference, the IJ shall advise the noncitizen of their:

- right to present evidence in support of the applications,

- right to call witnesses and to testify at any merits hearing, and

- obligation to comply with the deadlines that govern the submission of evidence.

8 C.F.R. § 1240.17(f)(2)

USA009690



# Status Conference

Noncitizen will:

- indicate whether they intend to testify before the immigration court,

- identify any witnesses they intend to call in support of their applications at the merits hearing, and

- provide any additional documentation in support of the applications.

Additional requirements apply if the noncitizen is represented.

8 C.F.R. § 1240.17(f)(2)(i)

USA009691



# Status Conference

DHS will indicate whether it plans to:

- rest on the record,

- waive cross examination,

- otherwise participate in the case, or

- waive appeal if the IJ decides that the noncitizen's application should be granted.

Where DHS elects to participate, DHS is subject to additional obligations.

USA009692

8 C.F.R. § 1240.17(f)(2)(ii)



# Submission of Documentary Evidence

- Noncitizen may submit a supplemental filing no later than:
  - ➢ **5 days** prior to the scheduled merits hearing, or
  - ➢ **25 days** following the status conference, if the IJ determines that such hearing is not warranted.
- Separate deadlines apply to any DHS submissions.

8 C.F.R. § 1240.17(f)(3)

USA009693



# Schedule

| Commencement | Master Calendar Hearing | Status Conference | Merits Hearing (if necessary) |
|---|---|---|---|
| • DHS files an NTA and IC schedules the master calendar hearing (MCH) | • Within 30-35 days after the service of the NTA | • Within 30-35 days of MCH | • Within 60-65 days of MCH |

USA009694



# Merits Hearing

Merits hearings are not necessary in certain instances where:

- neither party requests to present testimony, or

- the noncitizen requests to present testimony but the IJ concludes the application can be granted without further testimony.

8 C.F.R. § 1240.17(f)(4)

USA009695



# Continuances and Filing Extensions in Streamlined 240 Proceedings

USA009696



# Continuances and Extensions May Be Granted

- Upon a **noncitizen's** request

- Upon **DHS's** request

- Based on **exigent circumstances**

8 C.F.R. § 1240.17(h)

USA009697



# Noncitizen-Requested Continuances & Extensions

- Continuances and filing extensions requested by the **noncitizen** are subject to three standards.

- Which standard to apply depends on timing.

8 C.F.R. § 1240.17(h)(2)

USA009698

# Noncitizen-Requested Continuances & Extensions

*1st standard –*

- The IJ <u>may</u>, for ***good cause***, grant the noncitizen continuances and extend the noncitizen's filing deadlines.

8 C.F.R. § 1240.17(h)(2)(i)

*But*

- Each such continuance or extension shall not exceed **10 calendar days**, unless the IJ determines that a longer period is more efficient.

- The IJ <u>may not</u> grant a continuance or extension for good cause that causes a merits hearing to occur more than **90 days** after the master calendar hearing.

USA009699

# Noncitizen-Requested Continuances & Extensions

**2nd standard –**

> - The IJ <u>may</u> grant the noncitizen continuances or extensions that cause a merits hearing to occur more than **90 days** after the master calendar hearing, but only if the noncitizen demonstrates that *the continuance or extension is necessary to ensure a fair proceeding and the need for the continuance or extension exists despite the noncitizen's exercise of due diligence.*
>
> 8 C.F.R. § 1240.17(h)(2)(ii)

**But**

> - The length of any such continuance or extension shall be limited to the time necessary to ensure a fair proceeding.
>
> - The IJ <u>may not</u> grant a continuance or extension under this standard if this causes a merits hearing to occur more than **135 days** after the master calendar hearing.

USA009700



# Noncitizen-Requested Continuances & Extensions

**3rd  standard –**

No matter how long the case has been pending, the IJ <u>may</u> grant the noncitizen continuances or filing extensions if the noncitizen demonstrates that *failure to grant the continuance or extension would be contrary to the statute or the Constitution.*

8 C.F.R. § 1240.17(h)(2)(iii)

USA009701



# Noncitizen-Requested Continuances & Extensions

Regarding the **2nd** and **3rd** standards, bear in mind:

- Noncitizens in removal proceedings have the ''right to a full and fair hearing,'' *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (collecting cases), which "derives from the Due Process Clause of the Fifth Amendment," *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009).

- A full and fair hearing, ''at a minimum, includes a reasonable opportunity to present and rebut evidence and to cross-examine witnesses.'' *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (citing *Cinapian*, 567 F.3d at 1074 (citing, in turn, INA § 240(b)(4)(B)).

USA009702



# Noncitizen-Requested Continuances & Extensions

Regarding the **2nd** and **3rd** standards, bear in mind (cont.):

"In order to meaningfully effectuate the statutory and regulatory privilege of legal representation where it has not been expressly waived by a noncitizen, the Immigration Judge must grant a reasonable and realistic period of time to provide a fair opportunity for the noncitizen to seek, speak with, and retain counsel.'' *Matter of C-B-*, 25 I&N Dec. 888, 889 (BIA 2012).

For more on the continuance standards, review the preamble pp. 18103-104.

USA009705



# DHS-Requested Continuances & Extensions

- IJ <u>may</u> grant **DHS's** request for a continuance/extension based on **significant Government need**.
- These shall not be counted against the time limits for noncitizens as set under 8 C.F.R. § 1240.17(h)(2)(i)-(ii).

8 C.F.R. § 1240.17(h)(3)



# DHS-Requested Continuances & Extensions

**Significant Government need** includes:

- confirming domestic or foreign law enforcement interest in noncitizen,

- conducting forensic analysis of documents submitted in support of a relief application or other fraud-related investigations, and

- securing criminal history information, translations of foreign language documents, witness testimony or affidavits, or evidence suggesting that noncitizen is subject to an enumerated bar under the INA or has filed a frivolous asylum application.

USA009705

8 C.F.R. § 1240.17(h)(3)



# Exigent Circumstances

- IJ <u>may</u> upon finding of **exigent circumstances**:

  - ➢ continue or adjourn a status conference or a hearing, or

  - ➢ extend a filing deadline.

- Exigent circumstances include:

  - ➢ unavailability of an IJ, noncitizen, or either party's counsel or representative  assigned to the case due to illness, or

  - ➢ closure of the immigration court or a relevant DHS office.

USA009706

8 C.F.R. § 1240.17(h)(4)



# Exigent Circumstances

- Any such continuance, extension, or adjournment based on exigent circumstances:

  - ➢ shall be limited to the shortest period feasible, and

  - ➢ shall not be counted against the time limits for noncitizens as set under 8 C.F.R. § 1240.17(h)(2)(i)-(ii).

- A new finding of exigent circumstances must be made to justify any and every subsequent continuance, extension, or adjournment.

USA009707



# Exceptions to the Schedule and Deadlines in Streamlined 240 Proceedings

USA009708



# Exceptions

Certain provisions of streamlined 240 proceedings do not apply in six situations:

1.  The noncitizen was under the age of 18 on the date the NTA was issued, except where the noncitizen is in removal proceedings with one or more adult family members.

2.  The noncitizen has produced evidence of *prima facie* eligibility for relief or protection other than A/WH/CAT, or voluntary departure, and is seeking to apply for, or has applied for, such relief or protection.

8 C.F.R. § 1240.17(k)

USA009709



# Exceptions

Certain provisions of streamlined 240 proceedings do not apply in six situations (cont.):

3.  Certain situations where the noncitizen has produced *prima facie* evidence that they are not subject to removal as charged.

4.  Certain situations where the IJ has found the noncitizen subject to removal to a country or countries other than the country or countries in which the noncitizen claimed a fear of persecution/torture before the AO.

8 C.F.R. § 1240.17(k)

USA009710



# Exceptions

Certain provisions of streamlined 240 proceedings do not apply in six situations (cont.):

5.   The case has been reopened or remanded following the IJ's order.

6.   The noncitizen has exhibited *indicia* of incompetency.

8 C.F.R. § 1240.17(k)

USA009711



# Change of Venue in Streamlined 240 Proceedings

USA009712



# Change of Venue

- Parties in streamlined 240 proceedings may move for a change of venue.
- Schedule of proceedings commences again with MCH at the new court.

8 C.F.R. § 1240.17(j)



# Dependents in Streamlined 240 Proceedings

USA009714



# Claims by Dependents

For treatment of dependents' claims for asylum and related protection, review 8 C.F.R. § 1208.3(a)(2).

USA009715



# *In Absentia* in Streamlined 240 Proceedings

USA009716



# *In Absentia*

The IJ handles noncitizens' failure to appear in court the same as in standard, non-streamlined removal proceedings.

**Except that –**

Subject to limited exceptions, where the AO found a noncitizen eligible for WH/CAT, the IJ, if ordering the noncitizen removed *in absentia*, must give effect to that protection.

8 C.F.R. § 1240.17(d)

USA009717



# IJ Decisions in Streamlined 240 Proceedings

USA009718



# IJ Decisions

- The IFR dictates when the IJ must issue their decision.

- When the IJ must do so depends on whether a merits hearing was held and other factors.

8 C.F.R. § 1240.17(f)(5)



# IJ Decisions

- As in all removal proceedings, the IJ must rule on any arguments the noncitizen is not subject to removal as charged and must adjudicate any claims to immigration relief the noncitizen makes.

- The IJ adjudicates *de novo* claims for A/WH/CAT already considered by the AO.

   **Except that –**

- Where the AO found the noncitizen eligible for WH/CAT, the IJ must, subject to limited exceptions, give effect to the protections for which the AO found the noncitizen eligible.

USA009720



# Appeals of
# Streamlined 240 Proceedings

USA009721



# Appeals to the Board

- Noncitizen can appeal any IJ decision.
- Subject to limited exceptions, where the AO found noncitizen eligible for WH/CAT, and the IJ gave effect to this protection, DHS cannot appeal.

8 C.F.R. § 1240.17(i)(2)

USA009722



# The End

**Thank you for viewing this session.**

**Please direct any questions to your supervisor.**

USA009723