# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

## PLAINTIFF STATES' REQUEST FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201, Plaintiff States request the Court take judicial notice of the attached documents, all of which were obtained from federal government websites and support Plaintiff States' opposition to Defendants' Motion to Dismiss. Rule 201 provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Judicial notice is appropriate because the attached documents and the contents of those documents are "not subject to reasonable dispute" because those facts "can be accurately and readily determined from sources whose accuracy cannot reasonably questioned," *i.e.*, federal government websites. Fed. R. Civ. P. 201(b)(2); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457-58 (5th Cir. 2005) (taking judicial notice of fact ascertainable from federal agency's website); *see also, e.g.*, *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) (identifying "Congressional Research Service and State Department reports" as appropriate sources for judicially noticeable facts); *Funk v. Stryker Corp.*, 631 F.3d 777, 781, 783 (5th Cir. 2011) (finding no error in district court's taking judicial notice of "publicly available letter" from FDA that had legal significance); *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 346 (3d Cir. 2006) (taking judicial notice of fact in Congressional Budget Office report).

Many of the attached documents are not merely from federal government websites, but from Defendants' own websites. Judicial notice of those documents is therefore proper for the separate reason that they are admissions of a party opponent. Fed. R. Evid. 801(d)(2); *see also Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) ("we fail to see any merit to an objection to the panel taking judicial notice of the state agency's own website" where agency director was named defendant). In view of the Court's treatment of the federal Executive as unitary, Hr'g Tr. (ECF 179) 40:15 – 41:7, that is broadly true of any website of the federal Executive.

Respectfully submitted,

**LIZ MURRILL**
  **ATTORNEY GENERAL OF LOUISIANA**

By:*/s/ Joseph Scott St. John*

JOSEPH S. ST. JOHN (La #36682)
  Deputy Solicitor General
LOUISIANA DEPT. OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*