UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF ARIZONA, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> MERRICK GARLAND in his official capacity as Attorney General of the United States of America; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 6:22-cv-01130 |

**PLAINTIFF STATES' REPLY ISO REQUEST FOR JUDICIAL NOTICE**

**I.  Defendants concede judicial notice is appropriate for most of the documents at issue, and their handful of objections are meritless.**

Pursuant to Fed. R. Evid. 201, Plaintiff States requested the Court take judicial notice of documents obtained from federal government websites. ECF 218. Defendants do not dispute that the contents of such documents are appropriate for judicial notice, or that Federal Rule of Evidence 201 mandates judicial notice when properly requested. Fed. R. Evid. 201(c) ("The court … must take judicial notice if a party requests it and the court is supplied with the necessary information."); *see also, e.g.*, *O'Toole v. Northrup Grumman Corp.*, 499 F.3d 1218, 1224-25 (10th Cir. 2007) (holding the district court abused its discretion by refusing to take judicial notice of information published on defendant's website where there was no dispute as to accuracy).

a. Defendants concede judicial notice is appropriate for most of the documents at issue. ECF 223 at 2 ("Defendants do not oppose the Court taking judicial notice of Exhibits 200, 201, 203, 205, 208-211, 213-218, 220-227, and 229.").

b. Each document for which judicial notice was requested was accompanied by a link to the government website where it was obtained. Not surprisingly, Defendants do not seriously dispute the

1

accuracy of any of those documents. Defendants instead object to judicial notice of Exhibits 204, 207, 212, 228, 230, and 231 because "Plaintiffs do not cite any of these exhibits in their opposition" and claim "it is not clear why these documents are relevant." ECF 223 at 1. Almost all of these objections reflect obvious typographical errors that should have been resolved by a call to Plaintiff States' counsel rather than an opposition.

Exhibit 204 is a printout from uscis.gov that makes clear implementation of the IFR was to take place in a "phased manner" that included New Orleans and Miami, and it also makes clear the "phased" implementation initially included only individuals, but was expanded to include non-detained family units in October 2023. This issue was discussed at page 9 of Plaintiff States' opposition, but the citation erroneously references non-existent "RJN Exh. 4" instead of "RJN Exh. 204." The issue was again discussed at page 27 & n.9 of Plaintiff States' opposition.

Exhibit 206/207 is an excerpt from a USCIS report to Congress that includes discussion of the halted implementation of the Asylum IFR; it was erroneously labelled Exhibit 207 in the declaration accompanying the Request for Judicial Notice. The exhibit was, however, correctly filed as Exhibit 206 (ECF 218-7) and referenced as Exhibit 206 at page 9 of Plaintiff States' opposition.

Exhibit 212 is a printout of a Form I-589, which identifies the written statements that the Asylum IFR will no longer require protection applicants to disclose in writing. Form I-589 was discussed at page 7 of Plaintiff States' opposition, in Paragraph 17 of the Arthur Declaration (ECF 217-64), in 30(b)(6) deposition testimony (ECF 217-50 at 66:17-67:3, 91:25-95:4), and in expert testimony (ECF 217-51 at 178:9-181:7, 236:16-237:11). Most tellingly, Form I-589 was repeatedly mention in the Asylum IFR, *e.g.*, 87 Fed. Reg. at 18,085-89, such that Defendants' claim of ignorance as to relevance is surprising. Plaintiff States have not yet identified a copy of I-589 in the Administrative Record, which does raise doubt as to the record's completeness.

Exhibit 228 is an excerpt from a budget document downloaded from dhs.gov. A table at page ICE-3 shows that the Biden Administration radically decreased the average daily population of noncitizens in detention facilities, both targeted/budgeted and actual. This issue was discussed at page 10 (which inadvertently omitted the "228" after the abbreviation "RJN Exh.") and page 34 of Plaintiff States' opposition.

Exhibit 230 is a printout from fns.usda.gov summarizing the federal SNAP policy for non-citizen eligibility. This issue was discussed at pages 22-23 of Plaintiff States' opposition.

Exhibit 231 is a Congressional Research Service report downloaded from crsreports.congress.gov that summarizes various aspects of the Medicaid program, including how non-citizen eligibility depends on immigration status (at 5) and the shared state-federal financing scheme (at 18-20). Exhibit 231 was cited in Paragraph 118 of the Arthur Declaration (ECF 217-64), and the issue was discussed at pages 21-23, 31, and 35 of Plaintiff States' opposition.

c. Defendants object to Exhibit 202 because it was inadvertently omitted from the exhibits accompanying Plaintiff States' request. The short, ten-page document quoting testimony by various Border Patrol Sector Chiefs regarding "pull factors" and border flow was linked from the declaration accompanying the request for judicial notice. Plaintiff States attach it here, and they renew their request that the Court take judicial notice of Exhibit 202 pursuant to Fed. R. Evid. 201.

**II.     The Administrative Record Rule does not apply to evidence of standing.**

Defendants make passing reference to the administrative record rule. ECF 223 at 2. Of course, it was *Defendants* who demanded extra-record discovery, and it was *Defendants* that have sought to introduce post-filing, extra-record evidence to challenge Plaintiff States' standing. Defendants thus concede the administrative record rule has no application to evidence supporting standing. *Id.* Indeed, "[c]ourts routinely rely on extra-record evidence to support standing in APA cases." *Texas v. Biden*, 2021 WL 4552547, at *2 (N.D. Tex. July 19, 2021) (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S.

3

139, 153-54 (2010)); *see also Texas v. Nuclear Regulatory Comm'n*, 78 F. 4th 827, 835 (5th Cir. 2023) ("Generally, a petitioner is required to present specific facts supporting standing through citations to the administrative record or affidavits or other evidence attached to its opening brief, unless standing is self-evident.").

Even with respect to the merits, the evidence for which Plaintiff States seek judicial notice is subject to the administrative record rule exceptions set forth in *Medina County Environmental Action Association v. Surface Transportation Board*, 602 F.3d 687, 706 (5th Cir. 2010), for background information necessary to determine whether the agency considered all relevant factors, and as deliberately or negligently excluded materials that were adverse to the agency's decision. Federal agency explanations of state-funded programs and how eligibility for those programs depends on immigration status, for example, are directly relevant to the merits of Defendants' absurd claim the Asylum IFR has no fiscal impact on States. And Congressional testimony by Senior Border Patrol Officials is relevant to the impact of the Asylum IFR on border flow, as well as whether Defendants actually considered that important aspect of the problem. That is particularly true given the testimony *Defendants* elicited from former Border Patrol Chief Rodney Scott, which makes clear the Asylum IFR was a prejudged political decision made for pretextual reasons; the procedure by which it was adopted grossly departed from the ordinary process; and the administrative record was improperly curated to exclude adverse expert advice from the Border Patrol (but which the Border Patrol gave anyway). *See* Scott Dep. (ECF 217-44) at 51:15-52:3, 59:10-19, 61:3-62:21, 80:16-19, 81:19-83:20, 86:11-15, 144:7-146:21. The Court need not reach this issue, however, until it is briefed in connection with the merits.

## **CONCLUSION**

The Court should take judicial notice of all documents that are the subject of Plaintiff States' request.

Dated: February 14, 2024                                      Respectfully submitted,

**LIZ MURRILL**
 **ATTORNEY GENERAL OF LOUISIANA**

By:*/s/ Joseph Scott St. John*

JOSEPH S. ST. JOHN (La #36682)
  Deputy Solicitor General
LOUISIANA DEPT. OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 485-2458
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*