UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STATE OF ARIZONA, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 6:22-cv-1130 |
| ) | |
| **MERRICK GARLAND, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write to notify the Court of a recent decision that supports Defendants' motion to dismiss currently pending before the Court.

In *Texas v. DHS*, 6:23-CV-0007 (S.D. Tx.), a collection of 21 States led by Texas challenged parole processes the Department of Homeland Security (DHS) instituted for noncitizens from Cuba, Haiti, Nicaragua, and Venezuela (the "CHNV" countries) to seek parole into the United States. Much like the Plaintiff States in this case, Texas argued that the court should reject that "an Article III injury can be negated by pointing to offsetting benefits in other areas" and insisted that it suffered an injury-in-fact if the CHNV processes caused Texas to spend more money in one area of the government "*even if* those costs are more than offset by savings in other areas." *Texas*, 6:23-CV-0007 (S.D. Tx.), ECF No. 285 at 6, 7 (emphasis in original). In dismissing Texas' case, the court soundly rejected this argument, and instead looked at the overall financial position of the State in determining whether it had been harmed by the CHNV processes. Memorandum Opinion and Order, dated March 8, 2024, annexed hereto as Exhibit A ("Order"), at 24-26. Following a bench trial, the District Court for Southern District of Texas dismissed the

case, finding the plaintiff States had no standing to challenge the CHNV processes because they failed to prove they suffered any injury-in-fact traceable to the CHNV processes. *Id.* at 31.[1]

Notably, the court held, under Fifth Circuit law, when assessing whether a plaintiff has demonstrated harm sufficient to support Article III standing, a court must consider the alleged harm "relative to the status quo, and relative to Plaintiff's position absent the challenged policy." *Id.* at 26-30. The court held the "Fifth Circuit has consistently looked to the impact that the challenged agency action had on the State's fiscal interests" and "the Fifth Circuit has invariably considered whether expenditures increased as compared to pre-agency action expenditures." *Id.* at 30. The Court's holding was informed by consideration of the same Fifth Circuit decisions Plaintiffs cite in their opposition to Defendants' motion to dismiss here. *Compare id.* at 26-30, *with* Pl. Opp. at 30, 32, 38, 14, 24 (citing *DAPA, DACA, MPP,* and *GLO*).

In response to Defendants' motion to dismiss, Plaintiffs argue standing is "not an accounting exercise" and cite *DAPA* for their position that the Court does not have to consider "whether the injury is outweighed by the benefits." ECF No. 217 at 36. The CHNV decision rejects the argument that costs can be considered in isolation and supports Defendants' position here that the Plaintiff States do not have standing to challenge the Asylum IFR because they cannot show any increase in their expenditures with respect to noncitizens seeking asylum compared to the status quo prior to the Asylum IFR.

---

[1] Defendants disagree with the CHNV court's finding that showing an increase in CHNV nationals would have been enough for Texas to prove an injury because, as the Supreme Court recently discussed, standing may still be lacking due to traditional justiciability concerns. *See* Def. Br., ECF No. 214-1 at 30-33 (discussing *United States v. Texas*, 143 S. Ct. 1964 (2023)).

2

Date: April 8, 2024              Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Counsel*

BRIAN C. WARD
*Senior Litigation Counsel*

JOSEPH A. DARROW
ELISSA P. FUDIM
SYDNEY A. JACKSON
*Trial Attorneys*

*/s/ Erin T. Ryan*
ERIN T. RYAN
*Trial Attorney*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 532-5802
Erin.t.ryan@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 8, 2024 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

                By: */s/ Erin T. Ryan*
                ERIN T. RYAN
                Trial Attorney
                United States Department of Justice
                Civil Division